## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS AND MOTION FOR MORE DEFINITE STATEMENT

**MAY IT PLEASE THE COURT:**

**NOW COMES**, through undersigned counsel, Defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper, and Keith Canizarro, who respectfully submit this memorandum in support of their motion to dismiss pursuant to Rule 12(b)(6):

## I.    ALLEGATIONS OF FACT

Plaintiff alleges liability under both federal and state law. Relevant to this motion, Plaintiff alleges that he was arrested for "criminal defamation because of his criticism of a St. Tammany Parish Sheriff's Office ("STPSO") unsolved murder investigation." R. Doc. 1, ¶ 1. In particular, the Plaintiff alleges that on or about December 29, 2017, he created an email account to communicate with members of the murder victim's family, and he further alleges these emails "expressed criticisms of the public employees of STPSO based on his personal experience and opinions formed during his time working for the STPSO." R. Doc. 1, ¶¶ 15-16.

90910/465260

The Plaintiff then claims that the STPSO discovered these emails at some point in time prior to August 13, 2019 and "began to investigate the author and whether the source of information about the Krentel investigation came from STPSO." R. Doc. 1, ¶ 17. It is further alleged that on September 16, 2019, Sergeant Keith Canizaro of the STPSO executed an affidavit for an arrest warrant outlining the steps taken to investigate the author of these emails and the subsequent discovery that the Plaintiff was the author. R. Doc. 1-1, p. 2. Sergeant Canizaro's affidavit concluded that there was probable cause to arrest the Plaintiff for violation of La. R.S. 14:47. R. Doc. 1-1, p. 2. That same day, the Honorable Judge Raymond Childress of the 22nd Judicial District Court issued an arrest warrant for the Plaintiff for violation of La. R.S. 14:47. R. Doc. 1-1, pp. 3-4.

Also on September 16, 2019, STPSO officers arrested the Plaintiff pursuant to Judge Childress' warrant. R. Doc. 1, ¶ 23. The Plaintiff was then booked into the St. Tammany Parish Jail and bonded out the same day. R. Doc. 1, ¶ 24. Finally, it is alleged that on January 8, 2019, the State of Louisiana declined the criminal charge for violation of La. R.S. 14:47. R. Doc. 1, ¶ 29. As such, no true bill of indictment or bill of information was ever filed instituting criminal prosecution against the Plaintiff.

## II.    LAW AND ARGUMENT

### *The Standard for a 12(b)(6) Motion*

To withstand a rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Covington County Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In order to meet the facial plausibility standard, a court must be able "to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

90910/465260

(2009)).  The court's consideration of facial plausibility must be context-specific and requires resort to judicial experience and common sense.  *Ashcroft*, 556 U.S. at 679.  This plausibility standard requires more than pleading "the sheer possibility that a defendant has acted unlawfully."  *Id*. at 678.  Thus, even if the allegations in the complaint are true, if they cannot support a claim to relief, "this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Twombly*, 550 U.S. at 558 (quoting 5 Wright & Miller § 1216 at 233–34).

Stated differently, a plaintiff needs to provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements."  *Id*. at 555 (citation omitted).  A plaintiff cannot simply submit "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (citation omitted).  Rather, factual allegations in a complaint must set forth a claim to relief "above the speculative level."   *Twombly*, 550 U.S. at 555 (quoting 5 Wright & Miller § 1216 at 235–36).  And while factual allegations are accepted as true for purposes of a 12(b)(6) motion, legal conclusions are not.  *Ashcroft*, 556 U.S. at 678 (citation omitted).

### *The standard for a motion for more definite statement*

Pursuant to Fed. R. Civ. P. 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

### A.  PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR MALICIOUS PROSECUTION

The Plaintiff has failed to state a claim for malicious prosecution under Louisiana law against any defendant because the Plaintiff was never prosecuted for any violation of La. R.S.

90910/465260

14:47. In *Lemoine v. Wolf*, 168 So.3d 362, 367 (La. 2015), the Louisiana Supreme Court set out a six-part text for pleading a claim of malicious prosecution:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

Louisiana and federal courts have consistently held that the institution of a criminal proceeding is required to state a claim for malicious prosecution. *See Anderson v. Larpenter*, 2017 U.S. Dist. LEXIS 111907, *43 (E.D. La. 2017) (Africk, J.). *See also Dyas v. Shreveport Police Dep't*, 136 So.3d 897, 902 (La. Ct. App. 2 Cir. 2014). As no prosecution was ever commenced against the Plaintiff for violation of La. R.S. 14:47, he has failed to state a claim for malicious prosecution and dismissal of this state law malicious prosecution claim against the defendants is therefore warranted.

## B.  THE PLAINTIFF'S STATE LAW CONSTITUTIONAL CLAIMS ARE HOPELESSLY VAGUE AND AMBIGUOUS

In paragraph 51 of his complaint, the Plaintiff alleges that "Defendants' actions in conducting and causing the seizing, detaining, and arresting Plaintiff . . . **interfered** with their [sic] exercise of fundamental rights as guaranteed by Louisiana's constitution." R. Doc. 1, ¶ 51. (emphasis added). The Plaintiff does not elaborate on what specific rights he was precluded from exercising as a result of the defendants' alleged actions or otherwise provide examples of instances wherein he was actually precluded from exercising a fundamental right protected by the Louisiana Constitution.

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "If a pleading fails to specify the allegations in a manner that

90910/465260

provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); see *Jones v. Gee*, 2020 U.S. Dist. LEXIS 18644 (E.D. La. Feb. 5, 2020) ("When evaluating a motion for a more definite statement, courts must look to Federal Rule of Civil Procedure 8 for the minimal pleading requirements when analyzing the complaint."). A Rule 12(e) motion requires a court to determine whether the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

There are twenty-six enumerated rights contained within Article 1 of the Louisiana Constitution as well as an additional provision providing that the "enumeration in this constitution of certain rights shall not deny or disparage other rights retained by the individual citizens of the state." La. Const. art. 1 § 24. As written, the Plaintiff's allegation that he was precluded from exercising some indeterminate right protected by the Louisiana Constitution is so vague and ambiguous that the defendants are unable to reasonably prepare a response to this claim. Therefore, defendants respectfully request that an order be issued requiring the Plaintiff to supplement his complaint and provide a short and plain statement of fact regarding this purported state constitutional claim.

### III.    CONCLUSION

For the forgoing reasons, Defendants respectfully suggest that Plaintiff has no cause of action for malicious prosecution under Louisiana law, and Plaintiff's claims for malicious prosecution should be dismissed with prejudice. Furthermore, Defendants respectfully request this Court issue an order requiring the Plaintiff to supplement his complaint to include a short and plain statement regarding his state constitutional claims.

90910/465260

Respectfully submitted,

MILLING BENSON WOODWARD, LLP

*s/ Chadwick W. Collings*

**CHADWICK W. COLLINGS, T.A.**   (#25373)
**CODY J. ACOSTA**                        (#37005)
**68031 Capital Trace Row**
**Mandeville, LA 70471**
**Telephone:**   **(985) 292-2000**
**Facsimile:**   **(985) 292-2001**
**Email:**        **ccollings@millinglaw.com**
*Attorneys for Defendants*

Dated: Tuesday, May 12, 2020

90910/465260