UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., <br><br> Plaintiff <br><br> v. <br><br> SHERIFF RANDY SMITH, DANNY CULPEPPER, and KEITH CANIZARO, <br><br> Defendants | Case No. 2:20-cv-00517 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Jerry Rogers to respectfully file this opposition to Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 11.

Defendants' motion seeks to dismiss only one of Plaintiff's six causes of action, his claim for malicious prosecution. Id. Defendants offer only a single argument for dismissal of that claim – that because Mr. Rogers was only arrested and not charged for criminal defamation, there was no "commencement or continuance of an original criminal or civil judicial proceeding" sufficient to trigger a malicious prosecution claim. R. Doc. 11-1 at 3-4.

Defendants offer no authority for this argument. And they are wrong. As explained herein, federal and state courts have repeatedly held that an arrest is sufficient to constitute the "commencement" of a criminal proceeding in the context of a malicious prosecution claim.

Plaintiff urges this Court to deny the Motion for the reasons set forth below.

### I. RELEVANT FACTS

On July 14, 2017, Nanette Krentel, a retired pre-school teacher, died as the result of a

1

homicide. R. Doc. 14 ¶ 13. The St. Tammany Parish Sheriff's Office (STPSO) was responsible for the investigation of the homicide. Id. To this day, the case remains unsolved. Id. Jerry Rogers, a federal investigator who previously worked for STPSO, followed the news coverage of Nanette Krentel's homicide. R. Doc. 14 ¶ 12, 14. Based on his personal experience and opinions formed during his time working for STPSO, Mr. Rogers disagreed with some of the choices made by public employees of STPSO in their investigation. R. Doc. 14 ¶ 14, 16. He expressed those disagreements in several e-mails to Nanette Krentel's sister, Kim Watson. R. Doc. 14 ¶ 15.

At some point prior to August 13, 2019, STPSO discovered the emails and began to investigate the author and whether the source of information about the Krentel investigation came from STPSO. R. Doc. 14 ¶ 17. After learning that Mr. Rogers was the author of the e-mails, STPSO consulted with the St. Tammany Parish District Attorney's Office. R. Doc. 14 ¶ 19. The District Attorney's Chief of Trials, Collin Sims, advised STPSO that Louisiana's criminal defamation law had been declared unconstitutional as to public officials, and so charges against Jerry Rogers could not be pursued on that basis. Id. However, Sheriff Smith directed that Jerry Rogers be arrested for criminal defamation anyway. R. Doc. 14 ¶ 20.

On September 16, 2019, STPSO Sergeant Keith Canizaro authored a sworn affidavit seeking an arrest warrant for Jerry Rogers for violation of La. R.S. 14:47, the criminal defamation statute he knew had been declared unconstitutional as to public officials. R. Doc. 14 ¶ 21. The warrant application contained false information, including that family members "requested [that the lead investigator] find the identity of the unknown author." R. Doc. 14 ¶ 22. He obtained the arrest warrant. R. Doc. 14 ¶ 21.

That same day, STPSO arrested Jerry Rogers for criminal defamation under Louisiana Revised Statute 14:47 at the direction of Sheriff Randy Smith. Mr. Rogers was booked and his

bond was set at $3,500.  He posted bond and was released that day.  R. Doc. 14 ¶ 24.  Sheriff Randy Smith published a press release about the arrest of Jerry Rogers for criminal defamation and clearly stated that he knew La. R.S. 14:47 was ruled unconstitutional by "some courts."  R. Doc. 14 ¶ 26.

The criminal case against Mr. Rogers was assigned case number 72-2019-01267.  R. Doc. 1-4.  The St. Tammany Parish District Attorney's Office recused itself and the Louisiana State Attorney General's Office took over the prosecution.  R. Doc. 14 ¶ 28.  On November 8, 2019, on a motion for preliminary examination in Jerry Rogers' criminal case, Judge Scott Gardner found there was no probable cause for Roger's arrest and released him from his $3,500 bond obligation.  R. Doc. 1-4.  On January 8, 2019, the Louisiana Department of Justice declined the criminal charge against Mr. Rogers, specifically noting that La. R.S. 14:47 is unconstitutional as applied to statements made in reference to public figures engaged in public affairs.  R. Doc. 1-5.

## II.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) is disfavored and rarely granted.  *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).  Under the 12(b)(6) standard, all well-pleaded facts must be viewed in the light most favorable to the plaintiff.  *Hale v. King*, 642 F.3d 492, 498-99 (5th Cir. 2011) (en banc).  Courts generally confine their analysis under Rule 12(b)(6) to the complaint and its attachments, which "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Id.*, *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Even if a plaintiff's complaint is found deficient under Rule 12(b)(6), the proper remedy is usually to allow the plaintiff to amend the complaint to cure any deficiencies, rather than dismissal with prejudice.  *Public Health Equip. & Supply Co. v. Clarke Mosquito Control Equip., Inc.*, 410 Fed. Appx. 738, 740 (5th Cir. 2010).

### III. DISCUSSION

Defendants' Partial Motion to Dismiss should be denied because it is well-settled in the law that an arrest for a criminal offense is sufficient to satisfy the first element of a claim for malicious prosecution, namely "the commencement or continuance of an original criminal or civil judicial proceeding". A civil action for malicious prosecution requires the concurrence of the following elements:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.

