UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | \* | **CIVIL ACTION** |
| Plaintiff | \* | |
| | \* | **NO. 20-517** |
| **VERSUS** | \* | |
| | \* | **JUDGE MILAZZO** |
| | \* | |
| **RANDY SMITH, INDIVIDUALLY** | \* | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | \* | |
| **AS THE SHERIFF OF ST. TAMMANY** | \* | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | \* | |
| **KEITH CANIZARRO** | \* | |
| Defendants | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**PARTIAL MOTION TO DISMISS**

**MAY IT PLEASE THE COURT:**

**NOW COMES**, through undersigned counsel, Defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper, and Keith Canizarro, who respectfully submit this reply memorandum in further support of their partial motion to dismiss pursuant to Rule 12(b)(6), to wit:

Within his opposition memorandum, the Plaintiff suggests that this motion seeking the dismissal of his state law malicious prosecution claims must be denied as the defendants have not cited to any authority to support the conclusion that a condition-precedent to any malicious prosecution claim accruing is that a prosecution was instituted against an individual in the first place. This is, however, a misstatement of fact. Within Defendants' original memorandum filed in support of this motion, Defendants specifically cited to the Louisiana Supreme Court's opinion in *Lemoine v. Wolf*, 168 So.3d 362, 367 (La. 2015), which set out a six-part text for pleading a claim of malicious prosecution:

90910/465779

Page **1** of **4**

(1) **the commencement or continuance of an original criminal or civil judicial proceeding**; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. (emphasis added)

This motion squarely challenged whether the Plaintiff was able to satisfy the first element of this cause of action, especially in light of the fact that the Plaintiff affirmatively alleged that no bill of information or indictment was ever issued against him. As further support, the defendants cited to the Louisiana Court of Appeal, Second Circuit's opinion in the matter of *Dyas v. Shreveport Police Dep't*, 136 So.3d 897, 902 (La. Ct. App. 2 Cir. 2014).

In *Dyas*, the Plaintiff was arrested by officers of the Shreveport Police Department for two counts of first degree murder. *Id.* at 901. "However, after determining that there was insufficient evidence to convict Dyas of the murder charges, the Caddo Parish District Attorney decided not to pursue the charges against him. The investigation for the murders is still open, and no one was ever formally charged." *Id.* Thereafter, Dyas filed suit against the Shreveport Police Department and one of its officers and raised a claim of state law malicious prosecution related to his arrest for the murders. The defendants would later move for summary judgment as to all claims, and the district court ultimately granted summary judgment as prayed for and dismissed all of Dyas' claims with prejudice. *Id.* at 902.

On appeal, the Second Circuit held that Dyas' malicious prosecution failed "because no prosecution on the murder charges was ever instituted." *Id.* (citing Hibernia Nat'l Bank of New Orleans v. Bolleter, 390 So. 2d 842 (La. 1980); *LeBlanc v. Pynes*, 46,393 (La. App. 2d Cir. 7/13/11), 69 So. 3d 1273)). In other words, the *Dyas* opinion, which was cited within Defendants' original memorandum, unambiguously provides that an arrest is not enough to state

a claim for malicious prosecution. There must be, as the Louisiana Supreme Court has instructed, the commencement or continuance of an "original criminal proceeding."

In addition, Defendants also cited to Judge Africk's opinion in the matter of *Anderson v. Larpenter*, 2017 U.S. Dist. LEXIS 111907 (E.D. LA. 2017) as further authority for the conclusion that a prosecution must be commenced before a claim of malicious prosecution accrues. In that opinion, Judge Africk specifically cited to the six-elements set out by the Louisiana Supreme Court in *Lemoine* before holding that "where "no prosecution" is "ever instituted"—i.e., no charges are formally filed—a malicious prosecution claim under Louisiana law necessarily fails." *Id.* at *43 (*citing Dyas v. Shreveport Police Dep't*, 136 So.3d 897, 902 (La. Ct. App. 2014)); *see also Systems Contractors Corp. v. Orleans Parish School Board*, U.S. Dist. LEXIS 14258 at *6 (E.D. La. Sept. 24, 1996) (Fallon, J.) ("There is no cause of action for malicious prosecution [under Louisiana law] when no bill of information or indictment has been filed; thus this court finds plaintiff's claim for malicious prosecution fails.")

## **CONCLUSION**

For these reasons, Defendants respectfully submit that because the Plaintiff was never formally charged for any violation of the criminal defamation statute, no original criminal proceedings were ever instituted against him. As such, the Plaintiff has failed to state a state-law malicious prosecution claim.

**Respectfully submitted,**

**MILLING BENSON WOODWARD, LLP**

*s/ Chadwick W. Collings*

| | |
|---|---|
| **CHADWICK W. COLLINGS, T.A.** | **(#25373)** |
| **CODY J. ACOSTA** | **(#37005)** |

**68031 Capital Trace Row**
**Mandeville, LA 70471**
**Telephone:   (985) 292-2000**
**Facsimile:   (985) 292-2001**
**Email:       ccollings@millinglaw.com**
*Attorneys for Defendants*

**Dated: Tuesday, June 09, 2020**