UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY ROGERS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-517** |
| **RANDY SMITH ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Partial Dismissal (Doc. 11). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This case arises out of the arrest of Plaintiff Jerry Rogers for criminal defamation. Defendants are St. Tammany Parish Sheriff Randy Smith, Chief Danny Culpeper, and Sergeant Keith Canizaro in their individual and official capacities. Plaintiff alleges that he worked for the St. Tammany Parish Sheriff's Office ("STPSO") from 1998 to 2009 before leaving for other employment. On July 14, 2017, Nanette Krentel was murdered in St. Tammany Parish, and her murder remains unsolved. Plaintiff followed the news coverage of the murder investigation and, based on his personal

1

experience, became critical of some of the actions taken by the STPSO. He began communicating with Krentel's family members by email about his concerns. Specifically, Plaintiff was critical of the lead investigator Detective Daniel Buckner.

At some point, the STPSO became aware of the emails and began investigating their source. Plaintiff alleges that upon discovering that Plaintiff was the author of the emails, the STPSO sought the advice from the district attorney's office and was advised that Louisiana's criminal defamation law, Louisiana Revised Statutes § 14:47, had been declared unconstitutional as to public officials and therefore charges against Plaintiff could not be pursued. Plaintiff alleges that despite this, Defendant Smith ordered that Plaintiff be arrested for criminal defamation anyway.

On September 16, 2019, Canizaro was granted an arrest warrant for Plaintiff for violation of Louisiana Revised Statutes § 14:47. In the affidavit for the arrest warrant, Canizaro certified that Rogers's emails referred to the lead investigator as "clueless," provided false information regarding the investigator's experience and ability, and made derogatory remarks about him and others. Plaintiff alleges that the affidavit also stated falsely that Krentel's family requested assistance in identifying the author of the emails.

Plaintiff was arrested on September 16, 2019 and released on bail the same day. Ultimately, the Louisiana Department of Justice declined to prosecute the criminal charge against him.

Plaintiff brings claims against Defendants for First Amendment retaliation, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. Defendants have

2

moved for the dismissal of Plaintiff's state law malicious prosecution claim only.[1]

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

---

[1] Defendants' motion also asks for a more definite statement of Plaintiffs' claim that they violated the Louisiana constitution. Since the filing of this motion, however, Plaintiff amended his Complaint to clarify this claim to the satisfaction of Defendants. *See* Doc. 12.
[2] Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 678.
[6] *Id.*
[7] *Lormand*, 565 F.3d at 255–57.
[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

3

## LAW AND ANALYSIS

In Louisiana, the elements of the tort of malicious prosecution are:

(1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff.[9]

Defendants allege that Plaintiff's Amended Complaint does not state a cause of action for malicious prosecution because no prosecution was ever commenced against Plaintiff for violation of § 14:47. Plaintiff does not dispute that he was never formally charged for the violation of any crime, but he argues that an arrest absent a formal charge is sufficient to satisfy the first element of a malicious prosecution claim.

The elements of a malicious prosecution claim set forth by the Louisiana Supreme Court plainly require the "commencement or continuation" of a criminal proceeding. Indeed, several Louisiana courts have found that malicious prosecution claims fail where no prosecution was ever instituted.[10] Further, courts in this district have repeatedly held that under Louisiana law

---

[9] Lemoine v. Wolfe, 168 So. 3d 362, 367 (La. 2015).

[10] Dyas v. Shreveport Police Dep't, 136 So. 3d 897, 902 (La. App. 2 Cir. 2014) ("The malicious prosecution fails because no prosecution on the murder charges was ever instituted."); Edmond v. Hairford, 539 So. 2d 815, 817 (La. App. 3 Cir. 1989) ("With regard to the tort of malicious prosecution the trial judge correctly found that plaintiff failed to show the commencement or continuation of an original criminal proceeding, one of the six elements of tort. . . . The trial judge found that a criminal proceeding against plaintiff was not instituted because no information or indictment was ever filed.").

"[t]here is no cause of action for malicious prosecution where there was an arrest but no information or indictment filed."[11]

In response, Plaintiff cites to a few cases in which courts held, without discussion, that a claim for malicious prosecution had been stated on the basis of an arrest alone.[12] In each of these cases, however, the courts did not discuss the issue and presumably arguments to the contrary were not raised. Accordingly, this Court does not find these cases compelling. Louisiana law clearly states that a malicious prosecution claim requires the commencement of a prosecution. Plaintiff's Amended Complaint therefore fails to state a claim for malicious prosecution.

---

[11] Graham v. Foret, 818 F. Supp. 175, 177 (E.D. La. 1992); Sys. Contractors Corp. v. Orleans Par. Sch. Bd., No. CIV. A. 94-2276, 1996 WL 547414, at *2 (E.D. La. Sept. 24, 1996); *see* Anderson v. Larpenter, No. CV 16-13733, 2017 WL 3064805, at *16 (E.D. La. July 19, 2017) ("[W]here 'no prosecution' is 'ever instituted'—i.e., no charges are formally filed—a malicious prosecution claim under Louisiana law necessarily fails.").

[12] *See* Winn v. City of Alexandria, 685 So. 2d 281 (La. App. 3 Cir 1996) ("In this case, there was no question of the presence of the first three factors."); Swoboda v. Manders, No. CV 14-19-EWD, 2016 WL 1611477, at *3 n.40 (M.D. La. Apr. 21, 2016) (stating in a footnote that the complaint "appears to have set forth sufficient facts . . . to assert a claim for malicious prosecution" although the plaintiff "has not asserted a formal count of malicious prosecution").

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is GRANTED, and Plaintiff's claim for malicious prosecution is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 17th day of July, 2020.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**