# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION NO. 20-517** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE MILAZZO** |
| | * | |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | |
| **PARISH, DANNY CULPEPER. AND** | * | **JURY DEMAND** |
| **KEITH CANIZARO** | * | |
| *Defendants* | * | |

*************************************************************************

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL AND AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper and Keith Canizaro, who in response to Plaintiff's Complaint ("Original Complaint") and Complaint [R. Docs. 1, 14] ("Amended Complaint")*, respectfully represent as follows:

## I.

## FIRST AFFIRMATIVE DEFENSE

At all relevant times, Sheriff Smith, as well as any and all individuals for whose behavior he is or may be legally responsible, and Danny Culpeper and Keith Canizaro, acted in a reasonable and proper manner, and fully complied with any and all legal duties and standards of care imposed by law and applicable to them.

---

\* Subsequent to defendants' filing their partial motion to dismiss, Plaintiff sought leave to file an amended complaint (Rec. Doc. 8). This amended complaint is titled "complaint" (Rec. Doc. 14).

90910

## II.

## SECOND AFFIRMATIVE DEFENSE

The actions, if any, of Sheriff Smith, as well as any and all individuals for whose behavior he is or may be legally responsible, and Danny Culpeper and Keith Canizaro, were within their legal authority as law enforcement officers and were taken in good faith, without malice, with reasonable cause, with a sincere belief that said actions were legal under laws believed to be constitutional in nature, and without any intention whatsoever to harm Plaintiff.

## III.

## THIRD AFFIRMATIVE DEFENSE

Sheriff Smith specifically avers that, at all relevant times, his conduct along with the conduct and actions of his employees, including but not limited to Danny Culpeper and Keith Canizaro, were reasonable, justified, and legally permissible under the circumstances.

## IV.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's allegations, even if proven, do not adequately disclose the deprivation of a protected federal right.

## V.

## FIFTH AFFIRMATIVE DEFENSE

Sheriff Smith, Danny Culpeper and Keith Canizaro aver that Plaintiff's damages, if any, were caused or contributed to by the fault of a person or persons over whom they exercised no authority, jurisdiction or control, and for whose actions and/or conduct they are not legally responsible, including, but not limited to, Plaintiff.

90910

**VI.**

**SIXTH AFFIRMATIVE DEFENSE**

Sheriff Smith, Danny Culpeper and Keith Canizaro specifically deny both the extent and measure of damages alleged by Plaintiff in this proceeding, and specifically deny that they are in any manner legally liable for any of that amount.

**VII.**

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate any damages that he may have suffered despite a legal duty to do so.

**VIII.**

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent the Complaint may be determined to set out a cause of action in negligence, Plaintiff, by virtue of his own actions and conduct, was guilty of negligence, contributory negligence, intentional misconduct and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

**IX.**

**NINTH AFFIRMATIVE DEFENSE**

Sheriff Smith, Danny Culpeper and Keith Canizaro hereby invoke all relevant and applicable provisions of the Louisiana Governmental Claims Act (La. R.S. § 13:5101, *et seq.*), including the limitation of liability contained therein, as well as any and all other statutory or jurisprudential limitations of liability, costs, and interest available to them under the law.

90910

## X.

### TENTH AFFIRMATIVE DEFENSE

Sheriff Smith, Danny Culpeper and Keith Canizaro invoke all relevant and applicable provisions of La. R.S. § 9:2798.1 and the limitation of liability contained therein.

## XI.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant, St. Tammany Parish Sheriff Randy Smith, denies that he could be liable to Plaintiff in any way other than in his official capacity, as opposed to his status as a private individual.

## XII.

### TWELVTH AFFIRMATIVE DEFENSE

Defendants plead the affirmative defense of qualified immunity and assert that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course and scope of their official duties, and that said defense should be resolved prior to this matter going to trial.

## XIII.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are without merit and Defendants are entitled to be awarded the attorney's fees and costs incurred in defense of this matter.

