UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRY ROGERS, JR., | * | CIVIL ACTION |
| **Plaintiff** | * | |
| | * | NO. 20-517 |
| VERSUS | * | |
| | * | JUDGE MILAZZO |
| | * | |
| RANDY SMITH, INDIVIDUALLY | * | MAG. JUDGE DOUGLAS |
| And IN HIS OFFICIAL CAPACITY | * | |
| AS THE SHERIFF OF ST. TAMMANY | * | JURY DEMAND |
| PARISH, DANNY CULPEPER, AND | * | |
| KEITH CANIZARRO | * | |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION TO COMPEL DISCOVERY RESPONSES

**NOW INTO COURT**, through undersigned counsel, come Defendants, St. Tammany

Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, each in their

official and individual capacities, and herewith provide the following opposition to the plaintiff's

Motion to Compel:

### BACKGROUND

Plaintiff filed the instant action on February 13, 2020 in which Plaintiff alleges violations

of his civil rights under the laws of the United States and Louisiana. (R. Doc. 1). On July 2,

2020, Plaintiff propounded discovery requests to Defendants, which Defendants answered.

Defendants supplemented their responses on August 20, 2020 and November 23, 2020.[1]

---

[1] See Defendants' Second Supplemental Responses to Plaintiff's Requests for Admission attached hereto as Exhibit "A."

Defendants maintain that their answers and responses are sufficient, and that their objections are well founded in the law.

<h2 style="text-align:center"><strong><u>LAW AND ARGUMENT</u></strong></h2>

Determining the scope of discovery is subject to an abuse of discretion standard, as trial courts have "wide discretion in determining the scope and effect of discovery[.]"[2]  The scope of discovery permits a party to request

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit...[3]

**A. Defendants have fully answered Plaintiff's interrogatories or made legal objections**

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."[4] Plaintiff avers that Defendants have failed to fully answer Interrogatory Nos. 6, 9, 10 and 11. Defendants' answers are fully compliant with the law.

Plaintiff's Interrogatory No. 6 requests what information or advice was given to Defendants regarding criminal charges against Jerry Rogers. Defendants' answer lists two informal meetings where the only record of what happened is the action taken by Defendants subsequent to the meetings. (R. Doc. 32-4, p. 24). It is not possible to answer this interrogatory any more fully, and Defendants aver that their answer is sufficient.

Plaintiff's Interrogatory Nos. 10 and 11 request identification of discussions and correspondence with the St. Tammany Parish District Attorney's Office and the Louisiana Attorney General's Office, respectively, regarding Jerry Roger's arrest. Defendants provided

---

[2] *JP Morgan Chase Bank, N.A. v. Datatreasury Corp.,* 936 F.3d 251, 255 (5th Cir. 2019).

[3] Fed. R. Civ. P. 26(b)(1).

[4] Fed. R. Civ. P. 33(b)(3).

substantive answers identifying correspondence and discussions in their answers to both interrogatories but denying recollection of any other discussions or correspondence. (R. Doc. 32-4, p. 26). The words information, advice and discussions are impossibly broad if not properly narrowed, and Defendants cannot reasonably be expected to remember details from every informal meeting and discussion over the course of their work where there are no records. Plaintiff's only authority that this answer is insufficient is rulings from district courts in other circuits.

"The scope of permissible discovery is limited by the requirement of relevance…"[5] Plaintiff's Interrogatory No. 9 requests that Defendants review twenty years of arrest warrants and arrest records for instances of the crime of criminal defamation. This is entirely irrelevant to, and out of proportion with, the needs of Plaintiff's case, as Plaintiff is alleging that Defendants targeted him in retaliation for prior criticism of Defendants. Based on this theory, the charged crime is wholly irrelevant, as it was merely a merely a tool, and any efforts to find prior records of occurrences of that crime in St. Tammany Parish will not bring any benefit to the resolution of this case. Subject to this objection, and in an effort to cooperate where possible, Defendants have provided Plaintiff with one prior instance of an arrest for defamation from 2017. (R. Doc. 32-4, p. 26).  Simply put, to require the Sheriff to review twenty years of records in an effort to satisfy plaintiff's curiosity is wholly out of proportion to the needs of this case.

**B. Defendants have fully responded to Plaintiff's requests for production**

The scope of a request for production requires a party "to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control[.]"[6] Plaintiffs aver that Defendants have failed

---

[5] *Wyatt v. Kaplan,* 686 F.2d 276, 284 (5th Cir. 1982).
[6] Fed. R. Civ. P. 34(A)(1).

to fully respond to Request for Production Nos. 1, 3, 5, 9, 10 and 11, however Defendants have fully complied with these requests.

Plaintiffs allege that Requests for Production Nos. 1 and 9 are deficient because no drafts were produced, however Defendants are not in possession, custody or control of any drafts of the produced documents. (R. Doc. 32-4, p. 1, p. 29). Drafts by their very nature are discarded in favor of the finished product, which Defendants have produced. Defendants produced what was in their possession, custody or control, therefore their responses were not deficient.

Plaintiffs allege that Requests for Production Nos. 3 and 5 are deficient because no text messages were included, however Defendants are not in possession, custody or control of any of the requested text messages, therefore their responses were not deficient. (R. Doc. 32-4, p. 28).

Similarly, Plaintiffs allege that Requests for Production Nos. 10 and 11 are deficient because no key word search was conducted, however Defendants have conducted a keyword search of their phones and found nothing with which to supplement their prior answers. (R. Doc. 32-4, p. 30).

