MINUTE ENTRY
DOUGLAS, M.J.
DECEMBER 7, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY ROGERS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-517** |
| **SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO** | **SECTION "H" (3)** |

On this date, the Motion to Compel Discovery Responses ("Motion") (Rec. Doc. No. 32) filed by plaintiff, Jerry Rogers, Jr. ("Plaintiff") came on for oral hearing before the undersigned. Present were Hope A. Phelps and William B. Most on behalf of plaintiff, Jerry Rogers, Jr., and Chadwick W. Collings on behalf of defendants, Sheriff Randy Smith, Danny Culpeper, and Keith Canizaro ("Defendants"). For the reasons stated on the record and below,

**IT IS ORDERED** that the Motion to Compel Discovery Responses (Rec. Doc. No. 32) is DENIED in part as to interrogatories 6, 10, and 11. Defendants are ordered to supplement their responses pursuant to Rule 26(g) to certify that it has made a "reasonable inquiry" in responding to the discovery requests which this Court has interpreted to require that "if the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." *In re Katrina Canal Breaches Consol. Litig.*, 2007 WL 1959193, at *4 (E.D. La. June 27, 2007)(citing cases).

**IT IS FURTHER ORDERED** that the Motion is DENIED as to Interrogatory No. 9.

MJSTAR: 00:29

**IT IS FURTHER ORDERED** that the Motion is DENIED in part as to request for production Nos. 1, 3, 5, and 9, 10 and 11, and Defendants are ordered to supplement their responses in accordance with Rule 26.

**IT IS FURTHER ORDERED** that the Motion is DENIED as to request for admission Nos. 7, 9, 12, 14, 15, 18, 19, 22, 23, 26, 27, 30, 31, 32, 36, 37, 43, 58, 67, and 69.

**IT IS FURTHER ORDERED** that the Motion is GRANTED as to requests for admission 8, 10, 11, 13, 17, 21, 25, 29. The Court finds the requests for admission to be relevant and proportional to the claims asserted in the Complaint. (Rec. Doc. No. 1). The Court, after reviewing the caselaw, further finds that many of the cases addressing the issue of whether an objection that a writing "speaks for itself" in response to a request for admission have found the objection to be improper. *See Jones v. Univ. of Memphis*, 2016 WL 6123510, at *2 (W.D. Tenn. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 6109407 (W.D. Tenn. Oct. 19, 2016) (stating a document "speaks for itself" is not a sufficient response to meet the requirements of Rule 36(a)(4) and ordered the responding party to amend its answers)(citing cases); *see also Aprile Horse Transp., Inc.*, v. *Prestige Delivery Sys., Inc.* 2015 WL 4068457, at *5 (W.D. Ky. July 2, 2015) ("Stating that a document speaks for itself avoids the purpose of requests for admission, i.e., narrowing the issues for trial."); *see also Farinash v. Silvey*, 2007 LEXIS 3474, at *28 (Bankr. E.D. Tenn. Oct. 10, 2007) ("The 'speaks for itself' response is not acceptable."). The Court finds this reasoning to be persuasive.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is DENIED.

                                            */s/ Dana M. Douglas*
                                            **DANA M. DOUGLAS**
                                            **UNITED STATES MAGISTRATE JUDGE**