UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION NO. 20-517** |
| *Plaintiff* | * | |
| | * | |
| **VERSUS** | * | **JUDGE MILAZZO** |
| | * | |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | |
| **PARISH, DANNY CULPEPER. AND** | * | **JURY DEMAND** |
| **KEITH CANIZARO** | * | |
| *Defendants* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPORT OF
MOTION TO COMPEL DISCOVERY**

**MAY IT PLEASE THE COURT:**

**NOW COME**, through undersigned counsel, Defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper and Keith Canizaro, who respectfully submit this memorandum in support of their Motion to Compel Discovery.

**BACKGROUND**

Plaintiff filed the instant action on February 13, 2020 in which Plaintiff alleges violations of his civil rights under the laws of the United States and Louisiana. (R. Doc. 1). The facts of this case start with the death of Nanette Krentel on July 14, 2017 in St. Tammany Parish. Shortly thereafter, the St Tammany Parish Sheriff's Office began an investigation into Ms. Krentel's death. (R. Doc. 1, ¶ 13). During the course of that investigation, Plaintiff Jerry Rogers, Jr. created an anonymous email account and began sending emails to Kim Watson, the sister of the murder victim, Nanette Krentel. (R. Doc. 1, ¶ 15). At some point during their investigation, the St.

Tammany Parish Sheriff's Office was made aware of these emails by a member of Ms. Krentel's family and started investigating the source of the emails. (R. Doc. 1, ¶ 17). On September 16, 2019 after having become aware that Plaintiff Jerry Rogers, Jr. was the source of the emails, Defendant Sergeant Keith Canizaro requested an arrest warrant for Plaintiff Jerry Rogers, Jr. for the charge of Defamation, La. R.S. 14:47, which was signed by a judge on the same day. (R. Doc. 1, ¶ 21). Later that day Plaintiff was arrested by the St. Tammany Parish Sheriff's Office. (R. Doc. 1, ¶ 24). Plaintiff's complaint alleges harm and violations of his civil rights as a result of his arrest.

Defendants propounded discovery requests to Plaintiff on November 9, 2020, and on December 9, 2020, Plaintiff responded.[1] As a result of the deficiencies in Plaintiff's responses, Defendants sent Plaintiff's counsel correspondence requesting a meeting on January 4, 2021 pursuant to Rule 37 to discuss Plaintiff's responses.[2] Specifically, Defendants noted deficiencies in Answers to Interrogatory Nos. 1, 2, 5, 6, 9, 11, 13, 14, 15 and 16, deficiencies in Responses to Requests for Production Nos. 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 16, 17 and 18, and deficiencies in Responses to Requests for Admissions Nos. 1 and 2. On January 12, 2021, Plaintiff submitted supplemental responses to Defendants' discovery requests.[3] Defendants aver that while the supplemental responses addressed the concerns in Answer Interrogatory No. 13 as well as in subparts of other requests, they are still deficient with regards to the remaining discovery requests.

## LAW AND ARGUMENT

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), a party may move the court for an "order compelling an answer, designation, production, or inspection" if a party "fails to answer an interrogatory" or "fails to produce documents." Determining the scope of discovery

---

[1] See Exhibit A.
[2] See Exhibit C.
[3] See Exhibit B.

is subject to an abuse of discretion standard, as trial courts have "wide discretion in determining the scope and effect of discovery[.]"[4] The scope of discovery permits a party to request

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit…[5]

### A. Plaintiff has not made valid objections or full and complete answers to Defendants' interrogatories

In Interrogatory No. 1, Defendants request Plaintiff's date of birth, his present and past home addresses for the past ten years and his telephone number. Plaintiff's Answer to Interrogatory No. 1 is incomplete. In it, Plaintiff fails to provide a social security number, his prior addresses and his marital status. Defendant avers that this is basic background information that is routinely requested of all plaintiffs in civil litigation.

In Interrogatory No. 2, Defendants request Plaintiff's entire educational background and specifically request the name of the institution(s) attended, the address(es), the year(s) attended, the date(s) of graduation (if applicable), and the degree or certificate awarded upon completion. Plaintiff answers that he has a Bachelor of Arts in Criminal Justice and objected to the rest of the interrogatory. This is again a basic background question, and Defendants aver that Plaintiff's objection is without merit.

In Interrogatory No. 5, Defendants request prior instances of discipline or reprimand by an employer. In response, Plaintiff objected, however Defendants request this information for general background purposes and for potential impeachment.

---

[4] *JP Morgan Chase Bank, N.A. v. Datatreasury Corp.,* 936 F.3d 251, 255 (5th Cir. 2019).
[5] Fed. R. Civ. P. 26(b)(1).

In Interrogatory No. 6, Defendants request that Plaintiff state his injuries and/or damages. Plaintiff answers that he has suffered economic damages but declines to give a dollar amount. Defendants aver that this answer is vague and therefore request that Plaintiff give a full and complete answer.

