# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | § | **CIVIL ACTION** |
| **Plaintiff** | § | |
| | § | **NO. 20-517** |
| **VERSUS** | § | |
| | § | **JUDGE MILAZZO** |
| **RANDY SMITH, INDIVIDUALLY** | § | |
| **And IN HIS OFFICIAL CAPACITY** | § | **MAG. JUDGE DOUGLAS** |
| **AS THE SHERIFF OF ST. TAMMANY** | § | |
| **PARISH, DANNY CULPEPER, AND** | § | **JURY DEMAND** |
| **KEITH CANIZARRO** | § | |
| **Defendants** | § | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION</u>

Plaintiff Jerry Rogers, through undersigned counsel, objects and responds to the First Set of Interrogatories, Requests for Production, and Requests for Admission propounded by Defendants. Nadler responds on the basis of the best information presently available. Subsequent investigation and review of documents may reveal additional information relevant to this discovery and lead to a supplemental response. If information is later obtained which modifies any response herein, such information will be conveyed to Plaintiff.

Mr. Rogers' responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper grounds or the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

90910

**GENERAL OBJECTIONS**

1.    Plaintiff objects to these discovery requests to the extent that they impose upon them any obligation not set forth in the Federal Rules of Civil Procedure.

2.    Plaintiff objects to these discovery requests to the extent that they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.    Plaintiff objects to these discovery requests to the extent that they are overly broad, oppressive, vague, vexatious, unduly burdensome, onerous or unreasonably expensive to answer.

4.    Plaintiff objects to these discovery requests to the extent that the requested information is confidential and invasive to the privacy interests of non-parties to this litigation.

5.    Plaintiff objects to these discovery requests to the extent, if any, that they encompass documents containing information protected by the work product doctrine, the attorney-client privilege and/or the self-critical analysis privilege. All responses are subject to this objection.  Plaintiff will exclude from production any such protected, non-discoverable information. To the extent that the requests purport to require Plaintiff to identify the subject matter of information withheld on the grounds of privilege or otherwise, objection is made because such a request is inconsistent with the assertion of a privilege.

6.    Plaintiff objects to providing information and/or documents in response to a discovery request to which Defendants  already know the answer.

7.    Plaintiff objects to these discovery requests to the extent they call for legal conclusions or responses to legal questions.

8.    Plaintiff objects to these discovery requests as discovery is in its infancy or ongoing.

9.    Plaintiff responds to these discovery requests based on information to date.

90910

## **INTERROGATORIES**

Interrogatory No. 1

Please state your full name, date of birth, marital status, current spouse's name (if applicable), all prior spouse's name (if applicable), social security number, current physical address (no P.O. Boxes), prior addresses in the last (10) years, current telephone number, and prior telephone numbers in last ten years.

**Answer to Interrogatory No. 1**

Defendant objects to the request for personally identifiable and protected information on lack of relevance and privacy grounds, such as the names of family members or Social Security Numbers or information that is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Plaintiff's full name is Jerry Hamilton Rogers, Jr, born in 1972 and lives in Folsom, Louisiana 70437. He can be contacted through undersigned counsel.

Interrogatory No. 2

Please state your entire educational background, including, but not limited to, all secondary and post-secondary education and any and all training you received as part of any current or former employment. Please state the name of the institution(s) attended, the address(es), the year(s) attended, the date(s) of graduation (if applicable), and the degree or certificate awarded upon completion.

**Answer to Interrogatory No. 2**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can

90910

have no bearing on the outcome. Subject to and without waiving any objection, Plaintiff has a Bachelor of Arts in Criminal Justice.

Interrogatory No. 3

Please state the full name and address of your current employer, the date you began your employment.

**Answer to Interrogatory No. 3**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving any objection, Plaintiff is currently employed by the United States Department of Housing and Urban Development, located at 500 Poydras Street, New Orleans, LA 70130. He began employment in October of 2009.

