## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | § | **CIVIL ACTION** |
| **Plaintiff** | § | |
| | § | **NO. 20-517** |
| **VERSUS** | § | |
| | § | **JUDGE MILAZZO** |
| **RANDY SMITH, INDIVIDUALLY** | § | |
| **And IN HIS OFFICIAL CAPACITY** | § | **MAG. JUDGE DOUGLAS** |
| **AS THE SHERIFF OF ST. TAMMANY** | § | |
| **PARISH, DANNY CULPEPER, AND** | § | **JURY DEMAND** |
| **KEITH CANIZARRO** | § | |
| **Defendants** | § | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS</u>

Plaintiff Jerry Rogers, through undersigned counsel, hereby supplements his answers and responses to the First Set of Interrogatories, Requests for Production, and Requests for Admission propounded by Defendants. If information is later obtained which modifies any response herein, such information will be conveyed to Defendants.

Mr. Rogers' responses are made without in any way waiving the right to object on the grounds of competency, relevancy, materiality, hearsay, or any other proper grounds or the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

90910

## GENERAL OBJECTIONS

1. Plaintiff objects to these discovery requests to the extent that they impose upon them any obligation not set forth in the Federal Rules of Civil Procedure.

2. Plaintiff objects to these discovery requests to the extent that they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to these discovery requests to the extent that they are overly broad, oppressive, vague, vexatious, unduly burdensome, onerous or unreasonably expensive to answer.

4. Plaintiff objects to these discovery requests to the extent that the requested information is confidential and invasive to the privacy interests of non-parties to this litigation.

5. Plaintiff objects to these discovery requests to the extent, if any, that they encompass documents containing information protected by the work product doctrine, the attorney-client privilege and/or the self-critical analysis privilege. All responses are subject to this objection. Plaintiff will exclude from production any such protected, non-discoverable information. To the extent that the requests purport to require Plaintiff to identify the subject matter of information withheld on the grounds of privilege or otherwise, objection is made because such a request is inconsistent with the assertion of a privilege.

6. Plaintiff objects to providing information and/or documents in response to a discovery request to which Defendants already know the answer.

7. Plaintiff objects to these discovery requests to the extent they call for legal conclusions or responses to legal questions.

8. Plaintiff objects to these discovery requests as discovery is in its infancy or ongoing.

9. Plaintiff responds to these discovery requests based on information to date.

## INTERROGATORIES

Interrogatory No. 1

Please state your full name, date of birth, marital status, current spouse's name (if applicable), all prior spouse's name (if applicable), social security number, current physical address (no P.O. Boxes), prior addresses in the last (10) years, current telephone number, and prior telephone numbers in last ten years.

**Supplemental Answer to Interrogatory No. 1**

Defendant objects to the request for personally identifiable and protected information on lack of relevance and privacy grounds, such as the names of family members or Social Security Numbers or information that is not calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objection, Plaintiff's full name is Jerry Hamilton Rogers, Jr, born on November 3, 1972 and lives at 82096 Hwy. 1080 Folsom, Louisiana 70437. His telephone number is 985-789-7293, however, please do not contact except through undersigned counsel.

Interrogatory No. 2

Please state your entire educational background, including, but not limited to, all secondary and post-secondary education and any and all training you received as part of any current or former employment. Please state the name of the institution(s) attended, the address(es), the year(s) attended, the date(s) of graduation (if applicable), and the degree or certificate awarded upon completion.

**Supplemental Answer to Interrogatory No. 2**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can

90910

have no bearing on the outcome. Subject to and without waiving any objection, Plaintiff has a Bachelor of Arts in Criminal Justice from Concordia University graduated

Interrogatory No. 13

Please state whether you have ever been arrested at any time other than the arrest that is the subject of the above captioned matter. If yes, please state when you were arrested, on what charges, in what jurisdiction, and the final disposition of those charges.

**Supplemental Answer to Interrogatory No. 13**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving any objection, Plaintiff does not recall or have record of having been arrested at any time other than the unlawful arrest that is the subject of the above captioned matter.

Interrogatory No. 14

State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for the injuries sustained as a result of the alleged incident upon which this suit is based.

**Supplemental Answer to Interrogatory No. 14**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious. Subject to and without waiving any objection, Plaintiff has treated with the following mental healthcare providers:

1. Lisa Surrency, M.Ed, LPC-S, NCC, Registered Play Therapist
   Program Director

      Counseling Solutions
      Catholic Charities Archdiocese of New Orleans
      4465 Hwy 190 East Service Rd, Covington, LA 70433
      985-785-2113 (office)
      985-605-5841 (fax)

2. Perimeter Behavioral Hospital
   3639 Loyola Drive
   Kenner, LA 70065
   504-305-2700

3. Glenwood Regional Medical Center
   503 Mcmillan Rd
   West Monroe, La 71291
   318-329-4200

Plaintiff does not recall or have record of treating with any other mental healthcare providers at any time.

## REQUESTS FOR PRODUCTION

Request for Production No. 1

Please sign the attached HIPAA compliant authorization. (See attached)

**Supplemental Response to Request for Production No. 1**

Objection, the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious. Subject to and without waiving the foregoing, please see the attached revised and executed HIPAA compliant authorization limited to records from mental healthcare providers who have treated Plaintiff.

Request for Production No. 7

Please produce any and all documents that evidence, support or relate in any way to the damages alleged in this matter.

90910

**Supplemental Response to Request for Production No. 7**

Plaintiff objects to this request to the extent it requires Plaintiff to produce information or documents protected by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving the foregoing, Mr. Rogers' criminal defense attorney, Brian Trainor, estimates that he worked 40 hours on Mr. Rogers' case at minimum. The average hourly rate for a criminal defense attorney with Mr. Trainor's experience level is $250, and Mr. Trainor's standard contract specifies that, in the event of a dispute, his hourly rate is $225. You have been provided with documents evidencing Mr. Rogers' bail costs.

Respectfully Submitted:

**LAW OFFICE OF WILLIAM MOST**

*/s/ Hope A. Phelps*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
*Counsel for Plaintiff, Jerry Rogers, Jr.*

CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2021, a copy of Plaintiff's Supplemental Responses to Defendants' First Set of Discovery Requests was transmitted to counsel for Defendants, Chadwick Collings, by email to ccollings@millinglaw.com.

 /s/ Hope A. Phelps
HOPE A. PHELPS

90910