

Chadwick W. Collings
A Professional Law Corporation
(985) 292-2000
ccollings@millinglaw.com

December 30, 2020

**Via Email – williammost@gmail.com**

William Most
Law Office of William Most
201 St. Charles Ave, Ste 114, #101
New Orleans, LA 70170

     RE:    **Jerry Rogers, Jr. v. Randy Smith, et al.**
              **Civil Action No. 20-517; U.S.D.C. – Eastern District of Louisiana**
              **MBW File No.: 90910**

Dear Mr. Most:

     I am sending this letter pursuant to Rule 37 of the Federal Rules of Civil Procedure for the above-mentioned matter. I would like to meet and confer about Plaintiff's discovery responses regarding the below listed issues.

     In Interrogatory No. 1, Defendants request Plaintiff's date of birth, his present and past home addresses for the past ten years and his telephone number. Plaintiff's Answer to Interrogatory No. 1 is incomplete. In it, Plaintiff answers with only a year and not a full date of birth and with only with the city he currently lives in and does not list all prior addresses for the last ten years. Furthermore, Plaintiff declines to provide any telephone numbers. These are basic background questions and will not be used to contact Plaintiff directly.

     In Interrogatory No. 2, Defendants request Plaintiff's entire educational background and specifically request the name of the institution(s) attended, the address(es), the year(s) attended, the date(s) of graduation (if applicable), and the degree or certificate awarded upon completion. Plaintiff answers that he has a Bachelor of Arts in criminal Justice and objected to the rest of the interrogatory. This is a basic background question, and Defendant avers that Plaintiff's objection is not valid.

     In Interrogatory No. 5, Defendants request prior instances of discipline or reprimand by an employer. In response, Plaintiff objected, however Defendants request this information for general background purposes and for potential impeachment.

     In Interrogatory No. 6, Defendants request that Plaintiff state his injuries and/or damages. Plaintiff answers that he has suffered economic damages but declines to give a dollar amount. Defendants request that Plaintiff produce a dollar amount.

**MILLING BENSON WOODWARD L.L.P.**
William Most
December 30, 2020
Page 2

---

In Interrogatory No. 9, Defendants request information about any past litigation that Plaintiff has been involved in. Plaintiff lists one matter but fails to certify that that one claim represents a complete listing of his past litigation. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter.

In Interrogatory No. 11, Defendants request a list of all people, including but not limited to experts, that were contacted, interviewed and/or consulted by Plaintiff or anyone acting on his behalf, including the date(s) of the interview(s) and the addresses and phone numbers of the person(s) interviewed. In response, Plaintiff objected and provided the names and dates of interview for non-attorneys. Defendants aver that the identities and contact information of the people that Plaintiff consulted, expert and lay, are not protected, and that any objection to providing their identities and contact information is not valid. Under Rule 26(b)(4)(D), only the facts and opinions of experts employed for trial preparation are protected from disclosure. Defendants request that Plaintiff withdraw his objections and fully answer the interrogatory.

In Interrogatory No. 13, Defendants request all past instances of arrest for Plaintiff. Plaintiff answers that he does not recall any arrests other than the arrest that is the subject of the instant matter. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter.

In Interrogatory No. 14, Defendants request the name and address of every healthcare provider from whom Plaintiff received treatment for the injuries sustained as a result of his alleged injury in this matter. In response, Plaintiff objected. This request deals with the injuries that Plaintiff allegedly sustained in this matter and is therefore clearly relevant and discoverable.

In Interrogatory No. 15, Defendants request the name and address of healthcare providers from the prior ten years. In response, Plaintiff objected. Defendants request this information to give context to the information requested in Interrogatory No. 14.

In Interrogatory No. 16, Defendants request the name of any State or Federal investigative agency that interviewed Plaintiff, including the names of anyone present during the interview and the substance of the questions. Defendants aver that information about other investigations into the same matter is discoverable. In response, Plaintiff objected, and subject to his objection, he gave information about two interviews. Defendants request that Plaintiff withdraw his objection, fully answer the interrogatory and certify under Rule 27(g) that he has made a reasonable inquiry into this matter.

In Request for Production No. 1, Defendants request that Plaintiff sign the provided HIPAA compliant authorization. In response, Plaintiff objected. This request is directly related to Interrogatory Nos. 14 and 15.

In Request for Production No. 2, Defendants request that Plaintiff sign the provided employment records authorization. This request is directly related to Interrogatory No. 5.

**MILLING BENSON WOODWARD L.L.P.**
William Most
December 30, 2020
Page 3

_____

In Request for Production No. 3, Defendants request medical records, invoices, audio/video records, prescription records, receipts, x-rays and/or any other record that is related to Plaintiff's alleged injuries to which Plaintiff objected. This request deals only with items that are related to Plaintiff's claimed injuries.

