UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., )<br> )<br>    Plaintiff )<br> )<br>v. )<br> )<br>SHERIFF RANDY SMITH, DANNY )<br>CULPEPER, and KEITH CANIZARO, )<br> )<br>    Defendants ) | Case No. 2:20-cv-00517 |

## OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

NOW INTO COURT, through undersigned counsel, comes Plaintiff Jerry Rogers, Jr. and hereby submits this Opposition to Plaintiff's Motion to Compel Discovery.

**I.   RELEVANT BACKGROUND.**

This is Mr. Rogers' lawsuit against Defendants for First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. This is not an opportunity for Defendants to reopen their criminal investigation into Mr. Rogers, or to further retaliate against Mr. Rogers with irrelevant, harassing, and oppressive discovery requests – such as asking for information regarding all his medical treatment, for any reason, for the last decade.

On January 5, 2021, both parties participated in a meet and confer regarding Plaintiff's request for production of Defendants' personnel files, and also Defendants' discovery requests. Although Plaintiff responded to Defendants' discovery requests and provided a privilege log, Defendants' claimed these responses were insufficient. Defendants' purported to have case law on point regarding their requests for privileged audio tapes. However, they never provided these cases to Plaintiff's counsel nor do they cite any cases regarding audio tapes in their Motion to Compel.

1

During the January 5, 2021 meet and confer call, Defendants' counsel also specifically requested Plaintiff's medical records. Plaintiff's counsel explained that the request was overbroad and only Plaintiff's mental health records are relevant to this lawsuit. In a show of good faith to avoid the need for court intervention, Plaintiff's counsel agreed to produce an executed release limited to Plaintiff's mental health treatment records.

On January 13, 2021, Plaintiff provided supplemental responses to Defendants' discovery requests, addressing the insufficiencies, including providing Defendants with a medical release limited to the only two psychiatric facilities Mr. Rogers has treated at during his lifetime. In addition to the supplemental production, Plaintiff's counsel also sent the letter attached as Exhibit E to Plaintiff's Motion to Compel Production of Defendants' Personnel Files, in a final attempt to obtain the records without court action. As Defendants have made no effort to produce responsive documents, Plaintiff was forced to file his Motion to Compel Production of Defendants Personnel Files on February 8, 2021.

Defendants filed their subject Motion to Compel the very next day on February 9, 2021. Below is a chart listing the discovery Defendants' seek to compel, alongside Plaintiff's valid objections, additionally noting that much of the requested discovery is irrelevant and already in Defendants' possession. (Because Plaintiff Jerry Rogers is a former St. Tammany Parish Sheriff's deputy, much of the requested information is in Defendants' personnel files.)

| Discovery Request | Text of Request | Relevant Text of Response / Objection |
|---|---|---|
| Interr. No. 1 | "Please state your full name, date of birth, marital status, current spouse's name (if applicable), all prior spouse's name (if applicable), social security number, current physical address (no P.O. Boxes), prior addresses in the last (10) years, current | "…lack of relevance and privacy grounds, such as the names of family members or Social Security Numbers or information that is not calculated to lead to the discovery of admissible evidence."<br><br>Defendants, as the Sheriff of St. Tammany Parish and officers, who investigated and arrested Plaintiff, and as Plaintiff's former employer, are already in possession |

2

|  | telephone number, and prior telephone numbers in last ten years." | of this information. Despite the fact that this request is overbroad, irrelevant, and vexatious since Defendants already possess the information, Plaintiff supplemented to provide his full name, birthdate, address, and telephone number. |
|---|---|---|
| Interr. No. 2 | "Please state your entire educational background, including, but not limited to, all secondary and post-secondary education and any and all training you received as part of any current or former employment. Please state the name of the institution(s) attended, the address(es), the year(s) attended, the date(s) of graduation (if applicable), and the degree or certificate awarded upon completion." | "…is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome."<br><br>Without waiving the objection, and despite the fact that Defendants are already in possession of this information, Plaintiff supplemented as a demonstration of good faith "Bachelor of Arts in Criminal Justice from Concordia University" |
| Interr. No. 5 | "Please state whether you have ever been investigated, disciplined and/or reprimanded by any employer. If so, please state the reason for the investigation, the date(s) of the investigation, the result of the investigation, and the name of the employer who conducted the investigation." | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome."<br><br>Defendants have not explained how this information is relevant to the claims of or defenses to First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. This is yet another example of Defendants abusing this proceeding as an opportunity to reopen their unlawful and retaliatory criminal investigation against Plaintiff. |
| Interr. No. 6 | "State what injuries and/or damages you sustained as a result of the alleged incident upon which this suit is based." | "…vague, confusing and not susceptible of reasonable response as to the intended meaning of "injuries and/or damages," and is duplicative of Plaintiff's obligations under the initial disclosure requirements of Fed. R. Civ. Proc. 26. Without waving any objection, Plaintiff's damages include, but are not limited to, any and all costs, economic or otherwise, associated with his arrest, detention, hiring a criminal lawyer, posting bail, and Defendants' publication of Plaintiff's personal, private information to the media, including emotional distress, pain, suffering, humiliation, and frustration suffered." |
| Interr. No. 9 | "Have you ever been involved in any prior litigation or made any | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such |

