## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DEFENDANTS' PERSONNEL FILES

**NOW INTO COURT**, through undersigned counsel, come Defendants, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, each in their official and individual capacities, and herewith provide the following opposition to the plaintiff's Motion to Compel Production of Defendants' Personnel files:

## BACKGROUND

Plaintiff filed the instant action on February 13, 2020, in which Plaintiff alleges violations of his civil rights under the laws of the United States and Louisiana. (R. Doc. 1). Thereafter, Plaintiff propounded Plaintiff's Fourth Set of Requests for Production of Documents to Defendants requesting full personnel files for each Defendant, to which Defendants provided responses on December 22, 2020. Defendants intend to provide any disciplinary records that exist pursuant to an anticipated agreed upon protective order and maintain that their objections to the remaining portions of the personnel files are well founded in the law.

## LAW AND ARGUMENT

Determining the scope of discovery is subject to an abuse of discretion standard, as trial courts have "wide discretion in determining the scope and effect of discovery[.]"[1] The scope of discovery permits a party to request

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit...[2]

**A. Defendants have agreed to provide Defendants' disciplinary records subject to a protective order**

Defendants intend to provide any disciplinary records for Defendants, to the extent that they exist, subject to an agreed upon protective order in response to Requests for Production Nos. 20 and 21. Counsel for Defendants has already discussed the production of these documents pursuant to a protective order with counsel for Plaintiff, and counsel for Plaintiff has indicated no opposition to Defendants' moving for a protective order. (R. Doc. 47-8, p. 1). Defendants are filing for a protective order simultaneously with this opposition. Defendants aver that the provided disciplinary records will fully satisfy Plaintiff's requests for production.

**B. Plaintiff has withdrawn his request for Sheriff Smith's personnel file**

In their January 13, 2021 correspondence with undersigned counsel, counsel for Plaintiff indicated that they have withdrawn their request for Sheriff Smith's personnel file. (R. Doc. 47-8, p. 1). Accordingly, as Plaintiff has withdrawn Request for Production No. 19, Defendants aver that Plaintiff's Motion to Compel regarding Request for Production No. 19 should be denied.

---

[1] *JP Morgan Chase Bank, N.A. v. Datatreasury Corp.,* 936 F.3d 251, 255 (5th Cir. 2019).
[2] Fed. R. Civ. P. 26(b)(1).

**C. Defendants have made legal objections to Plaintiff's requests for production**

Requests for production must specify the designated documents for production.[3] The discovery of personnel files requires a balance between the government's interest in confidentiality with the needs of litigants.[4] "The privacy concerns implicated by a personnel file are distinct … because they are far more likely to contain personal, sensitive material."[5] This is because items such as alimony, child support obligations and tax records, for example, may be found in a personnel record.[6] In addition, any discovery requests must still meet the relevancy requirement.[7] "To prevail on a motion to compel, a party must indicate how the evidence sought relates to the claim asserted."[8]

In the instant case, Plaintiff is requesting the entire personnel files of Defendants Danny Culpeper and Keith Canizaro, beyond just the disciplinary records that will be provided. Plaintiff asserts that he needs Defendants' entire personnel files so that he might be able to "show a pattern of misconduct" as well as for impeachment purposes. (R. Doc. 47-1, p. 4). Defendants respectfully aver that "police officers' personnel files should not be sifted through for impeachment purposes."[9] Defendants have an interest in the private information contained in their personnel files not being needlessly publicized in this litigation. Defendants further aver that their disciplinary records satisfy Plaintiff's stated aim in his discovery, *i.e.* a search for past misconduct and that therefore any other parts of Defendants' disciplinary files would be beyond the purpose of Plaintiff's requests. It is unclear how tax information, personal addresses, the identity of dependents, or any other irrelevant items in a personnel record would serve to show a

---

[3] Fed. R. Civ. P. 34(a)(1)(A).
[4] *Walters v. Breaux,* 200 F.R.D. 271, 272 (W.D. La. 2001); *See Coughlin v. Lee,* 946 F.2d 1152 (5th Cir. 1991).
[5] *Dufrene v. Am Rugs, Inc.,* U.S. Dist. LEXIS 207803 at *28 (E.D. La. Dec. 10, 2018).
[6] *Id.*
[7] *Dufrene,* U.S. Dist. LEXIS 207803 at *28.
[8] *Henderson v. Turner,* U.S. Dist. LEXIS 154639 at *12 (M.D. La. Oct. 29, 2012).
[9] *See Simmons v. Anderson,* U.S. App. LEXIS 41201 at *4 (5th Cir. 2000).

pattern of misconduct. For these reasons, Defendants object to Plaintiff's requests for production. Defendants Danny Culpeper and Keith Canizaro further submit that since Plaintiff has withdrawn Request for Production No. 19 after discovering that there was no disciplinary record for Sheriff Smith that there is likewise no reason for discovery beyond their disciplinary records.

If, however, this Court decides that some of the remaining parts of Defendants' personnel files are discoverable, then Defendants request that the Court hold an *in camera* review to determine which parts of the personnel file are discoverable and which may remain confidential.[10]

### D.  The Court should deny Plaintiff's request for reasonable attorney fees

Under Federal Rule of Civil Procedure 37(a)(5)(A), a court may order a party to pay the movant's reasonable costs incurred in making the motion, as well as attorney's fees if a motion to compel discovery is granted, but if a court grants a motion to compel, a court must not order payment of expenses if "the opposing party's nondisclosure, response, or objection was substantially justified[.]" Substantially justified has been defined and does not mean that the objections must be "justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute or if reasonable people could differ as to [the appropriateness of the contested action]"[11]

If this Court grants Plaintiff's Motion to Compel Defendants' Personnel files, then Defendants aver that they have shown genuine dispute regarding the discovery requests in question, and therefore an award of expenses would not be appropriate.

---

[10] *Cosgrove v. Greater New Orleans Expressway Comm'n,* U.S. Dist. LEXIS 15700 (E.D. La. Oct. 2, 1998).
[11] *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). (quotation and citation omitted).

## CONCLUSION

For the reasons set above, Defendants request that Plaintiff's Motion to Compel Defendants' Personnel Files be denied as well as any grant of expenses.

Respectfully submitted,

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*

| | |
|---|---|
| **CHADWICK W. COLLINGS, T.A.** | **# 25373** |
| **LAUREN A. WILLIAMS** | **# 37917** |
| **HENRY M. WEBER** | **# 35374** |

**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:** **(985) 292-2000**
**Facsimile:** **(985) 292-2001**
ccollings@millinglaw.com
***Counsel for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on February 16, 2021, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*

**Chadwick W. Collings**