UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REPLY MEMORANDUM IN SUPPROT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY

**NOW INTO COURT**, through undersigned counsel, come Defendants, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, each in their official and individual capacities, and herewith provide the following reply memorandum in support of Defendants' Motion to Compel Discovery:

**A.   Plaintiff's refusal to produce discoverable documents is not supported by law**

Plaintiff contends that because Defendants have harassed him in the past, the crux of his entire case which Plaintiff has not proven and which Defendants deny, that he should be exempt from having to participate in discovery regarding his basic background information and health records. Defendants respectfully aver that this position is not supported by the law and would create an end-run around the discovery process if accepted by the court. Plaintiff's basic background information such as his prior addresses and social security number can be used to find impeachment information. Plaintiff's mental *and* physical health records related to the

1

subject matter may be used by Defendants to present a defense and determine quantum, and past health records are necessary to give the current health records their proper context. It would be impossible for Defendants, the Court or a jury to determine if Plaintiff has suffered any damages in the present case if there is nothing to compare the current medical records to. Furthermore, Plaintiff has never offered to provide any of the requested documents or information subject to a protective order, which would have addressed his stated concerns. As Plaintiff is claiming mental injuries, he has made the issues surrounding them, such as treatment records and records of pre-existing conditions, discoverable.

Sheriff Smith, like every other sheriff, routinely publicizes arrests that are made in connection to high profile cases. The whole purpose of a press release is to "share it with the public," and Plaintiff is mistaken if he believes that he was specially targeted by Defendants in the press release. Any arrest, including the plaintiff's, related to a murder investigation would have been publicized, as the public clearly has an interest in these investigations. Defendants respectfully aver that broad and conclusive references to unproven accusations that Defendant would improperly use any documents and information produced in discovery is a wholly improper and uncalled for defense to a discovery motion.

**B.     The use of unverified and unsourced statements is improper**

Plaintiff's use of unverified and unsourced statements constitutes an improper attack on Defendants and serves no purpose. The main issue in a discovery motion is the discoverability of the requested documents and information. The credibility and alleged past actions of Defendants is entirely irrelevant to Defendants' discovery requests. Further, in relying on the statement of a third-party, Plaintiff attaches no report or sworn statement to his opposition and merely cites an anonymous, unverified and unsworn source in order to impugn the credibility of the St.

Tammany Parish Sheriff's Office. There are no direct quotations or any context given in the paraphrasing of the anonymous statement. This kind of irrelevant, hearsay attack on a party has *no* place in a discovery opposition. Further, Defendants are given no way to rebut Plaintiff's paraphrased statement, as Defendants do not even know who made the statement. Defendants respectfully aver that actions like this are why their request for a list of the people that Plaintiff has consulted, a request that Plaintiff has objected to, is necessary in order to adequately prepare a rebuttal and to avoid trial by ambush as has happened here.

**C.     The audio recordings in Plaintiff's privilege log are not work product**

"Like the attorney-client privilege, the work product doctrine insulates a lawyer's research, analysis of legal theories, mental impressions, notes and memoranda of witnesses' statements from an opposing counsel's inquiries."[1] The recordings listed in Plaintiff's privilege log would not include any impressions, memoranda or notes. Defendants are merely requesting the raw statements that were made by the witnesses. In the event that the witness statements contain any impressions or legal theories by counsel, then Defendants submit that those portions of the statements may be redacted.

Accordingly, Defendants request that their Motion to Compel Discovery be granted, and that they be awarded costs.

---

[1] *Dunn v. State Farm Fire & Casualty Co.,* 927 F.2d 869, 875 (5th Cir. 1991).

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*
_____
| **CHADWICK W. COLLINGS, T.A.** | **# 25373** |
| **LAUREN A. WILLIAMS** | **# 37917** |
| **HENRY M. WEBER** | **# 35374** |

**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:   (985) 292-2000**
**Facsimile:    (985) 292-2001**
ccollings@millinglaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on February 23, 2021, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**