UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY ROGERS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-517** |
| **SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO** | **SECTION "H" (3)** |

## ORDER

On February 9, 2021, defendants, Keith Canizaro, Danny Culpeper, and Randy Smith ("Defendants") filed a Motion to Compel (Rec. Doc. No. 48). In the Motion to Compel, Defendants sought to compel a response to their Request for Production ("RFP") No. 9, which asked plaintiff, Jerry Rogers ("Plaintiff" or "Mr. Rogers"), to produce all video, recording or other statements related to the matter. (Rec. Doc. No. 48-1 at p. 8). In response to RFP No. 9, Mr. Rogers produced a privilege log, which listed various audio recordings between either him or his counsel and third parties. (Rec. Doc. No. 48-4 at p. 22). Mr. Rogers objected to producing the recordings based on work-product and/or attorney-client privilege. *Id*. Defendants argue that the recordings listed are not privileged. Defendants' Motion to Compel came on for hearing before the undersigned on February 24, 2021. After considering the arguments of counsel, the briefs and the applicable law, the Court ordered, *inter alia*, that Plaintiff produce the audio recordings at issue to the Court for *in camera* review. (Rec. Doc. No. 63). After reviewing the audio recordings, the Court concludes that the audio recordings are privileged and protected from disclosure.

**DISCUSSION**

Fed. R. Civ. P. 26(b)(1) defines the scope of discovery in pertinent part as "any matter, *not privileged,* which is relevant to the subject matter involved in the pending action...." Fed. R. Civ. P. 26(b)(1) (emphasis added). Limiting the scope of discovery, Fed. R. Civ. P. 26(b)(3) states "a

party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). However, materials prepared in anticipation of litigation or trial may be discovered if "they are otherwise discoverable under Rule 26(b)(1)" and the party seeking the discovery shows "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id*.  Even if the court orders the disclosure of materials prepared in anticipation of litigation or for trial, the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Id*. "The party who asserts work product protection for an item sought to be discovered has the burden of establishing that it was prepared in anticipation of litigation. If the party can satisfy that requirement, the burden shifts to the party seeking discovery to overcome that protection." *In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 4974886, at *2 (E.D. La. Nov. 20, 2008) (citing *King v. Odeco Inc.*, 106 F.3d 396, 1997 WL 33367, at *3 (5th Cir.1997)).

The Fifth Circuit describes the standard for determining whether a document has been prepared in anticipation of litigation as the "primary purpose" test.  *See In Re Kaiser Aluminum and Chemical Co.*,  214 F.3d 586, 593 n. 19 (5th Cir. 2000) (*citing* precedents in *United States v. El Paso Co.,* 682 F.2d 530, 542 (5th Cir. 1982) and  *United States v. Davis,* 636 F.2d 1028, 1040 (5th Cir. 1981)).   The primary purpose test, coined by the Fifth Circuit in *Davis,* states:

> It is admittedly difficult to reduce to a neat formula the relationship between the preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine.  We conclude that litigation need not necessarily be imminent, as some courts have suggested, as long as the *primary motivating purpose behind the creation of the document* was to aid in possible future litigation.

*Davis*,  636 F.2d at 1039.

After reviewing the recordings for which Plaintiff claimed work-product privilege, the Court finds that the work-product privilege applies "as the primary motivating purpose behind the creation of the [recordings] was to aid in possible future litigation." *Id.* For instance, the document titled, "12.19.2019 – 6.27 pm – Steve Gaudet Recording.mp3" contains a conversation recorded by Plaintiff and Plaintiff's counsel between Jerry Rogers and Steve Gaudet. From the beginning of the recording, Jerry Rogers makes it clear that he is preparing to initiate litigation against the Defendants.

As to the recordings titled, "2020.9.1 – Call with Colin Sims about SPTSO and DA Meeting.mp3," "2020.10.13 – Call with Steve Gaudet.mp3," and "2020.10.20.Steve Chaisson.mp3," the Court finds that these recordings were also prepared in anticipation of litigation. As described, each recording contains an interview between Plaintiff's counsel, William Most, and the witnesses named in the titles of the recordings. Throughout the interviews Plaintiff's counsel is gathering information to aid in presentation of the Plaintiff's case. Notwithstanding the purpose behind the creation of the recordings, it is clear that the recordings contain mental impressions, conclusions, opinions, and legal theories, which are also protected from disclosure. Therefore, the Court finds that these recordings are protected from disclosure as they constitute attorney work-product.

Although, the recordings were created in anticipation of litigation, the Court may still order disclosure if Defendants show they have a substantial need for the materials to prepare their case and that they cannot, without undue hardship, obtain the substantial equivalent of the recordings by other means. The Court finds that the Defendants have failed to make such a showing. "The existence of a viable alternative to invading work product, will, in most situations ... negate any substantial need. One readily available source is the plaintiff's own knowledge and testimony.

Another is deposition testimony." *King v. Odeco Inc.*, 1997 WL 33367, at *2 (5th Cir. 1997) (citation and quotations omitted). In this case, Defendants have failed to advance any argument which shows that there are no alternative means to obtain the information contained in the recordings. Therefore, the Court finds that Defendants have failed to meet their burden to overcome the protection of the work-product privilege.

The Court also finds that the recording titled "2020.1.24 Steve Gaudet Recording.m4a" is protected by the attorney-client privilege. A communication is protected by the attorney-client privilege when the proponent of the privilege proves that (1) he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017) (citations omitted). The applicability of the privilege turns on a highly fact-specific inquiry, and the party asserting the privilege bears the burden of proof. *Id*. "Once the privilege has been established, the burden shifts to the other party to prove any applicable exceptions." *Id*. In this case, the recording features a confidential conversation between Mr. Rogers and his attorney, Brian Trainor, regarding litigation strategies. It is clear from the recording that the purpose of the conversation was for Mr. Roger's to obtain Mr. Trainor's legal advice and assistance. Therefore, the attorney-client privilege applies.

Moreover, there was no waiver of the attorney-client privilege. In *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, the Fifth Circuit stated:

> Because the privilege protects only confidential communications, the presence of a third person while such communications are made or the disclosure of an otherwise privileged communication to a third person eliminates the intent for confidentiality on which the privilege rests. The privilege is not, however, waived if a privileged communication is shared with a third person who has a common legal interest with respect to the subject matter of the communication.

*Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985). After the discussion between Mr. Rogers and Brian Trainor concluded, a third party entered the room. Thereafter, Mr. Rogers, Brian Trainor, and the third party discussed health insurance which is completely irrelevant to any of the claims and defenses in this litigation. Mr. Rogers and Brian Trainor did not reveal or continue discussing any of the previously mentioned litigation strategies in the presence of the third party. Therefore, the Court finds there was no waiver of the privilege.

**CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Compel (Rec. Doc. No. 48) is DENIED as to Request for Production ("RFP") No. 9

New Orleans, Louisiana, this 5th day of April, 2021.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**