UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
|     **Plaintiff** | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
|     **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMOVE THE CONFIDENTIALITY DESIGNATION FROM DEFENDANTS' POLICE OFFICER DISCIPLINARY RECORDS

**NOW INTO COURT**, through undersigned counsel, come Defendants, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, each in their official and individual capacities, and herewith provide the following opposition to the plaintiff's Motion to Remove the Confidentiality Designation From Defendants' Police Officer Disciplinary Records (R. Doc. 64):

### BACKGROUND

Plaintiff filed the instant action on February 13, 2020, in which Plaintiff alleges violations of his civil rights under the laws of the United States and Louisiana. (R. Doc. 1). Thereafter, both sides propounded discovery requests, culminating in Plaintiff filing two motions to compel against Defendants (R. Doc. 32, 47). Both were largely denied (R. Doc. 46, 50). This most recent discovery motion represents Plaintiff's *third* discovery related motion against

Defendants. Defendants and Plaintiff agreed to a stipulated protective order (R. Doc. 55), which was filed into the record, and which Defendants invoked in the production of some of their discovery. Plaintiff now challenges the confidential designation of those documents. As will be shown below, Defendants have sought this protection, as Plaintiff has shown a history of filing vexatious and harassing discovery motions as well as making unverified and unsourced allegations.

## LAW AND ARGUMENT

Plaintiff's motion relies on two cases that have no bearing on this matter. In one case, Plaintiff relies on dicta and in the other, the law cited is not on point with what Plaintiff is requesting. Finally, Plaintiff has failed to state how he has been aggrieved by the confidentiality designation.

### A. The protective order is necessary, and Plaintiff can demonstrate no harm from the confidentiality designation

Under Rule 26(c), a protective order may be obtained to protect a party "from annoyance, embarrassment, oppression or undue burden."[1] Defendants sought the protective order in order to protect themselves from the aggressive litigation strategy employed by Plaintiff. Plaintiff has harassed Defendants with five sets of discovery requests and three discovery motions. Further, Plaintiff has made unsupported accusations to this Court about the motive for Defendants' reasonable discovery requests, requests that this Court granted after a motion to compel. Plaintiff has accused Defendants of using the discovery process to obtain Plaintiff's medical records in order to retaliate against Plaintiff for this case (R. Doc. 52, p. 12). In support of this baseless and untrue accusation, Plaintiff cited an unverified and unsourced witness to attack the reputation of

---

[1] Fed. R. Civ. P. 26(c).

the St. Tammany Parish Sheriff's Office (R. Doc. 52, p. 12). In light of these untoward tactics, Defendants sought and obtained a protective order.

Plaintiff never states in his motion how he has been prejudiced by the confidential designation of the produced documents in question. Plaintiff remains free to use the documents to develop his case and to submit them to the Court, and he is only subject to the limitation that he cannot use these documents outside of this litigation. Plaintiff never states in his motion why he is requesting that the confidential designation be removed. His entire argument is a general policy argument against protective orders and sealing documents that does not touch on any specific harm or concern in this case.

Defendants, however, have an interest in the confidential designation of these documents. Defendants have an interest in preventing the disciplinary records that were produced from being posted on social media or publicized in other ways as part of Plaintiff's antagonistic trial strategy. As Plaintiff has already demonstrated a willingness to libel Defendants in his pleadings, Defendants aver that the protective order and its designations are necessary to protect themselves from a Plaintiff who might seek to needlessly embarrass or oppress them.

### B. Plaintiff's reliance on *Binh Hoa Le* is misplaced

"Obiter Dicta is defined as [a] judicial comment…that is unnecessary to the decision in the case therefore not precedential."[2] A court is therefore free to disregard dicta from prior decisions. "A judge's power to bind is limited to the issue that is before him; he cannot transmute dictum into decision by waiving a wand and uttering the word hold[ing]'."[3] Therefore, it is only the parts of the opinion that support the ultimate holding that are binding. Statements by a court

---

[2] *Perez v. Stephens,* 784 F. 3d 276, 281 (5th Cir. 2015) (quotations omitted).
[3] *Knight v. Kirby Offshore Marine Pac., L.L.C.,* 983 F. 3d 172, 177 (5th Cir. 2020) (quotations omitted).

on questions that were not properly before the court nor briefed by counsel constitute dicta and are not binding.

Plaintiff relies heavily on *Binh Hoa Le*[4] in his argument that protective orders should be limited, however this reliance is entirely on the dicta of the case. *Binh Hoa Le* is a case about the denial of a motion for summary judgment, and it was only as an aside that the Fifth Circuit discussed protective orders and sealed documents. Discovery was not the matter on appeal, therefore the Fifth Circuit's comments on discovery are non-binding dicta. Even the plain language of the passage quoted by Plaintiff supports this conclusion about its binding nature, as the court in *Binh Hoa Le* "urg[ed]" litigants and judicial colleagues towards its desired behavior. It was not an order of the court nor a part of the holding and therefore set no precedent. Accordingly, Plaintiff's reliance is misplaced, and the quoted portions of *Binh Hoa Le* are not binding law.

### C. *City of Baton Rouge* is not on point

Plaintiff also relies on *City of Baton Rouge*[5], however this reliance is misplaced, as well. This case dealt with disclosure of internal affairs records pursuant to La. R.S. § 40:2532. In *City of Baton Rouge,* the records in question had not been disclosed, and the court had been called upon to decide how an exception to the Louisiana laws of disclosure of public records applied when balanced against state constitutional privacy rights. The analysis in *City of Baton Rouge* was directed toward determining whether or not disclosure was warranted and did not touch on the issue of a protective order at all. This case is not on point with any of the facts of the instant matter.

---

[4] *Binh Hoa Le v. Exeter Fin. Corp.,* 2021 U.S. LEXIS 6663 (5th Cir. Mar 5, 2021).
[5] *City of Baton Rouge v. Capital City Press,* 4 So. 3d 807 (La. App. 1st Cir. 2008).

In the instant matter, the records in question have been produced to Plaintiff pursuant to the Federal Rules of Civil Procedure. Defendants have never cited to Louisiana law in an attempt to block disclosure, and their production is not a question in this case. Plaintiff has access to every document he has asked for, and Plaintiff's contention is merely that the documents he has received were designated confidential under a protective order that he voluntarily entered into. Accordingly, Defendants aver that a state court's interpretation of a state statute about disclosure has no bearing on the interpretation of a federal statute regarding protective orders.

## CONCLUSION

For the reasons set above, Defendants request that Plaintiff's Motion to Remove the Confidentiality Designation From Defendants' Police Officer Disciplinary Records be denied. Plaintiff is unable to cite any applicable law to support his motion, and the designation is necessary to protect Defendants from harassment and oppression.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*/s/ Chadwick W. Collings*
_____
| **CHADWICK W. COLLINGS, T.A.** | **# 25373** |
| **LAUREN A. WILLIAMS** | **# 37917** |
| **HENRY M. WEBER** | **# 35374** |

**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:   (985) 292-2000**
**Facsimile:   (985) 292-2001**
ccollings@millinglaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on April 6, 2021, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

_s/ Chadwick W. Collings_
**Chadwick W. Collings**