UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| Plaintiff | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS

**MAY IT PLEASE THE COURT:**

 **NOW COME**, through undersigned counsel, Defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper and Keith Canizaro, who respectfully submit this memorandum in support of their Motion for Sanctions.

### BACKGROUND

Plaintiff filed the instant action on February 13, 2020 in which Plaintiff alleges violations of his civil rights under the laws of the United States and Louisiana. (R. Doc. 1). The facts of this case start with the death of Nanette Krentel on July 14, 2017 in St. Tammany Parish. Shortly thereafter, the St Tammany Parish Sheriff's Office began an investigation into Ms. Krentel's death. (R. Doc. 1, ¶ 13). During the course of that investigation, Plaintiff Jerry Rogers, Jr. created an anonymous email account and began sending emails to Kim Watson, the sister of the murder victim, Nanette Krentel. (R. Doc. 1, ¶ 15). At some point during their investigation, the St.

1

Tammany Parish Sheriff's Office was made aware of these emails by a member of Ms. Krentel's family and started investigating the source of the emails. (R. Doc. 1, ¶ 17). On September 16, 2019 after having become aware that Plaintiff Jerry Rogers, Jr. was the source of the emails, Defendant Sergeant Keith Canizaro requested an arrest warrant for Plaintiff Jerry Rogers, Jr. for the charge of Defamation, La. R.S. 14:47, which was signed by a judge on the same day. (R. Doc. 1, ¶ 21). Later that day Plaintiff was arrested by the St. Tammany Parish Sheriff's Office. (R. Doc. 1, ¶ 24). Plaintiff's complaint alleges harm and violations of his civil rights as a result of his arrest.

Defendants propounded discovery requests to Plaintiff on November 9, 2020, and on December 9, 2020, Plaintiff responded (R. Doc. 48-4). As a result of the deficiencies in Plaintiff's responses, Defendants sent Plaintiff's counsel correspondence requesting a meeting on January 4, 2021 pursuant to Rule 37 to discuss Plaintiff's responses (R. Doc. 48-6). Specifically, Defendants noted deficiencies in Answers to Interrogatory Nos. 1, 2, 5, 6, 9, 11, 13, 14, 15 and 16, deficiencies in Responses to Requests for Production Nos. 1, 2, 3, 5, 6, 7, 8, 9, 11, 12, 13, 14, 16, 17 and 18, and deficiencies in Responses to Requests for Admissions Nos. 1 and 2. On January 12, 2021, Plaintiff submitted supplemental responses to Defendants' discovery requests (R. Doc. 48-5). While some of the supplemental responses addressed Defendants' concerns in Answer Interrogatory No. 13 as well as in subparts of other requests, they were still deficient with regards to the remaining discovery requests, and as a result, Defendants filed a Motion to Compel (R. Doc. 48).

The Motion to Compel was heard before Magistrate Dana M. Douglas on February 24, 2021 who granted in part and denied in part Defendants' Motion to Compel as to all of Defendants' requests except for Request for Production No. 9 (R. Doc 63). Specific to this motion for sanctions, the Court granted Defendants' motion with regards to Request for Production Nos. 7 and 17 and

ordered Plaintiff to supplement his responses within fifteen days of the date of the order (R. Doc. 63, p. 2). Thereafter on March 11, 2021, Plaintiff sent Defendants supplemental responses.[1] In these supplemental responses, Plaintiff certified that his original responses to Request for Production Nos. 7 and 17 were complete.

## LAW AND ANALYSIS

With regards to a failure to comply with a court order for discovery, the Federal Rules of Civil Procedure state in pertinent part that

> If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) - fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> …
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> …
> (v) dismissing the action or proceeding in whole or in part;
> …
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[2]

Further, Rule 37 allows for additional sanctions, mandating that the court **must** order "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees" unless the failure to abide by the court's order was "substantially justified" or "other circumstances make an award of expenses unjust."[3]

"Ordinarily, Rule 37 sanctions are imposed following violation of a court order."[4] The *Stevens* Court "surveyed the case law and conclude[d] that courts are generally reluctant to exclude

---

[1] *See* Exhibit A, Plaintiff's Second Supplemental Answers and Responses to Defendants' First Set of Interrogatories, Requests for Production, and Requests for Admission.
[2] Fed. R. Civ. P. 37(b)(2)(A).
[3] Fed. R. Civ. P. 37(b)(2)(C).
[4] *Stevens v. Auto Club Family Ins. Co.,* 2008 U.S. Dist. LEXIS 30090 at * 4 (W.D. La., June 16, 2008) *citing Dorey v. Dorey*, 609 F.2d 1128, 1135 (5th Cir. 1980).

evidence under Rule 37 absent the violation of a court order."[5] In the instant matter, Plaintiff violated an order of this Court, thereby necessitating an award of fees and expenses as well as exclusion.

As stated above, in response to Defendants' request for other communications between Plaintiff and any current and/or prior employees of the St. Tammany Parish Sheriff's Office (R. Doc. 48-4, p. 18), Plaintiff certified, pursuant to an order of this Court (R. Doc. 63) that his response Request for Production No. 17 was complete when initially made.

