# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | § | **CIVIL ACTION** |
| **Plaintiff** | § | |
| | § | **NO. 20-517** |
| **VERSUS** | § | |
| | § | **JUDGE MILAZZO** |
| **RANDY SMITH, INDIVIDUALLY** | § | |
| **And IN HIS OFFICIAL CAPACITY** | § | **MAG. JUDGE DOUGLAS** |
| **AS THE SHERIFF OF ST. TAMMANY** | § | |
| **PARISH, DANNY CULPEPER, AND** | § | **JURY DEMAND** |
| **KEITH CANIZARRO** | § | |
| **Defendants** | § | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PLAINTIFF'S SECOND SUPPLEMENTAL ANSWERS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION

Plaintiff Jerry Rogers, through undersigned counsel, hereby supplements his answers and responses to the First Set of Interrogatories, Requests for Production, and Requests for Admission propounded by Defendants. If information is later obtained which modifies any response herein, such information will be conveyed to Defendants.

Mr. Rogers' responses are made without in any way waiving the right to object on the grounds of relevancy, materiality, hearsay, or any other proper grounds or the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

## GENERAL OBJECTIONS

1.      Plaintiff objects to these discovery requests to the extent that they impose upon them any obligation not set forth in the Federal Rules of Civil Procedure.

2.      Plaintiff objects to these discovery requests to the extent that they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to these discovery requests to the extent that they are overly broad, oppressive, vague, vexatious, unduly burdensome, onerous or unreasonably expensive to answer.

4.      Plaintiff objects to these discovery requests to the extent that the requested information is confidential and invasive to the privacy interests of non-parties to this litigation.

5.      Plaintiff objects to these discovery requests to the extent, if any, that they encompass documents containing information protected by the work product doctrine, the attorney-client privilege and/or the self-critical analysis privilege. All responses are subject to this objection.  Plaintiff will exclude from production any such protected, non-discoverable information. To the extent that the requests purport to require Plaintiff to identify the subject matter of information withheld on the grounds of privilege or otherwise, objection is made because such a request is inconsistent with the assertion of a privilege.

6.      Plaintiff objects to providing information and/or documents in response to a discovery request to which Defendants  already know the answer.

7.      Plaintiff objects to these discovery requests to the extent they call for legal conclusions or responses to legal questions.

8.      Plaintiff objects to these discovery requests as discovery is in its infancy or ongoing.

9.      Plaintiff responds to these discovery requests based on information to date.

## **INTERROGATORIES**

Interrogatory No. 1

Please state your full name, date of birth, marital status, current spouse's name (if applicable), all prior spouse's name (if applicable), social security number, current physical address (no P.O. Boxes), prior addresses in the last (10) years, current telephone number, and prior telephone numbers in last ten years.

### **Answer to Interrogatory No. 1**

Plaintiff maintains his objections to the request for personally identifiable and protected information on lack of relevance and privacy grounds, Subject to and without waiving any objection:

1) Full name: Jerry Hamilton Rogers, Jr.

2) DOB: November 3, 1972

3) Marital status: Married

4) Spouse's name: Darlene Rogers

5) Plaintiff's social security number will be provided at his deposition, where it may be redacted from the record.

6) Current address: 82096 Hwy. 1080  Folsom, Louisiana 70437.

7) Prior addresses in the last 10 years: None. Plaintiff has lived at the above address for over 10 years.

8) Current telephone number: 985-789-7293 (do not contact except through undersigned counsel).

9)  Prior telephone numbers in last 10 years: Plaintiff had a work cell phone 504-784-9571. Plaintiff cannot recall if he had any other prior telephone numbers and could not identify any other prior telephone numbers after reasonable inquiry.

<u>Interrogatory No. 2</u>

Please state your entire educational background, including, but not limited to, all secondary and post-secondary education and any and all training you received as part of any current or former employment.  Please state the name of the institution(s) attended, the address(es), the year(s) attended, the date(s) of graduation (if applicable), and the degree or certificate awarded upon completion.

**<u>Answer to Interrogatory No. 2</u>**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving any objection:

1)  Name of Institution: Concordia University, New Orleans Satellite Campus

2)  Address of Institution: The New Orleans satellite location has since closed. Plaintiff recalls it was located in Metairie, Louisiana near the Causeway bridge. Concordia University's main campus is located at 12800 N Lake Shore Dr, Mequon, WI 53097.

3)  Years Attended: 2008-2010

4)  Date of graduation: 2010

5)  Degree/Certificate awarded: Bachelor of Arts in Criminal Justice

Interrogatory No. 5

Please state whether you have ever been investigated, disciplined and/or reprimanded by any employer.  If so, please state the reason for the investigation, the date(s) of the investigation, the result of the investigation, and the name of the employer who conducted the investigation.

