UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** § | | **CIVIL ACTION** |
| **Plaintiff** § | | |
| § | | **NO. 20-517** |
| **VERSUS** § | | |
| § | | **JUDGE MILAZZO** |
| **RANDY SMITH, INDIVIDUALLY** § | | |
| **And IN HIS OFFICIAL CAPACITY** § | | **MAG. JUDGE DOUGLAS** |
| **AS THE SHERIFF OF ST. TAMMANY** § | | |
| **PARISH, DANNY CULPEPER, AND** § | | **JURY DEMAND** |
| **KEITH CANIZARRO** § | | |
| **Defendants** § | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFF'S THIRD SUPPLEMENTAL ANSWERS AND PRODUCTION

Plaintiff Jerry Rogers, through undersigned counsel, hereby supplements his answers and responses to the First Set of Interrogatories, Requests for Production, and Requests for Admission propounded by Defendants. If information is later obtained which modifies any response herein, such information will be conveyed to Defendants.

Mr. Rogers' responses are made without in any way waiving the right to object on the grounds of relevancy, materiality, hearsay, or any other proper grounds or the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action, or the right to object on any and all grounds at any time, to any other discovery procedure related to the subject matter of this discovery.

## GENERAL OBJECTIONS

1. Plaintiff objects to these discovery requests to the extent that they impose upon them any obligation not set forth in the Federal Rules of Civil Procedure.

2. Plaintiff objects to these discovery requests to the extent that they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiff objects to these discovery requests to the extent that they are overly broad, oppressive, vague, vexatious, unduly burdensome, onerous or unreasonably expensive to answer.

4. Plaintiff objects to these discovery requests to the extent that the requested information is confidential and invasive to the privacy interests of non-parties to this litigation.

5. Plaintiff objects to these discovery requests to the extent, if any, that they encompass documents containing information protected by the work product doctrine, the attorney-client privilege and/or the self-critical analysis privilege. All responses are subject to this objection. Plaintiff will exclude from production any such protected, non-discoverable information. To the extent that the requests purport to require Plaintiff to identify the subject matter of information withheld on the grounds of privilege or otherwise, objection is made because such a request is inconsistent with the assertion of a privilege.

6. Plaintiff objects to providing information and/or documents in response to a discovery request to which Defendants already know the answer.

7. Plaintiff objects to these discovery requests to the extent they call for legal conclusions or responses to legal questions.

8. Plaintiff objects to these discovery requests as discovery is in its infancy or ongoing.

9. Plaintiff responds to these discovery requests based on information to date.

## INTERROGATORIES

Interrogatory No. 9

Have you ever been involved in any prior litigation or made any other claims against any person, firm or corporation?

If so, then state:

(a) The nature of such injury forming the basis of each such claim;

(b) The name and address of every person, firm or corporation against whom each claim was made; and

(c) Whether or not suit was filed by you or on your behalf in connection with such injury, and if so, then state the date each suit was filed, the court in which each suit was filed, the title and record number of each suit, and the final disposition thereof.

**Answer to Interrogatory No. 9**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to and without waiving any objection, Plaintiff supplements his response to include two additional lawsuits:

Car accident that occurred in September 2018 (subsequent and while still in treatment for the July 2018 accident):

1) Nature of injury: Neck and back

2) Name, address, of every person firm, corporation who case was against:

   a. Allstate Insurance Company: Plaintiff does not know the address. Allstate was served through the Louisiana Secretary of State.

   b. Laine Farber, Plaintiff does not know the address.

3) Was lawsuit filed? Yes

   a. Date suit was filed: Plaintiff does not recall date of filing.

   b. Court suit was filed in: 24th Judicial District Court for the Parish of Jefferson, State of Louisiana

   c. Title and record number of suit: State of Louisiana v. Farber, No. 799-431

   d. Final disposition: Pending

While employed with the St. Tammany Parish Sheriff's Office, Plaintiff was involved in an accident (approximately 18 years ago) where a drunk driver turned in front of him while he was responding to a call for service. This accident resulted in injury to Plaintiff's right ankle. Plaintiff received treatment and a lawsuit was filed in St. Tammany Parish. This case was settled.

Interrogatory No. 14

State the name and address of every doctor, hospital or healthcare provider, from whom or at which you have received treatment, whether physical or mental, for the injuries sustained as a result of the alleged incident upon which this suit is based.

**Answer to Interrogatory No. 14**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome, and this request regarding his medical

treatment is overbroad oppressive, vague, and vexatious. Subject to and without waiving the foregoing, Plaintiff supplements his response to include the following provider:

1. Dana Duet-Champagne
   Northshore Counseling and Wellness
   71338 Hwy 21
   Covington, LA 70433
   985-224-5719

## REQUESTS FOR PRODUCTION

Request for Production No. 1

Please sign the attached HIPAA compliant authorization. (See attached)

**Response to Request for Production No. 1**

Plaintiff maintains his objection to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Plaintiff further objects to requests regarding his medical treatment as overbroad oppressive, vague, and vexatious. Subject to and without waiving the objection, Plaintiff supplements his response to include the attached HIPAA compliant authorization for Dana Duet-Champagne

Request for Production No. 17

Please produce a copy of any and all emails, text messages and/or other communications between you and/or anyone acting on your behalf and any current and/or prior employees of the St. Tammany Parish Sheriff's Office regarding the investigation into the death of Nanette Krentel, including, but not limited to communications between you and/or anyone action on your behalf and Steven Chaisson, Steven Gaudet, and/or Stefan Montgomery.

**Response to Request for Production No. 17**

Plaintiff objects to this request as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and is disproportionate to the needs of the case as such information can have no bearing on the outcome. Subject to the objection, Plaintiff supplements his response to include an audio-recorded conversation between himself and Steve Gaudet.

Respectfully Submitted:

**LAW OFFICE OF WILLIAM MOST**

*/s/ Hope A. Phelps*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***

CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2021, a copy of Plaintiff's Third Supplemental Production was transmitted to counsel for Defendants, Chadwick Collings, by email to ccollings@millinglaw.com.

/s/ Hope A. Phelps
HOPE A. PHELPS