MINUTE ENTRY
DOUGLAS, M.J.
JUNE 17, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY ROGERS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-517** |
| **SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO** | **SECTION "H" (3)** |

On June 16, 2021, the Motion to Compel Deposition Testimony (Rec. Doc. No. 95), filed by defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper, and Keith Canizaro ("Defendants") came on for oral hearing before the undersigned. Present were

Hope A. Phelps on behalf of plaintiff, Jerry Rogers, Jr.; and

Chadwick W. Collings on behalf of defendants, Sheriff Randy Smith, Danny Culpeper, and Keith Canizaro

For the reasons stated on the record,

**IT IS ORDERED** that the Motion to Compel Deposition Testimony (Rec. Doc. No. 95) is DENIED as the Court finds that the August 26, 2019 letter sent by attorney Brian Trainor did not constitute a waiver of the attorney-client privilege. Thus, the Court will sustain Plaintiff's objections on the basis of attorney-client privilege and attorney work product doctrine. The Court also sustains Plaintiff's objection on the basis of work product as to the witness interviews conducted by attorney Brian Trainor. *See In re Grand Jury Subpoena*, 870 F.3d 312, 317 (4th Cir. 2017) (quoting *Hickman*, 329 U.S. 495, 516-17 (1947)) (Jackson, J., concurring) ("'Even if [an attorney's] recollection were perfect, the statement would be his language permeated with his inferences.' For most lawyers, imperfect recitations from memory of what a witness said would

MJSTAR: 00:09

inevitably reveal what the attorney deemed important enough to remember."); *Herwig v. Marine Shale Processors, Inc.,* No. CIV. A. 92-2753, 1993 WL 205097, at *2 (E.D. La. June 8, 1993), *aff'd*, No. CIV. A. 92-2753, 1994 WL 10156 (E.D. La. Jan. 11, 1994) ("Whatever [an attorney] may now remember, with or without reference to his notes, would be work -product. Defendants have made no showing which can overcome the special protection afforded an attorney's recollections by the rules and the cases."). Furthermore, the Court distinguishes these circumstances from its previous Order (Rec. Doc. No. 66), which concerned audio recordings created in anticipation of litigation and containing an attorney's opinions, conclusions, and mental impressions.

**IT IS FURTHER ORDERED** that Defendants' request for attorney's fees is DENIED.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**