UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., <br><br> Plaintiff <br> v. <br><br> SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO, <br><br> Defendants | Case No. 2:20-cv-00517 <br><br> JUDGE: MILAZZO <br><br> MAG. JUDGE: DOUGLAS |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REVIEW
THE MAGISTRATE'S JUNE 21, 2021 ORDER (R. Doc. 108)**

Now comes Plaintiff Jerry Rogers, pursuant to Federal Rule of Civil Procedure 72, to respectfully object to the June 21, 2021 Magistrate Judge's order granting sanctions against him.

### I.   Introduction and Background

This case is about St. Tammany Parish Sheriff's Office's choice to arrest Plaintiff Jerry Rogers for criticizing one of their deputies. They arrested him for criminal defamation – even though that statute was ruled unconstitutional as applied by the U.S. Supreme Court more than a half-century earlier. R. Doc. 1.

On May 11, 2021, Defendants moved to sanction the Plaintiff for two perceived discovery offenses. R. Doc. 84.

One perceived offense was that Plaintiff supplemented his discovery with a newly-found audio tape shortly before the deposition of Witness Steve Gaudet. R. Doc. 84-1, p. 4. Defendants asked to reschedule the deposition, and Plaintiff agreed. Defendants have not yet sought to reschedule it. Magistrate Judge Douglas denied Defendants' motion for sanctions with regard to this issue. R. Doc. 108.

The other perceived offense was Plaintiff's response to Defendants' Request for Production

1

No. 7, which stated, "Please produce any and all documents that evidence, support or relate in any way to the damages alleged in the matter." R. Doc. 48-5, p. 5. In response, Plaintiff provided information that his criminal defense attorney Brian Trainor estimated that he worked 40 hours on Plaintiff's criminal case, and that the "average hourly rate for a criminal defense attorney with Mr. Trainor's experience level is $250." R. Doc. 48-5, p. 6; R. Doc. 84-1, pp. 4-5. At his deposition, Mr. Trainor also indicated that he charged Plaintiff a flat fee of $1,500 for the work.

In their motion for sanctions, Defendants did not argue that any of these facts were untrue; instead, they argued that they could have wrongly inferred what Mr. Trainor's billing was if they had not asked further questions. R. Doc. 84-1, p. 5. In briefing, Plaintiff explained why there was no contradiction between the responses: 42 U.S.C § 1988(a) allows for the recovery of "a reasonable attorney's fee" for a federal constitutional violation. In the Fifth Circuit, those reasonable attorney's fees include "expenditures for legal representation during the prior criminal proceeding" "if proved to the jury's satisfaction to be the consequence of [defendants'] illegal conduct."[1] And "attorneys' fees are calculated by the lodestar method — multiplying the number of hours reasonably expended by an appropriate hourly rate."[2] The out-of-pocket cost is not an element of the lodestar method.[3] Thus, Plaintiff provided the information that was actually relevant to his claim for damages.

Magistrate Judge Douglas granted Defendants' motion for sanctions on this issue. She did not explain her reasoning in a written order and did not identify what conduct she found sanctionable. The Magistrate's order only said: "The Motion is granted with regard to Plaintiff's

---

[1] *Castellano v. Fragozo*, 311 F.3d 689, 710 (5th Cir. 2002), reversed *en banc* on other grounds in 352 F.3d 939 (5th Cir. 2003).
[2] *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020).
[3] *See Johnson v. Progreso Dev., LLC,* 20-cv-02167-EJD (N.D. Cal., Oct. 19 2020) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party").

response to Request for Production No. 7." R. Doc. 108. The Court ordered that Plaintiff must pay Defendants' attorneys fees for the motion. *Id.* On July 1, 2021, Defendants sought fees in the amount of $5,103.75 for the motion. R. Doc. 112-1.

For the reasons described herein, sanctions are not proper and the order should be reversed.

