UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., )<br>)<br>Plaintiff )<br>v. )  Case No. 2:20-cv-00517<br>)<br>SHERIFF RANDY SMITH, DANNY )<br>CULPEPER, and KEITH CANIZARO, )<br>)<br>Defendants ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF A PRIVACY ACT PROTECTIVE ORDER (R. DOC. 105)**

In response to Defendants' Opposition to Plaintiff's Motion for Entry of a Privacy Act Protective Order (R. Doc. 115), Plaintiff Jerry Rogers provides this Reply Memorandum to clarify inaccuracies.

First, Defendants argue Plaintiff "seeks to bypass those [Privacy Act] protections through the use of a protective order." This is not a "bypass" of the Privacy Act. This is an *invocation* of a right under the Privacy Act to access evidence that is directly relevant to this litigation. The Privacy Act specifically contemplates the issuance of protective order in this circumstance – for purposes of litigation. 5 U.S.C.§ 552a(b)(11); R. Doc. 105-2.

Next, Defendants misrepresent Plaintiff's request as a request "to reveal one name in two paragraphs." In the subject motion, Plaintiff provided this court with one example to demonstrate how the names of witnesses relevant to this litigation are redacted. To clarify any confusion Defendants have created, the full public record version of the FBI Case File is attached as Exhibit 1. Per the public FBI Case File, the file contains the record of an investigation, "for evidence of a criminal conspiracy conducted by the above-mentioned STPSO members, and/or others to deprive

ROGERS of his constitutionally protected civil rights."[1] Thus, the 90-pages of the FBI Case File *each* contain evidence that is directly relevant to Jerry Rogers' claims in this lawsuit. The information is necessary for Plaintiff to question witnesses, refresh recollection, or to impeach them in their depositions or at trial.

Notably, Defendants' own Opposition contains an example of how they abuse the Privacy Act to conceal relevant evidence of their conduct and misrepresent the facts of this case. Defendants claim, "one judge has already found probable cause for Plaintiff's arrest." R. Doc. 115, p. 4.[2] The FBI Case File provides context – specifically that the FBI interviewed the judge, who explained that he had subsequently discovered the criminal defamation statute to be unconstitutional, and said that "if a law enforcement officer knew Criminal Defamation had been found unconstitutional the law enforcement officer should not submit affidavits or seek a warrant for a person's arrest."[3]

Lastly, Defendants rely on *Gutierrez v. Benavides,* 2013 U.S. Dist. LEXIS 91490 at *9-10 (S.D. Tex. 06/11/13) for the proposition that they have some privacy interest in the Unredacted FBI Case File. Defendants neglect to mention that the court in *Guiterrez*, citing extensive Fifth Circuit jurisprudence, granted the Plaintiff's motion to compel the United States defendants to produce government records, and required the parties to fashion an appropriate confidentiality agreement. The court provided some guidance on what privacy interests are and are not worthy of protection. The excerpts below include underlined portions of the court's opinion, which Defendants excluded in their Opposition. These portions suggest that any privacy interest of

---

[1] Unclassified FBI Case File: St. Tammany Parish Sheriff's Office; Victim – Jerry Hamilton Rogers; Conspiracy Against Rights, attached as Exhibit 1, pp. 3-4.
[2] Defendants fail to mention that they concealed information from that judge in order to mislead him into finding said "probable cause." Additionally, on motion for preliminary examination in Jerry Rogers' criminal case, Judge Scott Gardner found there was no probable cause for Roger's arrest. R. Doc. 1, ¶ 27.
[3] Exhibit 1, p. 53.

Defendants and other public officials identified in the FBI Case File is vastly outweighed by Plaintiff's interest in this lawsuit and the public interest in the freedom of information:

> As indicated above, in determining whether to grant a protective order, the court must balance the requesting party's need for the information against the injury that might result if uncontrolled disclosure is compelled. *See id.* at 787. Through this balancing process, courts should afford due weight to the affected party's privacy interests. *See id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)). Protective orders are intended to protect these privacy interests and prevent the infliction of unnecessary or serious pain on parties entitled to such protection. *Id.* <u>Significantly though, " privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny," as the public has a substantial interest in the integrity, or lack thereof, of those who serve in public office. *Id.* In this vein, courts should consider for what purpose the information is being sought--if the case involves matters of legitimate public concern or issues relating to public health or safety, those are factors weighing against a protective order. *Id.* at 787-88; *see also Morrow v. City of Tenaha*, No. 2-08-cv-288-TJW, 2010 WL 3927969, at \*4 (E.D. Tex. Oct. 5, 2010) (" Courts are especially unwilling to issue a protective order merely to spare the defendant embarrassment where, as here, the defendants are public officials and the issues in the case are matters of public concern." ).</u>
> …
>
> <u>The *Pansy* court emphasized that " a strong presumption against entering or maintaining confidentiality orders strikes the appropriate balance by recognizing the enduring beliefs underlying freedom of information laws: that an informed public is desirable, that access to information prevents governmental abuse and helps secure freedom, and that, ultimately, [the] government must answer to its citizens." 23 F.3d at 792. It would appear then that the public's interest in " records indicating official misconduct, abuse of power, or constitutional violations by Defendants" is particularly legitimate and important, while Defendants privacy interest in these records is diminished because of their status as public officials. Such documents should therefore be made available to Plaintiffs without restriction.</u>

Nevertheless, Plaintiff has worked with the Department of Justice to fashion a protective order. The Department of Justice has approved the proposed order. The proposed Privacy Act Protective Order is more restrictive than what the court in *Guiterrez* suggested. Accordingly Plaintiff respectfully requests this Honorable Court accept his Reply Memorandum in Support of Plaintiff's Motion for Entry of a Privacy Act Protective Order, and issue the proposed Privacy Act Protective Order and grant such other relief as it deems just and proper under the premises.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***

4