UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., </br></br> Plaintiff </br></br> v. </br></br> SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO, </br></br> Defendants | Case No. 2:20-cv-00517 </br></br> JUDGE: MILAZZO </br></br> MAG. JUDGE: DOUGLAS |

**Local Rule 5.6 Non-Confidential Memorandum in Support of Plaintiff's *Ex Parte* Motion for Leave to File Motion for Protective Order Under Seal (R. Doc. 82)**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Jerry Rogers, Jr., and pursuant to Local Rule 5.6 and this Court's June 30, 2021 Order (R. Doc. 111) respectfully moves this Honorable Court to issue an Order directing the Clerk of Court to seal Plaintiffs' Motion for a Protective Order (R. Doc. 82) and attachments.

### I.    Factual Background

The Motion for a Protective Order and its exhibits contain information regarding a closed criminal investigation. Because law enforcement found "no identified victims of a crime, and no evidence," the "investigation was closed." Ex. 2 to R. Doc. 82 at 1, 6. The allegations underlying the closed investigation are inflammatory and wholly irrelevant to this litigation.

The information would serve only to embarrass parties and non-parties if filed into the open record of this Court. Sealing is necessary to protect parties and non-parties from further abuse of this information to harass, intimidate, and embarrass them.

### II.    Legal Argument

A district court's decision to seal records is reviewed on appeal for abuse of discretion. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). Courts have recognized a common

law right of the public to access judicial records. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008). While the common law creates a presumption in favor of the public's access, it is not an absolute right. *See Van Waeyenberghe*, 990 F.2d at 849. A court may deny access to records if they become a vehicle for improper purposes. *United States v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010).

To invoke the court's power to seal documents, the party seeking nondisclosure must show that the interest in secrecy outweighs the presumption in favor of access. *See Van Waeyenberghe*, 990 F.2d at 848. For example, in determining whether to grant a protective order, the court must balance the requesting party's need for the information against the injury that might result if uncontrolled disclosure is compelled. *Gutierrez v. Benavides,* 2013 U.S. Dist. LEXIS 91490 at *9-10 (S.D. Tex. 06/11/13). Through this balancing process, courts should afford due weight to the affected party's privacy interests. *Id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984)). Protective orders are intended to protect these privacy interests and prevent the infliction of unnecessary or serious pain on parties entitled to such protection. *Id. See also Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 1998 WL 186728, *1 (E.D. La. 1998) (granting protective order in which judicial record contained sensitive and proprietary financial information about individual dealerships that, which if unsealed, could cause commercial and competitive harm to such dealers); *Shell Exploration and Production Co. v. Robinson*, 2001 WL 149054, *1 (E.D. La 2001) (granting protective order to prevent parties in litigation from gaining access to privileged and confidential technological information).

In this case, there is no significant public interest in the details of a closed investigation into inflammatory allegations involving parties and non-parties that were deemed unfounded, and

2

the facts of which are not relevant to this litigation. Plaintiff, a party and a private person, objects to the disclosure, as it contains information about parties and non-parties who are not public officials. Plaintiff would be prejudiced by the disclosure of information related to an investigation into inflammatory and unfounded allegations. There is no proper purpose in this litigation for introduction of information related to inflammatory and unfounded allegations.

Defendants now seek to introduce into the record of this judicial proceeding references to an irrelevant, inflammatory, unfounded, and closed investigation. They cannot identify how this information is relevant to the subject proceeding. Thus, Plaintiff filed a Motion for Protective Order, and a motion to file it under seal.

### III. Extent of Request

Plaintiff requests that the documents be sealed through trial and will request that they be maintained as such.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***

3