# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| **Defendants** | * | |

*******************************************************************************

### MEMORANDUM IN SUPPORT OF DEFENDANTS' EX PARTE MOTION FOR LEAVE TO FILE DEFENDANTS' RULE 72 OBJECTION TO MAGISTRATE'S JULY 22, 2021 ORDER UNDER SEAL

**MAY IT PLEASE THE COURT**

**NOW INTO COURT**, through undersigned counsel, come Defendants, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, each in their official and individual capacities, and submit the following memorandum in support of their Motion for Leave to File Rule 72 Objection to Magistrate's July 22, 2021 Order Under Seal:

Local Rule 5.6 provides that a document may be prospectively filed under seal if it is accompanied, in part, by a non-confidential supporting memorandum that provides:

1. A non-confidential description of what is to be sealed;

2. A statement as to why sealing is necessary;

3. Reference to governing case law, and;

4. A statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing.

Courts recognize that the public has a common law right to inspect and copy judicial records, and therefore there is a presumption of public access.[1] However, this right is not absolute, and "there are well-recognized situations in which the seal may and should be used."[2] Documents that reference a party's health are typically sealed.[3][4]

In this matter, Defendants have attached to their proposed memorandum in support multiple sets of medical records that describe Plaintiff's medical condition. Further, the proposed memorandum makes several references to those records, and therefore Defendants aver that sealing the entire pleading is the only viable option to protect Plaintiff's privacy regarding his medical condition and treatment. Accordingly, Defendants move to seal Rule 72 Objection to Magistrate's July 22, 2021 Order until further order of this Court.

**WHEREFORE,** Defendants respectfully aver that the Defendants request leave to file their Rule 72 Objection to Magistrate's July 22, 2021 Order and memorandum in support under seal.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*/s/ Chadwick W. Collings*

| | |
|---|---|
| **CHADWICK W. COLLINGS, T.A.** | **# 25373** |
| **HENRY M. WEBER** | **# 35374** |
| **LAUREN A. WILLIAMS** | **# 37917** |

**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:    (985) 292-2000**
**Facsimile:    (985) 292-2001**
ccollings@millinglaw.com
*Counsel for Defendants*

---

[1] *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).
[2] *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).
[3] *Lima v. Wagner,* 2018 U.S. Dist. LEXIS 240644 (S.D. Tex. 10/24/18).
[4] *United States v. Jimenez,* 256 F.3d 330 (5th Cir. 2001).

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on August 4, 2021, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**