## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**JERRY ROGERS, JR.**                                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 20-517**

**SHERIFF RANDY SMITH, DANNY**                **SECTION "H" (3)**
**CULPEPER, and KEITH CANIZARO**

### ORDER

Before the Court is a Motion to Remove the Confidentiality Designation from Defendants' Police Officer Disciplinary Records ("Motion") (Rec. Doc. No. 64), filed by plaintiff, Jerry Rogers. Defendants, Sheriff Randy Smith, Danny Culpeper, and Keith Canizaro ("Defendants") oppose the motion (Rec. Doc. No. 67). The Court held oral argument on the Motion on Wednesday, April 14, 2021, at which time the Court ordered Defendants to submit the subject disciplinary records for *in camera* review and ordered the parties to submit supplemental briefing on questions posed by the Court. (Rec. Doc. No. 73). Thereafter, Defendants submitted a supplemental opposition to the Motion. (Rec. Doc. No. 79). Having considered the documents submitted for *in camera* review, arguments of counsel, the pleadings, and applicable case law, the Court rules as follows.

### I.      BACKGROUND

The current dispute between the parties arises from documents that Defendants labeled as "confidential" pursuant to a Consent Protective Order ("Protective Order") (Rec. Doc. No. 55), which was signed and entered by this Court on February 19, 2021. On February 23, 2021, Defendants produced police officer disciplinary records and designated those records as confidential.

Plaintiff contends that the disciplinary records do not fall under the protections of the Protective Order because the records do not contain information that is sensitive in nature, such as home addresses, telephone numbers, social security numbers, and medical information. In reliance on *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021), Plaintiff argues that the Fifth Circuit has recently cautioned against the excessive sealing of records. Plaintiff also relies on *City of Baton Rouge/Par. of E. Baton Rouge v. Cap. City Press, L.L.C.*, 4 So. 3d 807 (La. App. 1 Cir. 2008), for his argument that police officers have no reasonable expectation of privacy in disciplinary records concerning activities of the their official duties. Plaintiff contends that the confidential status of the records is diminished because they contain information about how Defendants discharged their official duties, which is subject to a Public Records Act request.

In response, Defendants assert that they sought the Protective Order based on Plaintiff's history of filing "vexatious and harassing" discovery motions, making unverified and unsupported allegations against Defendants, and Plaintiff's statement that the Defendants were using the discovery process to retaliate against him. Defendants contend that the Protective Order is necessary to protect them from the aggressive litigation strategy of Plaintiff and assert that Plaintiff has harassed them with numerous sets of discovery and discovery motions.

Defendants further argue that Plaintiff has failed to provide how he will be prejudiced by the confidential designation of the disciplinary records. Defendants point out that Plaintiff is free to use the confidential documents in this litigation, and that the use of the confidential documents outside of this litigation is restricted. Defendants contend that Plaintiff never states why he is requesting that the confidential designation be removed.  Defendants argue that they have an interest in preventing the subject disciplinary records from being posted on social media or publicized in other ways. Defendants contend that Plaintiff will publish this information on social

media as part of his trial strategy. Defendants contend that Plaintiff has demonstrated a willingness to libel them in pleadings, and that the Protective Order is necessary to protect the Defendants from Plaintiff "who might seek to needlessly embarrass or oppress them." (Rec. Doc. No. 67 at p. 3). Defendants further argue that the cases cited by the Plaintiff are inapplicable and misplaced. As to *Binh Hoa Le*, Defendants contend that the portion of the opinion relied on by Plaintiff is dicta that is non-binding. As to *City of Baton Rouge/Par. of E. Baton Rouge v. Cap. City Press, L.L.C.*, Defendants essentially contend that it is inapplicable to the facts of this case.

In Defendants' supplemental opposition, they argue that the Protective Order was entered to protect Defendants' personnel files. Defendants contend that the request to remove the confidentiality designation should be denied because of their reliance on the Protective Order in producing the disciplinary records and that they would not have produced the records without the Protective Order. Defendants further argue that the documents are not relevant as Plaintiff has made no allegations of a pattern of disciplinary action and the records do not relate to Plaintiff's claims. Defendants also add that the confidentiality designation should not be produced because the records reference a case concerning a minor.[1] Defendants further contend that Louisiana law relating to public records requests are subject to numerous exceptions and provides an adequate procedure for public records requests. Defendants argue that the question before the Court falls under the Federal Rules of Civil Procedure, and the procedure for making a state law records request is not inside a federal discovery motion.

---

[1] The Court has reviewed the subject records and finds that the files generally reference an investigation regarding a minor, but the identity of and details about the minor are not revealed. Therefore, the Court will not consider this argument when making its confidentiality determination.

