UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JERRY ROGERS, JR.**                                            **CIVIL ACTION**

**VERSUS**                                                               **NO: 20-517**

**RANDY SMITH ET AL.**                              **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Review Magistrate Judge's June 21, 2021 Ruling (Doc. 113). For the following reasons, the magistrate judge's Order is AFFIRMED.

## BACKGROUND

This case arises out of the arrest of Plaintiff Jerry Rogers for criminal defamation. Defendants are St. Tammany Parish Sheriff Randy Smith, Chief Danny Culpeper, and Sergeant Keith Canizaro in their individual and official capacities. Plaintiff alleges that he worked for the St. Tammany Parish Sheriff's Office ("STPSO") from 1998 to 2009 before leaving for other employment. On July 14, 2017, Nanette Krentel was murdered in St. Tammany Parish, and her murder remains unsolved. Plaintiff followed the news coverage of the murder investigation and, based on his personal

1

experience, became critical of some of the actions taken by the STPSO. He began communicating with Krentel's family members by email about his concerns. Specifically, Plaintiff was critical of the lead investigator, Detective Daniel Buckner.

At some point, the STPSO became aware of the emails and began investigating their source. Plaintiff alleges that upon discovering that Plaintiff was the author of the emails, the STPSO sought advice from the district attorney's office and was advised that Louisiana's criminal defamation law, Louisiana Revised Statutes § 14:47, had been declared unconstitutional as to public officials, and therefore charges against Plaintiff could not be pursued. Plaintiff alleges that despite this, Defendant Smith ordered that Plaintiff be arrested for criminal defamation anyway.

On September 16, 2019, Canizaro was granted an arrest warrant for Plaintiff for violation of Louisiana Revised Statutes § 14:47. Plaintiff was arrested on September 16, 2019 and released on bail the same day. Ultimately, the Louisiana Department of Justice declined to prosecute the criminal charge against him.

Plaintiff brings claims against Defendants for First Amendment retaliation, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. Plaintiff asserts that he suffered "emotional distress, pain, suffering, humiliation, and frustration" as a result of the incident.

On May 11, 2021, Defendant moved to sanction Plaintiff for his response to a Request for Production. Specifically, Defendant asked Plaintiff to "produce any and all documents that evidence, support or relate in any way to the


damages alleged in this matter."[1] In response, Plaintiff estimated that his criminal defense attorney, Brian Trainor, worked 40 hours on his case and that the average hourly rate for an attorney with Mr. Trainor's experience level was $250. At his deposition, however, Mr. Trainor testified that he charged Plaintiff a flat fee of $1,500. Defendant moved for sanctions in light of Plaintiff's misrepresentation. The magistrate judge granted Defendant's request for sanction without providing reasons. Plaintiff now appeals that ruling, arguing that the magistrate judge erred in applying the law and in not providing written reasons for her decision.

## LEGAL STANDARD

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.[2] A magistrate judge is afforded broad discretion in resolving non-dispositive pre-trial matters.[3] A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.[4] The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law."[5] In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."[6]

---

[1] Doc. 48-5.
[2] 28 U.S.C. § 636(b)(1)(A).
[3] McCallon v. BP Am. Prod. Co., Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).
[4] FED. R. CIV. P. 72(a).
[5] 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).
[6] Yelton v. PHI, Inc., 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

## **LAW AND ANALYSIS**

First, Plaintiff argues that the magistrate judge erred in not providing written reasons for her decision to impose sanctions. The Fifth Circuit has held that although a trial court should give reasons for imposing sanctions, "[t]he degree and extent to which a specific explanation must be contained in the record on appeal will vary according to the particular circumstances of the case, including the severity of the violation, the significance of the sanctions, and the effect of the award."[7] Here, the reason for the magistrate judge's decision seems clear: when asked to present evidence to support his claim for damages, Plaintiff failed to provide information regarding the flat fee he paid and, instead, misrepresented the amount he owed in legal fees. The magistrate judge's failure to give a more specific explanation was not clear error.

Next, Plaintiff argues that the "reasonable attorney's fee" recoverable under 42 U.S.C. § 1988 is calculated using the lodestar method—the number of hours worked multiplied by an appropriate hourly rate—and therefore the out-of-pocket cost to Plaintiff is not relevant to the calculation of damages. In support of this contention, Plaintiff cites only to the Fifth Circuit's opinion in *Castellano v. Fragozo*, in which the court stated that attorney's fees for prior criminal proceedings are recoverable under 42 U.S.C. § 1988.[8] The case does not, as Plaintiff suggests, stand for the proposition that actually billed attorney's fees are irrelevant to an award of attorney's fees under § 1988. Indeed, the court ultimately held that the district court did not abuse its

---

[7] Copeland v. Wasserstein, Perella & Co., 278 F.3d 472, 485 (5th Cir. 2002).

[8] 311 F.3d 689, 710 (5th Cir. 2002), *reh'g en banc granted, opinion vacated on other grounds*, 321 F.3d 1203 (5th Cir. 2003), and *opinion after grant of reh'g*, 352 F.3d 939 (5th Cir. 2003).

discretion in allowing the plaintiff to "recover the attorneys' fees he *incurred* during his criminal trial."[9] Because Plaintiff failed to cite this Court to any more compelling case supporting his position, this Court cannot say that the magistrate judge erred in granting sanctions.

## CONCLUSION

For the foregoing reasons, the magistrate judge's June 21, 2021 Order is AFFIRMED.

New Orleans, Louisiana this 16th day of December, 2021.

**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**

---

[9] *Id.* (emphasis added).