10/18/21, 10:20 AM  Letter to Media, Citizens Re: Nanette Krentel investigation and recent arrest of Jerry Rogers | Homepage | St. Tammany Parish …

Case 2:20-cv-00517-JTM-DMD Document 158-13 Filed 01/10/22 Page 1 of 4




# Letter to Media, Citizens Re: Nanette Krentel investigation and recent arrest of Jerry Rogers

OCTOBER 28, 2019 | 11:50 AM



**St. Tammany Parish Sheriff's Office**
**RANDY SMITH,** *Sheriff*

PROFESSIONALISM • INTEGRITY • ACCOUNTABILITY • PUBLIC TRUST

October 28, 2019

Peter Kovacs                                                Keith Esparros

Editor, The Morning Advocate                                News Director, WWL Television

840 St. Charles Avenue                                      1024 North Rampart Street

New Orleans, LA  70130                                      New Orleans, LA

    Re:    Nanette Krentel investigation and recent arrest of Jerry Rogers

Gentlemen:

10/18/21, 10:20 AM
Letter to Media, Citizens Re: Nanette Krentel Investigation and recent arrest of Jerry Rogers | Homepage | St. Tammany Parish …

Case 2:20-cv-00517-JTM-DMD Document 158-13 Filed 01/10/22 Page 2 of 4




ST. TAMMANY PARISH
**SHERIFF'S OFFICE**

disgraceful, which is why I have decided to issue this statement to set the record straight.

First, and most importantly, since Mrs. Krentel's death two years ago, my office has worked tirelessly to try and solve her murder and give her family peace. To date, we have unfortunately been unable to obtain sufficient evidence to obtain a warrant for anyone's arrest. That is not, however, because of a lack of effort. To date, my office has executed in excess of 65 (sixty five) search warrants in connection with this case, we have reviewed in excess of 45 (forty-five) hours of surveillance footage, we have conducted in excess of 80 (eighty) interviews, and we have asked for assistance from, and have worked with, the Federal Bureau of Investigation (FBI), Bureau of Alcohol Tobacco & Firearms (ATF), United States Postal Inspection Service, the St. Tammany Parish District Attorney's Office, the Louisiana Office of State Fire Marshal, the St. Tammany Parish Coroner's Office, and the Louisiana State Police-Special Investigative Unit/Technical Support Unit, all in an effort to solve this case. I have also retained the services of a retired U.S. Marshal of the Eastern District of Louisiana, specifically to give my investigators a fresh perspective, all in an effort to resolve this case.

I completely understand the Watson family's frustration, I share it, but the St. Tammany Parish Sheriff's Office is made up of professional, highly trained individuals, and we cannot arrest an individual simply because certain members of Mrs. Krentel's family want us to do so. There has to be evidence that indicates probable cause exists, before an arrest warrant is issued. You have my word; my office will continue to work this case until it is resolved.

Regarding the recent arrest by my office of Jerry Rogers, since certain members of your organizations, for reasons unknown, chose to only tell part of the story, let me again set the record straight regarding this individual. We were contacted by one of the members of the Watson family months ago and asked to look into anonymous emails that were being sent to the family. As these emails concerned an open homicide investigation, my office was obliged to investigate, as we have done with each and every lead in this case. Through the course of this investigation, it was discovered that the person sending these anonymous emails was Jerry Rogers, currently an investigator with the Federal Department of Housing and Urban Development (HUD), and that some of these emails were in fact sent from his U.S. Government IP address. Prior to working for HUD, Mr. Rogers had been a long-time employee of former Sheriff Jack Strain.

My investigators at first tried to meet with Mr. Rogers at his place of employment, the Hale Boggs Building on Poydras Street in New Orleans. When my investigators at first tried to speak with Mr. Rogers, he refused to open the door and speak to them. A few days later we learned that Mr. Rogers, while at a training event in West Monroe, Louisiana, refused to come out of his hotel room and was threatening to commit suicide. Finally, after several hours on the scene, a negotiator with the West Monroe Police Department was able to get him to exit his hotel, but not before Mr. Rogers tried to commit "suicide by cop" by pulling his cell phone out and pointing it directly at the officers on the scene in a very quick motion. Fortunately for all involved, due to their discipline and training, the West Monroe Police Department did not open fire on Mr. Rogers and instead he received the psychiatric help he obviously needed following this incident. This information was shared with your media organizations; however, for reasons only you can explain, you chose not to share it with the public.



upcoming election.

Regarding the constitutionality of the LSA-14:47, the statue that Mr. Rogers was charged with violating, I am aware that some courts have ruled that the statute may be unconstitutional insofar as it relates to any public expressions about public officials. Mr. Rogers' activity, however, does not fit within that description. On the contrary, this is an individual who used fake email accounts in an effort to hide his identity and make misstatements of fact concerning detectives working an open homicide investigation. This was a deliberate effort to mislead the victim's family and to discredit the detectives. This harmed our ability to solve this crime. Based on these facts, my office felt that there was probable cause to seek a warrant for Mr. Rogers' arrest. The District Attorney's office has appropriately recused itself from this matter, as Mr. Rogers' wife works for the District Attorney. This matter will now be handled by the Louisiana Attorney General's Office, and since it is also the exclusive province of the Louisiana Attorney General to defend the constitutionality of Louisiana's laws, I will defer any further comment on the this issue to the Attorney General's Office. To be clear, this arrest had nothing to do with me, it relates directly to stopping efforts that impair our ability to investigate and solve this crime.

Turning now to Ms. Wendy Watson's claims that "her trespassing arrest was made to shut her up." Let me state unequivocally, I have no interest in trying to keep anyone from expressing their opinions, including Ms. Watson. I would also point out that Ms. Watson has not in fact been arrested. There is, however, an active warrant for Ms. Watson's arrest, and thus she is currently a fugitive. This warrant was not initiated by me, but was in fact sworn out by the complainant who owns the property upon which Ms. Watson was trespassing. I would encourage Ms. Watson to turn herself in to the Sheriff's Office in order to let the Court perform its duty to adjudicate her guilt regarding this alleged crime.

All of this information was shared with your media organizations. Why you only chose to tell half the story is a question only you can answer. My job as Sheriff is to give all the facts and let the citizens make informed decisions about how my office operates. That is how I have always conducted myself, and that is how the St. Tammany Parish Sheriff's Office will operate as long as I am the Sheriff.

Finally, in closing, as I have said for the past two years, we will continue to run down every lead no matter where it takes us, and we will never stop working to try and solve this case and bring closure to Mrs. Krentel's family. That is my promise to the victim's family and to all the citizens of St. Tammany Parish.

Sincerely,

Randy Smith
St. Tammany Parish Sheriff

10/18/21, 10:20 AM	Letter to Media, Citizens Re: Nanette Krentel Investigation and recent arrest of Jerry Rogers | Homepage | St. Tammany Parish …

Case 2:20-cv-00517-JTM-DMD Document 158-13 Filed 01/18/22 Page 4 of 4

 

WDSU

WGNO