## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| Plaintiff | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATEMENT OF UNDISPUTED MATERIAL FACT

**NOW COME**, Defendants, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, each in their official and individual capacities, who respectfully submit this Statement of Undisputed Material Facts in support of their Motion for Summary Judgment, and aver as follows:

1. Plaintiff filed the instant action on February 13, 2020, alleging violations if his civil rights under the laws of the United States and Louisiana.[1]

2. The facts of this case start with the death of Nannette Krentel on July 14, 2017.[2]

3. The St. Tammany Sheriff's Department promptly began an investigation into Ms. Krentel's death. Detective Daniel Buckner was the lead investigator of the Krentel investigation.[3]

---

[1] R. Doc. 14.
[2] *Id*.
[3] *See* Affidavit of Detective Daniel Buckner at ¶ 4, attached as **Exhibit "B."**

4. During the course of the Krentel homicide investigation, Plaintiff, a Federal agent with the U.S. Department of Housing and Urban Development (HUD), created an anonymous email account and began sending emails to the victim's sister, Kim Watson.[4]

5. The St. Tammany Parish Sheriff's Office was made aware of the anonymous emails by a member of Ms. Krentel's family.[5]

6. The emails contained information about the ongoing Krentel investigation and included derogatory statements regarding the lead investigator, Detective Buckner, and others involved in that case. Specifically, Plaintiff alleged in these emails, among other things, that Daniel Buckner was a "stone cold rookie," and that he has "no experience."[6]

7. Detective Buckner is certified by the State of Louisiana as a Homicide Investigator. He has been a certified law enforcement officer for over nineteen (19) years and a detective for over eight (8) years. He is an experienced homicide investigator who has both led and assisted on many homicide investigations.[7]

8. As these emails involved an ongoing homicide investigation, the St. Tammany Parish Sheriffs' Office's Criminal Investigations Division began investigating the source of

---

[4] *See* Affidavit of Detective Daniel Buckner attached as **Exhibit "B,"** *see also* a copy of these emails sent by Jerry Rogers, attached as "1" to the Affidavit of Captain Keith Canizaro attached as **Exhibit "E."**
[5] *Id*. at p. 20:10-13.
[6] *See* Affidavit of Detective Daniel Buckner at ¶¶ 7-8, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "B"**; *see also* a copy of these emails sent by Jerry Rogers, attached a "1" to the Affidavit of Captain Keith Canizaro attached as **Exhibit "E"**; *see also* Affidavit for Arrest Warrant of Jerry Rogers, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "C."**
[7] *See* Affidavit of Detective Daniel Buckner at ¶ 9, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "B."**

    the emails. Major Danny Culpeper was the Chief over the Criminal Investigations Division at that time.[8]

9. While investigating the source of the anonymous emails, the Criminal Investigation Division was able to link a Federal Government IP address used to send the anonymous emails with Plaintiff Jerry Rogers.[9]

10. On August 13, 2019, Lieutenant Alvin Hotard and Detective Daniel Buckner traveled to Plaintiff's workplace in the Hale Boggs Building in New Orleans, Louisiana, to interview him about the anonymous emails sent to Ms. Krentel's family.[10]

11. During this interview, Plaintiff admitted to sending the emails and further admitted that he obtained information about the investigation from a (then) current STPSO employee.[11]

12. On August 15, 2019, Captain Keith Canizaro was assigned to the Major Crimes Unit of the St. Tammany Parish Sheriff's Office and was tasked with the investigation regarding possible obstruction of justice relating to Nannette Krentel's open homicide investigation.[12] That investigation uncovered insufficient facts to charge Plaintiff with obstruction of justice, but it did reveal sufficient evidence to charge Plaintiff with criminal Defamation under LSA – R.S. § 14:47.[13]

---

[8] *See* Affidavit of Danny Culpeper at ¶ 7, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "D."**
[9] *See* Affidavit for Arrest Warrant of Jerry Rogers, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "C."**
[10] R. Doc. 14, ¶ 18.
[11] *See* Affidavit of Detective Daniel Buckner at ¶ 11, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "B."**
[12] *See* Affidavit for Arrest Warrant of Jerry Rogers, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "C".**
[13] *See* the attached St. Tammany Parish Sheriff's Office Investigative Report regarding Jerry Rogers, attached as "2" to Affidavit of Captain Keith Canizaro attached as **Exhibit "E."**

13. LSA – R.S. § 14:47 was Louisiana's criminal Defamation statute on record from 1950-2021.

14. The language of the statute produced in the *2018-2019 Edition of the Louisiana Criminal Law and Motor Vehicle Handbook* utilized by Captain Canizaro contains no annotations suggesting that the statute is unconstitutional.[14]

