UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRY ROGERS, JR., <br> Plaintiff | * <br> * <br> * | CIVIL ACTION <br><br> NO. 20-517 |
| VERSUS | * <br> * <br> * | <br> JUDGE MILAZZO |
| | * | |
| RANDY SMITH, INDIVIDUALLY <br> And IN HIS OFFICIAL CAPACITY <br> AS THE SHERIFF OF ST. TAMMANY <br> PARISH, DANNY CULPEPER, AND <br> KEITH CANIZARRO <br> Defendants | * <br> * <br> * <br> * <br> * <br> * | MAG. JUDGE DOUGLAS <br><br> JURY DEMAND |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF ST. TAMMANY**

    **BEFORE ME,** the undersigned notary public, personally came and appeared:

### MAJOR DANIEL R. CULPEPER

who being duly sworn, did depose and state:

1. I am of the age of majority and a resident of St. Tammany Parish and a citizen of the State of Louisiana.

2. I began my employment with the St. Tammany Parish Sheriff's Office in 1994.

3. From 2016 to 2020, I was the Chief of the Criminal Investigations Division of the St. Tammany Parish Sheriff's Office.

EXHIBIT D

4. I am currently employed as a Major by Sheriff Randy Smith of St. Tammany Parish, a position I have held since February 25, 2020.

5. At some point in 2019, in the course of the homicide investigation of the death of Nanette Krentel, I was made aware that suspicious emails were being sent to the victim's sister, Kim Watson.

6. To the best of my knowledge and understanding, information about the anonymous emails came to the Sheriff's Office through one of the victim's family members, asking that the Sheriff's Office help locate the source of the emails.

7. As these emails involved an ongoing homicide investigation, the St. Tammany Parish Sheriffs' Office's Criminal Investigations Division began investigating the source of the emails, and I was the Chief over the Criminal Investigations Division at that time.

8. To the best of my knowledge and understanding, the investigation ultimately determined that the IP address of the anonymous emails was linked to the account belonging to Plaintiff, Jerry Rogers.

9. To the best of my knowledge and understanding, on August 13, 2019, Lieutenant Alvin Hotard and Detective Daniel Buckner traveled to Plaintiff's workplace in New Orleans, Louisiana, to interview Plaintiff about the anonymous emails sent to Ms. Krentel's family.

10. To the best of my knowledge and understanding, during that interview, Plaintiff Rogers admitted to sending the emails and further admitted that he obtained information about the investigation from a (then) current STPSO employee.

11. After the Criminal Investigations Division was satisfied that Jerry Rogers was the sender of the anonymous emails, I briefed Sheriff Smith on the potential criminal Defamation charge against Plaintiff. I further informed the Sheriff that individuals had been charged with criminal Defamation by the St. Tammany Parish Sheriff's Office in the past.

12. I told Sheriff Smith that the criminal investigators wished to move forward with an arrest of Jerry Rogers based on our belief that there was sufficient probable cause to bring the matter before a judge for an arrest warrant. I further described to Sheriff Smith, in general terms, the elements of the crime of Defamation and that these elements were present in the Jerry Rogers investigation.

13. Sheriff Smith agreed that if the investigation had produced evidence sufficient to support a determination that probable cause existed that the Plaintiff had violated the law, then I should request an arrest warrant.

14. Several days prior to submitting the affidavit for the warrant of arrest for Jerry Rogers to the Court, we attended a meeting with Assistant District Attorney Colin Sims and other members of the staff of the District Attorney's Office for 22nd Judicial District Court, in which he stated he had some concerns about the possible unconstitutionality of LSA – R.S. 14:47. At no time did he state that the statute was definitively unconstitutional, only that he was concerned. We shared with him our view that there was no case directly on point saying it was unconstitutional under these circumstances, and he did not disagree with us on this point. Mr. Sims stated that his office would look into it further and get back us.

15. Following this meeting with Mr. Sims, and having received nothing further from the District Attorney's Office, it was determined that Keith Canizaro should author and submit an affidavit for an arrest warrant to one of the judges in the 22nd Judicial District Court for the Parish St. Tammany for review.

16. On September 16, 2019, Captain Canizaro authored an affidavit in support of an arrest warrant for Plaintiff for the charge of Defamation, LSA – R.S. § 14:47.

17. To the best of my knowledge and understanding, the affidavit contained entirely factual information supporting probable cause to arrest Jerry Rogers, Jr. In authorizing that affidavit, I acted under reasonable belief based on prior knowledge and experience that LSA – R.S. § 14:47 was constitutional in this contexts.

18. Other than the "concerns" raised by Mr. Sims, I had no actual knowledge that LSA – R.S. 14:47 as applied to the facts of the Jerry Rogers investigation was unconstitutional.

19. At all times material hereto, I acted in my capacity as Chief of the Criminal Investigations Division and within the scope of my duties in authorizing an affidavit be submitted to the court for review, and should the court agree, that an arrest warrant be issued for Jerry Rogers.

20. I did not knowingly transmit an order to use an allegedly unenforceable criminal statute to arrest Plaintiff.

21. I had no knowledge of any issue with respect to the Constitutionality of LSA – R.S. 14:47 as it applied to the facts of the Jerry Rogers investigation other than the concerns raised by Mr. Sims. I had no actual knowledge that LSA – R.S. 14:47 as applied to the facts of the Jerry Rogers investigation was unconstitutional.

22. That I first learned of the potential constitutionality issues of the criminal Defamation statute as applied to victim-Detective Buckner in a letter from the District Attorney's office in which it recused itself, sent two days after Plaintiff's arrest.

**SWORN TO AND SUBSCRIBED ON THIS 1st DAY OF FEBRUARY, 2022.**

**Witnesses:**

Print Name: _Victory Cochran_

Print Name: _Michaela C. Boudreaux_

MAJOR DANIEL R. CULPEPER

NOTARY PUBLIC

Chadwick W. Collings
Notary Public, State of Louisiana
My Commission is for Life
Bar Roll # 28373