UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRY ROGERS, JR., | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | NO. 20-517 |
| VERSUS | * | |
| | * | JUDGE MILAZZO |
| | * | |
| RANDY SMITH, INDIVIDUALLY | * | MAG. JUDGE DOUGLAS |
| And IN HIS OFFICIAL CAPACITY | * | |
| AS THE SHERIFF OF ST. TAMMANY | * | JURY DEMAND |
| PARISH, DANNY CULPEPER, AND | * | |
| KEITH CANIZARRO | * | |
| Defendants | * | |

*************************************************************************

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ST. TAMMANY

**BEFORE ME,** the undersigned notary public, personally came and appeared:

### SHERIFF RANDY C. SMITH

who being duly sworn, did depose and state:

1. I am of the age of majority and a resident of St. Tammany Parish and a citizen of the State of Louisiana.

2. I am currently the elected Sheriff of St. Tammany Parish, a position I have held since July 1, 2016.

3. Prior to assuming office as Sheriff of St. Tammany Parish, I was the elected Chief of Police for the City of Slidell.

EXHIBIT N

4. I have been in law enforcement both as a deputy sherirff, Chief of Police, and now Sheriff for a total of 34 year.

5. At some point in 2019, during the course of the homicide investigation into the death of Nanette Krentel, I was made aware that anonymous emails were being sent to the victim's sister, Kim Watson.

6. To the best of my knowledge and understanding, information about the anonymous emails came to the Sheriff's Office through one of the victim's family members, asking that the Sheriff's Office help locate the source of the emails.

7. As these emails involved an ongoing homicide investigation, the St. Tammany Parish Sheriffs' Office's Criminal Investigations Division began investigating the source of the emails.

8. To the best of my knowledge and understanding, the investigation ultimately determined that the IP address of the anonymous emails was linked to the account with Plaintiff, Jerry Rogers.

9. To the best of my knowledge and understanding, on August 13, 2019, Lieutenant Alvin Hotard and Detective Daniel Buckner traveled to Plaintiff's workplace in the Hale Boggs Building in New Orleans, Louisiana, to interview Plaintiff about the anonymous emails sent to Ms. Krentel's family.

10. To the best of my knowledge and understanding, during that interview, Plaintiff admitted to sending the emails and further admitted that he obtained information about the investigation from a (then) current STPSO employee.

11. After the Criminal Investigations Division was satisfied that Jerry Rogers was the sender of the anonymous emails, Danny Culpeper, who was then Chief over the Criminal Investigations

Division at that time, briefed me on the potential criminal Defamation charge against Plaintiff. Danny Culpeper further informed me that individuals had been charged with criminal Defamation by the St. Tammany Parish Sheriff's Office in the past.

12. Major Culpeper further informed me that the criminal investigators wished to move forward with an arrest of Jerry Rogers based on his belief that there was sufficient probable cause to bring the matter before a judge for an arrest warrant.

13. Major Culpeper described to me, in general terms, the elements of the crime of Defamation and that these elements were present in the Jerry Rogers investigation. I was not aware of the specific elements of the crime in this matter, as I relied on Major Culpeper as my Chief of Criminal Investigations to ensure that the evidence obtained in this investigation as applied to the elements of the criminal Defamation supported a probable cause determination.

14. I agreed with Major Culpeper that if the investigation had produced evidence sufficient to support probable cause for the crime of Defamation against Plaintiff, then he (Major Culpeper) should request an arrest warrant.

15. Although I did not personally review any of the investigative file materials involving Mr. Rogers, based on the information that was provided to me by my subordinate, Major Culpeper, there was enough probable cause to request an arrest warrant.

16. To the best of my knowledge and understanding, on September 16, 2019, Captain Canizaro authored an affidavit in support of an arrest warrant for Plaintiff for the charge of Defamation, La. R.S. 14:47.

17. To the best of my knowledge and understanding, the affidavit contained entirely factual information supporting probable cause to arrest Jerry Rogers, Jr.

18. At all times material hereto, I acted in my official capacity as Sheriff and within the scope of my discretionary authority in authorizing an affidavit be submitted to the court for review, and should the court agree, that an arrest warrant be issued for Jerry Rogers.

19. At all times material hereto, I adhered to the letter of the law as I understood it at the time and did not any point have any ulterior motive in authorizing the submission of the affidavit requesting the issuance of an arrest warrant for Jerry Rogers.

20. At no point did I use my position as Sheriff and/or the resources of my office in retaliation of Plaintiff for his defamatory statements against Detective Buckner, nor did I use my position of Sheriff or the resources of my office to retaliate against the Plaintiff due to any of his alleged political support of one or both of my political opponents during my campaign for re-election in 2019.

21. I acted in good faith and relied on the knowledge and experience of my subordinates in authorizing the submission of an affidavit for an arrest warrant to be submitted to the one of the judges in the 22nd Judicial District Court for the Parish St. Tammany for review.

22. I took no active role in Plaintiff's actual arrest, as his arrest was carried out by my subordinates.

23. I had no knowledge of any issue with respect to the constitutionality of LSA – R.S. 14:47 as it applied to the facts of the Jerry Rogers investigation.

24. I first learned of the potential constitutionality issues of the criminal Defamation statute as applied to the victim, Detective Buckner, in a letter from the District Attorney's office, dated two days after the Plaintiff's arrest.

**SWORN TO AND SUBSCRIBED ON THIS 2ND DAY OF FEBRUARY, 2022.**

Witnesses:

_____
Print Name: Nancy Brigham

_____
SHERIFF RANDY C. SMITH

_____
Print Name: Sarah Fisher

_____
CHADWICK W. COLLINGS
NOTARY PUBLIC
BAR NUMBER: 25373
MY COMMISSION IS FOR LIFE