UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | CIVIL ACTION |
| Plaintiff | * | |
| | * | NO. 20-517 |
| **VERSUS** | * | |
| | * | JUDGE MILAZZO |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | MAG. JUDGE DOUGLAS |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | JURY DEMAND |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATEMENT OF DISPUTED MATERIAL FACT**

**NOW COME**, Defendants, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, each in their official and individual capacities, who respectfully submit this Statement of Disputed Material Facts in opposition of Plaintiff's Motion for Summary Judgment, and aver as follows:

1. The arrest of Jerry Rogers was not indisputably unconstitutional. Each of the cases that Plaintiff has cited in support of this claim merely limited the application of Louisiana's criminal Defamation statute (LSA – R.S. 14:47). Defendants in turn have cited *State ex. rel. G.J.G.*,[1] the matter of Colonel Plunkett,[2] and the matter of Shane Wilkinson,[3] each of which proves that LSA – R.S. 14:47 has not been held unconstitutional in recent years, in similar cases, in this same judicial district, with Defendant Canizaro of the present matter serving in two of these other named instances.[4]

---

[1] *State ex. rel. G.J.G.*, 19-768 (La. App. 3 Cir. 03/04/20); 297 So.3d 120.
[2] *See* Defendant's Memorandum in Support of Motion for Summary Judgment, p. 14.
[3] *Id*. at 15.
[4] *See* Affidavit of Canizaro ¶¶ 18, 20, attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, **Exhibit B.**

2. Though Plaintiff suggests that the criminal search warrant used to obtain Jerry Rogers's emails cited a "non-existent" crime, violation 14:0000, as used by Defendants, is a common placeholder used by law enforcement officers when the particular crime at hand does not have an official title associated with it.[5]

3. In *Garrison*, the Supreme Court limited state power to impose criminal sanctions for criticism of the official conduct of public officials. This leaves debate over who is a public official, what conduct constitutes official conduct, and under what circumstances is an official considered to be carrying out public business.[6]

4. Defendants did not arrest Jerry Rogers in an unconstitutional application of Louisiana's criminal defamation statute. In order for Defendants to be held liable for such conduct, existing precedent must have placed the statutory or constitutional question beyond debate,[7] and the law allegedly violated must be clearly established and particularized to the facts of the case.[8] Plaintiff's claim is general and based on nothing that even resembles "clearly established" law.

5. Regardless of Plaintiff's claim to the contrary, Defendants had probable cause to arrest Jerry Rogers.[9]

6. STPSO did not "begin investigating" Jerry Rogers for criminal defamation after "clearing him" for obstruction of justice – the investigation was one in the same.[10] Just as Defendants

---

[5] *See* Buckner Dep. p. 23:7-16, attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, **Exhibits Y.**
[6] *Garrison v. State of La.*, 379 U.S. 64 (1964).
[7] *White v. Pauly*, 137 S. Ct. 548, 551 (2017).
[8] *Id*. at 552.
[9] *See* Affidavits of Canizaro ¶¶ 13,16; Culpeper ¶¶ 12-13,17; and Sheriff Smith ¶¶12-15, 17, attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, **Exhibits B, C, Q** (respectively).
[10] *See* Canizaro Dep. p. 35-37, attached hereto as **Exhibit X**.

reviewed the evidence and ruled out obstruction of justice, they found that the elements of criminal defamation were satisfied, and they requested an arrest warrant on that basis.[11]

7. Plaintiff's Memorandum claims that Captain Gaudet's recollection of events was "slightly different" than Defendant Canizaro, stating that, "[Captain Gaudet] **recalled** that 'St. Tammany District Attorney's Office, Chief of Trials, Collin Sims, indicated that La. R.S. 14:47 was declared unconstitutional as applied to the investigation and that charges based upon that statute should not be pursued." Captain Gaudet's Affidavit, however, states that he was, "**informed** that St. Tammany District Attorney's Office, Chief of Trials, Colin Sims, indicated that La. R.S. 14:47 was declared unconstitutional as applied to the investigation and that charges based upon that statute should not be pursued."[12] In addition to these inconsistencies regarding Plaintiff's claims concerning Captain Gaudet being inconsistent with Gaudet's own affidavit, it is also inconsistent with the affidavits of Defendants Canizaro and Culpeper, who have each testified that the DA's office did not give a definitive answer during the September 13, 2019, meeting.

