UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| JERRY ROGERS, JR., <br><br> Plaintiff <br><br> v. <br><br> SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO, <br><br> Defendants | Case No. 2:20-cv-00517 <br><br> JUDGE: MILAZZO <br><br> MAG. JUDGE: DOUGLAS |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
TO LIMIT THE DEPOSITION OF DARLENE ROGERS**

This is a First Amendment retaliation case about the St. Tammany Parish Sheriff's Office arrest of Jerry Rogers under a criminal defamation statute declared unconstitutional by the U.S Supreme Court in 1964. R. Doc. 1. Mr. Rogers' request for relief includes compensatory damages. R. Doc. 1, ¶ 66.

Defendants have requested to depose Darlene Rogers, Plaintiff's wife[1]. According to Defendants' counsel, they believe Mrs. Rogers "would have information regarding [her husband's] alleged damages."[2] That may be so. Such information would be properly within the scope of discovery.

However, Mrs. Rogers also works for the St. Tammany Parish District Attorney's Office. At Plaintiff's deposition, Defendants engaged in extensive questioning about Mrs. Rogers' work there and her political affiliations. That is not properly within the scope of discovery.

Accordingly, Plaintiff asks this Court to limit Mrs. Rogers' deposition to the topic that Defendants articulated – her knowledge of Plaintiff's damages.

---

[1] Exhibit A, Email Correspondence between Defendants' counsel Chadwick Collings and Plaintiff's counsel William Most, dated April 8-11, 2022, p. 3.
[2] *Id.* at p. 2.

### I. Factual Background

Discovery has been open in this case since May 2020. During that time, Defendants have shown little interest in learning about Plaintiff's damages. For example, at Defendants' demand, on November 2, 2021, Mr. Rogers underwent an all-day Defense Medical Examination by Defendants' expert neuropsychologist and clinical psychologist, Dr. Kevin Bianchini. But Defendants never took the steps to actually obtain Dr. Bianchini's findings.[3]

On March 28, 2022, Defendants' counsel deposed Mr. Rogers for the maximum seven hours.[4] Defendants' counsel questioned Mr. Rogers regarding his wife's employment with the St. Tammany Parish District Attorney's Office social and political events.[5] For example, Defendants' counsel asked Plaintiff the following questions before inquiring more extensively into every St. Tammany Parish District Attorney's Office work function, Christmas party, and Election party that Plaintiff attended with his wife:

Q: Where does your wife work?

A: District Attorney's Office.

Q: Here in Covington?

A: Uh-huh (affirmative response).[6]

…

Q: And how long has she been employed by there?

A: I don't know.[7]

…

---

[3] Exhibit B, Email Correspondence between Plaintiff's counsel Hope Phelps and Defendants' counsels Chadwick Collings and Sarah Fisher, dated June 8, 2021-March 25, 2022, p.1.
[4] Exhibit C, Transcript of Deposition of Plaintiff Jerry Rogers, pp. 1, 339.
[5] *Id.* at pp. 14:17- 20:24.
[6] Exhibit C, pp. 14:17-20.
[7] *Id.* at pp. 14:24-15:1.

2

> Q: And what does she do there?
>
> A: She is a secretary?
>
> Q: Do you know who she is a secretary for?
>
> A: No.
>
> Q: You don't know the names of the attorneys she works for?
>
> A: No.
>
> Q: Ever gone to any work functions for her; parties, fundraisers for the DA?
>
> A: Yes.
>
> Q: All right. Name those, please.
>
> A: I think at one point a Christmas party. And – I'm trying to think. Election party -- [8]

At the deposition, Defendants' also asked about the work history of one of Darlene Rogers' coworkers at the DA's office.[9]

On April 8, 2022, Defendants' counsel asked Plaintiff's counsel to provide dates for the deposition of Plaintiff's wife, Darlene Rogers.[10] Mrs. Rogers is not a party to this lawsuit. She is not listed as a witness in Plaintiff's Initial Disclosures.[11] And Defendants have not identified her as a witness with discoverable information in their own Initial Disclosures.[12]

In good faith, Plaintiff's counsel asked Defendants' counsel to specify what facts Mrs. Rogers might have knowledge of that are relevant to either party's claims or defenses.[13] Defendants' counsel responded that Mrs. Rogers "would have information regarding [her

