# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., <br><br> Plaintiff <br><br> v. <br><br> SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO, <br><br> Defendants | Case No. 2:20-cv-00517 |

## PLAINTIFF'S SECOND AMENDED INITIAL DISCLOSURES

Plaintiff Jerry Rogers, Jr., by and through undersigned counsel, hereby submits the following Second Amended Initial Disclosures to Defendants pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## QUALIFICATIONS

1. These Initial Disclosures are made based upon information presently known to counsel for Plaintiff and are given without prejudice to producing during discovery or at trial information or documents that are: (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose, or (iii) subsequently determined to have been omitted from these disclosures.

2. Plaintiff hereby expressly reserves the right to revise and/or supplement these Initial Disclosures and the information and documents provided in response to their initial disclosure obligations at any time.

3. Plaintiff hereby expressly reserves all objections to the use for any purpose of these Initial Disclosures or any of the information and documents referenced herein in this case or any other case or proceeding.

4.	By referring to or producing documents as part of the initial disclosure process, Plaintiff makes no representations or concessions regarding the relevancy or appropriateness of any particular document and expressly reserves the right to object, on grounds including overbreadth and burden, to any document request that is overbroad as to time frame or otherwise.

5.	Plaintiff states that fact investigation and discovery are ongoing. If, in the course of such investigation and/or discovery, Plaintiff learns that additional individuals have knowledge of facts supporting her allegations or rebutting the allegations of any other party, Plaintiff will advise all other parties of such additional individuals pursuant to Fed. R. Civ. P. 26(3)(A).

6.	These Qualifications shall apply to each and every disclosure given herein and are incorporated by reference as though fully set forth in each disclosure.

## INITIAL DISCLOSURES

**1.**

**The name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

Subject to and without waiver of the Qualifications, the following is a list of individuals who Plaintiff has identified at this time as likely to have discoverable information that they may use to support their claims. Plaintiff's investigation of the facts and circumstances of this action is ongoing, and other persons with discoverable information that Plaintiff may use to support their claims in this action may be identified later in the litigation. Plaintiff will supplement this disclosure as appropriate under the Federal Rules of Civil Procedure.

a) Jerry Rogers, Jr. (contact through counsel)

      A plaintiff in this action, he has knowledge of the facts supporting the causes of action in his complaint.

  b) Randy Smith

      A defendant in this action, he has knowledge of the facts detailed in the complaint as well as any defenses.

  c) Danny Culpepper

      A defendant in this action, he has knowledge of the facts detailed in the complaint as well as any defenses.

  d) Keith Canizaro

      A defendant in this action, he has knowledge of the facts detailed in the complaint as well as any defenses.

  e) Kim Watson (712-898-7796, watsonk07@gmail.com)

      Ms. Watson has knowledge of the STPSO investigation into the homicide of Nanette Krentel, e-mail communication between herself and Jerry Rogers, and actions of the STPSO in response to those e-mails.

  f) Alvin Hotard (contact through STPSO)

      Mr. Hotard is an employee of the STPSO and has knowledge of the STPSO investigation into the homicide of Nanette Krentel and actions of the STPSO in response to the e-mails between Kim Watson and Jerry Rogers.

  g) Daniel Buckner (contact through STPSO)

      Mr. Buckner is an employee of the STPSO and has knowledge of the STPSO investigation into the homicide of Nanette Krentel and actions of the STPSO in response to the e-mails between Kim Watson and Jerry Rogers.

  h) Collin Sims (contact through 22nd Judicial District Attorney's Office)

      Mr. Sims is an employee of the St. Tammany Parish District Attorney's Office and has knowledge of communication between STPSO and the District Attorney's Office regarding potential criminal charges against Jerry Rogers and related constitutional issues.

  i) Stefan Montgomery (contact information unknown)

    Mr. Montgomery is a former employee of the STPSO and has knowledge of the STPSO investigation into the homicide of Nanette Krentel and actions of the STPSO in response to the e-mails between Kim Watson and Jerry Rogers.

j) Steven Gaudet (contact through STPSO)

    Mr. Gaudet is an employee of the STPSO and has knowledge actions of the STPSO in response to the e-mails between Kim Watson and Jerry Rogers, including communications regarding potential criminal charges against Jerry Rogers and related constitutional issues.

k) Raymond Childress (701 North Columbia Street, Covington, LA 70433; 985-809-5305)

    Mr. Childress is a judge in the 22nd Judicial District Court and he has knowledge related to the affidavit and arrest warrant for Jerry Rogers.

l) David Miceli (contact through STPSO)

    Mr. Miceli is an employee of the STPSO and has personal knowledge of the circumstances surrounding the arrest of Jerry Rogers.

m) Marco Lopez (contact through STPSO)

    Mr. Lopez is an employee of the STPSO and has personal knowledge of the circumstances surrounding the arrest of Jerry Rogers.

n) Mathew Rowley (contact through STPSO)

    Mr. Rowley is an employee of the STPSO and has personal knowledge of the circumstances surrounding the arrest of Jerry Rogers.

o) Brian Trainor (1974 Highway 190, Suite 3, Covington, Louisiana 70433; 985-900-2250)

    Mr. Trainor is an attorney who represented Jerry Rogers in the criminal case for criminal defamation.

p) Scott Gardner (701 North Columbia Street, Covington, LA 70433; 985-809-5335)

