UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY ROGERS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-517** |
| **RANDY SMITH ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court are Plaintiff Jerry Roger's Motion for Partial Summary Judgment (Doc. 158) and Defendants Keith Canizaro, Danny Culpeper, and Randy Smith's Motion for Summary Judgment (Doc. 166). For the following reasons, Plaintiff's Motion is **GRANTED**, and Defendants' Motion is **GRANTED IN PART.**

### BACKGROUND

This case arises out of the arrest of Plaintiff Jerry Rogers for criminal defamation. Defendants are St. Tammany Parish Sheriff Randy Smith, Chief Danny Culpeper, and Sergeant Keith Canizaro in their individual and official capacities. Plaintiff alleges that he worked for the St. Tammany Parish Sheriff's Office ("STPSO") from 1998 to 2009 before leaving for other employment. On July 14, 2017, Nanette Krentel was murdered in St. Tammany Parish, and her murder remains unsolved. Plaintiff followed the

1

news coverage of the murder investigation and, based on his personal experience, became critical of some of the actions taken by the STPSO. He began communicating with Krentel's family members by email about his concerns. Specifically, Plaintiff was critical of the lead investigator, Detective Daniel Buckner.

At some point, the STPSO became aware of the emails and began investigating their source. Plaintiff alleges that upon discovering that Plaintiff was the author of the emails, the STPSO sought the advice from the district attorney's office ("the DA") and was advised that Louisiana's criminal defamation law, Louisiana Revised Statutes § 14:47, had been declared unconstitutional as to public officials and therefore charges against Plaintiff would be unconstitutional. Despite this, Defendants arrested Plaintiff for criminal defamation anyway.

On September 16, 2019, Canizaro was granted an arrest warrant for Plaintiff for violation of Louisiana Revised Statutes § 14:47. In the affidavit for the arrest warrant, Canizaro certified that Rogers's emails referred to the lead investigator as "clueless," provided false information regarding the investigator's experience and ability, and made derogatory remarks about him and others. Plaintiff alleges that the affidavit also stated falsely that Krentel's family requested assistance in identifying the author of the emails. The affidavit did not include the DA's admonition.

Plaintiff was arrested on September 16, 2019 and released on bail the same day. Ultimately, the Louisiana Department of Justice declined to prosecute the criminal charge against him. Plaintiff brings claims against

Defendants for First Amendment retaliation, unlawful seizure, false arrest, violation of the Louisiana Constitution, and abuse of process.[1]

In the instant Motions, Defendants seek summary judgment dismissal of all of the claims against them on various grounds, and Plaintiff seeks summary judgment on his false arrest and false imprisonment claims. The Court will consider each Motion in turn.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish

---

[1] This Court previously dismissed Plaintiff's state law malicious prosecution claim. Doc. 19.
[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

3

the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

### I. Defendants' Motion for Summary Judgment

Defendants present several arguments in support of their Motion for Summary Judgment: (1) they are entitled to qualified immunity; (2) Plaintiff's First Amendment retaliation claim is unfounded; (3) the official and individual capacity claims against Sheriff Smith should be dismissed; (4) the official capacity claims against Dany Culpeper and Keith Canizaro should be dismissed as redundant; and (5) Plaintiff's state law claims fail. This Court will consider each argument in turn.

---

[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

### A. Qualified Immunity

First, Defendants argue that they are entitled to qualified immunity from Plaintiff's claims. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[10] Plaintiff has the burden of rebutting "the officers' qualified-immunity defense by establishing a genuine fact issue as to whether the officers' allegedly wrongful conduct violated clearly established law."[11]

> In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry. The first asks whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right. . . . The second prong of the qualified-immunity analysis asks whether the right in question was clearly established at the time of the violation.[12]

Defendants argue that they are entitled to qualified immunity from Plaintiff's claims because there was no clearly established constitutional right of which they should have known prior to Plaintiff's arrest for criminal defamation. They make three main arguments: (1) Plaintiff's arrest was made pursuant to a valid warrant issued by a neutral magistrate, (2) the law under which Plaintiff was arrested was still on the books and had not been declared entirely unconstitutional by any court, and (3) the cases declaring the law unconstitutional were distinguishable from the facts here such that the arrest

---

[10] Griggs v. Brewer, 841 F.3d 308, 312 (5th Cir. 2016) (internal quotation omitted).
[11] Rockwell v. Brown, 664 F.3d 985, 991 (5th Cir. 2011).
[12] Tolan v. Cotton, 134 S.Ct. 1861, 1865 (2014) (internal quotations and alterations omitted).

