UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY ROGERS, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-517** |
| **SHERIFF RANDY SMITH, DANNY CULPEPER, AND KEITH CANIZARO** | **SECTION "H" (3)** |

## ORDER AND REASONS

Before the Court is a Motion for Protective Order to Limit the Deposition of Darlene Rogers (Rec. Doc. No. 192), filed by plaintiff, Jerry Rogers, Jr. Defendants, Randy Smith, Danny Culpeper, and Keith Canizaro (collectively "Defendants") oppose. (Rec. Doc. No. 194). Plaintiff has filed a reply. (Rec. Doc. No. 198). Defendants have filed a sur-reply. (Rec. Doc. No. 200). The oral hearing on the motion was set for May 18, 2022. (Rec. Doc. No. 193). On that date, the Court cancelled the hearing and took the issues under submission on the briefs. (Rec. Doc. No. 199). Having reviewed the briefs and the applicable law, the Court rules as follows.

### I.  BACKGROUND

This case arises out of the arrest of Plaintiff Jerry Rogers for criminal defamation. (Rec. Doc. No. 1).[1] Plaintiff alleges that he worked for the St. Tammany Parish Sheriff's Office ("STPSO") from 1998 to 2009. *Id.* at 3. Following the murder of Nanette Krentel in St. Tammany Parish on July 14, 2017, Plaintiff began communicating with Krentel's family members by email about concerns surrounding the murder investigation and actions taken by the STPSO, based on

---

[1] An amended complaint has been filed in this case (Rec. Doc. No. 13), but the amended complaint only made one amendment to paragraph 51, replacing the phrase "Louisiana's Constitution" with the phrase "Article 1, §7 of Louisiana's Constitution." (*See* Rec. Doc. No. 12-1, p. 1).

1

his personal experience. *Id*. Plaintiff was particularly critical of the lead investigator, Detective Daniel Buckner. *Id*. at 4.

At some point, the STPSO became aware of the emails and began to investigate their source. *Id*. at 3-4. Plaintiff alleges that upon discovering that Plaintiff was the author of the emails, the STPSO sought advice from the district attorney's office ("the DA") and was advised that Louisiana's criminal defamation law, Louisiana Revised Statute § 14:47, had been declared unconstitutional as to public officials and that charges against Plaintiff would therefore be unconstitutional. *Id*. at 4. Despite this, Defendants arrested Plaintiff for criminal defamation on September 16, 2019. *Id*. at 5. He was released on bail the same day, and ultimately, the Louisiana Department of Justice declined to prosecute the criminal charge against him. *Id*. at 5-6.

Plaintiff brought claims against Defendants for First Amendment retaliation, unlawful seizure, false arrest, violation of the Louisiana Constitution, and abuse of process. The district court dismissed Plaintiff's state law malicious prosecution claim on July 17, 2020. (Rec. Doc. No. 19). On May 13, 2022, on motions for summary judgment, the district court entered judgment in favor of Plaintiff on his claim for § 1983 false arrest and state law false arrest and false imprisonment against Defendants Canizaro and Culpeper in their individual capacities, dismissed Plaintiff's claims against Defendants Canizaro and Culpeper in their official capacities, and concluded that material issues of fact prevented the resolution of claims against Sheriff Randy Smith, as well as claims for First Amendment retaliation and abuse of process. (Rec. Doc. No. 195).

Plaintiff filed the instant motion on May 2, 2022, seeking a protective order to limit the deposition of his wife, Darlene Rogers ("Mrs. Rogers"). (Rec. Doc. No. 192).

