UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. VAN MEERVELD** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO DETERMINE CONFLICT-FREE REPRESENTATION**

**NOW INTO COURT**, through undersigned counsel, come Defendants, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, who herewith provide the following Opposition to Plaintiff's Motion to Determine Conflict-Free Representation (R. Doc. 242).

At the outset, Defendants would note the disingenuous nature of Plaintiff's motion, which was filed after three and a half years of litigation, and only five months before trial. Indeed, this matter has involved the same issues, the same sole Plaintiff, and the same Defendants since its inception in February 2020, yet Plaintiff is only now addressing with the Court his apparent concern regarding Defendants' representation. Respectfully, should this Honorable Court find any merit to Plaintiff's motion, Defendants submit that they are amenable to obtaining separate counsel, which will necessitate a continuance of the upcoming trial. As set

forth below, however, Plaintiff's motion is without merit and fails to establish that the concurrent representation of the Sheriff and the individual Deputy Defendants poses any potential or actual conflict of interest.

## ARGUMENT

The basis of Plaintiff's motion appears to be Plaintiff's apparent issue with Defendants' deposition testimony. Specifically, Plaintiff's motion incorrectly states that Defendants' testimony has revealed "direct conflicts."[1] In response, Defendants contend that their deposition transcripts are the best evidence of the contents, and herein attach the full transcript from the deposition of Sheriff Smith, Deputy Canizaro, and Deputy Culpeper.[2] As these transcripts demonstrate, the testimony of each of the three Defendants presents no conflict whatsoever.

Plaintiff's issue with Defendants' testimony, as already addressed during the motion for summary judgment briefing in this matter, is an issue of simple semantics of the word "described." Specifically, Plaintiff apparently takes issue with the fact that, according to Plaintiff:

> Defendants listed as a material fact the proposition that Major Culpeper further described to Sheriff Smith, in general terms, the elements of the crime of Defamation. But Sheriff Smith testified that Culpeper did not describe the elements of the crime of defamation to him.[3]

The Defendants have consistently submitted to the Court that prior to requesting an arrest warrant, "Major Culpeper further described to Sheriff Smith, in general terms, the elements of the crime of Defamation and that these elements were present in the Jerry Rogers investigation,"[4] while Sheriff Smith's deposition testimony reads as follows:

---

[1] R. Doc. 242-1, p. 1.
[2] See **Exhibits A-C**, the deposition transcripts of Sheriff Smith, Danny Culpeper and Keith Canizaro, respectively.
[3] R. Doc. 242-1, p. 6.
[4] See Affidavit of Sheriff Randy Smith, R. Doc. 166-21 at ¶ 13; see also Affidavit of Deputy Danny Culpeper, R. Doc. 178-8 at ¶ 12.

> Q. Did Chief Culpeper or anyone else describe to you the elements of criminal defamation?
>
> A. Yes and no. Yes, that they had the elements there to proceed with getting a warrant signed, enough probable cause and that they would -- that they felt confident that that would be a charge that could be -- you know, that would be used in that case.
>
> Q. Okay. So if I'm understanding you correctly, Culpeper told you that they had enough to meet the elements of criminal defamation, but he didn't tell you what the elements of criminal defamation were, correct?
>
> A. That is correct.[5]

This semantical concern does not create the slightest conflict of interest, as Plaintiff's motion suggests. It is undisputed that before the arrest, Defendant Culpeper briefed the Sheriff on the status of the investigation and that the elements of the crime were present, and the decision was made to put the matter before the judge, who could then evaluate the facts in the affidavit to determine if there was sufficient probable cause for the issuance of a warrant. Whether Defendant Culpeper described in exact detail each and every element of the crime of criminal defamation or simply briefed the Sheriff on the investigation and informed him that the elements of the crime were present is, respectfully, a distinction without a difference.

> Additionally, Plaintiff seems to take issue with the following:
>
> Defendants also listed as a material fact the idea that Canizaro was aware of two other cases in which the alleged victim of criminal defamation was a public official. But at deposition, Canizaro said he did not know about the status of those alleged victims.[6]

Plaintiff once again mistakes Defendant Canizaro's experience with two prior defamation arrests by STPSO for memorization of case particulars, which is trivial and unreasonable. Plaintiff attempts to discredit Defendant Canizaro's experience and fabricate some alleged conflict by pointing out Canizaro's inability to recall specific details of these prior arrests during

---

[5] See Sheriff Smith's Depo. p. 31:23 – 32:14, attached hereto as **Exhibit A**.
[6] R. Doc. 242-1, p. 6.

his deposition, which is entirely irrelevant, both in general and especially regarding the legal representation of the Defendants in this matter.

Plaintiff's motion also walks through a handful of fact-specific court decisions in which it was determined that a conflict of interest existed regarding the representation of certain individuals along with other, larger entities/municipalities. In those specific instances, the respective courts found reason to believe that, based on the facts of those cases, an adverse interest either existed or was created between the parties. No such circumstances are present in this matter, and Plaintiff has merely set forth a smoke-screen argument in order to fabricate a potential conflict of interest where none otherwise exists.

Accordingly, Plaintiff's arguments are wholly without merit and fail to establish that the concurrent representation of the Sheriff and the individual Deputy Defendants poses a conflict of interest. There are no structural or substantive elements of this case which prevent or could potentially prevent counsel from zealously representing all three Defendants, as has been done without issue for nearly four years now. Moreover, the three Defendants have been clear and consistent in their respective testimony throughout this litigation, further disproving any arguments by Plaintiff regarding some potential conflict.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*
**CHADWICK W. COLLINGS, T.A.     # 25373**
**SARAH A. FISHER                 # 39881**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:    (985) 292-2000**
**Facsimile:    (985) 292-2001**
ccollings@millinglaw.com
sfisher@millinglaw.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on October 3, 2023, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

    *s/ Chadwick W. Collings*
    **Chadwick W. Collings**