UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR. | CIVIL ACTION |
| VERSUS | NO. 20-517 |
| RANDY SMITH, ET AL | SECTION: H |

## Reply in Support of Motion to Determine Conflict-Free Representation

In this case, Plaintiff filed a motion for conflict free counsel. R. Doc. 242. That motion was based primarily on the basic structural conflict that exists in a Section 1983 case when a government entity and its employees are co-defendants. *Nagle v. Gusman, et al.*, 12-cv-1910, 2015 WL 1525827, at *1 (E.D. La. Apr. 2, 2015) (holding that in "section 1983 cases, the interests of a municipality and the interests of its employees are adverse to one another.")

To ensure that there is no conflict, Plaintiff asked that this Court follow the protocol laid out in a similar Eastern District Section 1983 case, in which a Sheriff's Office and its deputies were similarly co-defendants. *Lou v. Lopinto*, 21-cv-80, R. Doc. 58 (E.D. La. Apr. 13, 2022). That protocol involves ensuring that counsel meets with each defendant, explains the potential conflict of interest, discusses the scope of indemnity, allows an opportunity to consult with separate counsel, and obtains waivers of potential conflicts.

Defendants filed an opposition. R. Doc. 246. That opposition provides argument that there is not an actual conflict between the defendants' testimony. It does not, however, explain why there is not at least a <u>potential</u> conflict of interest.

The opposition is also notable for what it does not say:

- It does not say that any defendant has been advised that there may be a potential conflict of interest;

- It does not say that any defendant has been advised about indemnification of compensatory damages, punitive damages, or attorneys fees;

1

- It does not say that any defendant has been advised that the Sheriff's Office will pay for separate counsel;

- It does not say that any defendant has been provided an opportunity to consult with separate counsel regarding the waiver of potential conflicts;

- It does not say that <u>any defendant has waived the potential conflict</u>.

If Defendants are correct that there is no actual or potential conflict, then there is no harm in following the *Lou v. Lopinto* protocol. If Defendants are wrong, then it is important that the individual defendants be provided an opportunity to consult with separate counsel.

Nearly half a year remains before trial. There is ample time for additional counsel to be prepared, if that is necessary.

The motion should be granted.

Respectfully Submitted:

*/s/ William Most*
WILLIAM MOST (La. Bar No. 36914)
HOPE PHELPS (La. Bar No. 37259)
DAVID LANSER (La. Bar No. 37764)
201 St. Charles Ave., Ste. 2500, # 6825
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com

**Counsel for Plaintiff, Jerry Rogers, Jr.**

2