**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JERRY ROGERS, JR. | CIVIL ACTION |
| VERSUS | NO. 20-517 |
| RANDY SMITH, ET AL | SECTION: H |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SUBMIT WRITTEN REBUTTAL EXPERT**

Pursuant to this Court's previous order, a deadline was set for the submission of a written rebuttal expert. (R. Doc. 245). Plaintiff respectfully requests that the deadline for submission of written rebuttal experts be extended to October 25, 2023 to accommodate the limited availability of Plaintiff's expert, allow additional time for Defendant's expert to produce requested raw data, and for Plaintiff's expert to review.

**I.  Factual Background**

On September 25, 2023, Defendants provided Plaintiff with the written report of their expert and his Rule 26 disclosures.

On September 29, 2023, this Court granted Plaintiff's *Motion to Set Deadline for Submission of Written Rebuttal Expert* (R. Doc. 245).

Plaintiff secured a rebuttal expert and requested that Defendant's expert provide the raw data relied on in connection with his report. Defendant's expert has not yet provided a copy of those records to Plaintiff's rebuttal expert.

The deposition of Defendant's expert is set for November 1, 2023.

This extension will allow Defendant's expert time to produce the files, Plaintiff's expert time to review them and produce a written report. This extension is not prejudicial to Defendants as the written rebuttal would be produced a week in advance of their expert's scheduled deposition.

## II. Law and Argument

Federal Rule of Civil Procedure 26(a)(2)(D) provides the time for disclosure of expert reports. Rule 26(a)(2)(D) provides:

> A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

In *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, the purpose of a rebuttal expert report is to rebut and supplement, and a rebuttal report deadline "is not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."

In this case, Plaintiff secured an expert solely for rebuttal purposes granted a motion setting a deadline for the submission of that expert's written rebuttal. This expert will not be submitting an entirely new report, and will solely be responding to and rebutting the report disclosed by Defendants.

To date Defendant's expert has not fully disclosed the raw data relied on his report. Plaintiff respectfully requests that this court extend the deadline for submission to October 25, 2023. This will allow more time for Defendant's expert to produce the requested raw data, and for Plaintiff's expert to review and evaluate that data. Additionally, this will accommodate the limited availability of Plaintiff's expert. The extended deadline is not prejudicial to Defendants because their expert has not yet been deposed, and his deposition is scheduled for November 1, 2023.

### III.    Conclusion

Plaintiff respectfully requests that this court grant the Motion for Extension of Time Submit Written Rebuttal Expert, extending the submission deadline to October 25, 2023.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
*Counsel for Plaintiff, Jerry Rogers, Jr.*