UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., <br><br> Plaintiff <br><br> v. <br><br> SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO, <br><br> Defendants | Case No. 2:20-cv-00517 |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELEVANT TO PUNITIVE DAMAGES**

In this civil rights case, Plaintiff Jerry Rogers has a claim for punitive damages. In discovery, he requested records related to Defendants' finances, because such records are relevant for the purpose of punitive damages.

Defendants refused to provide any responsive documents at all.

Plaintiff now moves to compel.

### I. Factual and Procedural Background

Plaintiff Jerry Rogers, Jr. filed suit on February 13, 2020, for First Amendment retaliatory arrest, unlawful seizure, false arrest, violation of the Louisiana Constitution, malicious prosecution, and abuse of process. R. Doc. 1. On May 13, 2022, this Court granted summary judgment in favor of Plaintiff on his claims of §1983 false arrest, state law false arrest and false imprisonment against Defendants Canizaro and Culpeper in their individual capacities (R. Doc. 195). That decision was upheld on appeal.

On September 1, 2023, counsel for Plaintiff propounded an Eighth Set of Requests for Production to each Defendant, requesting information regarding their finances and assets.[1] On

---

[1] Plaintiff's 8th Set of Requests for Production, Exhibit A.

1

October 6, 2023, Defendants responded with objections to Plaintiff's requests and have refused to produce a single page of responsive documents.[2]

Prior to receipt of Defendants' responses to the 8th Set of Requests for Production, Plaintiff's counsel invited Defendants' counsel to confer about any issues of scope, clarity, etc. of the Requests. Defendants did not raise any concerns. Then, Defendants provided responses – but no responsive documents whatsoever. On October 18, 2023, the parties participated in a Meet and Confer regarding Defendants' deficient discovery responses. Defendants' counsel claimed that financial information was not relevant because there is not a money judgment or suggestion of inability to pay. Plaintiff's counsel explained that the relevance of these requests it punitive damages, not the issues cited by Defendants' counsel. Defendants' counsel responded that, in that case, they object to lack of proportionality. On that same date, Plaintiff's counsel sent Defendants' counsel a letter memorializing this Meet and Confer.[3]

## I.    LAW AND ARGUMENT

### A. **Defendants should be Compelled to Produce Documents Regarding their Financial Information and Assets Because it is Relevant to Punitive Damages.**

Pursuant to Federal Rule of Civil Procedure Rule 37(a)(3), a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory or produce documents. Further, under Federal Rule of Civil Procedure 37(a)(4), a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party provides an evasive or incomplete disclosure, answer, or response. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4).

---

[2] Defendants' Responses to Plaintiff's 8th Set of Requests for Production, Exhibit B.
[3] Meet and Confer Letter from Plaintiff's counsel to Defendant's counsel, dated October 18, 2023, Exhibit C.

The Federal Rules grant the district court broad discretion in ruling on discovery matters such as a motion to compel. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011). Federal courts have an established policy of liberal discovery. Fed. R. Civ. P. 26(b); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Dollar v. Long Mfg. N.C.*, Inc. 561 F.2d 613, 616 (5th Cir. 1977); *Intralox, L.L.C. v. Habasit Belting, Inc.,* 2004 WL 2999097, at *3 (E.D. La. Dec. 23, 2004). As amended, effective December 1, 2015, Rule 26(b)(1) permits broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1).18 The term "relevant" in Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may request any document that falls within the scope of Rule 26(b); *i.e.*, any non-privileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. Pro. 34; Fed. R. Civ. Pro. 26(b).

Under §1983, punitive damages may be awarded, "when the defendant's individual conduct 'is "motivated by evil intent" or demonstrates "reckless or callous indifference" to a person's constitutional rights.'" Fetty v. La. State Bd. of Private Sec. Examiners, No. 18-517, 611 F. Supp. 3d 230, 2020 U.S. Dist. LEXIS 17808, 2020 WL 520026, at *14 (M.D. La. Jan. 31, 2020) (quoting *Bouchereau v. Gautreaux*, No. 14-805, 2015 U.S. Dist. LEXIS 121225, 2015 WL 5321285, at *13 (M.D. La. Sept. 11, 2015) (deGravelles, J.) (quoting *Williams v. Kaufman Cty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (citation omitted)).

