**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JERRY ROGERS, JR., <br><br> Plaintiff <br> v. <br><br> SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No. 2:20-cv-00517 |

## PLAINTIFF'S DISCOVERY REQUESTS TO DEEFENDANT DANNY CULPEPER REGARDING FINANCIAL INFORMATION AND ASSETS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff, by and through undersigned counsel, hereby requests that Defendant Danny Culpeper answer these interrogatories, separately and fully in writing and verified and under oath and to serve their answers upon undersigned counsel, and produce the following documents for inspection and copying within thirty (30) days of service at the offices of Plaintiff's counsel, in accordance with the definitions and instructions below.  Production in electronic form is permissible and preferred.

### DEFINITIONS

For the purpose of these Interrogatories and Requests for Production, the following terms are used as defined immediately below:

1.      "**Person**" or "**persons**" mean, unless otherwise specified, any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement.

2.      "**Document**" or "**documents**" mean all writings, of any form, kind, character or description including, but not limited to:  the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; receptionist records; letters; memoranda; notes; diaries; statistics; telegrams; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; prospecti; inter-office and intra-office communications; offers; notations of any sort of conversation, telephone calls, meetings or other communications; bulletins; printed matter; invoices; worksheets; pleadings; motions, legal memoranda; all drafts, alteration modifications, changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral representations of any kind, including without limitation photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.  A draft or non-identical copy is a separate Document within the meaning of this term.  Where there is any question about whether a tangible item otherwise described in this request falls within the definition of Document or Documents, such tangible item shall be produced.

3.      "**All documents**" means every document (as defined above) known to defendant and every such document that can be located or discovered by reasonably diligent efforts.

4.      "**Plaintiff**" refers to Jerry Rogers, named in this action, unless the context indicates or specifies otherwise.

5.      "**Defendant**," "**you**," "**your**," or "**yourself**" refers to all Defendants in the above-captioned action, their agents, subordinates and employees, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, attorney, accountant, advisor and all other persons acting or purporting to act on

your/their behalf or under your/their control to the extent that any of those persons have knowledge of or participated in any of the matters related to the allegations in the Complaint or to any of your defenses.

6. "**Employed**" or "**employment**" means any work or services provided or performed in connection with any direct employment, indirect employment, contract employment, independent contractor relationship, outsourcing employment, temporary employment and/or staffing services employment.  It also means any volunteer work.

7. "**Communication**" and "**communications**" means, without limitation, any oral, written or electronic transmission of information, including but not limited to:  (1) any written letter, memorandum, handbill, leaflet, brochure, note, e-mail, telegram, telecopy, facsimile, text message, or other document, including in electronic form; (2) any telephone call by or with you, or between you and two or more persons, or between you and any other person, whether or not such call was by chance or prearranged, formal or informal; and (3) any meeting by or with you, or between you and two or more persons, or between you and any other person, whether or not such contact was by chance or prearranged, formal or informal.

8. "**Meeting**" and "**meetings**" mean, unless otherwise specified, any coincidence of presence of two or more persons whether or not such coincidence of presence was by chance or prearranged, formal or informal.

9. "**Identify,**" "**identity,**" and "**identification**" when used in reference to a person, mean the name, relationship to defendant and last known address and telephone number of such person; and when referring to a natural person, additionally, the race and sex of the person and the name, address, and telephone number of such person's last known place of employment and/or business.  Once a person has been identified in compliance with this paragraph, only the name of

that Person need be listed in response to later discovery requesting the identification of that

person.  The term "Identify" as it relates to an employer, supplier, or other business or entity

means to state the entity's name, address and telephone number.

10.     "**Identify,**" "**identity,**" and "**identification**", when used in reference to documents,

reports, or tangible items, mean to set forth the following information:  (i) a general description

of the document (e.g., letter, memorandum, report, etc.); (ii) the names and addresses of the

author or creator and all person(s) copied; (iii) the date of the document; (iv) a brief description

of its contents and subject matter; and (v) the identity of persons in possession, custody and/or

control of the item.

11.      "**Relate,**" "**Related,**" "**Relating to**" or any variation thereof are to be used in their

broadest sense and shall mean to: concern, contain, embody, describe, explain, mention, refer to,

discuss, involve, support, evidence, reflect, deal with, consist of, represent, constitute, emanate

from, be directed at or in any way to pertain, in whole or in part, to the subject.

12.     "**Complaint**" means the most recent complaint filed in the above-captioned case.

13.      "**Any,**" "**all,**" "**each,**" and "**every**" should be understood in either their most or least

inclusive sense as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of their scope.

14.     "**Or**" shall be understood to include "**and**;" and "and" shall be understood to include

"or."

15.     As used herein, use of the present tense shall also be read to include the past tense and

vice versa.