*Lemoine v. Wolf*, 168 So.3d 362, 367 (La. 2015).

Defendants' only argument for dismissal of the malicious prosecution claim is that the first element is not met, because no bill of information or indictment was filed against Plaintiff. R. Doc. 11-1 at 3-4. They do not offer any case law or other authority for this argument. Id.

Defendants' argument fails because the case law clearly establishes that an arrest absent a formal charge is enough to meet the first element of a malicious prosecution claim. For instance, in *Winn v. City of Alexandria*, 685 So. 2d 281 (La. App. 3 Cir 1996), the plaintiff was arrested by members of the Alexandria Police Department pursuant to a valid arrest warrant for murder. The case was submitted to a grand jury, which did not return an indictment against the plaintiff. The plaintiff in *Winn* brought a claim for malicious prosecution, and the Louisiana Third Circuit held: "In this case, there was no question of the presence of the first three factors [including commencement or continuance of a criminal proceeding]. Plaintiff was arrested by officers of the Alexandria Police Department, whose officers included those named defendants in the present

civil suit, and the grand jury refused to indict plaintiff." *Winn v. City of Alexandria*, 685 So. 2d at 283.

Similarly in *Swoboda v. Manders*, No. 14-19-EWD, 2016 U.S. Dist. LEXIS 53377 (M.D. La. 2016), where the plaintiff was arrested and detained pursuant to an arrest warrant and all criminal charges were later declined by the 21st Judicial District Attorney's Office, the court held: "Plaintiff appears to have set forth sufficient facts in the Amended Complaint to assert a claim for malicious prosecution." *Swoboda v. Manders*, No. 14-19-EWD, 2016 U.S. Dist. LEXIS 53377, at \*4. See also *Jack v. Johnson*, 618 So.2d 448 (La. App. 1993) (involving a malicious prosecution claim against a bank and bank employee who allegedly improperly had the plaintiff arrested); *Keller v. Schwegmann Giant Supermarkets, Inc.*, 604 So.2d 1058 (La. App. 1992) (involving a claim against a supermarket for detaining and having a plaintiff arrested).

Not only is the case law replete with examples of valid malicious prosecution claims in cases where individuals were arrested but not formally charged, the lack of formal charges actually *strengthens* a malicious prosecution claim by partially shifting the burden of proof to the defendant. This rule is clearly set out in *Robinson v. Rhodes*, 300 So. 2d 249 (La. App. 2 Cir. 1974):

> The law is well settled that, where one institutes against another a criminal prosecution and there is an acquittal, if the person who instigated the prosecution is to avoid liability for damages he must do so on the ground that he acted with probable cause and without malice. The burden however, is ordinarily upon plaintiff to prove both malice and the absence of probable cause. But the authorities have firmly established the rule that *where a committing magistrate, without a trial, has discharged the accused, or the prosecuting officer has dismissed the charge,* or where a grand jury has returned a nobill, there is a presumption of want of probable cause with the result that, in a suit for malicious prosecution based on that discharge, the burden of showing that he acted on probable cause and without malice is upon the defendant.

*Robinson v. Rhodes*, 300 So. 2d at 250-251 (citing *Brown v. Vittur*, 47 La.Ann. 607, 17 So. 193 (1895); *Barrios v. Yoars*, 184 So. 212 (La.App., Orl., 1938)) (emphasis added).[1]

In the present case, Plaintiff clearly states a claim for malicious prosecution because he was arrested by members of the STPSO, who are named Defendants in this suit. A magistrate subsequently found no probable cause for Plaintiff's arrest, and the prosecuting officer declined to prosecute. Under these facts, not only does Plaintiff state a claim for malicious prosecution, but he is in fact entitled to a presumption in his favor on the fourth and fifth elements of his claim, shifting the burden to Defendants to prove probable cause and the absence of malice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Jerry Rogers requests that Defendants' Partial Motion to Dismiss be denied.

Respectfully Submitted,

_____
Sarah Chervinsky, La. Bar No. 33772
Law Office of William Most, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 444-3024
chervinskylaw@gmail.com

---

[1] This rule was again applied by the Louisiana Second Circuit in *Hope v. City of Shreveport*, 37759 (La. App. 2 Cir 2003), 862 So. 2d 1139, 1143 ("Clearly, the first three elements are met in this instance. There was a commencement of criminal proceedings against Hope caused by Ramsey arresting Hope for DWI on July 29, 1999. There was also a bona fide termination of the criminal proceedings in favor of Hope as a result of the dismissal of the prosecution against Hope by the district attorney. In addition, the dismissal of the prosecution gives rise to the presumption of a lack of probable cause and shifts to burden to the defendants to show that Ramsey acted on probable cause and without malice in arresting Hope."). It was also applied by the Louisiana Fourth Circuit in *Keppard v. AFC Enters.*, 802 So. 2d 959, 961-62, 965 (La. App. 4 Cir 2001) ("when the prosecution dismisses a charge, there is a presumption of want of probable cause so that in a malicious prosecution suit, the defendant bears the burden of showing he acted on probable cause and without malice").

6