## XIV.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants reserve the right to raise any additional defenses, affirmative or otherwise, and any counterclaims which may become apparent through discovery in the course of this action.

90910

## XV.

**AND NOW,** further answering the Plaintiff's Complaint, Sheriff Smith, Danny Culpeper and Keith Canizaro answer the individual allegations as follows:

## XVI.

The allegations contained in paragraph 1 of the Original Complaint are denied.

## XVII.

The allegations contained in paragraph 2 of the Original Complaint are legal conclusions to which no answer is required.

## XVIII.

The allegations contained in paragraph 3 of the Original Complaint are denied.

## XIX.

The allegations contained in paragraph 4 of the Original Complaint are denied.

## XX.

The allegations contained in paragraph 5 of the Original Complaint are legal conclusions to which no answer is required.

## XXI.

The allegations contained in paragraph 6 of the Original Complaint are admitted only insofar as Sheriff Smith, Danny Culpeper and Keith Canizaro admit that this Court has jurisdiction for claims arising out of federal civil rights violations and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

90910

**XXII.**

The allegations contained in paragraph 7 of the Original Complaint are admitted only insofar as Sheriff Smith, Danny Culpeper and Keith Canizaro admit that venue is proper in the Eastern District of Louisiana.

**XXIII.**

The allegations contained in paragraph 8 of the Original Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

**XXIV.**

The allegations contained in paragraph 9 of the Original Complaint are admitted.

**XXV.**

The allegations contained in paragraph 10 of the Original Complaint are admitted only insofar as Plaintiff alleges Danny Culpeper is an individual of the age of majority, a resident of St. Tammany Parish and a citizen of the State of Louisiana. The remaining allegations of fact within this paragraph are denied as written and/or for lack of sufficient information to justify a belief therein.

**XXVI.**

The allegations contained in paragraph 11 of the Original Complaint are admitted.

**XXVII.**

The allegations contained in paragraph 12 of the Original Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

**XXVIII.**

The allegations contained in paragraph 13 of the Original Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

90910

## XXIX.

The allegations contained in paragraph 14 of the Original Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

## XXX.

The allegations contained in paragraph 15 of the Original Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

## XXXI.

The allegations contained in paragraph 16 of the Original Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

## XXXII.

The allegations contained in paragraph 17 of the Original Complaint are admitted.

## XXXIII.

The allegations contained in paragraph 18 of the Original Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

## XXXIV.

The allegations contained in paragraph 19 of the Original Complaint are denied.

## XXXV.

The allegations contained in paragraph 20 of the Original Complaint are denied.

## XXXVI.

The allegations contained in paragraph 21 of the Original Complaint contain a writing that speaks for itself and any characterization thereof is denied.

## XXXVII.

The allegations contained in paragraph 22 of the Original Complaint are denied.

90910

**XXXVIII.**

The allegations contained in paragraph 23 of the Original Complaint are denied.

**XXXIX.**

The allegations contained in paragraph 24 of the Original Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

**XL.**

The allegations contained in paragraph 25 of the Original Complaint are admitted.

**XLI.**

The allegations contained in paragraph 26 of the Original Complaint are denied as written.

**XLII.**

The allegations contained in paragraph 27 of the Original Complaint are denied as written.

**XLIII.**

The allegations contained in paragraph 28 of the Original Complaint are admitted.

**XLIV.**

The allegations contained in paragraph 29 of the Original Complaint contain a writing that speaks for itself and any characterization thereof is denied.

**XLV.**

The allegations contained in paragraph 30 of the Original Complaint are legal conclusions to which no answer is required.

**XLVI.**

The allegations contained in paragraph 31 of the Original Complaint contain a writing that speaks for itself and any characterization thereof is denied.

90910

## XLVII.

The allegations contained in paragraph 32 of the Original Complaint are legal conclusions to which no answer is required.

## XLVIII.

The allegations contained in paragraph 33 of the Original Complaint are legal conclusions to which no answer is required.

## XLIX.

The allegations contained in paragraph 34 of the Original Complaint are legal conclusions to which no answer is required.