Plaintiff now requests that the documents produced in response to Request for Production Nos. 1 and 9 be produced again in "native format" and argues that the mere production of the requested documents is not sufficient. "If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and … A party need not produce the same electronically stored information in more than one form."[7] Plaintiff never specified the format that he wanted the documents produced in (R. Doc 32-4, p. 27, p. 29), and Defendants aver that pdf format is a reasonably usable form, and that Plaintiff is therefore barred from

---

[7] Fed. R. Civ P. 34(E).

requesting the documents in any other form. Plaintiff was "the master of [his] production requests; [he] must be satisfied with what [he] asked for."[8]

### C. Defendants' responses and objections to Plaintiff's requests for admission are sufficient and justified

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) Facts, the application of law to fact, or opinions about either…"[9] "Requests for admissions cannot be used to compel an admission of a conclusion of law."[10] The main purpose of Requests for admission is to allow parties "to narrow the issues to be resolved at trial" by identifying the matters that both parties agree on.[11]

Plaintiff alleges that Defendants have failed to fully respond to Requests for Admission Nos. 7-15, 17-19, 21-23, 25-27, 29-31 and 69. Defendants aver that their responses and objections to Plaintiff's requests for admission were sufficient and justified but have, in an abundance of caution, provided supplemental responses.[12] Defendants' original responses to these requests were objections based on relevance, as the requests did not deal with any claims or defenses in this matter. In Defendants' supplemental responses, Defendants deny Request for Admission No. 12 and lodge new objections to the remaining requests for admission. Defendants aver that Request for Production Nos. 8, 10, 11, 13, 15, 17, 19, 21, 23, 25, 27, 29 and 31 reference writings, and that those writings are the best evidence of their contents, and that Request for Production Nos. 7, 9, 14, 18, 22, 26 and 30 call for legal conclusions. Drawing conclusions from those writings is the role of the trier of fact, nor can Defendants be required to

---

[8] *Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.* 2017 U.S. Dist LEXIS 4012 (E.D. La. Jan. 11, 2017). (quotation omitted).

[9] Fed. R. Civ P. 36(a).

[10] *Carney v. IRS (In re Carney),* 258 F.3d 415, 419 (5th Cir. 2001).

[11] *AAA v. AAA Legal Clinic of Jefferson Crooke, P.C.,* 930 F.2d 1117, 1121 (5th Cir. 1991).

[12] See Exhibit "A."

make conclusions of law through discovery. None of these requests for admission serve to narrow any issues, and therefore, Defendants' objections are appropriate.

Plaintiff objects to Defendants' response to Request for Admissions No. 32, however Defendants have supplemented that response with a denial.[13] Plaintiff further argues that Defendants' responses to Request for Admission Nos. 36 and 37 are non-responsive, however Defendants denied both requests for admission and aver that a denial is a proper answer to a request for admission.

Plaintiff argues that Defendants' relevance objection to Request for Admission No. 58 is not properly supported. This request for admission seeks admission of a fact that deals with the firing of people who are not parties to the instant matter and is irrelevant, and as Plaintiff does not allege that he was fired by the St. Tammany Parish Sheriff's Office, Defendants objected to it as irrelevant. Furthermore, Request for Admission No. 58 deals with facts central to pending litigation in the Eastern District of Louisiana, in *Bryan Moore, et al. v. Randy Smith* No. 17-5219 Section "J"(2). Defendants aver that in light of the pending litigation and the tenuous connection to the instant matter, that their objection is sufficient.

Plaintiff alleges that Defendants' objection to Request for Admission No. 67 was not proper. In an abundance of caution, Defendants have supplemented their prior response and deny Request for Admission No. 67.[14]

## D. Defendants have provided verification pages

Defendants have provided verification pages for Defendant Sheriff Smith, Defendant Danny Culpeper and Defendant Keith Canizaro.[15]

---

[13] See Exhibit "A"

[14] *Id.*

[15] See Defendants' verification pages attached as Exhibit "B."

**E. The Court should deny Plaintiff's request for reasonable attorney fees**

Under Federal Rule of Civil Procedure 37(a)(5)(A), a court may order a party to pay the movant's reasonable costs incurred in making the motion, as well as attorney's fees if a motion to compel discovery is granted, but if a court grants a motion to compel, a court must not order payment of expenses if "the opposing party's nondisclosure, response, or objection was substantially justified[.]" Substantially justified has been defined and does not mean that the objections must be "justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute or if reasonable people could differ as to [the appropriateness of the contested action]"[16]

If this Court grants Plaintiff's Motion to Compel, then Defendants aver that they have shown genuine dispute regarding the discovery requests in question, and therefore an award of expenses would not be appropriate.

**CONCLUSION**

For the reasons set above, Defendants request that Plaintiff's Motion to Compel be denied as well as any grant of expenses.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

s/ Chadwick W. Collings

| | |
|---|---|
| **CHADWICK W. COLLINGS, T.A.** | **# 25373** |
| **HENRY M. WEBER** | **# 35374** |
| **LAUREN A. WILLIAMS** | **# 37917** |

**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:     (985) 292-2000**
**Facsimile:     (985) 292-2001**
**ccollings@millinglaw.com**
*Counsel for Defendants*

---

[16] *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). (quotation and citation omitted).

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on November 23, 2020, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.


_s/ Chadwick W. Collings_
**Chadwick W. Collings**