In Interrogatory No. 9, Defendants request information about any past litigation that Plaintiff has been involved in. Plaintiff lists one matter but fails to certify that that one claim represents a complete listing of his past litigation. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter.

In Interrogatory No. 11, Defendants request a list of all people, including but not limited to experts, that were contacted, interviewed and/or consulted by Plaintiff or anyone acting on his behalf, including the date(s) of the interview(s) and the addresses and phone numbers of the person(s) interviewed. In response, Plaintiff objected and provided the names and dates of interviews for non-attorneys. Defendants aver that the identities and contact information of the people that Plaintiff consulted, expert and lay, are not protected, and that any objection to providing their identities and contact information is not valid. Under Rule 26(b)(4)(D), only the facts and opinions of experts employed for trial preparation are protected from disclosure. Defendants request that Plaintiff withdraw his objections and fully answer the interrogatory.

In Interrogatory No. 14, Defendants request the name and address of every healthcare provider from whom Plaintiff received treatment, physical or mental, for the injuries sustained as a result of his alleged injury in this matter. In his supplemental response, Plaintiff provided only a list of mental healthcare providers and has failed to provide any healthcare providers for physical injuries. Defendants aver that this information is discoverable and request that Plaintiff either

provide a list of healthcare providers who treated him for physical injuries or certify under Rule 27(g) that he has no such records.

In Interrogatory No. 15, Defendants request the name and address of healthcare providers from the prior ten years. In response, Plaintiff objected. Defendants request this information to give context to the information requested in Interrogatory No. 14 and aver that it is discoverable.

In Interrogatory No. 16, Defendants request the name of any State or Federal investigative agency that interviewed Plaintiff, including the names of anyone present during the interview and the substance of the questions. Defendants aver that information about other investigations into the same matter is discoverable. In response, Plaintiff objected, and subject to his objection, he gave information about two interviews. Defendants request that Plaintiff withdraw his objection, fully answer the interrogatory and certify under Rule 27(g) that he has made a reasonable inquiry into this matter.

**B. Plaintiff has not made valid objections or full and complete answers to Defendants' requests for production**

In Request for Production No. 1, Defendants request that Plaintiff sign the provided HIPAA compliant authorization. In response, Plaintiff objected and in his supplemental response, provided a revised and executed HIPAA authorization. Defendants aver that this request is directly related to Interrogatory Nos. 14 and 15 and request that Plaintiff executed the HIPAA authorization that Defendants provided.

In Request for Production No. 2, Defendants request that Plaintiff sign the provided employment records authorization. Defendants aver that this request is directly related to Interrogatory No. 5.

In Request for Production No. 3, Defendants request medical records, invoices, audio/video records, prescription records, receipts, x-rays and/or any other record that is related to Plaintiff's

alleged injuries to which Plaintiff objected. Defendants aver that as this request deals only with items that are related to Plaintiff's claimed injuries that it is therefore relevant and discoverable.

In Request for Production No. 5, Defendants request documents which support Plaintiff's claims in this matter. In response Plaintiff referred to the documents that were identified in his initial disclosures. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that the documents referenced in Plaintiff's initial disclosure represent a full answer to this request for production.

In Request for Production No. 6, Defendants request documents that relate to the actions and/or omissions that allegedly caused Plaintiff's damages. In response, Plaintiff referred to documents that are already in Defendants' possession and his initial disclosure. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that the documents referenced in Plaintiff's initial disclosure represent a full answer to this request for production.

In Request for Production No. 7, Defendants request documents related to the damages that Plaintiff is alleging in this matter. In response, Plaintiff produced some documents and answered that he has requested additional documents to complete the response. In his supplemental response, Plaintiff responded with additional information about Plaintiff's losses, but provided no new documentation. Defendants request the outstanding documents that support Plaintiff's assertions in his supplemental Response to Request for Production No. 7.

In Request for Production No. 8, Defendants request copies of all witness statements pertaining to the subject matter. In response, Plaintiff objected and provided two affidavits subject to that objection. Defendants request that Plaintiff certify under Rule 27(g) that he has made a

reasonable inquiry into this matter, and that the referenced documents represent a full answer to this request for production.

In Request for Production No. 11, Defendants request all resumes or curricula vitae from anyone, expert or not, that Plaintiff interviewed or consulted. In response Plaintiff objected. Defendants aver that Rule 26(b)(4)(D) protects only facts or opinions of experts employed only for trial preparation. The rule does not protect their identity, nor do their resumes and/or curricula vitae show any facts or opinions. Furthermore, the request also seeks the resumes or curricula vitae of any non-experts who are not protected under Rule 26(b)(4)(D).

In Request for Production No. 12, Defendants request copies of any and all documents that Plaintiff sent to any retained, interviewed and/or consulted expert in this matter. In response, Plaintiff objected and stated that he will provide expert witness disclosures in accordance with the rules of civil procedure. Defendants aver that this answer is not responsive, as Defendants request documents that were sent by Plaintiff, and not documents that were sent by the experts.