Interrogatory No. 4

Please state the full name and address of all of your prior employers and the years you were employed there.

**Answer to Interrogatory No. 4**

Objection, the request is overbroad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving any objection, Plaintiff worked at St. Tammany Parish Sheriff's Office from 1998 to October of 2009.

Interrogatory No. 5

Please state whether you have ever been investigated, disciplined and/or reprimanded by any employer. If so, please state the reason for the investigation, the date(s) of the investigation, the result of the investigation, and the name of the employer who conducted the investigation.

90910

**Answer to Interrogatory No. 5**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome.

Interrogatory No. 6

State what injuries and/or damages you sustained as a result of the alleged incident upon which this suit is based.

**Answer to Interrogatory No. 6**

Objection, this Interrogatory is vague, confusing and not susceptible of reasonable response as to the intended meaning of "injuries and/or damages," and is duplicative of Plaintiff's obligations under the initial disclosure requirements of Fed. R. Civ. Proc. 26. Without waving any objection, Plaintiff's damages include, but are not limited to, any and all costs, economic or otherwise, associated with his arrest, detention, hiring a criminal lawyer, posting bail, and Defendants' publication of Plaintiff's personal, private information to the media, including emotional distress, pain, suffering, humiliation, and frustration suffered.

Interrogatory No. 7

Have you recovered from the injuries and/or damages sustained as a result of the alleged incident upon which this suit is based? If not, then state in what respects you have not recovered.

**Answer to Interrogatory No. 7**

Objection, this Interrogatory is vague, confusing and not susceptible of reasonable response as to the intended meaning of "injuries and/or damages." Without waving any objection, the damage to Plaintiff's reputation due to Defendants' publication of Plaintiff's personal, private

90910

information to the media is ongoing. Because this matter is not resolved, Plaintiff continues to suffer emotional distress, pain, suffering, humiliation, and frustration.

Interrogatory No. 8

Do you claim that you have lost any salary or other earnings as a result of the alleged incident upon which this suit is based? If so, then state the amount of your loss, the name and location of your employer, and identify the period of time for which you have been, or will be unable to work.

**Answer to Interrogatory No. 8**

Plaintiff is not claim lost salary or earnings in this lawsuit.

Interrogatory No. 9

Have you ever been involved in any prior litigation or made any other claims against any person, firm or corporation?

If so, then state:

(a) The nature of such injury forming the basis of each such claim;

(b) The name and address of every person, firm or corporation against whom each claim was made; and

(c) Whether or not suit was filed by you or on your behalf in connection with such injury, and if so, then state the date each suit was filed, the court in which each suit was filed, the title and record number of each suit, and the final disposition thereof.

**Answer to Interrogatory No. 9**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can

90910

have no bearing on the outcome. Subject to and without waiving any objection, Plaintiff filed a

claim related to a 2019 car accident, which was resolved through settlement this year.

Interrogatory No. 10

Please list all persons, including, but not limited to any experts, contacted, interviewed

and/or consulted by you or anyone acting on your behalf in connection to this litigation, including

the date(s) of the interview(s), and the addresses and phone numbers of the person(s) interviewed.

**Answer to Interrogatory No. 11**

Objection, this request is premature and to the extent it calls for the disclosure of expert(s)

who may have been consulted but who have not or will not been retained to testify in this matter.

Plaintiff also objects to the extent this interrogatory seeks information and material that is protected

from discovery by the attorney-client privilege and work product immunity rule. Subject to and

without waiving any objections, no testifying expert has been retained yet and Plaintiff's attorney

interviewed the following non-attorney persons:

1) Colin Sims on September 1, 2020;

2) Van Laurent on Oct. 6, 2020, 985 218 1058;

3) Steve Gaudet on December 19, 2019, and October 13, 2020;

4) Steve Chaisson on October 20, 2020;

5) Stefan Montgomery, Feb 6, 2020; and

6) Special Agent Clinton Epperson, Federal Bureau of Investigation, various dates
   beginning on November 4, 2019.