In Request for Production No. 5, Defendants request documents which support Plaintiff's claims in this matter. In response Plaintiff referred to the documents that were identified in his initial disclosures. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that the documents referenced in Plaintiff's initial disclosure represent a full answer to this request for production.

In Request for Production No. 6, Defendants request documents that relate to the actions and/or omissions that allegedly caused Plaintiff's damages. In response, Plaintiff referred to documents that are already in Defendants' possession and his initial disclosure. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that the documents referenced in Plaintiff's initial disclosure represent a full answer to this request for production.

In Request for Production No. 7, Defendants request documents related to the damages that Plaintiff is alleging in this matter. In response, Plaintiff produced some documents and answered that he has requested additional documents to complete the response. Defendants request the outstanding documents.

In Request for Production No. 8, Defendants request copies of all witness statements pertaining to the subject matter. In response, Plaintiff objected and provided two affidavits subject to that objection. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that the referenced documents represent a full answer to this request for production.

In Request for Production No. 9, Defendants request copies of any and all videos, recordings or other statements related to this matter. In response, Plaintiff objected and referred Defendants to a privilege log. The referenced privilege log, however, lists recordings of third parties as work-product. Defendants aver that recordings of a third-party are not protected work-products and request their production.

In Request for Production No. 11, Defendants request all resumes or curricula vitae from anyone, expert or not, that Plaintiff interviewed or consulted. In response Plaintiff objected. Rule 26(b)(4)(D) protects only facts or opinions of experts employed only for trial preparation. The rule does not protect their identity, nor do their resumes and/or curricula vitae show any facts or opinions. Furthermore, the request also seeks the resumes or curricula vitae of any non-experts who are not protected under Rule 26(b)(4)(D).

**MILLING BENSON WOODWARD L.L.P.**
William Most
December 30, 2020
Page 4

_____

In Request for Production No. 12, Defendants request copies of any and all documents that Plaintiff sent to any retained, interviewed and/or consulted expert in this matter. In response, Plaintiff objected and stated that he will provide expert witness disclosures in accordance with the rules of civil procedure. Defendants aver that this answer is not responsive, as Defendants request documents that were sent by Plaintiff, and not documents that were sent by the experts.

In Request for Production No. 13, Defendants request all exhibits, photographs, videos, and/or other documentary or demonstrative evidence that Plaintiff intends to introduce or use at trial. In response, Plaintiff objected. This answer is not responsive.

In Request for Production No. 14, Defendants request documents and/or other evidence that Plaintiff may have received from any other party or source. In response, Plaintiff answered that there are no other parties in this matter. This answer is not responsive as the request also deals with documents and/or evidence from any source, not just a party.

In Request for Production No. 16, Defendants request any and all documents, recordings and/or tangible things provided by Plaintiff and/or his attorney from any State or Federal investigative agency regarding the allegations in the subject lawsuit. In response, Plaintiff objected and answered that he has not received any such documents. Defendants aver that this answer is not responsive, as Defendants request documents that Plaintiff and/or his attorney provided.

In Request for Production No. 17, Defendants request emails, text messages and/or other communications between Plaintiff and any current and/or prior employees of the St. Tammany Parish Sheriff's Office regarding the investigation into the death of Nanette Krentel. In response, Plaintiff objected. As Plaintiff was arrested for defamation regarding the investigation into the death of Nanette Krentel, these documents are relevant.

In Request for Production No. 18, Defendants request emails, text messages and/or other communications between Plaintiff and any members of the family of Nanette Krentel. In response, Plaintiff objected, citing the attorney-client privilege and work-product rule and answered subject to that objection that the only relevant documents are those that Defendant is already in possession of. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that the documents referenced by Plaintiff in Defendants' possession represent a full answer to this request for production. Defendants further request that any privileged items be included on the privilege log and referenced specifically.

In Request for Admission No. 1, Defendants ask Plaintiff to admit that he contacted one or more members of the family of Nanette Krentel using his U.S. government issued computer. In response, Plaintiff answered that he does not recall if he used his U.S. government issued computer. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that he answer this request fully.

**MILLING BENSON WOODWARD L.L.P.**
William Most
December 30, 2020
Page 5

_____

In Request for Admission No. 2, Defendants request that Plaintiff admit that some of his communications with one or more members of the family of Nanette Krentel were via the IP address of his U.S government issued computer. In response, Plaintiff answered that he does not recall. Defendants request that Plaintiff certify under Rule 27(g) that he has made a reasonable inquiry into this matter, and that he answer this request fully.

I appreciate your attention to these matters and hope to resolve them amicably. As we are currently scheduled to discuss our clients' responses to Plaintiff's Fourth Set of Requests for Production on Monday, January 4, 2021, at 2 p.m., I would like to discuss your client's deficient responses as outlined above at that same time. Thank you in advance for your attention in this matter.

Sincerely,

Chadwick W. Collings

CWC/mcb