3

| | | |
|---|---|---|
| | other claims against any person, firm or corporation? If so, then state:<br>(a)  The nature of such injury forming the basis of each such claim;<br>(b)  The name and address of every person, firm or corporation against whom each claim was made; and<br>(c)  Whether or not suit was filed by you or on your behalf in connection with such injury, and if so, then state the date each suit was filed, the court in which each suit was filed, the title and record number of each suit, and the final disposition thereof." | information can have no bearing on the outcome. Subject to and without waiving any objection, Plaintiff filed a claim related to a 2019 car accident, which was resolved through settlement this year."<br><br>Defendants have not explained how information regarding the 2019 car accident is relevant to the claims of or defenses to First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. |
| Interr. No. 11 | "Please identify by name, address, and telephone number, each witness whom you may call on your behalf in this matter, and provide a detailed account of any knowledge they have regarding this matter and each individual's anticipated testimony at trial." | "…premature and to the extent it calls for the disclosure of expert(s) who may have been consulted but who have not or will not been retained to testify in this matter."<br><br>"…seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule. Subject to and without waiving any objections, no testifying expert has been retained yet and Plaintiff's attorney interviewed the following non-attorney persons [lists persons interviewed]."<br><br>Defendants are either already in possession of or have equal access to the names and contact information for all persons listed, and the ability to interview them regarding their knowledge. Defendants cannot seriously contend that they cannot obtain the same information from these persons, which includes the assistant district attorney, their own former employees, and known federal law enforcement officers. |
| Interr. No. 14 | "State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for the injuries sustained | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious." |

4

| | | |
|---|---|---|
| | as a result of the alleged incident upon which this suit is based." | Without waiving the objection, Plaintiff supplemented to provide a list of all his treating mental healthcare providers with names, addresses, and phone numbers |
| Interr. No. 15 | "State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for any reason in the prior ten (10) years." | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to interrogatories regarding his medical treatment as overbroad oppressive, vague, and vexatious." |
| Interr. No. 16 | "Please state whether you have been interviewed by any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. If you answer yes, please state the name of the agency, the date of the interview(s), the identity of the persons present during the interview, and please state with as much specificity as possible the substance of the questions you were asked and the responses you provided to the interviewer(s)." | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving the foregoing, the answer is yes. Mr. Rogers was interviewed by Special Agent Clinton Epperson of the Federal Bureau of Investigation and Thomas Johnson of the United States Department of Justice on December 4, 2019. Also present were Brian Trainor and William Most. Mr. Rogers was asked about the timeline of events that forms the basis for his claims in this matter." |
| RFP No. 1 | "Please sign the attached HIPAA compliant authorization. (See attached)." | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious."<br><br>Without waiving the objection, Plaintiff supplemented and produced an "executed HIPAA compliant authorization limited to records from mental healthcare providers who have treated Plaintiff." |
| RFP No. 2 | "Please sign the attached employment records authorization. (See attached)" | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his employment records as overbroad oppressive, vague, and vexatious." |