On April 29, 2021 at 3:42 p.m., the afternoon before Steve Gaudet[6] was to be deposed, counsel for Plaintiff sent Defendants an email[7] containing Plaintiff's Third Supplemental Answers and Production[8] with an attached audio recording of a conversation between Plaintiff and Steve Gaudet as a supplemental Response to Request for Production No. 17. The matters discussed by Plaintiff and Steve Gaudet clearly date the conversation to before the Complaint in this matter was filed. This recording was not new, and Plaintiff has been on notice that the recording had been requested in discovery. Defendants aver that Plaintiff's failure to provide these documents is a willful attempt to violate an order of this Court and the Federal Rules of Civil Procedure. The timing of the supplemental production, the eve of Mr. Gaudet's deposition, raises the question of whether or not this recording would have ever been produced had the threat of its existence being revealed in Mr. Gaudet's deposition not forced Plaintiff's hand. As a result of the late production, Defendants canceled Mr. Gaudet's deposition, incurring expenses.

Further, as stated above, Plaintiff's certified response to Defendants Request for Production No. 7 states in response to a request for documents evidencing damages, that Plaintiff's criminal

---

[5] *Id* at * 5.
[6] *See* Exhibit B, Notice of Deposition for Steve Gaudet.
[7] *See* Exhibit C, email from Hope Phelps to undersigned counsel.
[8] *See* Exhibit D.

lawyer, Brian Trainor, estimates that he worked 40 hours on Plaintiff's criminal case, and that the "average hourly rate for a criminal defense attorney with Mr. Trainor's experience level is $250," however Mr. Trainor's "standard contract specifies that, in the event of a dispute, his hourly rate is $225" (R. Doc. 48-5, p. 6). No documents were attached to this response, however in an effort to avoid further, unnecessary litigation, Defendants did not object to this response and accepted the response on its face.

On April 30, 2021, Defendants deposed Brian Trainor.[9] During the course of that deposition, Mr. Trainor testified that he charged Plaintiff a flat fee of $1,500 to work on Plaintiff's criminal case.[10] As with the Gaudet recording, had Defendants not deposed Mr. Trainor and revealed the false and misleading Response to Request for Production No. 7, Defendants would have been left to think that Plaintiff's damages with regards to his criminal defense were $10,000, instead of the actual amount of $1,500.

Defendants urge this Court to exercise its discretion and exclude any evidence of Plaintiff's attorney's fees from his criminal case and the audio recording of Mr. Gaudet. Had Defendants taken a different trial strategy and elected not to depose two relatively minor witnesses in this matter, these issues of Plaintiff's full and complete answers to discovery related to these two deponents would never have been brought to light. Defendants now question the veracity of the rest of Plaintiff's answers and responses to their discovery requests. While Defendants admit that it is possible that items requested in discovery might, from time to time, "fall through the cracks" and that good faith mistakes do not warrant sanctions, Defendants respectfully aver that this is not that situation here.

---

[9] *See* Exhibit E, Notice of Deposition of Brian Trainor.
[10] *See* Exhibit F, p. 61, Transcript of Deposition of Brian Trainor.

The Gaudet recording involved a recording that is older than this case. This Court presently has before it motions concerning audio recordings in Plaintiff's possession (R. Doc. 75, 77), so the issue of audio recordings is not an inconsequential issue in this litigation. In addition, the issue of the production of audio recordings is not new, and Plaintiff conducted an earlier investigation into the existence of audio recordings, listing five on a privilege log (R. Doc. 75-3). The Gaudet recording was only produced on the eve of its likely discovery in Mr. Gaudet's deposition, and Defendants aver that this timeline does not support good faith efforts by Plaintiff to faithfully respond to Defendants' discovery requests. Further, Plaintiff gave a clearly misleading answer regarding the amount of money that was charged to him by Mr. Trainor that easily could have been verified by Plaintiff or Plaintiff's counsel prior to providing answers to discovery. This misstatement had the effect of amplifying Plaintiff's alleged damages in that area by over *six times* the amount he actually sustained. Defendants are left to wonder what other elements of Plaintiff's claimed damages have been amplified in such a way. Any sanction less than exclusion and an award of attorney's fees and costs would not deter Plaintiff from further violations of the orders of this Court, as Plaintiff could merely take his chances that other hidden discovery might not ever come to light. For these reasons, Defendants respectfully aver that sanctions, attorney's fees, expenses and specifically exclusion, are necessary to deter future bad conduct by Plaintiff in this matter.

**WHEREFORE**, Defendants pray that this Court (1) grant Defendants' Motion for Sanctions; (2) exclude any evidence of Plaintiff's attorney's fees to Mr. Trainor from his criminal matter related to this litigation; (3) exclude Mr. Gaudet's audio statement to Plaintiff; (4) award attorney's fees associated with this motion; and (5) award any and all expenses associated with deposing Mr. Trainor and Mr. Gaudet.

        **Respectfully submitted,**

        **MILLING BENSON WOODWARD, LLP**

        *s/ Chadwick W. Collings*
        **CHADWICK W. COLLINGS, T.A.**    **(#25373)**
        **HENRY M. WEBER**    **(#35374)**
        **68031 Capital Trace Row**
        **Mandeville, LA 70471**
        **Telephone:  (985) 292-2000**
        **Facsimile:  (985) 292-2001**
        **Email:  ccollings@millinglaw.com**
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on May 11, 2021, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

        *s/ Chadwick W. Collings*
        **Chadwick W. Collings**