**Answer to Interrogatory No. 5**

Plaintiff maintains his objection as the request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving the objection, Plaintiff's current employer, the U.S. Department of Housing and Urban Development will not confirm whether or not Plaintiff is the subject of an investigation. Plaintiff believes there may be an ongoing investigation in connection with an incident that occurred in Monroe, Louisiana. Plaintiff has not been disciplined or reprimanded in connection with that incident. Plaintiff does not recall any investigations, discipline, or reprimands by any other employer. Plaintiff certifies that his response is complete and he has made reasonable inquiry in responding to this discovery request, including contacting his current employer.

Interrogatory No. 6

State what injuries and/or damages you sustained as a result of the alleged incident upon which this suit is based.

**Answer to Interrogatory No. 6**

Plaintiff maintains his objects to this interrogatory as vague, confusing and not susceptible of reasonable response as to the intended meaning of "injuries and/or damages," and is duplicative of Plaintiff's obligations under the initial disclosure requirements of Fed. R. Civ. Proc. 26. Without waving any objection, Plaintiff's damages include, but are not limited to, any and all costs,

economic or otherwise, associated with his arrest, detention, hiring a criminal lawyer, posting bail, and Defendants' publication of Plaintiff's personal, private information to the media, including emotional distress, pain, suffering, humiliation, and frustration suffered.

Plaintiff certifies that this response is complete, and he has made reasonable inquiry in responding to this complaint, including obtaining his bond documents and information regarding his criminal defense attorney's fees. This information was provided to Defendants.

Interrogatory No. 9

Have you ever been involved in any prior litigation or made any other claims against any person, firm or corporation?

If so, then state:

(a) The nature of such injury forming the basis of each such claim;

(b) The name and address of every person, firm or corporation against whom each claim was made; and

(c) Whether or not suit was filed by you or on your behalf in connection with such injury, and if so, then state the date each suit was filed, the court in which each suit was filed, the title and record number of each suit, and the final disposition thereof.

**Answer to Interrogatory No. 9**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving any objection, Plaintiff filed a claim related to a 2019 car accident.

1) Nature of injury: Neck and back.

2) Name, address, of every person firm, corporation who case was against:

    a. Hartford Insurance Company of The Midwest: Plaintiff does not know the address. Hartford was served through the Louisiana Secretary of State.

    b. Anthony Ritter: 3749 Scofield St., Metairie, LA 70002

3) Was lawsuit filed?

    a. Date suit was filed: June 11, 2019

    b. Court suit was filed in: 24th Judicial District Court for the Parish of Jefferson, State of Louisiana

    c. Title and record number of suit: Jerry Rogers, Jr. v. Harford Insurance Company of The Midwest and Anthony Ritter, No. 795945, Div. B.

    d. Final disposition: Settled

## Interrogatory No. 11

Please identify by name, address, and telephone number, each witness whom you may call on your behalf in this matter, and provide a detailed account of any knowledge they have regarding this matter and each individual's anticipated testimony at trial.

## **Answer to Interrogatory No. 11**

Plaintiff maintains his objection to this request as premature as Plaintiff has not yet determined the witnesses, facts or experts, he intends to use in this lawsuit. Plaintiff will provide any witness disclosures in accordance with the relevant rules of civil procedure and court scheduling order(s) governing the same. Subject to and without waiving any objection, Plaintiff states that the following individuals may be called to testify at trial:

1)     Jerry Rogers: See answer to Interrogatory No. 1.

A plaintiff in this action, he has knowledge of the facts supporting the causes of action in his complaint.

2)      Randy Smith: Address and telephone number are in Defendants' possession.

A defendant in this action, he has knowledge of the facts detailed in the complaint as well as any defenses.

3)      Danny Culpeper: Address and telephone number are in Defendants' possession.

A defendant in this action, he has knowledge of the facts detailed in the complaint as well as any defenses.

4)      Keith Canizaro: Address and telephone number are in Defendants' possession.

A defendant in this action, he has knowledge of the facts detailed in the complaint as well as any defenses.

5)      Colin Sims: 22nd Judicial District Court, District Attorney's Office, 701 N Columbia St STE 200, Covington, LA 70433; (985) 809-8383.

Mr. Sims is an employee of the St. Tammany Parish District Attorney's Office and has knowledge of communication between STPSO and the District Attorney's Office regarding potential criminal charges against Jerry Rogers and related constitutional issues.

6)      Steve Gaudet: 985-272-2525. Plaintiff does not know Steve Gaudet's address.