**A.   When awarding attorneys' fees as sanctions, the "the trial court must give reasons for its decisions."**

Per "well settled" Fifth Circuit case law, a reviewing court "must be able to understand the district court's disposition of the sanctions motion" *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F. 3d 472, 484 (5th Cir. 2002). For that reason, the "trial court must give reasons for its decisions regarding attorney's fees." *Id.* at 485. The "degree and extent to which a specific explanation" is needed "will vary according to the particular circumstances of the case," but when a judge "fails to explain its decision" there is no way to "know whether the decision was within the bounds of its discretion or was based on an erroneous legal theory." *Id.*

Here, the Magistrate Judge did not explain her decision in her written motion, writing only that the "Motion is granted with regard to Plaintiff's response to Request for Production No. 7." R. Doc. 108. It is not clear why she found Plaintiff's conduct sanctionable – or even *what* conduct she found sanctionable. Was it Plaintiff's discovery response? Was it his legal theory for the assertion that reasonable attorneys' fees are an element of his damages? Because there is no clear explanation of what conduct Plaintiff is being sanctioned for or why, this Court should decline to adopt the Magistrate's order.

**A.   Fifth Circuit precedent holds that a prevailing plaintiff may be entitled to the reasonable attorneys' fees of their criminal defense lawyer.**

During oral argument, the Magistrate Judge seemed to say that her reasoning regarding sanctions was that she thought Plaintiff had not cited a case for the proposition that attorneys' fees for a criminal defense lawyer's work should be measured by reasonable attorneys' fees rather than

the amount actually-billed.

Plaintiff did cite such a case, however: *Castellano v. Fragozo*, 311 F.3d 689 (5th Cir. 2002), reversed *en banc* on other grounds in 352 F.3d 939 (5th Cir. 2003). R. Doc. 87, pp. 2-3. In that case, the Fifth Circuit held that attorney's fees "for legal representation during the prior criminal proceeding" recoverable under 42 U.S.C. § 1988 "if proved to the jury's satisfaction to be the consequence of [defendants'] illegal conduct." *Castellano,* 311 F.3d at 710.

That code section, Section 1988, allows for the recovery of "<u>reasonable</u> attorney's fees as part of the costs." (Emphasis added.) Such "attorneys' fees are calculated by the lodestar method — multiplying the number of hours reasonably expended by an appropriate hourly rate." *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020). The out-of-pocket cost is not an element of the lodestar method. *See Johnson v. Progreso Dev., LLC,* 20-cv-02167-EJD (N.D. Cal., Oct. 19 2020) ("Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party"). This was explicit in one of the cases cited in *Castellano*, which held that the "reasonable amount of these expenditures, if proved to the jury's satisfaction to be the consequence of appellants' illegal conduct, is recoverable as compensatory damages." *Borunda v. Richmond*, 885 F. 2d 1384, 1390 (9th Cir. 1988).

That is why Plaintiff's response discussed the hours Mr. Trainor worked and his reasonable hourly rate – because that is what is relevant here, not what he actually charged. Defendants cited no case law to the contrary.

Even if Plaintiff is wrong, however, and the correct quantum of this element of damages is out-of-pocket payments rather than reasonable fees, Plaintiff did nothing sanctionable. He provided Defendant with true information that he believes supports his quantum of damages. Without any sanctionable conduct, Plaintiff asks this Court to decline to adopt the magistrate's sanctions order.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully asks that this Court decline to adopt the Magistrate's order and decline to issue sanctions against Plaintiff.

        Respectfully Submitted:

    **MOST & ASSOCIATES**

    */s/ Hope A. Phelps*
    **HOPE PHELPS (La. Bar No. 37259)**
    **WILLIAM MOST (La. Bar No. 36914)**
    **DAVID LANSER (La. Bar No. 37764)**
    201 St. Charles Ave., Ste. 114, # 101
    New Orleans, LA 70170
    T: (504) 256-4615
    Email: hopeaphelps@outlook.com
    ***Counsel for Plaintiff, Jerry Rogers, Jr.***