## II.      LAW AND ANALYSIS

### A.  *Binh Hoa Le*

Plaintiff's reliance on *Binh Hoa Le* is misplaced. *Binh Hoa Le* involved a protective order authorizing the sealing, in perpetuity, of documents the parties marked confidential. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). As a result of the protective order, most of the record was sealed and hidden from public view. *Id*. The Fifth Circuit cautioned against the practice of allowing the parties to dictate the accessibility of judicial records, stating that "[j]udicial records belong to the American people; they are public, not private, documents." *Id*. Unlike *Binh Hoa Le*, the present dispute arises from documents produced during discovery but not filed into the record. This scenario was contemplated by the Fifth Circuit in *Binh Hoa Le* when it stated:

> [a]t the *discovery* stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information. But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous. This conflation error—equating the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal—is a common one and one that over-privileges secrecy and devalues transparency.

*Id*. at 420 (emphasis in original). Therefore, the Court will not consider *Bin Hoa Le* in this particular case.

### B.  Relevance

The Court finds that the post-production arguments regarding the discoverability and relevance of the documents are moot because the documents have already – albeit pursuant to a protective order – been produced.  Moreover, despite the arguments of counsel, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Therefore, although Defendants now dispute the relevance of the subject records,

4

their production during discovery does not affect their right to challenge the documents admissibility at trial.

## C. Modification of the Confidentiality Designation

Courts in the district have recognized three types of protective orders, which are designated based on the amount of information covered. *Donahue v. Smith*, No. CV 15-6036, 2017 WL 6604842, at *3 (E.D. La. Dec. 27, 2017) (citing *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (quoting *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995), *overruled on other grounds by S.E.C. v. TheStreet.Com*, 273 F.3d 222 (2d Cir. 2001))). First is a "narrow" protective order, which the court issues after reviewing the material to be designated as confidential and determining that good cause for the order exists. *Id*. (citing Charles Alan Wright, et al., 8 *Federal Practice & Procedure* 2d § 2044.1 (2008)). Second is an "umbrella" protective, which predesignates all discovery as protected, and does not require a showing of good faith. *Id*. Third is a "blanket" protective order, which allows the parties to designate as confidential any document(s) the parties believe contain confidential information. *Id*.

The protective order at issue in this case is a "blanket" protective order, and Plaintiff seeks a modification of Defendants' confidentiality designation of certain disciplinary records.  The Protective Order provides that "[i]f either party objects to the designation of a document as 'Confidential,' they shall in good faith confer or attempt to confer with the designating person in an effort to resolve the dispute without court action. If the parties are not able to resolve the dispute, the objecting party may challenge the objection of confidentiality by motion, which must be filed within thirty (30) days." (Rec. Doc. No. 55 at p. 2). The Defendants designated the subject

disciplinary records as confidential on February 23, 2021, and Plaintiff filed their motion on March 25, 2021 – thirty days after the designation.

In reviewing a challenge to a confidentiality designation, this Court has considered four factors including:

(1) good cause—if good cause was shown for the original protective order, the burden is on the party seeking modification to show good cause for modification; if good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection;

(2) the nature of the protective order (i.e., narrow vs. broad, court imposed vs. court approved upon stipulation of the parties);

(3) the foreseeability at the time of the original protective order of the modification now requested; and

(4) the parties' reliance on the protective order.

*Donahue*, 2017 WL 6604842, at *4 (collecting cases); *Dotson v. Edmonson*, No. 16-CV-15371, 2019 WL 8892582, at *4 (E.D. La. May 24, 2019); *Ruby Slipper Cafe, LLC v. Belou*, No. CV 18-1548, 2020 WL 4897905, at *4 (E.D. La. Jan. 8, 2020).

**i.   <u>Good Cause</u>**

In the present case, there was no initial showing or finding of good cause for the entry of the instant protective order. Therefore, the burden of showing good cause is on the party seeking continued confidentiality protection – in this case, Defendants. *Donahue*, 2017 WL 6604842 at *5 ("The producing party has the burden of proof with respect to demonstrating a document's confidential nature.") (citing *Holland v. Summit Tech.*, *Inc.*, No. CIV. A. 00-2313, 2001 WL 1132030, at *2 (E.D. La. Sept. 21, 2001) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 n.17 (3d Cir.1994)) ("After delivery of the documents, the opposing party would have the

opportunity to indicate precisely which documents it believed not to be confidential, and the party seeking to maintain the seal would have the burden of proof with respect to those documents.")).

"A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal." *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 683–84 (5th Cir. 1985). "If the party from whom discovery is sought shows "good cause," the presumption of free use dissipates, and the district court can exercise its sound discretion to restrict what materials are obtainable, how they can be obtained, and what use can be made of them once obtained." *Id*. at 684. "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order. *Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004) (citing *Pansy,* 23 F.3d at 786). The litigant seeking a protective order must articulate the injury with specificity. *Id*.  "Broad allegations of harm, unsubstantiated by specific examples," do not support a showing of good cause. *Id*. In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information. *Id*. The court has wide discretion in determining the scope of a protective order. *Id*.