15. On September 13, 2019, several days prior to submitting the affidavit for the warrant of arrest for Jerry Rogers to the Court, members of the STPSO, including investigative supervisors, attended a meeting with Assistant District Attorney Colin Sims and other staff members of the District Attorney's Office for 22nd Judicial District Court, in which Mr. Sims stated he had some concerns about the possible unconstitutionality of the LSA – R.S. 14:47 and that he believed a police officer may be a public official. At no time did he state that LSA – R.S. 14:47 was definitively unconstitutional, only that he was concerned. The investigative officers shared their view that there was no case directly on point saying it was unconstitutional under these circumstances, and Mr. Sims did not disagree on this point. Mr. Sims stated that his office would look into it further and get back to the Sheriff's Office.[15]

16. Before requesting an arrest warrant, Major Danny Culpeper briefed Sherriff Smith on the potential criminal Defamation charge against Plaintiff. Major Culpeper informed the Sheriff that individuals had been charged with criminal Defamation in St. Tammany Parish in the past.[16]

---

[14] *See* Defendants' Responses to Plaintiff's Sixth Request for Production, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "H."**
[15] *See* Affidavit of Captain Keith Canizaro at ¶ 14, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "E."**
[16] *See* Affidavit of Major Danny Culpeper at ¶ 14, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "D."**

17. Major Culpeper told Sheriff Smith that the criminal investigators wished to move forward with an arrest of Jerry Rogers based on the belief that there was sufficient probable cause to bring the matter before a judge for an arrest warrant. Major Culpeper further described to Sheriff Smith, in general terms, the elements of the crime of Defamation and that these elements were present in the Jerry Rogers investigation.[17]

18. Sheriff Smith agreed that if the investigation had produced evidence sufficient to support a determination that probable cause existed that the Plaintiff had violated the law, then Major Culpeper should request an arrest warrant.[18]

19. Major Culpeper then authorized Captain Keith Canizaro to submit an affidavit for an arrest warrant through the common procedures to the one of the judges in the 22nd Judicial District Court for the Parish St. Tammany.[19]

20. On September 16, 2019, Defendant, Sergeant Keith Canizaro, submitted an affidavit requesting an arrest warrant for Plaintiff for the charge of Defamation, La. R.S. 14:47.[20]

21. Later that same day, the arrest warrant was signed by Judge Raymond Childress of the 22nd Judicial District Court for the Parish of St. Tammany.[21]

---

[17] *See* Affidavit of Major Danny Culpeper at ¶¶ 11-12, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "D."**
[18] *See* Affidavit of Sheriff Smith at ¶ 14, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "N."**
[19] *See* Affidavit of Major Danny Culpeper at ¶ 15, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "D."**
[20] See Affidavit for Arrest Warrant of Jerry Rogers, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "C."**
[21] See Warrant of Arrest # 417325 signed by the Honorable Raymond Childress on September 16, 2019, attached hereto as **Exhibit "G."**

22. The charges filed against Plaintiff were for defamatory statements made about the lead detective in the Krentel investigation, Daniel Buckner.[22]

23. Plaintiff was subsequently arrested by St. Tammany Parish deputies. He posted bail that same day.[23]

24. Sheriff Smith took no active role in Plaintiff's actual arrest, which was carried out by the Sheriff's subordinates.[24]

25. Captain Canizaro had experience with the application of LSA – R.S. § 14:47 in other cases. Specifically, he was the reviewing officer in a 2017-2018 incident in which the defaming party, Amy Baudot, plead guilty to criminal Defamation charges under LSA – R.S. § 14:47 for defamatory comments against John Plunkett, an active-duty Colonel in the Army National Guard.[25]

26. Captain Canizaro was also the reviewing officer in a 2017-2019 case in which the defaming party (Scott Sewell) was charged with criminal Defamation under LSA – R.S. § 14:47 for defamatory comments against a former St. Tammany Parish Sheriff's Office employee, Shane Wilkinson.[26]

27. None of the Defendants had knowledge that LSA – R.S. § 14:47, as applied to the facts of this case, was unconstitutional.

28. All of the Defendants acted reasonably and in good faith in carrying out their responsibilities in the investigation of Jerry Rogers.

---

[22] See Affidavit for Arrest Warrant of Jerry Rogers, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "C."**
[23] R. Doc. 14, ¶ 24.
[24] See Affidavit of Sheriff Smith at ¶ 22, attached to Defendant's Memorandum in Support of Motion for Summary Judgment as **Exhibit "N."**
[25] See the attached St. Tammany Parish Sheriff's Office Investigative Report regarding Amy Baudot, attached as "3" to Affidavit of Captain Keith Canizaro attached as **Exhibit "E."**
[26] See the attached St. Tammany Parish Sheriff's Office Investigative Report regarding Scott Sewell, attached as "4" to Affidavit of Captain Keith Canizaro attached as **Exhibit "E."**

Respectfully submitted,

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*
**CHADWICK W. COLLINGS, T.A.    # 25373**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:    (985) 292-2000**
**Facsimile:     (985) 292-2001**
ccollings@millinglaw.com
*Counsel for Sheriff Randy Smith*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on February 8, 2022, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**