8. Sheriff Smith did not instruct the officers to "move forward" with an arrest. The Sheriff's direction to "move forward" was an instruction to submit an affidavit requesting an arrest warrant to a neutral judge[13] – not, as Plaintiff contends, a unilateral instruction to move forward with an unconstitutional arrest.

9. Plaintiff's Memorandum claims that, *"[Collin] Sims said explicitly that he 'he thought it would be unconstitutional to arrest Jerry Rogers.' Sims' statement was so clear that*

---

[11] *See* Affidavit of Canizaro ¶ 13 attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, **Exhibit B.**
[12] *See* Affidavit of Captain Gaudet ¶ 4, attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, **Exhibit K**.
[13] *See* Affidavit of Sheriff Smith ¶ 14 attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, **Exhibit Q**.

*[Defendant] Culpeper later told Sims that he wished Sims 'would have kept [his] opinions to [him]self.'"*[14] This is misleading. Defendant Culpeper's comment about Collin Sims "keeping his opinions to himself" occurred days later, in a different context, when the DA's office sent a letter to the Sheriff's Department ***after*** Jerry Rogers was arrested.[15]

10. All of Plaintiff's claims regarding commentary by the judge who signed Jerry Rogers's arrest warrant are derived from the redacted version of an FBI report ostensibly made roughly one year after the events in question actually occurred.[16] This report is nothing more than hearsay, it is certainly not undisputed material fact.

11. Plaintiff's Memorandum states that, "the District Attorney's office recused itself from the prosecution of Jerry Rogers, which resulted in it being referred to the Attorney General's office," further implying that the reason for the DA's recusal was the potential unconstitutionality of the statute. The FBI Investigatory File, however, states, "[] told [] the DA's office was going to recuse themselves from the case due to ROGERS' wife, [], working as a secretary in the DA's office."[17] This reason for recusal, then, was entirely self-serving and has no bearing on the Defendant's actions.

12. Plaintiff submits a screenshot in his motion for summary judgment which includes a Note on the State Legislature's website suggesting that R.S. 14:47 is unconstitutional, but there is no indication of when this Note was posted to the Legislature's website, and the Note does not explain the circumstances under which the statute is unconstitutional. Therefore, this screenshot is far from dispositive.

---

[14] *See* Plaintiff Memorandum in Support of Partial Summary Judgment, p. 8.
[15] *See* Culpeper Dep. p. 53:1-20, attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, **Exhibit I**.
[16] R. Doc. 123-1, FBI Investigatory File (redacted).
[17] *See* FBI Investigatory File, at p. 6 attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, **Exhibit W**.

13. Defendants utilized the *Louisiana Criminal Law and Motor Vehicle Handbook* in reviewing the law during the Jerry Rogers investigation, and unlike the website, the book gave no indication that LSA – R.S. 14:47 was unconstitutional.

14. Plaintiff claims that "no reasonably competent officer could conclude that arresting Jerry Rogers for criminal defamation would be constitutional – especially when the District Attorney had specifically said it would not be constitutional." The District Attorney, however, did not specifically say that arresting Jerry Rogers for criminal defamation would not be constitutional until ***after*** the arrest.[18] In addition, abundant evidence has already been provided to demonstrate the reasonableness of the Defendants' actions. For that reason, Defendants aver that the arrest warrant should immunize Defendants from liability.

15. Plaintiff is incorrect in asserting that Defendants are liable for the state law tort of false arrest because the second element of the false arrest test, unlawful detention, fails here. For the detention to be unlawful, Defendants must have lacked probable cause, but Defendants here demonstrated sufficient probable cause to arrest Jerry Rogers, as was confirmed by the signing of the arrest warrant by the neutral magistrate.

16. Plaintiff is incorrect in asserting that Sheriff Smith is additionally liable for the state law tort if false imprisonment. The only evidence whatsoever that Plaintiff offers in support of this claim is the fact that Sheriff Smith is the jailor of the St. Tammany Parish Prison.

---

[18] *See* Culpeper Dep. p. 53:1-20, attached to Defendant's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, **Exhibit I**.

Respectfully submitted,

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*

| | |
|---|---|
| **CHADWICK W. COLLINGS, T.A.** | **# 25373** |
| **SARAH A. FISHER** | **# 39881** |

**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:    (985) 292-2000**
**Facsimile:     (985) 292-2001**
ccollings@millinglaw.com
*Counsel for Sheriff Randy Smith*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on February 15, 2022, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**