---

[8] *Id.* at pp. 15:12-24.
[9] Id. at 31:6-17 ("Q.· All right. What about Will Hart, he was there that week, right? A. Yes. Q. And he works with your wife, doesn't he? A. He works at the DA's office. Q. All right.· And do you know if he was terminated from the Sheriff's Office by the current sheriff? A. I don't know.")
[10] Exhibit A, p. 3.
[11] Exhibit D, Plaintiff's Initial Disclosures.
[12] Exhibit E, Defendants' Initial Disclosures.
[13] Exhibit A, pp. 1-3.

husband's] alleged damages."[14] However, Defendants' counsel refused to agree to any limitation whatsoever "on what we can ask at Mrs. Rogers' deposition."[15] Defendants' counsel concluded by telling Plaintiff's counsel, "…please file whatever pleading you like with the Court[.]"[16]

In sum, information regarding Plaintiff's damages is the only information relevant to either party's claims or defenses that Defendants' counsel can identify as possibly being within Mrs. Rogers's knowledge. Accordingly, this Court should grant the subject motion limiting the scope of Mrs. Rogers' deposition to her knowledge of Plaintiff's damages.

**II.     Analysis**

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure, a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. 26(b)(2)(C). *Toro v. Coastal Indus., LLC*, Civ. No. 17-532 (M.D. La. May 4, 2018). Under Rule 26(c), for good cause, a party may seek a court order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Parties have limited standing to challenge discovery sought from a non-party through a Rule 45 subpoena. *See Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012)"("[A] plaintiff cannot challenge a Rule 45 subpoena directed to a third party

---

[14] *Id.* at p. 2.
[15] *Id.* at p. 1.
[16] *Id.*

on the basis that it violates another person's privacy rights . . ., that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those ground"."). Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena. *Porter v. Becnel*, Civ. No. 15-69 (M.D. La. Jan. 15, 2016) (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n.2 (E.D. Va. 2012); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)).

Here, Defendants have not yet issued a subpoena for Mrs. Rogers' deposition. Plaintiff therefore moves for a protective order under Rule 26(c). As a party to this litigation, Plaintiff has standing under Rule 26(c) to seek a protective order limiting the scope of discovery.

Recently, in *Club Tabby LLC v. Scottsdale Ins. Co.*, No. 2:21-CV-00403 (W.D. La. Feb. 16, 2022), the United States District Court for the Western District of Louisiana granted a motion for protective order limiting defendant's deposition of plaintiff LLC's sole member. The court found that inquiry into that individual's employment history was not "information that will advance the resolution of this case. Instead, they are last-ditch attempts by [defendant] to create side issues and drive up the cost of litigation."

The line of questioning at Plaintiff's deposition suggests that Defendants intend to depose Darlene Rogers regarding her employment with the St. Tammany Parish District Attorney's Office, and her political activities and social involvement as related to her employment.[17] In addition, Defendants' failure to identify Mrs. Rogers as a witness in their Initial Disclosures,

---

[17] *See* Exhibit C, 14:17- 20:24.

failure to obtain a copy of their own expert's report for a psychological evaluation of Plaintiff that occurred six months ago, and lack of focus on inquiry into Plaintiff's damages at Plaintiff's own deposition suggest that Defendants' offered basis of "alleged damages" for the deposition of Darlene Rogers is pretense.

As discussed above, Defendants' counsel refused to specify what information Mrs. Rogers might have knowledge of that is relevant to either party's claims or defenses (other than information regarding damages) and to limit the scope of her deposition accordingly. Defendant's counsel has also failed to identify Darlene Rogers as a witness in their Initial Disclosures. Those facts, plus the recent history of conflict between the St. Tammany Parish District Attorney and Sheriff,[18] raises a concern about why Defendants are conducting an open-ended exploration into Mrs. Rogers employer, the St. Tammany Parish District Attorney's Office, and Mrs. Rogers related social and political activities, such as her attendance at her employer's Christmas parties - in the midst of this First Amendment retaliation lawsuit.

### III.     Conclusion

Accordingly, Plaintiff Jerry Rogers, Jr. prays that this Court issue a Protective Order limiting the scope of the deposition of Darlene Rogers to the issue of Plaintiff's damages.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***

---

[18] *See, e.g.,* Katelyn Umholtz, *In the strange case of Nanette Krentel, St. Tammany DA subpoenas sheriff for records*. The Advocate (Oct. 15, 2020).