    Mr. Gardner is a judge in the 22nd Judicial District Court and he has knowledge related to the preliminary hearing and finding of no probable cause in the criminal case against Jerry Rogers.

q) Joseph Lebeau (contact through Attorney General's Office)

    Mr. Lebeau is an attorney employed by the Louisiana Attorney General's Office and he has knowledge of the criminal case against Jerry Rogers, including the declination of

charges.

r) Patrick Magee (412 Travis St Ste 204, Lafayette, LA 70503; (337) 476-2433)

Mr. Magee was formerly an attorney employed by the Louisiana Attorney General's Office and he has knowledge of the criminal case against Jerry Rogers, including the declination of charges.

s) Steve Chiasson (504) 491-0481)

Mr. Chiasson is a former St. Tammany Parish Sheriff's Office who worked on the investigation into the death of Nanette Krentel, and may have knowedge of relevant facts.

t) Butch Wilson (contact through 22nd Judicial District Attorney's Office)

Mr. Wilson is an employee of the St. Tammany Parish District Attorney's Office and has knowledge of communication between STPSO and the District Attorney's Office regarding potential criminal charges against Jerry Rogers and related constitutional issues.

u) Genevieve May (225-931-0697, gennymay.nola@gmail.com)

Ms. May worked on the investigation into the death of Nanette Krentel, and may have knowledge of relevant facts.

v) Scott Lee (contact through STPSO)

Mr. Lee is an employee of the STPSO and has personal knowledge of the circumstances surrounding the arrest of Jerry Rogers.

w) Gina Watson (407-821-2186, gina@motionpicturevideo.com)

Ms. Watson has knowledge of the STPSO investigation into the homicide of Nanette Krentel, e-mail communications between family members of Nanette Krentel and Jerry Rogers, and and actions of the STPSO in response to those e-mails.

x) Matt Caplan (contact through 22nd Judicial District Attorney's Office)

Mr. Caplan is an employee of the St. Tammany Parish District Attorney's Office and has knowledge of communication between STPSO and the District Attorney's Office regarding potential criminal charges against Jerry Rogers and related constitutional issues.

y) All witnesses in the FBI's investigation into STPSO's arrest of Jerry Rogers;

    z) Any witnesses listed by Defendants

**2.**

**A copy, or a description by category and location, of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

Subject to and without waiver of the Qualifications, Plaintiff states that the following categories of documents, data compilations and/or tangible things may be used in support of their allegations or to rebut the allegations asserted against them. Plaintiff's investigation of the facts and circumstances of this action is ongoing, and other documents, data compilations and/or tangible things that Plaintiff may use to support their claims in this action may be identified later in the litigation. Plaintiff will supplement this disclosure as appropriate under the Federal Rules of Civil Procedure.

a) Affidavit and Arrest Warrant (Exhibit A to Complaint)

b) Press Releases by STPSO (Exhibit B to Complaint)

c) Press Release by Randy Smith (Exhibit C to Complaint)

d) Minutes of Preliminary Hearing (Exhibit D to Complaint)

e) Declination of Charges by Attorney General (Exhibit E to Complaint)

f) Other public statements by Randy Smith / STPSO (in Defendants' possession)

g) E-mails between Jerry Rogers and Kim Watson (in Defendants' possession)

h) Bond documents and booking receipt for Jerry Rogers

i) File of the Louisiana Attorney general in connection with this investigation

j) STPSO arrest/offense reports in connection with this investigation (in Defendants' possession)

k) Search warrants issued in connection with this investigation (in Defendants' possession)

l) Recorded witness statements in connection with this investigation (in Defendants' possession)

m) FBI Investigation File (Subject to Privacy Act Protective Order and accessible to both parties upon execution of DOJ form Agreement to be Bound to Privacy Act Protective Order)

n) Any documents listed by Defendants

### 3.

**A computation of each category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials hearing bearing on the nature and extent of injuries suffered:**

Subject to and without waiver of the Qualifications, Plaintiff states that the following categories of documents, data compilations and/or tangible things may be used in support of their allegations or to rebut the allegations asserted against them. Plaintiff's investigation of the facts and circumstances of this action is ongoing, and other documents, data compilations and/or tangible things that Plaintiff may use to support their claims in this action may be identified later in the litigation. Plaintiff will supplement this disclosure as appropriate under the Federal Rules of Civil Procedure.

The following is a list of the damages Plaintiff seeks in this action:

a) Appropriate special damages that will fully compensate Plaintiff for the damages they suffered, including costs associated with bail and other incidents to arrest, lost wages, and others;

b) Appropriate general damages that will fully compensate Plaintiff for the emotional distress, pain, suffering, humiliation, and frustration suffered;

c) Punitive damages;

d) Attorneys' fees and costs;

e) Any other relief that the Court deems proper.

**4.**

**For inspection and copying as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Not applicable.

Respectfully Submitted:

**LAW OFFICE OF WILLIAM MOST**

*/s/ Hope Phelps*
**WILLIAM MOST (La. Bar No. 36914)**
**HOPE PHELPS (La. Bar No. 37259)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***

CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2022 a copy of *Plaintiff's Second Amended Initial Disclosures* was transmitted to counsel for Defendants' Counsel Chadwick Collings by electronic mail.

　　　　　　　　　　　　　　　　　　 */s/ Hope Phelps*
　　　　　　　　　　　　　　　　　　HOPE PHELPS