5

was constitutional and/or the right had not been clearly established. In so arguing, Defendants admit that Louisiana's criminal defamation statute has been held unconstitutional in the context of criticism of the official conduct of public officials.[13] They argue, however, that because the defamed party in this case was STPSO Deputy Detective Buckner—who they argue is not a public official—the case law declaring the statute unconstitutional is inapplicable and the right was not clearly established.

Defendants do not, however, cite to any authority for the proposition that a police officer is not a public official. To the contrary, both the Louisiana Supreme Court and the Fifth Circuit have held that a police officer is a public official.[14] Defendants suggest that because there is no case directly addressing whether a police officer is a public official in the context of Louisiana's criminal defamation statute, then the constitutional right was not clearly established. The Supreme Court has held, however, that there need not be "a case directly on point."[15] Rather, "existing precedent must have placed the statutory or constitutional question beyond debate."[16] Here, it is well-settled in Louisiana law both that a police officer is a public official and that Louisiana's criminal

---

[13] *See* Garrison v. State of La., 379 U.S. 64, 77 (1964) ("[W]e hold that the Louisiana [criminal defamation] statute, as authoritatively interpreted by the Supreme Court of Louisiana, incorporates constitutionally invalid standards in the context of criticism of the official conduct of public officials."); State v. Snyder, 277 So. 2d 660, 668 (La. 1972) ("We hold R.S. 14:47, 48, and 49 to be unconstitutional insofar as they attempt to punish public expression and publication concerning public officials, public figures, and private individuals who are engaged in public affairs.").

[14] Thompson v. St. Amant, 196 So. 2d 255, 260 (1967), *rev'd*, 390 U.S. 727 (1968) ("[W]e must decide whether Thompson, a deputy sheriff, is a 'public official' within the meaning of the rule announced in the New York Times Case. We hold that he is."); Collins v. Ainsworth, 382 F.3d 529, 541 (5th Cir. 2004).

[15] Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011).

[16] *Id.*

defamation statute is unconstitutional as applied to public officials. Indeed, prior to its repeal in 2021,[17] the law was included in the Unconstitutional Statutes Biennial Report to the Legislature in 2016, 2018, and 2020.[18] "Time and again, the Supreme Court has upheld the right of citizens to criticize the police," declaring that "'[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.'"[19] The Fifth Circuit has unequivocally held that "[s]peech criticizing the official conduct of public officials is protected by the First Amendment and does not constitute criminal defamation."[20] Accordingly, the issue is beyond debate.[21]

In addition, Plaintiff also presents evidence that the DA specifically told Defendants that a police officer is a public official and that Plaintiff's arrest would be unconstitutional. In his deposition, Defendant Culpeper admitted that he was specifically told by the DA's office that it would be unconstitutional to arrest Plaintiff. STPSO Captain Gaudet likewise testified that the decision to arrest Plaintiff was made after being informed that the criminal defamation statute was unconstitutional by the DA's office.

---

[17] Acts 2021, No. 60, § 1.

[18] Louisiana State Law Institute Constitutional Laws Committee, *2020 Unconstitutional Statutes Biennial Report to the Legislature in Accordance with R.S. 24:204(A)(10)* (March 9, 2020).

[19] Aubin v. Columbia Cas. Co., 272 F. Supp. 3d 828, 838 (M.D. La. 2017) (quoting City of Houston v. Hill, 482 U.S. 451, 454 (1987)).

[20] McLin v. Ard, 866 F.3d 682, 695 (5th Cir. 2017).

[21] *See* Anderson v. Larpenter, No. CV 16-13733, 2017 WL 3064805, at *10 (E.D. La. July 19, 2017) ("[U]nder longstanding U.S. Supreme Court and Louisiana Supreme Court case law, § 14:47 simply cannot criminalize such speech. As such, the Andersons' right not to be subject to a search warrant premised on an alleged violation of § 14:47, where the alleged violation involves speech about a public official, is a clearly established constitutional right.").