## II.     THE PARTIES' CONTENTIONS

Plaintiff asks this Court to limit the deposition of Mrs. Rogers to the topic of damages, which Plaintiff concedes is relevant and properly within the scope of discovery. (Rec. Doc. No. 192-1, p. 1). Plaintiff contends that at his own deposition, Defendants engaged in "extensive questioning about Mrs. Rogers' work [at the District Attorney's office] and her political affiliations."[2] *Id*. Because of this line of questioning, Plaintiff contends that Defendants intend to depose Mrs. Rogers regarding her employment at the DA's office, including social and political events. *Id*. at 5. Plaintiff further contends that since discovery opened in this case in May 2020, Defendants have shown little interest in learning about the damages asserted by Plaintiff, even failing to take steps to obtain findings from a medical examination by Defendants' expert neuropsychologist and clinical psychologist, Dr. Kevin Bianchini. *Id*. at 2. Plaintiff suggests that the lack of focus on inquiry into the asserted damages at his own deposition suggests that the basis of "alleged damages" for the deposition of Darlene Rogers is pretense. *Id*. at 6.

On April 8, 2022, Defendants asked Plaintiff to provide dates for the deposition of Mrs. Rogers, who is not a party to the lawsuit, nor a witness listed in the initial disclosures of either party. (Rec. Doc. No. 192-1, p. 3; Exhibit D; Exhibit E). In their email exchange, Defendants indicated that they intend to question Mrs. Rogers about the asserted damages "[a]mong other things." (Rec. Doc. No. 192-4, p. 2). Plaintiff argues that information regarding damages is the "only information relevant to either party's claims or defenses and that Defendants' counsel can identify as possibly being within Mrs. Rogers's knowledge." (Rec. Doc. No. 192-1, p. 4).

In opposition, Defendants argue that none of the arguments put forth by Plaintiff are sufficient to support the granting of a protective order limiting the scope of discovery. (Rec. Doc.

---

[2] Plaintiff contends that Defendants' counsel questioned Plaintiff about every St. Tammany Parish DA's office "work function, Christmas party, and Election party that Plaintiff attended with his wife." (Rec. Doc. No. 192-1, p. 2).

No. 194, p. 2). Defendants contend that the deposition testimony of Mrs. Rogers is highly relevant because Plaintiff "repeatedly alleges that he was arrested for reasons other than those vehemently asserted by the Defendants." *Id*. at 4. Defendants argue that Mrs. Rogers' "complete testimony" is directly related to the claims set forth in the complaint, and therefore, falls within the scope of permissible discovery. *Id*. Defendants next argue that Plaintiff has failed to assert any legitimate legal argument for limiting the scope of the deposition, that no serious injury would result, and that the deposition would not be unduly burdensome, duplicative, privileged, private, or irrelevant. *Id*. at 4-5. Defendants contend that generalized conclusions and misconstrued information does not form a valid basis for a protective order. *Id*. at 4, 6. Finally, Defendants contend that initial disclosures can be supplemented, and that the report of Dr. Bianchini remains forthcoming. *Id*. at 7.

### III.    LAW & ANALYSIS

Federal Rule of Civil Procedure 26(b) permits a party to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Rule 26(c) governs protective orders. For good cause, a party "or any person from whom discovery is sought" may seek a court order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In determining

good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information. *Ruffin v. BP Exploration & Production, Inc.*, 2021 WL 4060975, at *3 (E.D. La. Sept. 7, 2021). Rule 26(c) permits the court to grant a protective order forbidding disclosure or discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(A), (D). A court may exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the discretion of the court. *Ruffin*, 2021 WL 4060975, at *3.

### a. Standing

A party to a lawsuit lacks standing to quash a subpoena that is directed to a third party under Rule 45 when the party is not in possession of the materials subpoenaed and does not allege a personal right or privilege with respect to the materials subpoenaed. *Ruffin*, 2021 WL 4060975, at *3 (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979)). In order to challenge a subpoena, the movant must be in possession or control of the requested material, the person to whom the subpoena is issued, or have a personal right or privilege in the subject matter of the subpoena. *Black v. DMNO, LLC*, No. 16-02708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018). A party cannot seek to quash a Rule 45 subpoena directed to a third party on the grounds that it violates the privacy rights of the actual deponent, is overly broad, or seeks information that is irrelevant to the claims in the action; only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds. *Frazier v. RadioShack Corp.*, Civ. A. No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) (citing *Keybank National Ass'n v. Perkins Rowe Associates, LLC*, 2011 WL 90108, at *2 (M.D. La. 2011) (defendants had standing to challenge third-party subpoenas seeking the defendants' private bank records but lacked standing to

challenge other third-party subpoenas on grounds of relevance or undue burden to the subpoenaed non-party)).