Here, Defendants Canizaro and Culpeper have already been found liable in their individual capacities for §1983 false arrest, state law false arrest and false imprisonment. Defendant Smith is potentially liable in his individual capacity for the same claims. Plaintiff alleges that Defendants'

3

actions were intended to deter and chill the exercise of his First Amendment right to express his opinion about STPSO (R. Doc. 14, ¶ 45). If proven at trial, such conduct could support an award of punitive damages against each Defendant individually. *See Collier v. Roberts*, No. 13-425, 2015 U.S. Dist. LEXIS 30643, 2015 WL 1128399, at *5 (M.D. La. Mar. 11, 2015) (Dick, J.) (denying motion to dismiss punitive damage claims against officer when "Plaintiff has alleged that Deputy Roberts unnecessarily seized her by the neck, forced her to the ground, handcuffed her and subsequently deployed his TASER gun on her, 'brutalized' her, and 'maliciously used excessive force upon' her.").

Because punitive damages may be available to Plaintiff, Defendants' financial information is relevant to this litigation. *See Thibodeaux v. T.H. Marine Supplies*, LLC, 21-443, 2023 U.S. Dist. LEXIS 8566, *9-10 (citing *Rafael Hurtado v. Balerno Int'l Ltd.*, No. 17-62200, 2019 U.S. Dist. LEXIS 28928, 2019 WL 917404, at *2 (S.D. Fla. Feb. 25, 2019) ("And, where there is a claim for punitive damages, 'a defendant's financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award.'")). "When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages." *Briones v. Smith Dairy Queens, Ltd.*, No. 08-48, 2008 U.S. Dist. LEXIS 82625, 2008 WL 4630485, at *5 (S.D. Tex. Oct. 16, 2008) (quoting *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990)). The allegations in Plaintiff's Amended Complaint are sufficient to allow discovery of financial information relevant to the issue of punitive damages.

To date, Defendants have not produced any documents responsive to Plaintiff's 8th Set of Requests for Production for records regarding Defendants' financial information. This Court should issue an Order compelling Defendants to produce the requested financial information.

### B. Plaintiff has Attempted in Good Faith to Obtain the Requested Information and Documents Without Court Action.

Before seeking a motion to compel, the movant must confer, or attempt to confer, in good faith with the party failing to produce discovery in an attempt to obtain the documents without court action. FRCP 37(a)(1). Here, Plaintiff's counsel certifies that he has complied with the requirements of FRCP 37(a)(1). Exhibit D (Certification of William Most). Plaintiff's counsel has attempted to obtain the responses without court action. Plaintiff's counsel invited Defendants' counsel to address any concerns regarding relevancy and scope prior to the deadline for Defendants' responses. After Defendants provided their responses, the parties participated in a Meet and Confer.[4] To date and following the October 18, 2023 Meet and Confer, counsel for Defendants has not provided any documents responsive to the 8th Set of Requests for Production.

### C. This Court should Grant Plaintiff his Reasonable Attorney Fees.

Pursuant to Federal Rule of Civil Procedure Rule 37(a)(5), if this motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—this court must, after giving an opportunity to be heard, require Defendants, whose conduct necessitated the motion, to pay the Plaintiff's reasonable expenses incurred in making this motion, including attorney's fees. As discussed above, Defendants' refusal to produce the personnel files is wholly unjustified. Through telephonic and written meet-and-confers, Plaintiff attempted in good faith to obtain the disclosure or discovery without court action. Nevertheless, Defendants actions necessitated the filing of this Motion to Compel.

---

[4] Exhibits C & D.

5

## II. CONCLUSION

Accordingly, Plaintiff Jerry Rogers, Jr. prays that this Court issue an Order, pursuant to Rule 37(a), compelling Defendants to the requested financial information by a date set by this Court. In addition and in the event this motion is granted, Mr. Rogers requests that this Court enter an Order requiring Defendants' to pay Mr. Rogers' costs associated with this motion together with reasonable attorney's fees, pursuant to Rule 37(a)(5).

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170
T: (504) 256-4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***