16.     As used herein, the use of the singular shall also be read to include the plural and vice

versa.

## INSTRUCTIONS

1.   You are to answer each interrogatory separately, completely and fully, under oath.  In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

2.   If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

3.   These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

4.   If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

5.   If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

6.   If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, the objection must state with particularity the basis of the claim of privilege

or other grounds asserted in support of the objection, identify with precision what aspect

of the information sought by the interrogatory will not be provided on the basis of that

objection, and provide all other information requested by the interrogatory.

7.    These interrogatories are continuing in nature.  As such, Defendants shall supplement any

response to these interrogatories as soon as new responsive information is acquired.

8.    The responsive documents should be produced in the manner prescribed by Rule 34 of

the Federal Rules of Civil Procedure.

9.    In responding to these requests, you shall produce all responsive documents that are in

your possession, custody, or control or in the possession, custody, or control of your

predecessors, successors, parents, subsidiaries, divisions, members, or affiliates, or any of your

respective agents, employees, attorneys, accountants, or other representatives.  A document shall

be deemed to be within your control if you have the right to secure the document or a copy of the

document from another person having possession or custody of the document.  If you are

unaware of the existence of any documents responsive to a particular request, you should

expressly so indicate.

10.    Each request for documents seeks production of documents in their entirety, without

abbreviation or expurgation, including all attachments, or other matters affixed thereto,

regardless of whether you consider the entire document to be relevant or responsive to these

requests.

11.    In responding to these requests, you shall produce all responsive documents available at

the time of production and you shall supplement your responses as required by Rule 26(e) of the

Federal Rules of Civil Procedure.

12.     In providing the documents called for by these requests, you shall produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

13.     All pages now stapled or fastened together should be produced stapled or fastened together and all documents that cannot be legibly copied should be produced in their original form.

14.     Any documents not otherwise responsive to these requests shall be produced if such documents refer to, relate to, or explain the documents called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

15.     If any responsive document was, but is no longer in your possession or subject to your control, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others; or (iv) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

16.     Where responsive documents are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide both the non-English language information and its English translation.

17.     If any document is withheld on the basis of any claim of privilege or otherwise, please provide in writing the following information about each such document: (i) its date; (ii) the full name, position, address and telephone number of its author; (iii) the full name, position, address and telephone number of each person who received the document or copies thereof; (iv) the subject matter of the document; (v) the type of document (e.g., memorandum, letter, etc.); and

(vi) the nature of the privilege claimed and the grounds on which it is claimed (e.g., attorney/client privilege, work product doctrine, etc.).

18.     If any document is withheld on the basis of any claim of privilege or otherwise, please produce all other documents that are not subject to a claim of privilege, and produce any portion of such withheld document which does not set forth privileged information.

19.     Any words, terms, and phrases not specifically defined in these document requests shall be given their normal and customary meaning in the context in which they are used in these requests.

20.     If any responsive document has been modified or altered in any way, in whole or in part, please identify each such document, state how the document was modified or altered, the person who modified or altered it, and why the document was modified or altered.

21.     Any reference to any corporation or entity (including attorneys and law firms) includes its predecessors, successors, subsidiaries, divisions, members, partnerships, limited partnerships, related parties, joint ventures, or affiliates and any present and former officers, directors, employees, agents, representatives, attorneys, accountants, advisers, and all other persons acting or purporting to act on its behalf, or under its control.

22.     If in answering these requests you claim any ambiguity in interpreting either the requests or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

23.     If, and to the extent that, any potentially responsive documents are not reviewed for production on grounds that such review is restricted or prohibited by law, state specifically: (i) what categories of potentially responsive Documents have not been reviewed (identifying the

names of the custodians of such Documents, the anticipated date range of such Documents, and

the anticipated nature and topics of such Documents); (ii) the legal restriction or prohibition

asserted; and (iii) whether the custodian has been requested to consent to review of those

Documents.

24.     Unless otherwise specified, all requests that refer to a time period include all documents

and information that relate to that period, even though prepared or published outside that period.

## **INTERROGATORIES**

**Interrogatory No. 5:**

Identify each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money

Market account held by Defendant, including of the bank and the current balance on the account.

**Interrogatory No. 6:**

Identify all Safe Deposit Boxes held by any Defendant, the name of the bank or operator

where the Safe Deposit Box is located, and describe the contents of the Safe Deposit Box.

**Interrogatory No. 7:**

Identify all Brokerage, Mutual Fund, Stock, Securities and investment accounts held by

Defendant, including of the bank or brokerage firm and the current balance on the account.

**Interrogatory No. 8:**

State whether Defendant is the beneficiary of a Trust Fund, and if so, the name of the

Trust, the name and contact information for the trustee, the assets or other benefits held in the

trust, and the amount the Defendant receives from the Trust each year.