## L.

The allegations contained in paragraph 35 of the Original Complaint are denied insofar as they characterize the Sheriff Smith's press release. The remaining allegations are legal conclusions to which no answer is required.

## LI.

The allegations contained in paragraph 36 of the Original Complaint contain a writing that speaks for itself and any characterization thereof is denied.

## LII.

The allegations contained in paragraph 37 of the Original Complaint contain a writing that speaks for itself and any characterization thereof is denied.

## LIII.

The allegations contained in paragraph 38 of the Original Complaint contain a writing that speaks for itself and any characterization thereof is denied.

90910

**LIV.**

The allegations contained in paragraph 39 of the Original Complaint contain a writing that speaks for itself and any characterization thereof is denied.

**LV.**

The allegations contained in paragraph 40 of the Original Complaint are legal conclusions to which no answer is required.

**LVI.**

The allegations contained in paragraph 41 of the Original Complaint are denied.

**LVII.**

The allegations contained in paragraph 42 of the Original Complaint are legal conclusions to which no answer is required.

**LVIII.**

The allegations contained in paragraph 43 of the Original Complaint are legal conclusions to which no answer is required.

**LIX.**

The allegations contained in paragraph 44 of the Original Complaint are denied.

**LX.**

The allegations contained in paragraph 45 of the Original Complaint are denied.

**LXI.**

The allegations contained in paragraph 46 of the Original Complaint are denied.

**LXII.**

The allegations contained in paragraph 47 of the Original Complaint are denied.

## LXIII.

The allegations contained in paragraph 48 of the Original Complaint are denied.

## LXIV.

The allegations contained in paragraph 49 of the Original Complaint are denied.

## LXV.

The allegations contained in paragraph 50 of the Original Complaint are admitted only insofar as a neutral magistrate signed a warrant for Jerry Rogers's arrest. The remaining allegations within this paragraph are legal conclusions to which no answer is required.

## LXVI.

The allegations contained in paragraph 51 of the Original Complaint are denied.

## LXVII.

The allegations contained in paragraph 52 of the Original Complaint are legal conclusions to which no answer is required.

## LXVIII.

The allegations contained in paragraph 53 of the Original Complaint are denied.

## LXIX.

The allegations contained in paragraph 54 of the Original Complaint are denied.

## LXX.

The allegations contained in paragraph 55 of the Original Complaint are denied.

## LXXI.

The allegations contained in paragraph 56 of the Original Complaint are denied as written.

## LXXII.

The allegations contained in paragraph 57 of the Original Complaint are denied.

90910

**LXXIII.**

The allegations contained in paragraph 58 of the Original Complaint are denied.

**LXXIV.**

The allegations contained in paragraph 59 of the Original Complaint are legal conclusions to which no answer is required.

**LXXV.**

The allegations contained in paragraph 60 of the Original Complaint are legal conclusions to which no answer is required.

**LXXVI.**

The allegations contained in paragraph 61 of the Original Complaint are legal conclusions to which no answer is required.

**LXXVII.**

The allegations contained in paragraph 62 of the Original Complaint are denied.

**LXXVIII.**

The allegations contained in paragraph 63 of the Original Complaint are denied.

**LXXIX.**

The allegations contained in paragraph 64 of the Original Complaint are denied.

**LXXX.**

The allegations contained in paragraph 65 of the Original Complaint are denied.

**LXXXI.**

The allegations contained in paragraph 66 of the Original Complaint are denied.

90910

**LXXXII.**

**AND NOW,** further answering the Plaintiff's Amending Complaint, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper and Keith Canizaro answer the individual allegations as follows:

**LXXXIII.**

The allegations contained in paragraph 1 of the Amended Complaint are denied.

**LXXXIV.**

The allegations contained in paragraph 2 of the Amended Complaint are legal conclusions to which no answer is required.

**LXXXV.**

The allegations contained in paragraph 3 of the Amended Complaint are denied.