In Request for Production No. 13, Defendants request all exhibits, photographs, videos, and/or other documentary or demonstrative evidence that Plaintiff intends to introduce or use at trial. In response, Plaintiff objected. Defendants aver that photographs and videos are discoverable documents, and that this answer is not responsive.

In Request for Production No. 14, Defendants request documents and/or other evidence that Plaintiff may have received from any other party or source. In response, Plaintiff answered that there are no other parties in this matter. This answer is not responsive as the request also deals with documents and/or evidence from any source, not just a party.

In Request for Production No. 16, Defendants request any and all documents, recordings and/or tangible things provided by Plaintiff and/or his attorney from any State or Federal

investigative agency regarding the allegations in the subject lawsuit. In response, Plaintiff objected and answered that he has not received any such documents. Defendants aver that this answer is not responsive, as Defendants request documents that Plaintiff and/or his attorney provided.

In Request for Production No. 17, Defendants request emails, text messages and/or other communications between Plaintiff and any current and/or prior employees of the St. Tammany Parish Sheriff's Office regarding the investigation into the death of Nanette Krentel. In response, Plaintiff objected. Defendants aver that as Plaintiff was arrested for defamation regarding the investigation into the death of Nanette Krentel, these documents are relevant.

In Request for Production No. 18, Defendants request emails, text messages and/or other communications between Plaintiff and any members of the family of Nanette Krentel. In response, Plaintiff objected, citing the attorney-client privilege and work-product rule and answered subject to that objection that the only relevant documents are those that Defendants are already in possession of. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that the documents referenced by Plaintiff in Defendants' possession represent a full answer to this request for production. Defendants further request that any privileged items be included on the privilege log and referenced specifically.

### C. Plaintiff's privilege objection is overbroad

In Request for Production No. 9, Defendants request copies of any and all videos, recordings or other statements related to this matter. In response, Plaintiff objected and referred Defendants to a privilege log. The referenced privilege log, however, lists recordings of third parties as work-product. Defendants aver that recordings of a third-party are not protected work-products and request their production.

The work-product rule is governed by Federal Rule of Civil Procedure 26(B)(3). "Like the attorney-client privilege, the work product doctrine insulates a lawyers [sic] research, analysis of legal theories, mental impressions, notes and memoranda of witnesses' statements from opposing counsel's inquiries…"[6] The party that is withholding documents from discovery bears the burden to establish the work product protection.[7] Plaintiff's privilege log references four work-product privileges, however each reference is to an mp3 or m4a recording. The log does not reference any memoranda, notes or mental impressions. Accordingly, Defendants aver that they are not protected and should be produced.

### D. Plaintiff's responses to Defendants' Requests for Admission are incomplete

In Request for Admission No. 1, Defendants ask Plaintiff to admit that he contacted one or more members of the family of Nanette Krentel using his U.S. government issued computer. In response, Plaintiff answered that he does not recall if he used his U.S. government issued computer. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that he answer this request fully.

In Request for Admission No. 2, Defendants request that Plaintiff admit that some of his communications with one or more members of the family of Nanette Krentel were via the IP address of his U.S government issued computer. In response, Plaintiff answered that he does not recall. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that he answer this request fully.

---

[6] *Leamon v. Il on Kbr, Inc.* U.S. Dist. LEXIS 157497 at *4 (W.D. Tex. 11/10/11) *citing Dunn v. State Farm Fire & Gas Co.,* 927 F.2d 869, 875 (5th Cir. 1991).
[7] *Piatkowski v. Abdon Callais Offshore L.L.C.,* U.S. Dist. LEXIS 12068 at *9 (E. D. La. 8/11/00).

### E. Defendants request costs and reasonable attorney fees

If a motion to compel discovery is granted, or if the discovery requests are provided after the motion was filed, then the "court must, after giving an opportunity to be heard, require the party… whose conduct necessitated the motion… or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[8] Defendants aver that Plaintiff's above-mentioned responses and objections were not substantially justified, and therefore the court must grant costs and reasonable attorney fees.

### CONCLUSION

Accordingly, Defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper and Keith Canizaro, request that this Court issue an order compelling Plaintiff to respond fully and completely to Defendants' discovery requests. Further, Defendants request an order requiring Plaintiff to pay Defendants' expenses incurred in making this motion, including attorney's fees.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*

| | |
|---|---|
| **Chadwick W. Collings, T.A.** | **# 25373** |
| **Henry M. Weber** | **# 35374** |

**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:   (985) 292-2000**
**Facsimile:    (985) 292-2001**
**E-mail:        ccollings@millinglaw.com**
*Attorneys for Defendants*

---

[8] Fed. R. Civ. P. 37(a)(5)(A).

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on February 9, 2021, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

                                                                   __s/ Chadwick W. Collings___
                                                                     **Chadwick W. Collings**