Interrogatory No. 11

90910

Please identify by name, address, and telephone number, each witness whom you may call on your behalf in this matter, and provide a detailed account of any knowledge they have regarding this matter and each individual's anticipated testimony at trial.

**Answer to Interrogatory No. 11**

Objection, is premature as Plaintiff has not yet determined the witnesses, facts or experts, he intends to use in this lawsuit. Plaintiff will provide any witness disclosures in accordance with the relevant rules of civil procedure and court scheduling order(s) governing the same. Subject to and without waiving any objection, Plaintiff states that the following individuals may be called to testify at trial:

1) Jerry Rogers;

2) Randy Smith;

3) Danny Culpeper;

4) Keith Canizaro;

5) Colin Sims;

6) Steve Gaudet;

7) Steve Chaisson;

8) Any person deposed in this matter;

9) Any person identified in any deposition, or written discovery responses;

10) Any person identified in any dispositive motions;

11) Any witness needed for impeachment or rebuttal purposes;

12) Any witness listed by any other party in this matter, including any witness identified in discovery, and;

13) Any witness needed to authenticate an item to be introduced into evidence.

90910

Plaintiff reserves the right to amend and/or supplement this answer prior to trial.

<u>Interrogatory No. 12</u>

Please describe with reasonable specificity every document and/or any other exhibit which you intend to offer into evidence in this matter.

**<u>Answer to Interrogatory No. 12</u>**

Objection, the request is premature and seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule, because the request requires Plaintiff's attorneys to reveal mental impressions and opinions about what documentary or tangible evidence is appropriate for trial. It also seeks to require the Plaintiff to marshal the evidence.  Subject to and without waiving the objections, Plaintiff will defer to his attorneys' judgments in selecting documents from the universe of relevant documents for use at trial, which generally include:

1) Documents, related to the investigation or arrest of Jerry Rogers (*e.g.,* probable cause affidavits, primary or supplemental reports, search warrants, arrest warrants, press releases, *etc.*);

2) Recorded statements taken from victims, witnesses, and suspects;

3) Communications between Defendants and any other STPSO employees, members of the St. Tammany Parish District Attorney's Office, Louisiana Attorney General's Office, Louisiana Sheriff's Association;

4) Personal STPSO emails and text messages;

5) Any documents attached to these responses;

6) Any document received from Defendants;

7) Any documents obtained via subpoena/authorization from third parties;

8) Discovery propounded to Defendants and Defendants' answers/responses thereto;

9) Deposition transcripts;

90910

10) Defendants' employment records;

11) Documents produced by any party during the course of discovery; and

12) Any other documents listed, identified, or used by any other party.

Plaintiff reserves its right to amend and/or supplement his answer as discovery progresses. Plaintiff will submit an exhibit list and exchange exhibits as required by law and any scheduling order issued by this Honorable Court.

Interrogatory No. 13

Please state whether you have ever been arrested at any time other than the arrest that is the subject of the above captioned matter. If yes, please state when you were arrested, on what charges, in what jurisdiction, and the final disposition of those charges.

**Answer to Interrogatory No. 13**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome.  Subject to and without waiving any objection, Plaintiff does not recall having been arrested at any time other than the arrest that is the subject of the above captioned matter.

Interrogatory No. 14

State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for the injuries sustained as a result of the alleged incident upon which this suit is based.

**Answer to Interrogatory No. 14**

90910

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious.

Interrogatory No. 15

State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for any reason in the prior ten (10) years.

**Answer to Interrogatory No. 15**

Objection, the interrogatory is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to interrogatories regarding his medical treatment as overbroad oppressive, vague, and vexatious.

Interrogatory No. 16

Please state whether you have been interviewed by any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit.  If you answer yes, please state the name of the agency, the date of the interview(s), the identity of the persons present during the interview, and please state with as much specificity as possible the substance of the questions you were asked and the responses you provided to the interviewer(s).