| | | |
|---|---|---|
| | | Defendants have not explained how Plaintiff's employment records are relevant to the claims of or defenses to First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. |
| RFP No. 3 | Please provide a copy of any and all medical records, invoices, audio/video records, prescription records, receipts, x-rays and/or any other record, in your possession related to the alleged incident or to the damages claimed by you in this matter. | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious." |
| RFP No. 5 | Please produce any and all documents which evidence, support or relate to the injuries you claim as a result of the alleged incident upon which this suit is based. | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and because such documents are already in the possession of Defendants. Without waiving such objections, Plaintiff responds that all documents identified in initial disclosures and produced in discovery relate to the injuries upon which this suit is based." |
| RFP No. 6 | Please produce any and all documents that evidence, support, or relate to the actions and/or omissions you allege caused you any damage. | "…calls for documents that were prepared in anticipation of litigation or in preparation for trial and seeks information that would reveal the mental process or opinions of Defendants' attorneys, and is duplicative of RFP No. 5. Without waiving and subject to the objection, Defendants are in possession of and have equal access to the documents that evidence or relate to arrest, detain, prosecute, and publicize personal and private information regarding Plaintiff. All documents identified in initial disclosures and produced in discovery relate to the actions upon which this suit is based." |
| RFP No. 7 | Please produce any and all documents that evidence, support or relate in any way to the damages alleged in this matter. | "…requires Plaintiff to produce information or documents protected by the attorney-client privilege and attorney work product doctrine."<br><br>Without waiving the objection, Plaintiff supplemented "Mr. Rogers' criminal defense attorney, Brian Trainor, estimates that he worked 40 hours on Mr. Rogers' case at minimum. The average hourly rate for a criminal defense attorney with Mr. Trainor's experience level is $250, and Mr. Trainor's standard contract specifies that, in the event of a dispute, his hourly rate is $225. |

6

| | | |
|---|---|---|
| | | You have been provided with documents evidencing Mr. Rogers' bail costs." |
| RFP No. 8 | Please produce copies of all witness statements in your possession pertaining to the subject matter of the above captioned matter. | "…this request seeks information protected by the attorney client and/or work product privileges." <br><br> Without waiving the objection, Plaintiff produced the affidavits of witnesses Steven Gaudet and Dan Watson. |
| RFP No. 9 | Please produce copies of any and all videos, recordings or other statements in your possession related to this matter, to the damages alleged in this matter, or to your allegations in this matter. | "…protected by the attorney client and/or work product privileges." <br><br> Without waiving any objections, Plaintiff produced a privilege log. |
| RFP No. 11 | Please produce copies of all resumes or curricula vitae pertaining to the persons, including, but not limited to any experts, whom you interviewed and/or consulted with in connection with this matter. | "…overbroad and calls for information/documentation related to consulting experts." <br><br> Without waiving the objection, Plaintiff stated that he "has not yet determined the expert witnesses he intends to call at trial, but reserves the right to do so, and will provide any expert witness disclosures in accordance with the relevant rules of civil procedure and court scheduling order(s) governing the same." <br><br> It's unclear what documents Defendant is attempting to compel that Defendant believes are existent and responsive to this request. |
| RFP No. 12 | Please produce copies of any and all documents sent by you to any expert retained, interviewed, and/or consulted in this matter. | "…calls for information/documentation related to consulting experts." <br><br> Without waiving and subject to the objection, Plaintiff stated he "has not yet determined the expert witnesses he intends to call at trial, but reserves the right to do so, and will provide any expert witness disclosures in accordance with the relevant rules of civil procedure and court scheduling order(s) governing the same." <br><br> It's unclear what documents Defendant is attempting to compel that Defendant believes are existent and responsive to this request. |
| RFP No. 13 | Please produce copies of all exhibits, photographs (including negatives), videos, and/or other documentary or demonstrative evidence which you, your attorney or experts intend to introduce | "…premature and seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule, because the request requires Plaintiff's attorneys to reveal mental impressions and opinions about what documentary or tangible evidence is appropriate for trial. It also seeks to require Plaintiff to marshal the evidence." |

|  | and/or utilize in any manner at the trial of this matter. | Subject to and without waiving the objections, Plaintiff stated he "will defer to his attorneys' judgments in selecting documents from the universe of relevant documents for use at trial. Plaintiff reserves his right to amend and/or supplement its response as discovery progresses." |
|---|---|---|
| RFP No. 14 | Please produce copies of all documents and/or other evidence produced in discovery by you to any other party and/or received by you from any other source in this matter. | "…vague, overbroad, and Plaintiff further objects to the extent this request seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule." <br><br> "…there are no parties other than Plaintiff and Defendants, Randy Smith, Danny Culpeper, and Keith Canizaro, in this matter." <br><br> It's unclear what documents Defendant is attempting to compel that Defendant believes are existent and responsive to this request. |
| RFP No. 16 | Please provide a copy of any and all documents, recordings and/or other tangible things provided by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit. | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome." <br><br> Without waiving those objections, Plaintiff stated "he has not received any such documents, and that this request is duplicative of the previous one." <br><br> Although Defendants have refused to produce executed Privacy Act Waivers for an unredacted copy of the Department of Justice file, Plaintiff has provided Defendants with a copy that includes only Plaintiff's personal information unredacted. |
| RFP No. 17 | Please produce a copy of any and all emails, text messages and/or other communications between you and/or anyone acting on your behalf and any current and/or prior employees of the St. Tammany Parish Sheriff's Office regarding the investigation into the death of Nanette Krentel, including, but not limited to communications between you and/or anyone action on your behalf and Steven | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome." <br><br> Defendants have not explained how this information is relevant to the claims of or defenses to First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. This is yet another example of Defendants abusing this proceeding as an opportunity to reopen their unlawful and retaliatory criminal investigation against Plaintiff. |