Mr. Gaudet is an employee of the STPSO and has knowledge actions of the STPSO in response to the e-mails between Kim Watson and Jerry Rogers, including communications regarding potential criminal charges against Jerry Rogers and related constitutional issues.

7)      Steve Chaisson: 504-491-0481. Plaintiff does not know Steve Chaisson's address.

Mr. Chiasson is a former St. Tammany Parish Sheriff's Office who worked on the investigation into the death of Nanette Krentel, and may have knowledge of relevant facts.

8)   Kim Watson: Plaintiff does not know Ms. Watson's telephone number or address. Ms. Watson has knowledge of the STPSO investigation into the homicide of Nanette Krentel, e- mail communication between herself and Jerry Rogers, and actions of the STPSO in response to those e-mails.

9)   Alvin Hotard: Address and telephone number are unknown to Plaintiff, and likely in Defendant's possession.

Mr. Hotard is an employee of the STPSO and has knowledge of the STPSO investigation into the homicide of Nanette Krentel and actions of the STPSO in response to the e-mails between Kim Watson and Jerry Rogers.

10)   Daniel Buckner: Address and telephone number are unknown to Plaintiff, and likely in Defendant's possession.

Mr. Buckner is an employee of the STPSO and has knowledge of the STPSO investigation into the homicide of Nanette Krentel and actions of the STPSO in response to the e-mails between Kim Watson and Jerry Rogers.

11)   Stefan Montgomery: 985-630-1316. Plaintiff does not know Mr. Montgomery's address. Mr. Montgomery is a former employee of the STPSO and has knowledge of the STPSO investigation into the homicide of Nanette Krentel and actions of the STPSO in response to the e-mails between Kim Watson and Jerry Rogers.

12) Raymond Childress: 985-809-5305; 701 North Columbia Street, Covington, LA 70433. Mr. Childress is a judge in the 22nd Judicial District Court and he has knowledge related to the affidavit and arrest warrant for Jerry Rogers.

13) David Miceli: Address and telephone number are unknown to Plaintiff, and likely in Defendant's possession.

Mr. Miceli is an employee of the STPSO and has personal knowledge of the circumstances surrounding the arrest of Jerry Rogers.

14) Marco Lopez: Address and telephone number are unknown to Plaintiff, and likely in Defendant's possession.

Mr. Lopez is an employee of the STPSO and has personal knowledge of the circumstances surrounding the arrest of Jerry Rogers.

15) Matthew Rowley: Address and telephone number are unknown to Plaintiff, and likely in Defendant's possession.

Mr. Rowley is an employee of the STPSO and has personal knowledge of the circumstances surrounding the arrest of Jerry Rogers.

16) Brian Trainor: 701 North Columbia Street, Covington, LA 70433; 985-809-5335

Mr. Trainor is an attorney who represented Jerry Rogers in the criminal case for criminal defamation.

17) Scott Gardner: 701 North Columbia Street, Covington, LA 70433; 985-809-5335

Mr. Gardner is a judge in the 22nd Judicial District Court and he has knowledge related to the preliminary hearing and finding of no probable cause in the criminal case against Jerry Rogers.

18)     Joseph Lebeau: Address and telephone number are unknown to Plaintiff; contact through the Attorney General's office.

>   Mr. Lebeau is an attorney employed by the Louisiana Attorney General's Office and he has knowledge of the criminal case against Jerry Rogers, including the declination of charges.

19)     Patrick Magee: Address and telephone number are unknown to Plaintiff; contact through the Attorney General's office.

>   Mr. Magee is an attorney employed by the Louisiana Attorney General's Office and he has knowledge of the criminal case against Jerry Rogers, including the declination of charges.

20)     All persons identified in the currently-redacted FBI file;

21)     Any person deposed in this matter;

22)     Any person identified in any deposition, or written discovery responses;

23)     Any person identified in any dispositive motions;

24)     Any witness needed for impeachment or rebuttal purposes;

25)     Any witness listed by any other party in this matter, including any witness identified in discovery, and;

26)     Any witness needed to authenticate an item to be introduced into evidence.

Plaintiff reserves the right to amend and/or supplement this answer prior to trial.

Interrogatory No. 14

State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for the injuries sustained as a result of the alleged incident upon which this suit is based.