Here, the Court finds that Defendants have not shown good cause to maintain the confidentiality designation. Defendants argue that good cause exists because of the litigation tactics, discovery motions, and allegations against Defendants for alleged retaliatory use of the discovery process. Defendants argue that Plaintiff's actions demonstrate his willingness to libel Defendants, and that Plaintiff "might" seek to embarrass and oppress the Defendants by posting the information on social media. (Rec. Doc. No. 67 at p. 3).

These broad and conclusory assertions of embarrassment and oppression do not articulate a clearly defined and serious injury that will occur by removal of the confidentiality designation.

Defendants' supposed injury stems from the *chance* that Plaintiff *might* post the confidential information on social media and embarrass them, but Defendants have not shown sufficient facts demonstrating that Plaintiff has a record of publicizing harmful or embarrassing information. Defendants also point to statements in an opposition to a motion to compel where Plaintiff references Defendants' history of "intimidation, abuse, and retaliation." (Rec. Doc. No. 52 at p. 12). The Court does not find that these statements demonstrate a defined and serious injury to Defendants.

Furthermore, when analyzing good cause based on the risk of injury to Defendants, the Court finds *City of Baton Rouge/Par. of E. Baton Rouge v. Cap. City Press, L.L.C.* persuasive. *City of Baton Rouge/Par. of E. Baton Rouge v. Cap. City Press, L.L.C.*, 4 So. 3d 807 (La. App. 1 Cir. 2008). In that case, the Louisiana First Circuit Court of Appeal stated:

> we do not find any legitimate reasonable expectations of privacy on behalf of any of the police officers who were investigated. These investigations were not related to private facts; the investigations concerned public employees' alleged improper activities in the workplace. On the other hand, the public has a strong, legitimate interest in disclosure. One of the purposes of the Public Records Act is to insure that public business is subject to public scrutiny. The public has an interest in learning about the operations of a public agency, the work-related conduct of public employees, in gaining information to evaluate the expenditure of public funds, and in having information openly available to them so that they can be confident in the operation of their government. The public should be ensured that "both the activity of public employees suspected of wrongdoing and the conduct of those public employees who investigate the suspects is open to public scrutiny. It would be an incongruous result to shield from the light of public scrutiny the workings and determinations of a process whose main purpose is to inspire public confidence.

*Id.* at 821. As Louisiana courts have recognized a diminished expectation of privacy in investigations of police officer activities in the workplace, the Court finds minimal risk of injury to Defendants. Therefore, the Court finds that this factor weighs against maintaining the confidentiality designation.

ii.     **Nature of the Protective Order**

"In considering the nature of the protective order, courts have held that although blanket protective orders are more susceptible to modification than narrowly drawn protective orders, where the parties have stipulated to the terms of the order, this weighs against modification." *Dotson*, 2019 WL 8892582, at *4 (citations omitted). In this case, the protective order was broad and entered by stipulation of the parties. As a result, this factor weighs against modification of the confidentiality designation.

iii.    **Foreseeability at the Time of the Original Protective Order of the Modification**

As discussed above, the Protective Order contemplated a procedure for challenging confidentiality designations, granting the party who disagreed with the confidentiality designation the right to object within thirty (30) days of the designation. (Rec. Doc. No. 55 at p. 2). As the parties contemplated modification in the original protective order, this factor weighs in favor of modification. *See Ruby Slipper Cafe*, 2020 WL 4897905 at *5; *Donahue*, 2017 WL 6604842 at *4.

iv.     **The Parties' Reliance on the Protective Order**

The reliance factor focuses on the extent to which the party opposing the modification relied on the protective order in deciding the manner in which documents would be produced in discovery. *Dotson*, 2019 WL 8892582 at *4 (quoting *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2008 WL 4371679, at *3 (E.D. Tex. Sept. 18, 2008)). In this case, Defendants relied on the subject protective order when deciding how documents would be produced in discovery. Shortly after the entry of the Protective Order, the Defendants produced disciplinary records subject to the Protective Order. Furthermore, the protective order states "pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties herein have requested in discovery documents

and information that are sensitive in nature, including materials from defendants' personnel files."
(Rec. Doc. No. 55 at p. 1). Moreover, although Defendants expressly state that they would not
have produced the records but for the protective order, such an argument does not negate the
diminished expectation of privacy of the documents under Louisiana law.

## III.   CONCLUSION

After considering the four-factor test for modification of the confidentiality designation,
the Court finds that, on balance, the factors weigh in favor of removing the confidentiality
designation. Accordingly,

**IT IS ORDERED** that the Motion to Remove the Confidentiality Designation from
Defendants' Police Officer Disciplinary Records (Rec. Doc. No. 64) is GRANTED.

New Orleans, Louisiana, this 1st day of October, 2021.

**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**