Finally, issuance of a warrant does not guarantee qualified immunity where "on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue."[22] This Court finds that no reasonable officer could have believed that probable cause existed where the unconstitutionality of Louisiana's criminal defamation statute as applied to public officials has long been clearly established and where the officers had been specifically warned that the arrest would be unconstitutional.[23] Indeed, "an officer charged with enforcing Louisiana law[] can be presumed to know that law."[24] Notably, the warrant application for Plaintiff's arrest omitted key information when it failed to advise the judge regarding the DA's position that the arrest would be unconstitutional. Both the judge and Sheriff Smith testified that the information provided by the DA should have been included in the affidavit in support of the arrest warrant. Accordingly, the fact that Defendants arrested Plaintiff pursuant to a warrant does not protect them from liability. Defendants' argument that there was no clearly established constitutional right of which they should have known prior to Plaintiff's arrest for criminal defamation does not pass muster, and they are not entitled to qualified immunity.

---

[22] Jordan v. Brumfield, 687 F. App'x 408, 413 (5th Cir. 2017).

[23] *See McLin*, 866 F.3d at 695 (holding that the defendants could not have had probable cause to arrest the plaintiff for violating the Louisiana criminal defamation statute where he made anonymous Facebook comments criticizing the official conduct of public officials); Anderson v. Larpenter, No. CV 16-13733, 2017 WL 3064805, at *9 (E.D. La. July 19, 2017) (holding that the defendants did not have probable cause for a search warrant "because no prudent person would believe that [the plaintiff's] statements" addressing the Parish President's fitness for office "could constitutionally form the basis of a crime").

[24] Rykers v. Alford, 832 F.2d 895, 898 (5th Cir. 1987).

### B. First Amendment Retaliation

Defendants next argue that Plaintiff's First Amendment retaliation claim must fail because they had probable cause and a warrant for his arrest. "When asserting a claim for retaliatory arrest, a plaintiff must first establish the absence of probable cause, and then demonstrate that the retaliation was a substantial or motivating factor behind the arrest."[25] This Court has already held that there was no probable cause for Plaintiff's arrest. Further, Plaintiff points to the following evidence that he contends shows that the arrest was made in retaliation: (1) the DA told Defendants the arrest would be unconstitutional; (2) Defendants obtained Jerry Rogers's emails with an allegedly illegal search warrant that cited a non-existent "14:00000" crime; (3) Defendants arrested Plaintiff when they could have sent a summons; (4) they issued a press release within fifteen minutes of his arrest; and (5) they sent a "formal complaint" to Plaintiff's employer. Plaintiff presents evidence that the press release and formal complaint were outside of the Sheriff's regular policy. Indeed, Canizaro testified that he could not recall another time that a press release had gone out before an arrestee was booked. Likewise, Sheriff Smith testified that he did not know of another time that the Sheriff's Office had sent a formal complaint to an arrestee's employer.

In response, Defendants attempt to explain these facts. Defendants explain that the violation 14:0000 in the search warrant is a common placeholder used when a crime does not have an official title associated with it and therefore does not suggest that the search warrant was illegal. They also argue that Plaintiff was arrested for officer safety reasons, that press releases

---

[25] Kokesh v. Curlee, 14 F.4th 382, 396 (5th Cir. 2021).

on sensitive topics are released quickly in light of social media, and that formal complaints are sent to employers on a "case-by-case" basis when there is an arrest of a law enforcement agent. Their explanations, however, only underscore that material issues of fact abound regarding whether Plaintiff's arrest was made in retaliation for exercising his First Amendment rights. Accordingly, the motion for summary judgment on this claim is denied.

### C. Individual and Official Capacity Claims against Sheriff Smith

Next, Defendants argue that Plaintiff cannot show that Sheriff Smith is liable in his official capacity under *Monell*. Sheriff Smith is the final policymaker under Louisiana law within St. Tammany Parish.[26] A claim against the Sheriff in his official capacity amounts to a claim against the municipality itself. Under *Monell*, a plaintiff asserting a § 1983 claim against a municipality must show "(1) the existence of an official policy or custom, (2) a policymaker's actual or constructive knowledge of the policy or custom, and (3) a constitutional violation where the policy or custom is the 'moving force.'"[27]

Defendants argue that Plaintiff cannot show an official policy or custom. Plaintiffs respond with evidence—the testimony of Canizaro and Captain Gaudet—that Smith directed his subordinates to arrest Plaintiff. The Fifth Circuit has held that the "official policy" requirement under *Monell* can be satisfied if "the action of the policymaker itself violated a constitutional right."[28] Defendants respond with evidence—an affidavit from Smith—that

---

[26] *Anderson*, 2017 WL 3064805, at *14.
[27] Pudas v. St. Tammany Par., No. CV 18-10052, 2019 WL 2410939, at *3 (E.D. La. June 7, 2019) (quoting Valle v. City of Houston, 613 F.3d 536, 541–42 (5th Cir. 2010)).
[28] Burge v. Par. of St. Tammany, 187 F.3d 452, 471 (5th Cir. 1999).