However, a party who lacks standing under Rule 45 *does* have standing to seek relief under Rule 26(c). *Ruffin*, 2021 WL 4060875, at *3; *Kilmon v. Saulsbury Industries, Inc.*, 2018 WL 5800759, at *4 (W.D. Tex. Feb. 13, 2018) ("As both parties concede, a party has standing to move for a protective order pursuant to Rule 26(c) even if the party does not have standing pursuant to Rule 45(d)."). A motion for protective order may be made by any party and such party may seek a Rule 26(c) protective order "if it believes its own interest is jeopardized by discovery sought from a third person." *Id*. (citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2035 (3d ed.)).

Here, Plaintiff does not assert a privilege. Nor does he assert any interest that will be jeopardized by discovery sought from his wife, therefore, Plaintiff does not have standing pursuant to Rule 45. Instead, Plaintiff argues that the protective order pursuant to Rule 26(c) is necessary because Defendants may seek to question Mrs. Rogers about her employment with the DA's office, including political activities and social involvement, and this line of questioning is not relevant to the claims and defenses raised in this matter. (Rec. Doc. No. 192-1, p. 1).

In *Bounds v. Capital Area Family Violence Intervention Center, Inc.*, the court evaluated the issue of standing and recognized that a "a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena." *Bounds v. Capital Area Family Violence Intervention Center, Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) (citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 240 n. 2 (E.D. Va. 2012); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005); *Washington v.*

*Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)). Thus, the court in *Bounds* allowed defendants to "seek a limitation and/or modification of the scope of the subpoena" pursuant to Rule 26(c)(1). *Id.* at 19.

Courts in this district have made similar determinations. In *Great Lakes Ins., S.E. v. Gray Group Investments, LLC*, a court in this district determined that "[a]lthough a party does not have standing under Rule 45 to challenge the sufficiency of notice, burden, or relevance in the absence of a personal right or privilege with respect to the materials subpoenaed, a party does have standing to challenge relevance under Rule 26(c)." *Great Lakes Ins. S.E. v. Gray Group Investments, LLC*, Civ. A. No. 20-2795, 2021 WL 7708048, at *6 (E.D. La. May 21, 2021) (citing *Bounds*, 314 F.R.D. at 218); *see also Marchlewicz v. Brothers Xpress Inc.*, SA-19-CV-00996-DAE, 2021 WL 397398, at *2 (W.D. Tex. Feb. 4, 2021) ("Although parties have only limited standing to move to quash subpoenas on behalf of non-parties under Rule 45, they do have standing to raise relevance and proportionality objections on behalf of third parties in service of limiting the overall scope of discovery" pursuant to Rule 26(c)(1)).

Thus, the undersigned finds that Plaintiff has standing pursuant to Rule 26(c) to challenge the scope of discovery, particularly as to the relevancy of any questioning involving Mrs. Rogers' political activities and social involvement as related to her employment with the DA's office. Furthermore, even if this Court were not convinced that Plaintiff may move for a protective order based only on issues of relevancy, the Court notes that Rule 26(b)(2)(C)(iii) *requires* this Court to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that … the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). Therefore, the Court turns to the issue of relevancy.

    b. **Relevancy**

Plaintiff seeks to limit the deposition of Mrs. Rogers to the topic of damages (Rec. Doc. No. 192, p. 1), while Defendant seeks Mrs. Rogers' "complete testimony." (Rec. Doc. No. 194, p. 4). In a Reply in Support of Motion for Protective Order to Limit the Deposition of Darlene Rogers (Rec. Doc. no. 198), Plaintiff contends that questioning regarding Mrs. Rogers' "political activities and social involvement as related to her employment" would not be legitimate topics for a deposition.[3] *Id*. at 1.