**Interrogatory No. 9:**

State the current employer or employers for Defendant and the salary amount for that

employment.

**Interrogatory No. 10:**

Identify any alternate current or future sources of income for each Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, pensions, etc.

**Interrogatory No. 11:**

Identify whether Defendant has an ownership interest in a business, including sole proprietorship, partnership, corporation, or limited liability corporation, the name of the business, the amount of the ownership interest, and the income received from that business.

**Interrogatory No. 12:**

Identify all real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant, and state the address and estimated value of the property.

**Interrogatory No. 13:**

Identify all UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

**Interrogatory No. 14:**

Identify all vehicles, boats, aircraft, motorcycles, RV, trailers, and commercial vehicles owned by Defendant, and state the make, model, year, and estimated value.

**Interrogatory No. 15:**

State whether Defendant has a scheduled personal property rider in their Homeowner's Policy and identify the items listed in the rider and their appraised value.

**Interrogatory No. 16:**

Identify any other assets held by Defendant.

## **DOCUMENT REQUESTS**

26.     Produce the most recent statement for each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money Market account held by Defendant. (You may redact the account number).

27.     Produce any agreement or record related to any Safe Deposit Box currently held by Defendant.

28.     Produce the most recent statement for each Brokerage, Mutual Fund, Stock, Securities and investment account held by Defendant.

29.     Produce the trust agreement and any records or statements related to any Trust Fund to which Defendant is a beneficiary.

30.     Produce a copy of Defendant's last pay stub received from any employer in the year 2023.

31.     Produce a copy of Defendant's 2022 tax return, and 2023 when available.

32.     Produce any records, statements, or agreements related to any alternate sources of income for Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, etc.

33.     Produce any records, statements, or agreements related to any ownership interest Defendant has in a business, including sole proprietorship, partnership, corporation, or limited liability corporation.

33.     Produce any records, statements, agreements, deeds, and title related to any real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant.

34.     Produce all records or documents related to any UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

35.     Produce all records, documents, and title related to the ownership and value of any vehicle, boat, aircraft, motorcycle, RV, trailer, and commercial vehicle owned by Defendant.

36.     Produce a copy of the scheduled personal property rider, floater, or additional coverage for personal belongings associated with Defendant's Homeowner's Policy or Renter's insurance policy.

37.     Produce all records, statements, and documents related to any other assets currently owned by Defendant.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.256.4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff Jerry Rogers***


## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I served all counsel of record with the above via electronic mail to: ccollings@millinglaw.com; sfisher@millinglaw.com, and caused to be served by U.S. Mail.

/s/ Hope A. Phelps
_____
HOPE A. PHELPS

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Case No. 2:20-cv-00517 |
| ) | |
| SHERIFF RANDY SMITH, DANNY ) | |
| CULPEPER, and KEITH CANIZARO, ) | |
| ) | |
| Defendants ) | |

### PLAINTIFF'S DISCOVERY REQUESTS TO DEEFENDANT KEITH CANIZARO REGARDING FINANCIAL INFORMATION AND ASSETS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff, by and through undersigned counsel, hereby requests that Defendant Keith Canizaro answer these interrogatories, separately and fully in writing and verified and under oath and to serve their answers upon undersigned counsel, and produce the following documents for inspection and copying within thirty (30) days of service at the offices of Plaintiff's counsel, in accordance with the definitions and instructions below. Production in electronic form is permissible and preferred.

### DEFINITIONS

For the purpose of these Interrogatories and Requests for Production, the following terms are used as defined immediately below:

1.      "**Person**" or "**persons**" mean, unless otherwise specified, any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement.

2.      "**Document**" or "**documents**" mean all writings, of any form, kind, character or description including, but not limited to:  the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; receptionist records; letters; memoranda; notes; diaries; statistics; telegrams; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; prospecti; inter-office and intra-office communications; offers; notations of any sort of conversation, telephone calls, meetings or other communications; bulletins; printed matter; invoices; worksheets; pleadings; motions, legal memoranda; all drafts, alteration modifications, changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral representations of any kind, including without limitation photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.  A draft or non-identical copy is a separate Document within the meaning of this term.  Where there is any question about whether a tangible item otherwise described in this request falls within the definition of Document or Documents, such tangible item shall be produced.

3.      "**All documents**" means every document (as defined above) known to defendant and every such document that can be located or discovered by reasonably diligent efforts.

4.      "**Plaintiff**" refers to Jerry Rogers, named in this action, unless the context indicates or specifies otherwise.

5.      "**Defendant**," "**you**," "**your**," or "**yourself**" refers to all Defendants in the above-captioned action, their agents, subordinates and employees, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, attorney, accountant, advisor and all other persons acting or purporting to act on

your/their behalf or under your/their control to the extent that any of those persons have

knowledge of or participated in any of the matters related to the allegations in the Complaint or

to any of your defenses.