**LXXXVI.**

The allegations contained in paragraph 4 of the Amended Complaint are denied.

**LXXXVII.**

The allegations contained in paragraph 5 of the Amended Complaint are legal conclusions to which no answer is required.

**LXXXVIII.**

The allegations contained in paragraph 6 of the Amended Complaint are admitted only insofar as Sheriff Smith, Danny Culpeper and Keith Canizaro admit that this Court has jurisdiction for claims arising out of federal civil rights violations and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

90910

### LXXXIX.

The allegations contained in paragraph 7 of the Amended Complaint are admitted only insofar as Sheriff Smith, Danny Culpeper and Keith Canizaro admit that venue is proper in the Eastern District of Louisiana.

### XC.

The allegations contained in paragraph 8 of the Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

### XCI.

The allegations contained in paragraph 9 of the Amended Complaint are admitted.

### XCII.

The allegations contained in paragraph 10 of the Amended Complaint are admitted only insofar as Plaintiff alleges Danny Culpeper is an individual of the age of majority, a resident of St. Tammany Parish and a citizen of the State of Louisiana. The remaining allegations of fact within this paragraph are denied as written and/or for lack of sufficient information to justify a belief therein.

### XCIII.

The allegations contained in paragraph 11 of the Amended Complaint are admitted.

### XCIV.

The allegations contained in paragraph 12 of the Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

### XCV.

The allegations contained in paragraph 13 of the Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

90910

## XCVI.

The allegations contained in paragraph 14 of the Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

## XCVII.

The allegations contained in paragraph 15 of the Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

## XCVIII.

The allegations contained in paragraph 16 of the Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

## XCIX.

The allegations contained in paragraph 17 of the Amended Complaint are admitted.

## C.

The allegations contained in paragraph 18 of the Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

## CI.

The allegations contained in paragraph 19 of the Amended Complaint are denied.

## CII.

The allegations contained in paragraph 20 of the Amended Complaint are denied.

## CIII.

The allegations contained in paragraph 21 of the Amended Complaint contain a writing that speaks for itself and any characterization thereof is denied.

90910

**CIV.**

The allegations contained in paragraph 22 of the Amended Complaint are denied.

**CV.**

The allegations contained in paragraph 23 of the Amended Complaint are denied.

**CVI.**

The allegations contained in paragraph 24 of the Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

**CVII.**

The allegations contained in paragraph 25 of the Amended Complaint are admitted.

**CVIII.**

The allegations contained in paragraph 26 of the Amended Complaint are denied as written.

**CIX.**

The allegations contained in paragraph 27 of the Amended Complaint are denied as written.

**CX.**

The allegations contained in paragraph 28 of the Amended Complaint are admitted.

**CXI.**

The allegations contained in paragraph 29 of the Amended Complaint contain a writing that speaks for itself and any characterization thereof is denied.

**CXII.**

The allegations contained in paragraph 30 of the Amended Complaint are legal conclusions to which no answer is required.

90910

## CXIII.

The allegations contained in paragraph 31 of the Amended Complaint contain a writing that speaks for itself and any characterization thereof is denied.

## CXIV.

The allegations contained in paragraph 32 of the Amended Complaint are legal conclusions to which no answer is required.

## CXV.

The allegations contained in paragraph 33 of the Amended Complaint are legal conclusions to which no answer is required.

## CXVI.

The allegations contained in paragraph 34 of the Amended Complaint are legal conclusions to which no answer is required.

## CXVII.

The allegations contained in paragraph 35 of the Amended Complaint are denied insofar as they characterize the Sheriff Smith's press release. The remaining allegations are legal conclusions to which no answer is required.

## CXVIII.

The allegations contained in paragraph 36 of the Amended Complaint contain a writing that speaks for itself and any characterization thereof is denied.

## CXIX.

The allegations contained in paragraph 37 of the Amended Complaint contain a writing that speaks for itself and any characterization thereof is denied.

90910

**CXX.**

The allegations contained in paragraph 38 of the Amended Complaint are denied as written and/or for lack of sufficient information to justify a belief therein.