**Answer to Interrogatory No. 16**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving the foregoing, the answer is yes.

Mr. Rogers was interviewed by Special Agent Clinton Epperson of the Federal Bureau of Investigation and Thomas Johnson of the United States Department of Justice on December 4, 2019. Also present were Brian Trainor and William Most. Mr. Rogers was asked about the timeline of events that forms the basis for his claims in this matter.

## REQUESTS FOR PRODUCTION

Request for Production No. 1

Please sign the attached HIPAA compliant authorization. (See attached)

**Response to Request for Production No. 1**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious.

Request for Production No. 2

Please sign the attached employment records authorization. (See attached)

**Response to Request for Production No. 2**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his employment records as overbroad oppressive, vague, and vexatious.

Request for Production No. 3

Please provide a copy of any and all medical records, invoices, audio/video records, prescription records, receipts, x-rays and/or any other record, in your possession related to the alleged incident or to the damages claimed by you in this matter.

90910

**Response to Request for Production No. 3**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious.

Request for Production No. 4

Please produce any and all documents which support your claim for economic damages, if any.

**Response to Request for Production No. 4**

Plaintiff has not made a claim for economic damages.

Request for Production No. 5

Please produce any and all documents which evidence, support or relate to the injuries you claim as a result of the alleged incident upon which this suit is based.

**Response to Request for Production No. 5**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and because such documents are already in the possession of Defendants. Without waiving such objections, Plaintiff responds that all documents identified in initial disclosures and produced in discovery relate to the injuries upon which this suit is based.

Request for Production No. 6

Please produce any and all documents that evidence, support, or relate to the actions and/or omissions you allege caused you any damage.

**Response to Request for Production No. 6**

90910

Objection, calls for documents that were prepared in anticipation of litigation or in preparation for trial and seeks information that would reveal the mental process or opinions of Defendants' attorneys, and is duplicative of RFP No. 5. Without waiving and subject to the objection, Defendants are in possession of and have equal access to the documents that evidence or relate to arrest, detain, prosecute, and publicize personal and private information regarding Plaintiff. All documents identified in initial disclosures and produced in discovery relate to the actions upon which this suit is based.

Request for Production No. 7

Please produce any and all documents that evidence, support or relate in any way to the damages alleged in this matter.

**Response to Request for Production No. 7**

Plaintiff objects to this request to the extent it requires Plaintiff to produce information or documents protected by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving the foregoing, see attached Bail documents. Undersigned counsel has requested additional information responsive to this request, including costs associated with Mr. Rogers' criminal defense attorney, and will forward upon receipt.

Request for Production No. 8

Please produce copies of all witness statements in your possession pertaining to the subject matter of the above captioned matter.

**Response to Request for Production No. 8**

Objection, this request seeks information protected by the attorney client and/or work product privileges. Subject to and without waiving any objections, Plaintiff provides the following:

2020.1.23 -  Signed Affidavit from Steven Gaudet

Dan Watson Affidavit

Request for Production No. 9

Please produce copies of any and all videos, recordings or other statements in your possession related to this matter, to the damages alleged in this matter, or to your allegations in this matter.

**Response to Request for Production No. 9**

Objection, this request seeks information protected by the attorney client and/or work product privileges. Subject to and without waiving any objections, see attached privilege log.

Request for Production No. 10

Please produce copies of all resumes or curricula vitae pertaining to the persons, including, but not limited to any experts, whom you intend to call or in any other way utilize as expert witnesses in this matter.

**Response to Request for Production No. 10**

Objection, overbroad and calls for information/documentation related to consulting experts.  Without waiving and subject to the objection, Plaintiff has not yet determined the expert witnesses he intends to call at trial, but reserves the right to do so, and will provide any expert witness disclosures in accordance with the relevant rules of civil procedure and court scheduling order(s) governing the same.