| | | |
|---|---|---|
| | Chaisson, Steven Gaudet, and/or Stefan Montgomery. | |
| RFP No. 18 | Please produce a copy of any and all emails, text messages and/or other communications between you and/or anyone acting on your behalf and any members of the family of Nanette Krentel. | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Because this is a First Amendment retaliation case, the emails or text messages relevant to Plaintiffs' claims are necessarily the ones that Defendants already have possession of. Plaintiff further objects to the extent this request seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule."<br><br>Defendants have not explained how this information is relevant to the claims of or defenses to First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. This is yet another example of Defendants abusing this proceeding as an opportunity to reopen their unlawful and retaliatory criminal investigation against Plaintiff. |
| RFA No. 1 | Please admit that you contacted one or more members of the family of Nanette Krentel using your U.S. government issued computer. | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: he does not recall if he used his U.S. government issued computer on one occasion."<br><br>Defendants have not explained how this information is relevant to the claims of or defenses to First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. This is yet another example of Defendants abusing this proceeding as an opportunity to reopen their unlawful and retaliatory criminal investigation against Plaintiff. |
| RFA No. 2 | Please admit that some of your communications with one or more members of the family of Nanette Krentel were via the IP address of your U.S. government issued computer | "…neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: he does not recall if he used his U.S. government issued computer on one occasion." |

| | | |
|---|---|---|
| | | Defendants have not explained how this information is relevant to the claims of or defenses to First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. This is yet another example of Defendants abusing this proceeding as an opportunity to reopen their unlawful and retaliatory criminal investigation against Plaintiff. |

## II. DEFENDANTS' MOTION TO COMPEL SHOULD BE DENIED.

### A. The Discovery Defendants' Seek to Compel is Irrelevant

As noted in the chart above, many of Defendants requests are wholly irrelevant. Defendant has not explained how information and documents regarding Nanette Krentel, Mr. Rogers employer, Mr. Rogers personal information and medical records, etc. is relevant to this lawsuit for First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process.

As the Court well knows, the "Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case ...". FED. R. CIV. P. 26(b)(1)(emphasis added). Relevance means the evidence has a "tendency to make a fact more or less probable than it would be without the evidence" and " the fact is of consequence in determining the action." FED. R. EVID. 401.

Defendants' Motion to Compel should be DENIED because the following requests are not relevant to this case:

1. *Requests regarding Mr. Rogers private information and background*

Defendants' requests for ten years of prior addresses, telephone numbers, social security number, information regarding Mr. Rogers' spouse, entire educational background, lawsuits, employment records, arrest record, and disciplinary records are overbroad and irrelevant. Plaintiff

10

has produced all relevant information as noted above. Further questions to Mr. Rogers regarding his private information is a fishing expedition that the Court should not sanction.

Even worse, Defendants have a history maliciously using their knowledge of Mr. Rogers' personal information to harass and retaliate against him. Per Paragraph 26 of Plaintiff's Complaint, Defendant Sheriff Randy Smith, unsatisfied with the media coverage of Mr. Rogers' arrest, published his own press release on October 28, 2019 re-announcing the arrest of Mr. Rogers. In this press release, Sheriff Smith attacked Jerry Rogers for being politically aligned with his opponent, outrageously published personal, private information about Jerry Rogers with cruel commentary, and egged on the media to "share it with the public."

Defendants have not explained what need they have for any information beyond Plaintiff's birth date, current address, telephone number, employer, and college degree. Jerry Rogers' conduct is not at issue in this litigation. It is Defendants' misconduct that is at issue here.

2. <u>Requests regarding Mr. Rogers' communications with the family of Nanette Krentel</u>

In requesting information regarding Mr. Rogers communications with the family of Nanette Krentel, Defendants' continue to maliciously press their unlawful investigation into Mr. Rogers under the criminal defamation statute, which they well know is unconstitutional. What computer Mr. Rogers' used to communicate with the Krentel family is wholly irrelevant to this lawsuit. This is a continuation of the same unlawful investigation and course of misconduct that is the subject of this lawsuit. This Court should not permit Defendants to abuse discovery proceedings.