**Answer to Interrogatory No. 14**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome, and this request regarding his medical treatment is overbroad oppressive, vague, and vexatious. Subject to and without waiving the foregoing, Plaintiff has treated with the following mental healthcare providers:

1. Lisa Surrency, M.Ed, LPC-S, NCC, Registered Play Therapist
   Program Director
   Counseling Solutions
   Catholic Charities Archdiocese of New Orleans
   4465 Hwy 190 East Service Rd, Covington, LA 70433
   985-785-2113 (office)
   985-605-5841 (fax)

2. Perimeter Behavioral Hospital
   3639 Loyola Drive
   Kenner, LA 70065
   504-305-2700

3. Glenwood Regional Medical Center
   503 Mcmillan Rd
   West Monroe, La 71291
   318-329-4200

Interrogatory No. 15

State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for any reason in the prior ten (10) years.

**Answer to Interrogatory No. 15**

      Plaintiff maintains his objection to this interrogatory as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to interrogatories regarding his medical treatment as overbroad oppressive, vague, and vexatious.

1.) Dr. Tom Lavin
    7015 US Hwy 190 E Service Rd. Unit 200
    Covington, La. 70433

2.) Dr. Joshua Sleeper, MD.
    Louisiana Healthcare Association (Urology Division)
    71207 Hwy 21
    Covington, La. 70433

3.) Hoffman Chiropractic
    Melissa Hoffman, DC
    3933 Hwy 59 Unit A
    Mandeville, La. 70471

4.) Dr. Joel Berry
    Paradigm Spine Care & Interventional Pain
    64301 Hwy 434
    Lacombe, La.

5.) Dr. William Schroeder, DC
    ATLAS Rehab & Medical
    1982 N. Hwy 190
    Covington, La. 70434

6.) Glynnwood Regional Medical Center
    503 McMillan Rd.
    West Monroe, La. 71291

7.) Perimeter Behavioral
    3639 Loyola Rd.
    Kenner, La. 70065

8.) Willa Thompson, DNP, APRN, BC
    Department of Veterans Affairs
    60491 Doss Dr.
    Slidell, La. 70460

9.) Lisa Surrency, M.ed, LPC-S, NCC (Program Director)
Counseling Solutions, Catholic Charities of New Orleans
4465 Hwy 190 East Service Rd.
Covington, La. 70433

Interrogatory No. 16

Please state whether you have been interviewed by any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit.  If you answer yes, please state the name of the agency, the date of the interview(s), the identity of the persons present during the interview, and please state with as much specificity as possible the substance of the questions you were asked and the responses you provided to the interviewer(s).

**Answer to Interrogatory No. 16**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving the foregoing, the answer is yes. Mr. Rogers was interviewed by Special Agent Clinton Epperson of the Federal Bureau of Investigation and Thomas Johnson of the United States Department of Justice on December 4, 2019. Also present were Brian Trainor and William Most. Mr. Rogers was asked about the timeline of events that forms the basis for his claims in this matter.

Plaintiff certifies that this response is complete to the best of his knowledge, information, and belief formed after reasonable inquiry.

## REQUESTS FOR PRODUCTION

Request for Production No. 1

      Please sign the attached HIPAA compliant authorization. (See attached)

**Response to Request for Production No. 1**

      Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious. Subject to and without waiving the objection, see attached HIPAA compliant authorization for above-listed treatment providers.

Request for Production No. 2

      Please sign the attached employment records authorization. (See attached)

**Response to Request for Production No. 2**

      Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his employment records as overbroad oppressive, vague, and vexatious. Subject to and without waiving the objection, see attached signed employment records authorization.

Request for Production No. 3

      Please provide a copy of any and all medical records, invoices, audio/video records, prescription records, receipts, x-rays and/or any other record, in your possession related to the alleged incident or to the damages claimed by you in this matter.

**Response to Request for Production No. 3**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious. Subject to and without waiving the objection, Plaintiff certifies that he has made reasonable inquiry in responding to this discovery, and such records are not in his possession.

Request for Production No. 5

Please produce any and all documents which evidence, support or relate to the injuries you claim as a result of the alleged incident upon which this suit is based.

**Response to Request for Production No. 5**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and because such documents are already in the possession of Defendants. Without waiving such objections, Plaintiff responds that all documents identified in initial disclosures and produced in discovery relate to the injuries upon which this suit is based.  Plaintiff certifies that his response is complete and he has produced the records in his possession that were responsive to this request.

Request for Production No. 6

Please produce any and all documents that evidence, support, or relate to the actions and/or omissions you allege caused you any damage.

**Response to Request for Production No. 6**

Plaintiff maintains his objection to this request as it calls for documents that were prepared in anticipation of litigation or in preparation for trial and seeks information that would reveal the mental process or opinions of Defendants' attorneys, and is duplicative of RFP No. 5. Without

waiving and subject to the objection, Defendants are in possession of and have equal access to the documents that evidence or relate to arrest, detain, prosecute, and publicize personal and private information regarding Plaintiff. All documents identified in initial disclosures and produced in discovery relate to the actions upon which this suit is based.  Plaintiff certifies that his response is complete and he has produced the records in his possession that were responsive to this request.