10

Smith did not order that Plaintiff be arrested. That said, it is clear that a material issue of fact exists as to Plaintiff's official capacity claim against Sheriff Smith. Accordingly, summary judgment is inappropriate.

Defendants present the same affidavit in support of their argument for dismissal of Plaintiff's claims against Smith in his individual capacity. Again, material issues of fact as to Sheriff Smith's involvement in the decision to arrest Plaintiff prevent summary judgment.

### D. Official Capacity Claims against Canizaro and Culpeper

Defendants point out that Plaintiff sued Defendants Smith, Culpeper, and Canizaro in their official capacities. They argue that the suits against Culpeper and Canizaro in their official capacities are redundant. This Court agrees, and Plaintiff does not oppose this argument. Accordingly, the claims against Culpeper and Canizaro in their official capacities are dismissed.

### E. Abuse of Process Claim

Finally, Defendants move for summary judgment on all of Plaintiff's state law claims. Plaintiff brings claims for violation of the Louisiana Constitution, and the state law torts of false arrest, false imprisonment, and abuse of process. The Court will address the former three claims in the next section. As to his abuse of process claim, Plaintiff must show an improper willful act in the use of a legal process and the existence of an ulterior purpose.[29] Defendants argue that Plaintiff cannot make this showing. This Court finds that much of the evidence that Plaintiff submitted as to his First

---

[29] Mills v. City of Bogalusa, No. 13-5477, 2016 WL 2992502, at *14 (E.D. La. May 24, 2016) (citing Waguespack, Seago & Carmichael v. Lincoln, 768 So.2d 287, 290–91 (La. App. 1 Cir. 2000)).

11

Amendment retaliation claim also raises a material issue of fact here. Accordingly, summary judgment is denied.

## II. Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for summary judgment on his § 1983 false arrest claim and his state law false arrest and false imprisonment claims. To prevail on a § 1983 false arrest claim, Plaintiff must show that Defendants did not have probable cause to arrest him.[30] Similarly, to succeed on a state law false arrest and false imprisonment claim, Plaintiff must show: "(1) detention of the person; and (2) the unlawfulness of the detention."[31] It is undisputed that Plaintiff was arrested and detained by Defendants. Plaintiff argues that because Louisiana's criminal defamation statute is unconstitutional as applied to police officers, there was no probable cause for his arrest.

"The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"[32] This Court has already held that the unconstitutionality of Louisiana's criminal defamation statute as applied to police officers is beyond debate. It is also undisputed that Plaintiff was arrested because of statements he made about Detective Buckner in his capacity as a law enforcement officer with STPSO. Where an arrest warrant is premised on the violation of an

---

[30] Anokwuru v. City of Houston, 990 F.3d 956, 963 (5th Cir. 2021).

[31] Richard v. Richard, 74 So. 3d 1156, 1159 (La. 2011).

[32] Piazza v. Mayne, 217 F.3d 239, 245 (5th Cir. 2000) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)).

12

unconstitutional law, the warrant lacks probable cause because "the conduct complained of is not a criminally actionable offense."[33] Accordingly, Plaintiff correctly argues that there was no probable cause for his arrest. Accordingly, Plaintiff is entitled to summary judgment on his false arrest and false imprisonment claims under both federal and state law.[34]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**. Plaintiff is entitled to judgment in his favor on his claim for § 1983 false arrest and state law false arrest and false imprisonment against Defendants Canizaro and Culpeper in their individual capacities.

Defendant's Motion is **GRANTED IN PART**. Plaintiff's claims against Defendants Canizaro and Culpeper in their official capacities are **DISMISSED WITH PREJUDICE**.

Material issues of fact prevent the resolution on summary judgment of Plaintiff's claims against Sheriff Smith, as well as his claims for First Amendment retaliation and abuse of process.

New Orleans, Louisiana this 13th day of May, 2022.

                                                            **JANE TRICHE MILAZZO**
                                                            **UNITED STATES DISTRICT JUDGE**

---

[33] Terrebonne Par. Sheriff's Off. v. Anderson, 2016 WL 11184720 (La. App. 1 Cir. 2016); see Aubin, 272 F. Supp. 3d at 839 (holding no probable cause for arrest where public intimidation law was patently unconstitutional).

[34] Plaintiff's claim for violation of the Louisiana Constitution is redundant of his § 1983 false arrest claim.