The Court fails to see how any questioning of Mrs. Rogers regarding her political activities or social involvement as it relates to her employment with the St. Tammany DA is relevant to the subject action. Mrs. Rogers is a secretary at the DA's office, and Defendants have not raised any claims related to inappropriate conduct on the part of Darlene Rogers and her work at the DA's office in this case. The portion of the deposition of Mr. Rogers attached as an exhibit to the instant motion reveals extensive questioning about events held by the St. Tammany DA that Mr. Rogers and his wife may have attended and who they saw at those events. (Rec. Doc. No. 192-6). The Court can see no possible reason this line of questioning is relevant to any claim or defense remaining in this case. Accordingly, the Court finds that the scope of discovery should be limited to exclude topics involving political activities and social involvement as related to her employment with the St. Tammany DA's office.

Plaintiff also states that Defendants intimated that when the DA's office informed Defendants that arresting Jerry Rogers would be a false arrest, that advice was colored by the fact that the DA's office employed Mrs. Rogers. *Id*. (citing Rec. Doc. No. 162-5, fn. 43). Plaintiff notes that the issue of false arrest, however, is moot because of the district court's granting summary

---

[3] Plaintiff cites to *International Action Center v. United States*, Civ. No. 01-72 (D.D.C. April 15, 2002), that purportedly ruled that discovery requests seeking past political activities of plaintiffs would not be allowed but fail to include a proper citation to locate the case and verify its appropriateness to the case at hand.

judgment in its favor on the claim. *Id*. at 2 (citing Rec. Doc. No. 195). Defendants contend that the "District Court's order is far from a final judgment," and that the granting of summary judgment in favor of plaintiff on the false arrest claims does not preclude the Defendants from conducting further discovery on the issue. (Rec. Doc. No. 200). According to the Defendants, the issue is not moot without a final adjudication, and they are well within their right to continue discovery while the discovery period is open unless a stay is issued. (Rec. Doc. No. 200-2, p. 2). The undersigned disagrees.

To the contrary, courts considering the issue of discovery on claims disposed of by summary judgment have held that, "there would be little utility to interlocutory summary judgment practice if it did not limit the scope of further proceedings, including discovery." *Precision Seed Co. v. Consol. Grain & Barge Co.,* No. 3:03-CV-079, 2005 WL 8162380, at *1 (S.D. Ohio July 19, 2005) ("While the Court agrees with the authority cited by Plaintiff that the pendency of a motion to dismiss or for summary judgment with respect to a particular claim does not preclude discovery on that claim, the actual disposition of such a motion limits the scope of future discovery in the case."); *see also Johnson v. Mortham, 1*64 F.R.D. 571, 572 (N.D. Fla. 1996) (granting protective order to limit discovery to claims remaining after ruling on motion for summary judgment); *American Motorists Ins. Co. v. General Host Corp.*, 120 F.R.D. 129, 134 (D. Kan. 1988) (insurer was entitled to protective order preventing insureds from deposing assistant general counsel for insurer's alleged agent; once insurance case had been terminated, discovery was no longer needed). However, the Court will not limit her deposition solely to the issue of damages at this time. The Court will, however, limit the deposition to the claims still at issue in the lawsuit including the claims asserted by Plaintiff against Sheriff Smith as well as his First Amendment retaliation and abuse of process claims. While this may include some questioning about her work

generally, this necessarily excludes questioning about her political activities and social involvement in the DA's office which is not properly within the scope of discovery pursuant to Rule 26(b)(1).

### IV. CONCLUSION

Therefore,

**IT IS ORDERED** that the **Motion for Protective Order to Limit the Deposition of Darlene Rogers (Rec. Doc. No. 192)** is **GRANTED IN PART**. The deposition of Mrs. Rogers will be limited to the claims still at issue in the lawsuit including the claims asserted by Plaintiff against Sheriff Smith as well as the First Amendment retaliation and abuse of process claims. Defendants are not permitted to question Mrs. Rogers regarding her political activities or social involvement as related to her employment with the St. Tammany DA's office as such is not relevant or proportional to the claims at issue in the litigation.

New Orleans, Louisiana, this 3rd day of June, 2022.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**