6.      "**Employed**" or "**employment**" means any work or services provided or performed in

connection with any direct employment, indirect employment, contract employment,

independent contractor relationship, outsourcing employment, temporary employment and/or

staffing services employment.  It also means any volunteer work.

7.      "**Communication**" and "**communications**" means, without limitation, any oral, written

or electronic transmission of information, including but not limited to:  (1) any written letter,

memorandum, handbill, leaflet, brochure, note, e-mail, telegram, telecopy, facsimile, text

message, or other document, including in electronic form; (2) any telephone call by or with you,

or between you and two or more persons, or between you and any other person, whether or not

such call was by chance or prearranged, formal or informal; and (3) any meeting by or with you,

or between you and two or more persons, or between you and any other person, whether or not

such contact was by chance or prearranged, formal or informal.

8.      "**Meeting**" and "**meetings**" mean, unless otherwise specified, any coincidence of

presence of two or more persons whether or not such coincidence of presence was by chance or

prearranged, formal or informal.

9.      "**Identify,**" "**identity,**" and "**identification**" when used in reference to a person, mean the

name, relationship to defendant and last known address and telephone number of such person;

and when referring to a natural person, additionally, the race and sex of the person and the name,

address, and telephone number of such person's last known place of employment and/or

business.  Once a person has been identified in compliance with this paragraph, only the name of

that Person need be listed in response to later discovery requesting the identification of that person. The term "Identify" as it relates to an employer, supplier, or other business or entity means to state the entity's name, address and telephone number.

10.     "**Identify**," "**identity**," and "**identification**", when used in reference to documents, reports, or tangible items, mean to set forth the following information: (i) a general description of the document (e.g., letter, memorandum, report, etc.); (ii) the names and addresses of the author or creator and all person(s) copied; (iii) the date of the document; (iv) a brief description of its contents and subject matter; and (v) the identity of persons in possession, custody and/or control of the item.

11.     "**Relate**," "**Related**," "**Relating to**" or any variation thereof are to be used in their broadest sense and shall mean to: concern, contain, embody, describe, explain, mention, refer to, discuss, involve, support, evidence, reflect, deal with, consist of, represent, constitute, emanate from, be directed at or in any way to pertain, in whole or in part, to the subject.

12.     "**Complaint**" means the most recent complaint filed in the above-captioned case.

13.     "**Any**," "**all**," "**each**," and "**every**" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of their scope.

14.     "**Or**" shall be understood to include "**and**;" and "and" shall be understood to include "or."

15.     As used herein, use of the present tense shall also be read to include the past tense and vice versa.

16.     As used herein, the use of the singular shall also be read to include the plural and vice versa.

## INSTRUCTIONS

1.      You are to answer each interrogatory separately, completely and fully, under oath.  In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

2.      If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

3.      These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

4.      If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

5.      If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

6.      If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, the objection must state with particularity the basis of the claim of privilege

or other grounds asserted in support of the objection, identify with precision what aspect

of the information sought by the interrogatory will not be provided on the basis of that

objection, and provide all other information requested by the interrogatory.

7.      These interrogatories are continuing in nature.  As such, Defendants shall supplement any

response to these interrogatories as soon as new responsive information is acquired.

8.      The responsive documents should be produced in the manner prescribed by Rule 34 of

the Federal Rules of Civil Procedure.

9.      In responding to these requests, you shall produce all responsive documents that are in

your possession, custody, or control or in the possession, custody, or control of your

predecessors, successors, parents, subsidiaries, divisions, members, or affiliates, or any of your

respective agents, employees, attorneys, accountants, or other representatives.  A document shall

be deemed to be within your control if you have the right to secure the document or a copy of the

document from another person having possession or custody of the document.  If you are

unaware of the existence of any documents responsive to a particular request, you should

expressly so indicate.

10.     Each request for documents seeks production of documents in their entirety, without

abbreviation or expurgation, including all attachments, or other matters affixed thereto,

regardless of whether you consider the entire document to be relevant or responsive to these

requests.

11.     In responding to these requests, you shall produce all responsive documents available at

the time of production and you shall supplement your responses as required by Rule 26(e) of the

Federal Rules of Civil Procedure.

12.     In providing the documents called for by these requests, you shall produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

13.     All pages now stapled or fastened together should be produced stapled or fastened together and all documents that cannot be legibly copied should be produced in their original form.

14.     Any documents not otherwise responsive to these requests shall be produced if such documents refer to, relate to, or explain the documents called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

15.     If any responsive document was, but is no longer in your possession or subject to your control, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others; or (iv) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

16.     Where responsive documents are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide both the non-English language information and its English translation.