**CXXI.**

The allegations contained in paragraph 39 of the Amended Complaint contain a writing that speaks for itself and any characterization thereof is denied.

**CXXII.**

The allegations contained in paragraph 40 of the Amended Complaint are legal conclusions to which no answer is required.

**CXXIII.**

The allegations contained in paragraph 41 of the Amended Complaint are denied.

**CXXIV.**

The allegations contained in paragraph 42 of the Amended Complaint are legal conclusions to which no answer is required.

**CXXV.**

The allegations contained in paragraph 43 of the Amended Complaint are legal conclusions to which no answer is required.

**CXXVI.**

The allegations contained in paragraph 44 of the Amended Complaint are denied.

**CXXVII.**

The allegations contained in paragraph 45 of the Amended Complaint are denied.

**CXXVIII.**

The allegations contained in paragraph 46 of the Amended Complaint are denied.

90910

**CXXIX.**

The allegations contained in paragraph 47 of the Amended Complaint are denied.

**CXXX.**

The allegations contained in paragraph 48 of the Amended Complaint are denied.

**CXXXI.**

The allegations contained in paragraph 49 of the Amended Complaint are denied.

**CXXXII.**

The allegations contained in paragraph 50 of the Amended Complaint are admitted only insofar as a neutral magistrate signed a warrant for Jerry Rogers's arrest. The remaining allegations within this paragraph are legal conclusions to which no answer is required.

**CXXXIII.**

The allegations contained in paragraph 51 of the Amended Complaint are denied.

**CXXXIV.**

The allegations contained in paragraph 52 of the Amended Complaint are legal conclusions to which no answer is required.

**CXXXV.**

The allegations contained in paragraph 53 of the Amended Complaint are denied.

**CXXXVI.**

The allegations contained in paragraph 54 of the Amended Complaint are denied.

**CXXXVII.**

The allegations contained in paragraph 55 of the Amended Complaint are denied.

**CXXXVIII.**

The allegations contained in paragraph 56 of the Amended Complaint are denied as written.

90910

## CXIX.

The allegations contained in paragraph 57 of the Amended Complaint are denied.

## CXL.

The allegations contained in paragraph 58 of the Amended Complaint are denied.

## CXLI.

The allegations contained in paragraph 59 of the Amended Complaint are legal conclusions to which no answer is required.

## CXLII.

The allegations contained in paragraph 60 of the Amended Complaint are legal conclusions to which no answer is required.

## CXLIII.

The allegations contained in paragraph 61 of the Amended Complaint are legal conclusions to which no answer is required.

## CXLIV.

The allegations contained in paragraph 62 of the Amended Complaint are denied.

## CXLV.

The allegations contained in paragraph 63 of the Amended Complaint are denied.

## CXLVI.

The allegations contained in paragraph 64 of the Amended Complaint are denied.

## CXLVII.

The allegations contained in paragraph 65 of the Amended Complaint are denied.

90910

## CXLVIII.

The allegations contained in paragraph 66 of the Amended Complaint are denied.

## CXLIX.

## JURY DEMAND

Defendants request a trial by jury herein as to all matters properly tried thereby.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper, and Keith Canizaro, pray that after all due proceedings have been had, that there be judgment rendered in their favor dismissing this matter, with prejudice and at Plaintiff's cost. Defendants further pray that Plaintiff's case be declared frivolous, and pray for all general and equitable relief to which they may be entitled under law and equity, including, but not limited to, an award of attorney's fees and costs incurred in defense of this case.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*

**CHADWICK W. COLLINGS, T.A.      # 25373**
**68031 Capital Trace Row**
**Mandeville, LA 70471**
**Telephone:    (985) 292-2000**
**Facsimile:     (985) 292-2001**
**Email:          ccollings@millinglaw.com**
***Attorneys for Defendants***

90910

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, September 23, 2020, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*s/ Chadwick C. Collings*
**Chadwick W. Collings**

90910