Request for Production No. 11

Please produce copies of all resumes or curricula vitae pertaining to the persons, including, but not limited to any experts, whom you interviewed and/or consulted with in connection with this matter.

**Response to Request for Production No. 11**

90910

Objection, overbroad and calls for information/documentation related to consulting experts.  Without waiving and subject to the objection, Plaintiff has not yet determined the expert witnesses he intends to call at trial, but reserves the right to do so, and will provide any expert witness disclosures in accordance with the relevant rules of civil procedure and court scheduling order(s) governing the same.

Request for Production No. 12

Please produce copies of any and all documents sent by you to any expert retained, interviewed, and/or consulted in this matter.

**Response to Request for Production No. 12**

Objection, calls for information/documentation related to consulting experts.  Without waiving and subject to the objection, Plaintiff has not yet determined the expert witnesses he intends to call at trial, but reserves the right to do so, and will provide any expert witness disclosures in accordance with the relevant rules of civil procedure and court scheduling order(s) governing the same.

Request for Production No. 13

Please produce copies of all exhibits, photographs (including negatives), videos, and/or other documentary or demonstrative evidence which you, your attorney or experts intend to introduce and/or utilize in any manner at the trial of this matter.

**Response to Request for Production No. 13**

Objection, the request is premature and seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule, because the request requires Plaintiff's attorneys to reveal mental impressions and opinions about what documentary or tangible evidence is appropriate for trial. It also seeks to require Plaintiff to

90910

marshal the evidence.  Subject to and without waiving the objections, Plaintiff will defer to his attorneys' judgments in selecting documents from the universe of relevant documents for use at trial. Plaintiff reserves his right to amend and/or supplement its response as discovery progresses.

Request for Production No. 14

Please produce copies of all documents and/or other evidence produced in discovery by you to any other party and/or received by you from any other source in this matter.

**Response to Request for Production No. 14**

Objection, this request is vague, overbroad, and Plaintiff further objects to the extent this request seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule. Subject to and without waiving the foregoing, Plaintiff notes that there are no parties other than Plaintiff and Defendants, Randy Smith, Danny Culpeper, and Keith Canizaro, in this matter.

Request for Production No. 15

Please provide a copy of any and all documents, recordings and/or other tangible things received by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit.

**Response to Request for Production No. 15**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections, Plaintiff answers that he has not received any such documents.

Request for Production No. 16

90910

Please provide a copy of any and all documents, recordings and/or other tangible things provided by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit.

**Response to Request for Production No. 16**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections, Plaintiff answers that he has not received any such documents, and that this request is duplicative of the previous one.

Request for Production No. 17

Please produce a copy of any and all emails, text messages and/or other communications between you and/or anyone acting on your behalf and any current and/or prior employees of the St. Tammany Parish Sheriff's Office regarding the investigation into the death of Nanette Krentel, including, but not limited to communications between you and/or anyone action on your behalf and Steven Chaisson, Steven Gaudet, and/or Stefan Montgomery.

**Response to Request for Production No. 17**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome.

Request for Production No. 18

Please produce a copy of any and all emails, text messages and/or other communications between you and/or anyone acting on your behalf and any members of the family of Nanette Krentel.

**Response to Request for Production No. 18**

90910

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Because this is a First Amendment retaliation case, the emails or text messages relevant to Plaintiffs' claims are necessarily the ones that Defendants already have possession of. Plaintiff further objects to the extent this request seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule.

## REQUESTS FOR ADMISSION

Request for Admission No. 1

Please admit that you contacted one or more members of the family of Nanette Krentel using your U.S. government issued computer.

**Response to Request for Admission No. 1**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: he does not recall if he used his U.S. government issued computer on one occasion.

Request for Admission No. 2

Please admit that some of your communications with one or more members of the family of Nanette Krentel were via the IP address of your U.S. government issued computer.

**Response to Request for Admission No. 2**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: he does not recall if he used his U.S. government issued computer on one occasion.