3. <u>Requests regarding Mr. Rogers complete medical history are irrelevant, invasive, and harassing.</u>

By claiming emotional distress, Mr. Rogers understands that he has placed his mental health in controversy and that his mental health records are therefore discoverable. However,

11

Defendants demanded information and records documenting Mr. Rogers' complete medical history. Plaintiff's counsel explained to Defendant's counsel that this request was overbroad and should be limited to mental health records. Plaintiff has provided Defendants with a list of all his mental health treatment providers as well as an executed medical authorization for release his records from those providers. Regardless, Defendants moved forward with this outrageous motion to compel production of Mr. Rogers' entire medical history and complete records. This is an invasion of Mr. Rogers' privacy and an abuse of these proceedings. At no point have Defendants explained the relevancy of the information and records they are seeking to compel.

Further, Defendants' demand for access to the entirety of Mr. Rogers medical and health records is invasive and harassing. As discussed above, Defendant Smith in particular has already violated Mr. Rogers rights by publicly publishing such information in a press release. Thus, not only is the information Defendants seek to compel irrelevant, but Defendant has good cause to be concerned such information might be again used in a retaliatory in harassing manner. Also, the threat Defendants' pose is not limited to Mr. Rogers. According to a recently obtained redacted version of the Department of Justice file, a former United States Marshal for the Eastern District of Louisiana, who joined the St. Tammany Parish Sheriff's Office investigative team, felt so threatened by STPSO and the detectives that she was concerned for her safety. She describes it as the first time in her life she slept with a gun beside her bed. She further feared STPSO would have her arrested on false charges because they disagreed with her work on the Krentel investigation.

This Court should not entertain attempts by Defendants to obtain irrelevant records, especially in light of Defendants' history of intimidation, abuse and retaliation towards Mr. Rogers and others. Mr. Rogers has provided the relevant information and documents to support his claim for emotional distress. Defendants motion to compel information and records beyond those is

invasive and harassing. This Court should deny Defendants Motion to Compel as their requests are irrelevant, vexatious, and oppressive.

### B. The audio recordings identified in Plaintiff's Privilege Log are protected by attorney-client privilege and the work product doctrine.

Defendants demand that Plaintiff's counsel turn over protected tape recordings; specifically tape recordings of witness interviews conducted by Plaintiff's counsel specifically in the context of this litigation. During the January 5, 2021 meet and confer, Defendants mentioned having case law suggesting the identified recordings are not protected by attorney work-product privilege. However, Defendant has neither referenced those case by name, nor provided any citation to or copy of these cases. Contrary to Defendants' statements, Plaintiff's counsel has identified case law supporting Plaintiff's position that the tape-recorded interviews are protected by the work product doctrine. *See Feacher v. Intercont'l Hotels Grp.,* No. 3:06-CV-0877 (TJM/DEP), 2007 WL 3104329 (N.D.N.Y. Oct. 22, 2007) (holding that the transcript of a witness interview conducted by a non-attorney investigator was protected work product). *In re Grand Jury Subpoena Dated Nov. 9, 1979*, 484 F. Supp. 1099, 1102 n.2 (S.D.N.Y. 1980) (tape recordings made by an attorney can constitute work product). In the January 13, 2021 letter Plaintiff's counsel provided these citations to Defendants. Without providing any response, Defendants' counsel filed the subject motion to compel seeking the protected audio recordings.

In their motion, Defendants cite two cases, but both support Plaintiff's position that the tape recordings are protected from discovery.

In *Leamon v. KBR Inc.*, 10-0253 (S.D. Tex. 11/10/11), the plaintiff sought to compel production of witness statements regarding her sexual assault contained in the defendant military contractor's internal investigation files, as well as copies of the contractor's internal policies. Ultimately, the court ordered the contractor to produce the witness statements because they "were

13

not obtained by investigators for the primary purpose of preparing for litigation." The investigations were conducted in the ordinary course of business. The contractor's own policy provided that such investigations would be conducted whenever an allegation comes to light, without mention of whether the allegation is deemed likely to result in litigation.

Plaintiff cites *Leamon* for the following proposition as if to suggest audio recorded interviews are not protected because they are not specifically listed:

> Like the attorney-client privilege, the work product doctrine insulates a lawyers [sic] research, analysis of legal theories, mental impressions, notes and memoranda of witnesses' statements from opposing counsel's inquiries..."