Request for Production No. 7

Please produce any and all documents that evidence, support or relate in any way to the damages alleged in this matter.

**Response to Request for Production No. 7**

Plaintiff maintains his objection to this request to the extent it requires Plaintiff to produce information or documents protected by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving the foregoing, Plaintiff certifies that his response is complete and he has produced the records in his possession that were responsive to this request.

Request for Production No. 8

Please produce copies of all witness statements in your possession pertaining to the subject matter of the above captioned matter.

**Response to Request for Production No. 8**

Plaintiff maintains his objection to this request to the extent it requires Plaintiff to produce information or documents protected by the attorney-client privilege and attorney work product doctrine. Subject to and without waiving any objections, Plaintiff certifies that his response is complete and he has produced the records in his possession that were responsive to this request.

Request for Production No. 14

Please produce copies of all documents and/or other evidence produced in discovery by you to any other party and/or received by you from any other source in this matter.

**Response to Request for Production No. 14**

Plaintiff maintains his objection to this request as vague, overbroad, and Plaintiff further objects to the extent this request seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule. Subject to and without waiving the foregoing, Plaintiff notes that there are no parties other than Plaintiff and Defendants, Randy Smith, Danny Culpeper, and Keith Canizaro, in this matter. Plaintiff certifies that his response is complete and he has produced the records in his possession that were responsive to this request.

Request for Production No. 16

Please provide a copy of any and all documents, recordings and/or other tangible things provided by you and/or your attorney from any State or Federal investigative agency regarding any of the facts and/or allegations related to your lawsuit.

**Response to Request for Production No. 16**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections, Plaintiff answers that he has not received any such documents, and that this request is duplicative of the previous one. Plaintiff certifies that his response is complete and he has produced the records in his possession that were responsive to this request.

Request for Production No. 17

Please produce a copy of any and all emails, text messages and/or other communications between you and/or anyone acting on your behalf and any current and/or prior employees of the

St. Tammany Parish Sheriff's Office regarding the investigation into the death of Nanette Krentel, including, but not limited to communications between you and/or anyone action on your behalf and Steven Chaisson, Steven Gaudet, and/or Stefan Montgomery.

**Response to Request for Production No. 17**

Plaintiff objects to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to the objection, Plaintiff has made reasonable inquiry and confirmed he is not in possession of any emails, text messages, or other communications responsive to this request.

Request for Production No. 18

Please produce a copy of any and all emails, text messages and/or other communications between you and/or anyone acting on your behalf and any members of the family of Nanette Krentel.

**Response to Request for Production No. 18**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Because this is a First Amendment retaliation case, the emails or text messages relevant to Plaintiffs' claims are necessarily the ones that Defendants already have possession of. Plaintiff further objects to the extent this request seeks information and material that is protected from discovery by the attorney-client privilege and work product immunity rule. Subject to the objection, Plaintiff has made reasonable inquiry in responding to this discovery request and confirmed all responsive documents are in Defendants' possession and were produced by Defendants in their initial disclosures.

## REQUESTS FOR ADMISSION

Request for Admission No. 1

Please admit that you contacted one or more members of the family of Nanette Krentel using your U.S. government issued computer.

**Response to Request for Admission No. 1**

Plaintiff maintains his objections as this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: he does not recall if he used his U.S. government issued computer on one occasion. Plaintiff lacks sufficient information to respond to this request beyond his recollection as he is not in possession of the U.S. government issued computer. This response is complete to the best of Plaintiff's information, knowledge, and belief.

Request for Admission No. 2

Please admit that some of your communications with one or more members of the family of Nanette Krentel were via the IP address of your U.S. government issued computer.

**Response to Request for Admission No. 2**

Plaintiff maintains his objections as this request is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Without waiving those objections Plaintiff responds as follows: he does not recall if he used his U.S. government issued computer on one occasion. Plaintiff lacks sufficient information to respond to this request beyond

his recollection as he is not in possession of the U.S. government issued computer. This response

is complete to the best of Plaintiff's information, knowledge, and belief.

Respectfully Submitted:

**LAW OFFICE OF WILLIAM MOST**

*/s/ Hope A. Phelps*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, a copy of Plaintiff's Answers and Responses to
Defendants' First Set of Interrogatories, Requests for Production, and Requests for Admission  was
transmitted to counsel for Defendants, Chadwick Collings, by email to ccollings@millinglaw.com.

 /s/ Hope A. Phelps
HOPE A. PHELPS