17.     If any document is withheld on the basis of any claim of privilege or otherwise, please provide in writing the following information about each such document: (i) its date; (ii) the full name, position, address and telephone number of its author; (iii) the full name, position, address and telephone number of each person who received the document or copies thereof; (iv) the subject matter of the document; (v) the type of document (e.g., memorandum, letter, etc.); and

(vi) the nature of the privilege claimed and the grounds on which it is claimed (e.g., attorney/client privilege, work product doctrine, etc.).

18.     If any document is withheld on the basis of any claim of privilege or otherwise, please produce all other documents that are not subject to a claim of privilege, and produce any portion of such withheld document which does not set forth privileged information.

19.     Any words, terms, and phrases not specifically defined in these document requests shall be given their normal and customary meaning in the context in which they are used in these requests.

20.     If any responsive document has been modified or altered in any way, in whole or in part, please identify each such document, state how the document was modified or altered, the person who modified or altered it, and why the document was modified or altered.

21.     Any reference to any corporation or entity (including attorneys and law firms) includes its predecessors, successors, subsidiaries, divisions, members, partnerships, limited partnerships, related parties, joint ventures, or affiliates and any present and former officers, directors, employees, agents, representatives, attorneys, accountants, advisers, and all other persons acting or purporting to act on its behalf, or under its control.

22.     If in answering these requests you claim any ambiguity in interpreting either the requests or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

23.     If, and to the extent that, any potentially responsive documents are not reviewed for production on grounds that such review is restricted or prohibited by law, state specifically: (i) what categories of potentially responsive Documents have not been reviewed (identifying the

names of the custodians of such Documents, the anticipated date range of such Documents, and

the anticipated nature and topics of such Documents); (ii) the legal restriction or prohibition

asserted; and (iii) whether the custodian has been requested to consent to review of those

Documents.

24.     Unless otherwise specified, all requests that refer to a time period include all documents

and information that relate to that period, even though prepared or published outside that period.

## INTERROGATORIES

**Interrogatory No. 5:**

Identify each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money

Market account held by Defendant, including of the bank and the current balance on the account.

**Interrogatory No. 6:**

Identify all Safe Deposit Boxes held by any Defendant, the name of the bank or operator

where the Safe Deposit Box is located, and describe the contents of the Safe Deposit Box.

**Interrogatory No. 7:**

Identify all Brokerage, Mutual Fund, Stock, Securities and investment accounts held by

Defendant, including of the bank or brokerage firm and the current balance on the account.

**Interrogatory No. 8:**

State whether Defendant is the beneficiary of a Trust Fund, and if so, the name of the

Trust, the name and contact information for the trustee, the assets or other benefits held in the

trust, and the amount the Defendant receives from the Trust each year.

**Interrogatory No. 9:**

State the current employer or employers for Defendant and the salary amount for that

employment.

**Interrogatory No. 10:**

Identify any alternate current or future sources of income for each Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, pensions, etc.

**Interrogatory No. 11:**

Identify whether Defendant has an ownership interest in a business, including sole proprietorship, partnership, corporation, or limited liability corporation, the name of the business, the amount of the ownership interest, and the income received from that business.

**Interrogatory No. 12:**

Identify all real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant, and state the address and estimated value of the property.

**Interrogatory No. 13:**

Identify all UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

**Interrogatory No. 14:**

Identify all vehicles, boats, aircraft, motorcycles, RV, trailers, and commercial vehicles owned by Defendant, and state the make, model, year, and estimated value.

**Interrogatory No. 15:**

State whether Defendant has a scheduled personal property rider in their Homeowner's Policy and identify the items listed in the rider and their appraised value.

**Interrogatory No. 16:**

Identify any other assets held by Defendant.

## **DOCUMENT REQUESTS**

26.     Produce the most recent statement for each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money Market account held by Defendant. (You may redact the account number).

27.     Produce any agreement or record related to any Safe Deposit Box currently held by Defendant.

28.     Produce the most recent statement for each Brokerage, Mutual Fund, Stock, Securities and investment account held by Defendant.

29.     Produce the trust agreement and any records or statements related to any Trust Fund to which Defendant is a beneficiary.

30.     Produce a copy of Defendant's last pay stub received from any employer in the year 2023.

31.     Produce a copy of Defendant's 2022 tax return, and 2023 when available.

32.     Produce any records, statements, or agreements related to any alternate sources of income for Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, etc.

33.     Produce any records, statements, or agreements related to any ownership interest Defendant has in a business, including sole proprietorship, partnership, corporation, or limited liability corporation.

33.     Produce any records, statements, agreements, deeds, and title related to any real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant.

34.     Produce all records or documents related to any UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

35.     Produce all records, documents, and title related to the ownership and value of any vehicle, boat, aircraft, motorcycle, RV, trailer, and commercial vehicle owned by Defendant.