90910

Request for Admission No. 3

Please admit that you created the email address:  justicenanette@yahoo.com

**Response to Request for Admission No. 3**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: admitted.

Request for Admission No. 4

Please admit that you contacted one or more members of the family of Nanette Krentel using the email address:  justicenanette@yahoo.com

**Response to Request for Admission No. 4**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: admitted.

Request for Admission No. 5

Please admit that you contacted Kim Watson at her email address, watsonk07@hotmail.com, using  the using the email address:  justicenanette@yahoo.com

**Response to Request for Admission No. 5**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: admitted.

90910

Request for Admission No. 6

Please admit that on December 9, 2018, you sent an email from the address, justicenanette@yahoo.com, to Kim Watson in which you stated the following: "Buckner is CLUELESS! No experience."

**Response to Request for Admission No. 6**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: admitted.

Respectfully Submitted:

**LAW OFFICE OF WILLIAM MOST**

*/s/ Hope A. Phelps*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***

CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, a copy of Plaintiff's Answers and Responses to Defendants' First Set of Interrogatories, Requests for Production, and Requests for Admission was transmitted to counsel for Defendants, Chadwick Collings, by email to ccollings@millinglaw.com.

 /s/ Hope A. Phelps
HOPE A. PHELPS

90910

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | § | **CIVIL ACTION** |
| **Plaintiff** | § | |
| | § | **NO. 20-517** |
| **VERSUS** | § | |
| | § | **JUDGE MILAZZO** |
| **RANDY SMITH, INDIVIDUALLY** | § | |
| **And IN HIS OFFICIAL CAPACITY** | § | **MAG. JUDGE DOUGLAS** |
| **AS THE SHERIFF OF ST. TAMMANY** | § | |
| **PARISH, DANNY CULPEPER, AND** | § | **JURY DEMAND** |
| **KEITH CANIZARRO** | § | |
| **Defendants** | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S PRIVILEGE LOG FOR DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS

| Document Type | Author(s) | Recipient(s) | Date | Title of Document | Subject Matter | Privilege Claimed |
|---|---|---|---|---|---|---|
| Recording | William Most | Law Office of William Most, LLC | 12/19/2019 | 2019.12.19 - 6.27 pm - Steve Gaudet Recording.mp3 | Attorney interview of witness Steve Gaudet recollection regarding Defendants' knowledge of criminal defamation statute. | Work-product |
| Recording | Jerry Rogers, Jr. | Law Office of William Most, LLC | 1/24/2019 | 2020.1.24 Steve Gaudet Recording.m4a | Attorney Brian Trainor's discussion of legal strategy with client Jerry Rogers prior to Steve Gaudet signing Affidavit | Attorney-Client |
| Recording | William Most | Law Office of William Most, LLC | 9/1/2020 | 2020.9.1 - Call with Colin Sims about SPTSO and DA Meeting.mp3 | Attorney interview of witness Colin Sims recollection of STPSO and DA meeting. | Work-product |
| Recording | William Most | Law Office of William Most, LLC | 10/13/2020 | 2020.10.13 - Call with Steve Gaudet.mp3 | Attorney interview of witness Steve Gaudet recollection regarding Defendants' knowledge of criminal defamation statute. | Work-product |
| Recording | William Most | Law Office of William Most, LLC | 10/20/2020 | 2020.10.20.Steve Chaisson.mp3 | Attorney interview of witness Steve Chaisson's recollection regarding STPSO's arrest of Jerry Rogers | Work-product |

1

Respectfully Submitted:

**LAW OFFICE OF WILLIAM MOST**

*/s/ Hope A. Phelps*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2020, a copy of Plaintiff's *Privilege Log for Defendants' First Set of Discovery Requests*  was transmitted to counsel for Defendants, Chadwick Collings, by email to ccollings@millinglaw.com.

 /s/ Hope A. Phelps
HOPE A. PHELPS

2