However, Defendants exclude the full context of that, which states that it is Defendants' burden to overcome the work product protection for witness statements:

> In any event, work product protection is not absolute. **A party may overcome work product protection for documents like witness statements, which do not reveal the mental impressions of attorneys, by showing a substantial need for the materials and that the party cannot obtain the substantial equivalent by other means without undue hardship.** FED. R. CIV. P. 26(b)(3).

Here, Defendants have not shown a substantial need for the audio files record by Plaintiff's counsel. Defendants have equal access to all witnesses, including those recorded (Steve Gaudet, Colin Sims, and Steve Chaisson), as well as other identified witnesses (Van Laurent, Stefan Montgomery, and Special Agent Clinton Epperson). Defendants have the same opportunity to interview these witnesses, including questioning them regarding their conversations with Plaintiff's attorneys. Defendants have not disclosed any substantial need or undue hardship which would prevent them from questioning these witnesses.

Lastly, Defendants cite *Piatkowski v. Abdon Callais Offshore L.L.C.,* 99-3759 (E. D. La. 8/11/00), which again has no specific relevancy to audio recordings. In *Piatkowski*, the plaintiff moved to compel production of two witness statements secured by the defendant's claims adjuster.

The court in *Piatkowski* describes the "key to determining work product protection" as asking the question: "what was the primary motivating purpose behind the creation of the document." *See United States v. Davis,* 636 F.2d 10289, 1040 (5th Cir.), *cert. denied,* 454 U.S. 862 (1981).

Factors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance. If the document would have been created regardless of whether litigation was also expected to ensue, the document is deemed to be created in the ordinary course of business and not in anticipation of litigation. *See e.g., First Pac. Networks, Inc. v. Atlantic Mut. Ins. Co.,* 163 F.R.D. 574 (N.D. Cal. 1995).

For example, courts have routinely recognized that the investigation and evaluation of claims is part of the regular, ordinary, and principal business of insurance companies. Thus, even though litigation is pending or may eventually ensue does not cloak such routinely generated documents with work product protection. *See Amak Food Corp. v. The Travelers Co.,* No. 80-5753, slip op. at 2 (S.D. N.Y. April 27, 1981); *Atlanta Coca-Cola Botthng, Co. v. Transamerica Ins. Co.,* 61 F.R.D. 115, 118 (N.D. Ga. 1972).

Ultimately, the court in *Piatkowski* concluded the services provided by defendant's claims adjuster were similar to that of an insurance company – it adjusts claims and resolves disputes short of litigation. There was no evidence that the defendant had retained counsel at the time the witness statements were recorded. In *Piatkowski*, the information provided to the Court did not satisfy the defendant's burden of demonstrating that the primary motivating purpose in securing the witness statements was in furtherance of a sufficiently identifiable resolve to litigate, rather than a more or less routine investigation of a possibly resolvable claim.

The present case is distinguishable from *Piatkowski*. First, the audio recordings were made by Plaintiff's counsel and Plaintiff himself while in the midst of litigation, specifically ongoing discovery. Four of the audio recordings listed in the privilege log are Plaintiff's counsel's interviews of witnesses, and one audio recording was taken by Plaintiff as he discussed legal strategy with his criminal defense attorney, Brian Trainor, prior to Steve Gaudet signing the Affidavit (Steve Gaudet's Affidavit has been produced to Defendants). These statements were not taken in the ordinary course of business. The statements were recorded by Plaintiff and Plaintiff's counsel for the purpose of this litigation and specifically contemplating discovery and depositions. Thus, they are protected by the work-product doctrine and attorney-client privilege. Because Defendants have not and cannot demonstrate any substantial need or undue hardship which would prevent them from questioning these witnesses, their Motion to Compel should be DENIED.

Here, Defendants have sought protection from Plaintiffs' oppressive, harassing, and bad faith deposition questions that are far out of the realm of possible relevance. This is bad faith, improper, and unreasonably harassing and oppressive. It can only prolong litigation and increase its costs.

### III. CONCLUSION.

Defendants have failed to justify the relevance of these discovery requests, which are so far out of the realm of possible relevance that they are oppressive and harassing. As such, Defendants' Motion to Compel Discovery should be denied.

**WHEREFORE** Plaintiff Jerry Rogers, Jr. respectfully requests that Defendants' Motion to Compel Discovery should be **DENIED** and for all other relief deemed just and proper.

16

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
*Counsel for Plaintiff, Jerry Rogers, Jr.*