36.     Produce a copy of the scheduled personal property rider, floater, or additional coverage for personal belongings associated with Defendant's Homeowner's Policy or Renter's insurance policy.

37.     Produce all records, statements, and documents related to any other assets currently owned by Defendant.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.256.4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff Jerry Rogers***

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I served all counsel of record with the above via electronic mail to: ccollings@millinglaw.com; sfisher@millinglaw.com, and caused to be served by U.S. Mail.

/s/ Hope A. Phelps
_____
HOPE A. PHELPS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JERRY ROGERS, JR.,            ) | |
|                       ) | |
|          Plaintiff     ) | |
|       v.                     ) | Case No. 2:20-cv-00517 |

JERRY ROGERS, JR.,

          Plaintiff

    v.                            Case No. 2:20-cv-00517

SHERIFF RANDY SMITH, DANNY
CULPEPER, and KEITH CANIZARO,

          Defendants

## PLAINTIFF'S DISCOVERY REQUESTS TO DEEFENDANT SHERIFF SMITH REGARDING FINANCIAL INFORMATION AND ASSETS

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff, by and through undersigned counsel, hereby requests that Defendant Sheriff Randy Smith answer these interrogatories, separately and fully in writing and verified and under oath and to serve their answers upon undersigned counsel, and produce the following documents for inspection and copying within thirty (30) days of service at the offices of Plaintiff's counsel, in accordance with the definitions and instructions below.  Production in electronic form is permissible and preferred.

### DEFINITIONS

For the purpose of these Interrogatories and Requests for Production, the following terms are used as defined immediately below:

1.      "**Person**" or "**persons**" mean, unless otherwise specified, any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement.

2.      "**Document**" or "**documents**" mean all writings, of any form, kind, character or description including, but not limited to:  the original and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise; correspondence; receptionist records; letters; memoranda; notes; diaries; statistics; telegrams; minutes; transcripts; contracts; agreements; reports; studies; checks; statements; receipts; returns; summaries; pamphlets; books; prospecti; inter-office and intra-office communications; offers; notations of any sort of conversation, telephone calls, meetings or other communications; bulletins; printed matter; invoices; worksheets; pleadings; motions, legal memoranda; all drafts, alteration modifications, changes, and amendments of any of the foregoing; questionnaires; opinions; statements; graphic and oral representations of any kind, including without limitation photographs, charts, microfilm, computer software, and electronic recordings, such as tapes, diskettes, or cassettes or any tangible thing, however produced or reproduced.  A draft or non-identical copy is a separate Document within the meaning of this term.  Where there is any question about whether a tangible item otherwise described in this request falls within the definition of Document or Documents, such tangible item shall be produced.

3.      "**All documents**" means every document (as defined above) known to defendant and every such document that can be located or discovered by reasonably diligent efforts.

4.      "**Plaintiff**" refers to Jerry Rogers, named in this action, unless the context indicates or specifies otherwise.

5.      "**Defendant**," "**you**," "**your**," or "**yourself**" refers to all Defendants in the above-captioned action, their agents, subordinates and employees, unless the context indicates or specifies otherwise, and shall be deemed to mean each and every legal representative, agent, employee, attorney, accountant, advisor and all other persons acting or purporting to act on

your/their behalf or under your/their control to the extent that any of those persons have

knowledge of or participated in any of the matters related to the allegations in the Complaint or

to any of your defenses.

6.      "**Employed**" or "**employment**" means any work or services provided or performed in

connection with any direct employment, indirect employment, contract employment,

independent contractor relationship, outsourcing employment, temporary employment and/or

staffing services employment.  It also means any volunteer work.

7.      "**Communication**" and "**communications**" means, without limitation, any oral, written

or electronic transmission of information, including but not limited to:  (1) any written letter,

memorandum, handbill, leaflet, brochure, note, e-mail, telegram, telecopy, facsimile, text

message, or other document, including in electronic form; (2) any telephone call by or with you,

or between you and two or more persons, or between you and any other person, whether or not

such call was by chance or prearranged, formal or informal; and (3) any meeting by or with you,

or between you and two or more persons, or between you and any other person, whether or not

such contact was by chance or prearranged, formal or informal.

8.      "**Meeting**" and "**meetings**" mean, unless otherwise specified, any coincidence of

presence of two or more persons whether or not such coincidence of presence was by chance or

prearranged, formal or informal.

9.      "**Identify,**" "**identity,**" and "**identification**" when used in reference to a person, mean the

name, relationship to defendant and last known address and telephone number of such person;

and when referring to a natural person, additionally, the race and sex of the person and the name,

address, and telephone number of such person's last known place of employment and/or

business.  Once a person has been identified in compliance with this paragraph, only the name of

that Person need be listed in response to later discovery requesting the identification of that person.  The term "Identify" as it relates to an employer, supplier, or other business or entity means to state the entity's name, address and telephone number.

10.      "**Identify,**" "**identity,**" and "**identification**", when used in reference to documents, reports, or tangible items, mean to set forth the following information:  (i) a general description of the document (e.g., letter, memorandum, report, etc.); (ii) the names and addresses of the author or creator and all person(s) copied; (iii) the date of the document; (iv) a brief description of its contents and subject matter; and (v) the identity of persons in possession, custody and/or control of the item.

11.       "**Relate,**" "**Related,**" "**Relating to**" or any variation thereof are to be used in their broadest sense and shall mean to: concern, contain, embody, describe, explain, mention, refer to, discuss, involve, support, evidence, reflect, deal with, consist of, represent, constitute, emanate from, be directed at or in any way to pertain, in whole or in part, to the subject.

12.      "**Complaint**" means the most recent complaint filed in the above-captioned case.

13.       "**Any,**" "**all,**" "**each,**" and "**every**" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of their scope.

14.      "**Or**" shall be understood to include "**and**;" and "and" shall be understood to include "or."

15.      As used herein, use of the present tense shall also be read to include the past tense and vice versa.

16.      As used herein, the use of the singular shall also be read to include the plural and vice versa.

## <u>INSTRUCTIONS</u>

1.   You are to answer each interrogatory separately, completely and fully, under oath.  In the event of an objection to any interrogatory, said objection should clearly indicate to which part or portion of the interrogatory it is directed.

2.   If the information requested by any interrogatory is contained in documents, papers or records in the custody of defendants, you may so indicate and answer that interrogatory by attaching copies of such documents or papers to your answers and by indicating the interrogatory to which those documents or papers are deemed responsive.

3.   These interrogatories call for all information available to the defendants, their employees, and agents with respect to the subject matter into which they inquire. If some information is known by or available to a particular agent, please include in your answers all information known by or available to each employee or agent. Please identify which employee or agent provided the information with respect to each answer.

4.   If you are unable to answer any interrogatory in full after exercising due diligence to secure the requested information so state, answer to the fullest extent possible, and explain why the interrogatory cannot be answered in full.

5.   If, in responding to any interrogatory, you claim any ambiguity in either interpreting the interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

6.   If you object to an interrogatory or to any portion thereof on a claim of privilege or any other basis, the objection must state with particularity the basis of the claim of privilege

or other grounds asserted in support of the objection, identify with precision what aspect of the information sought by the interrogatory will not be provided on the basis of that objection, and provide all other information requested by the interrogatory.

7.     These interrogatories are continuing in nature.  As such, Defendants shall supplement any response to these interrogatories as soon as new responsive information is acquired.

8.     The responsive documents should be produced in the manner prescribed by Rule 34 of the Federal Rules of Civil Procedure.

9.     In responding to these requests, you shall produce all responsive documents that are in your possession, custody, or control or in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, members, or affiliates, or any of your respective agents, employees, attorneys, accountants, or other representatives.  A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.  If you are unaware of the existence of any documents responsive to a particular request, you should expressly so indicate.

10.     Each request for documents seeks production of documents in their entirety, without abbreviation or expurgation, including all attachments, or other matters affixed thereto, regardless of whether you consider the entire document to be relevant or responsive to these requests.

11.     In responding to these requests, you shall produce all responsive documents available at the time of production and you shall supplement your responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

12.     In providing the documents called for by these requests, you shall produce them as they are kept in the usual course of business or organize and label them to correspond with the categories to which they relate.

13.     All pages now stapled or fastened together should be produced stapled or fastened together and all documents that cannot be legibly copied should be produced in their original form.

14.     Any documents not otherwise responsive to these requests shall be produced if such documents refer to, relate to, or explain the documents called for by these requests or if such documents are attached to documents called for by these requests and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

15.     If any responsive document was, but is no longer in your possession or subject to your control, state whether it is: (i) missing or lost; (ii) destroyed; (iii) transferred voluntarily or involuntarily to others; or (iv) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian and the circumstances surrounding such disposition.

16.     Where responsive documents are partly or wholly in a language other than English, state whether any translation of the non-English language information exists and, if so, provide both the non-English language information and its English translation.

17.     If any document is withheld on the basis of any claim of privilege or otherwise, please provide in writing the following information about each such document: (i) its date; (ii) the full name, position, address and telephone number of its author; (iii) the full name, position, address and telephone number of each person who received the document or copies thereof; (iv) the subject matter of the document; (v) the type of document (e.g., memorandum, letter, etc.); and

(vi) the nature of the privilege claimed and the grounds on which it is claimed (e.g., attorney/client privilege, work product doctrine, etc.).

18.     If any document is withheld on the basis of any claim of privilege or otherwise, please produce all other documents that are not subject to a claim of privilege, and produce any portion of such withheld document which does not set forth privileged information.

19.     Any words, terms, and phrases not specifically defined in these document requests shall be given their normal and customary meaning in the context in which they are used in these requests.

20.     If any responsive document has been modified or altered in any way, in whole or in part, please identify each such document, state how the document was modified or altered, the person who modified or altered it, and why the document was modified or altered.

21.     Any reference to any corporation or entity (including attorneys and law firms) includes its predecessors, successors, subsidiaries, divisions, members, partnerships, limited partnerships, related parties, joint ventures, or affiliates and any present and former officers, directors, employees, agents, representatives, attorneys, accountants, advisers, and all other persons acting or purporting to act on its behalf, or under its control.

22.     If in answering these requests you claim any ambiguity in interpreting either the requests or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis to refuse to respond, but there shall be set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the requests.

23.     If, and to the extent that, any potentially responsive documents are not reviewed for production on grounds that such review is restricted or prohibited by law, state specifically: (i) what categories of potentially responsive Documents have not been reviewed (identifying the

names of the custodians of such Documents, the anticipated date range of such Documents, and

the anticipated nature and topics of such Documents); (ii) the legal restriction or prohibition

asserted; and (iii) whether the custodian has been requested to consent to review of those

Documents.

24.     Unless otherwise specified, all requests that refer to a time period include all documents

and information that relate to that period, even though prepared or published outside that period.

## INTERROGATORIES

**Interrogatory No. 13:**

Identify each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money

Market account held by Defendant, including of the bank and the current balance on the account.

**Interrogatory No. 14:**

Identify all Safe Deposit Boxes held by any Defendant, the name of the bank or operator

where the Safe Deposit Box is located, and describe the contents of the Safe Deposit Box.

**Interrogatory No. 15:**

Identify all Brokerage, Mutual Fund, Stock, Securities and investment accounts held by

Defendant, including of the bank or brokerage firm and the current balance on the account.

**Interrogatory No. 16:**

State whether Defendant is the beneficiary of a Trust Fund, and if so, the name of the

Trust, the name and contact information for the trustee, the assets or other benefits held in the

trust,  and the amount the Defendant receives from the Trust each year.

**Interrogatory No. 17:**

State the current employer or employers for Defendant and the salary amount for that

employment.

**Interrogatory No. 18:**

Identify any alternate current or future sources of income for each Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, pensions, etc.

**Interrogatory No. 19:**

Identify whether Defendant has an ownership interest in a business, including sole proprietorship, partnership, corporation, or limited liability corporation, the name of the business, the amount of the ownership interest, and the income received from that business.

**Interrogatory No. 20:**

Identify all real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant, and state the address and estimated value of the property.

**Interrogatory No. 21:**

Identify all UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

**Interrogatory No. 22**

Identify all vehicles, boats, aircraft, motorcycles, RV, trailers, and commercial vehicles owned by Defendant, and state the make, model, year, and estimated value.

**Interrogatory No. 23:**

State whether Defendant has a scheduled personal property rider in their Homeowner's Policy and identify the items listed in the rider and their appraised value.

**Interrogatory No. 24:**

Identify any other assets held by Defendant.

## DOCUMENT REQUESTS

26.     Produce the most recent statement for each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money Market account held by Defendant. (You may redact the account number).

27.     Produce any agreement or record related to any Safe Deposit Box currently held by Defendant.

28.     Produce the most recent statement for each Brokerage, Mutual Fund, Stock, Securities and investment account held by Defendant.

29.     Produce the trust agreement and any records or statements related to any Trust Fund to which Defendant is a beneficiary.

30.     Produce a copy of Defendant's last pay stub received from any employer in the year 2023.

31.     Produce a copy of Defendant's 2022 tax return, , and 2023 when available.

32.     Produce any records, statements, or agreements related to any alternate sources of income for Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, etc.

33.     Produce any records, statements, or agreements related to any ownership interest Defendant has in a business, including sole proprietorship, partnership, corporation, or limited liability corporation.

33.     Produce any records, statements, agreements, deeds, and title related to any real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant.

34.     Produce all records or documents related to any UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

35.     Produce all records, documents, and title related to the ownership and value of any vehicle, boat, aircraft, motorcycle, RV, trailer, and commercial vehicle owned by Defendant.

36.     Produce a copy of the scheduled personal property rider, floater, or additional coverage for personal belongings associated with Defendant's Homeowner's Policy or Renter's insurance policy.

37.     Produce all records, statements, and documents related to any other assets currently owned by Defendant.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ Hope A. Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
Tel: 504.256.4615
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff Jerry Rogers***


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 1, 2023, I served all counsel of record with the above via electronic mail to: ccollings@millinglaw.com; sfisher@millinglaw.com , and caused to be served by U.S. Mail.


/s/ Hope A. Phelps

_____
HOPE A. PHELPS