## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No. 2:20-cv-00517 |
| | ) |
| SHERIFF RANDY SMITH, DANNY | ) |
| CULPEPER, and KEITH CANIZARO, | ) |
| | ) |
| Defendants | ) |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S DISCOVERY REQUESTS REGARDING FINANCIAL INFORMATION AND ASSETS

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Danny Culpeper, who provides the following responses to Plaintiff's Discovery Requests Regarding Financial Information and Assets, and responds as follows:

## PRELIMINARY STATEMENT

1.      Nothing herein should be construed as an admission by Defendant or any of Defendant's agents or employees, concerning the appropriateness, accuracy, admissibility, or relevance of any information or of the truth or accuracy of any characterization of any document or matter identified in Plaintiff's Requests for Production of Documents or contained in Defendant's responses.

2.      Defendant does not in any manner waive, nor intend to waive, any objections or defenses and is preserving all objections and judicial defenses in this action and all rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

3.     Defendant does not in any manner waive, nor intend to waive, any objections or defenses, and objects to this discovery as improper on the grounds and to the extent that it seeks information or documents that are protected against disclosure by the attorney-client privilege or work-product doctrine.

## ANSWERS TO INTERROGATORIES

**Interrogatory No. 5:**

Identify each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money Market account held by Defendant, including of the bank and the current balance on the account.

**ANSWER TO INTERROGATORY NO. 5:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 6:**

Identify all Safe Deposit Boxes held by any Defendant, the name of the bank or operator where the Safe Deposit Box is located and describe the contents of the Safe Deposit Box.

**ANSWER TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P.

26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**<u>Interrogatory No. 7:</u>**

Identify all Brokerage, Mutual Fund, Stock, Securities and investment accounts held by Defendant, including of the bank or brokerage firm and the current balance on the account.

**<u>ANSWER TO INTERROGATORY NO. 7:</u>**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**<u>Interrogatory No. 8:</u>**

State whether Defendant is the beneficiary of a Trust Fund, and if so, the name of the Trust, the name and contact information for the trustee, the assets or other benefits held in the trust, and the amount the Defendant receives from the Trust each year.

**<u>ANSWER TO INTERROGATORY NO. 8:</u>**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No.9:**

State the current employer or employers for Defendant and the salary amount for that employment.

**ANSWER TO INTERROGATORY NO. 9:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

Subject to said objections but without waiving the same, Defendant is currently employed with the St. Tammany Parish Sheriff's Office.

**Interrogatory No. 10:**

Identify any alternate current or future sources of income for each Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, pensions, etc.

**ANSWER TO INTERROGATORY NO. 10:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 11:**

Identify whether Defendant has an ownership interest in a business, including sole proprietorship, partnership, corporation, or limited liability corporation, the name of the business, the amount of the ownership interest, and the income received from that business.

**ANSWER TO INTERROGATORY NO. 11:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 12:**

Identify all real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant, and state the address and estimated value of the property.

**ANSWER TO INTERROGATORY NO. 12:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 13:**

Identify all UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

**ANSWER TO INTERROGATORY NO. 13:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 14:**

Identify all vehicles, boats, aircraft, motorcycles, RV, trailers, and commercial vehicles owned by Defendant, and state the make, model, year, and estimated value.

**ANSWER TO INTERROGATORY NO. 14:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 15:**

State whether Defendant has a scheduled personal property rider in their Homeowner's Policy and identify the items listed in the rider and their appraised value.

**ANSWER TO INTERROGATORY NO. 15:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 16:**

Identify any other assets held by Defendant.

**ANSWER TO INTERROGATORY NO. 16:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

## ANSWERS TO DOCUMENT REQUESTS

**REQUEST NO. 26:**

Produce the most recent statement for each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money Market account held by Defendant. (You may redact the account number).

**ANSWER TO REQUEST NO. 26:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further

objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 27:**

Produce any agreement or record related to any Safe Deposit Box currently held by Defendant.

**ANSWER TO REQUEST NO. 27:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 28:**

Produce the most recent statement for each Brokerage, Mutual Fund, Stock, Securities and investment account held by Defendant.

**ANSWER TO REQUEST NO. 28:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see

also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 29:**

Produce the trust agreement and any records or statements related to any Trust Fund to which Defendant is a beneficiary.

**ANSWER TO REQUEST NO. 29:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 30:**

Produce a copy of Defendant's last pay stub received from any employer in the year 2023.

**ANSWER TO REQUEST NO. 30:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 31:**

Produce a copy of Defendant's 2022 tax return, and 2023 when available.

**ANSWER TO REQUEST NO. 31:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 32:**

Produce any records, statements, or agreements related to any alternate sources of income for Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, etc.

**ANSWER TO REQUEST NO. 32:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 33:**

Produce any records, statements, or agreements related to any ownership interest Defendant has in a business, including sole proprietorship, partnership, corporation, or limited liability corporation.

**ANSWER TO REQUEST NO. 33:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 34:**

Produce any records, statements, agreements, deeds, and title related to any real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant.

**ANSWER TO REQUEST NO. 34:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 35:**

Produce all records or documents related to any UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

**ANSWER TO REQUEST NO. 35:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 36**

Produce all records, documents, and title related to the ownership and value of any vehicle, boat, aircraft, motorcycle, RV, trailer, and commercial vehicle owned by Defendant.

**ANSWER TO REQUEST NO. 36:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 37:**

Produce a copy of the scheduled personal property rider, floater, or additional coverage for personal belongings associated with Defendant's Homeowner's Policy or Renter's insurance policy.

**ANSWER TO REQUEST NO. 37:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 38:**

Produce all records, statements, and documents related to any other assets currently owned by Defendant.

**ANSWER TO REQUEST NO. 38:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

[Signatures on Last Page]

Respectfully submitted,

**MILLING BENSON WOODWARD, LLP**

_____

**Chadwick W. Collings, T.A.**          # 25373
**Sarah A. Fisher**                          # 39881
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**Email:  ccollings@millinglaw.com**
*Counsel for Sheriff Randy Smith, Danny*
*Culpeper, and Keith Canizaro*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023, a copy of the foregoing was served upon all counsel of record by email, facsimile and/or by United States mail, properly addressed and first-class postage prepaid.

_____
Sarah A. Fisher

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No. 2:20-cv-00517 |
| | ) |
| SHERIFF RANDY SMITH, DANNY | ) |
| CULPEPER, and KEITH CANIZARO, | ) |
| | ) |
| Defendants | ) |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S DISCOVERY REQUESTS REGARDING FINANCIAL INFORMATION AND ASSETS

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Keith Canizaro, who provides the following responses to Plaintiff's Discovery Requests Regarding Financial Information and Assets, and responds as follows:

**PRELIMINARY STATEMENT**

1.      Nothing herein should be construed as an admission by Defendant or any of Defendant's agents or employees, concerning the appropriateness, accuracy, admissibility, or relevance of any information or of the truth or accuracy of any characterization of any document or matter identified in Plaintiff's Requests for Production of Documents or contained in Defendant's responses.

2.      Defendant does not in any manner waive, nor intend to waive, any objections or defenses and is preserving all objections and judicial defenses in this action and all rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

3.      Defendant does not in any manner waive, nor intend to waive, any objections or defenses, and objects to this discovery as improper on the grounds and to the extent that it seeks information or documents that are protected against disclosure by the attorney-client privilege or work-product doctrine.

## ANSWERS TO INTERROGATORIES

**Interrogatory No. 5:**

Identify each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money Market account held by Defendant, including of the bank and the current balance on the account.

**ANSWER TO INTERROGATORY NO. 5:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 6:**

Identify all Safe Deposit Boxes held by any Defendant, the name of the bank or operator where the Safe Deposit Box is located and describe the contents of the Safe Deposit Box.

**ANSWER TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 7:**

Identify all Brokerage, Mutual Fund, Stock, Securities and investment accounts held by Defendant, including of the bank or brokerage firm and the current balance on the account.

**ANSWER TO INTERROGATORY NO. 7:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 8:**

State whether Defendant is the beneficiary of a Trust Fund, and if so, the name of the Trust, the name and contact information for the trustee, the assets or other benefits held in the trust, and the amount the Defendant receives from the Trust each year.

**ANSWER TO INTERROGATORY NO. 8:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No.9:**

State the current employer or employers for Defendant and the salary amount for that employment.

**ANSWER TO INTERROGATORY NO. 9:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

Subject to said objections but without waiving the same, Defendant is currently employed with the St. Tammany Parish Sheriff's Office.

**Interrogatory No. 10:**

Identify any alternate current or future sources of income for each Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, pensions, etc.

**ANSWER TO INTERROGATORY NO. 10:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 11:**

Identify whether Defendant has an ownership interest in a business, including sole proprietorship, partnership, corporation, or limited liability corporation, the name of the business, the amount of the ownership interest, and the income received from that business.

**ANSWER TO INTERROGATORY NO. 11:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 12:**

Identify all real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant, and state the address and estimated value of the property.

**ANSWER TO INTERROGATORY NO. 12:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 13:**

Identify all UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

**ANSWER TO INTERROGATORY NO. 13:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 14:**

Identify all vehicles, boats, aircraft, motorcycles, RV, trailers, and commercial vehicles owned by Defendant, and state the make, model, year, and estimated value.

**ANSWER TO INTERROGATORY NO. 14:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 15:**

State whether Defendant has a scheduled personal property rider in their Homeowner's Policy and identify the items listed in the rider and their appraised value.

**ANSWER TO INTERROGATORY NO. 15:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 16:**

Identify any other assets held by Defendant.

**ANSWER TO INTERROGATORY NO. 16:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

## ANSWERS TO DOCUMENT REQUESTS

**REQUEST NO. 26:**

Produce the most recent statement for each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money Market account held by Defendant. (You may redact the account number).

**ANSWER TO REQUEST NO. 26:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further

objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 27:**

Produce any agreement or record related to any Safe Deposit Box currently held by Defendant.

**ANSWER TO REQUEST NO. 27:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 28:**

Produce the most recent statement for each Brokerage, Mutual Fund, Stock, Securities and investment account held by Defendant.

**ANSWER TO REQUEST NO. 28:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see

also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 29:**

Produce the trust agreement and any records or statements related to any Trust Fund to which Defendant is a beneficiary.

**ANSWER TO REQUEST NO. 29:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 30:**

Produce a copy of Defendant's last pay stub received from any employer in the year 2023.

**ANSWER TO REQUEST NO. 30:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 31:**

Produce a copy of Defendant's 2022 tax return, and 2023 when available.

**ANSWER TO REQUEST NO. 31:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 32:**

Produce any records, statements, or agreements related to any alternate sources of income for Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, etc.

**ANSWER TO REQUEST NO. 32:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 33:**

Produce any records, statements, or agreements related to any ownership interest Defendant has in a business, including sole proprietorship, partnership, corporation, or limited liability corporation.

**ANSWER TO REQUEST NO. 33:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 34:**

Produce any records, statements, agreements, deeds, and title related to any real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant.

**ANSWER TO REQUEST NO. 34:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 35:**

Produce all records or documents related to any UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

**ANSWER TO REQUEST NO. 35:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 36**

Produce all records, documents, and title related to the ownership and value of any vehicle, boat, aircraft, motorcycle, RV, trailer, and commercial vehicle owned by Defendant.

**ANSWER TO REQUEST NO. 36:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 37:**

Produce a copy of the scheduled personal property rider, floater, or additional coverage for personal belongings associated with Defendant's Homeowner's Policy or Renter's insurance policy.

**ANSWER TO REQUEST NO. 37:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 38:**

Produce all records, statements, and documents related to any other assets currently owned by Defendant.

**ANSWER TO REQUEST NO. 38:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

[Signatures on Last Page]

Respectfully submitted,

MILLING BENSON WOODWARD, LLP

Chadwick W. Collings, T.A.     # 25373
Sarah A. Fisher          # 39881
68031 Capital Trace Row
Mandeville, Louisiana 70471
Telephone: (985) 292-2000
Facsimile: (985) 292-2001
Email:  ccollings@millinglaw.com
*Counsel for Sheriff Randy Smith, Danny
Culpeper, and Keith Canizaro*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023, a copy of the foregoing was served upon all counsel of record by email, facsimile and/or by United States mail, properly addressed and first-class postage prepaid.

Sarah A. Fisher

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Case No. 2:20-cv-00517 |
| | ) |
| SHERIFF RANDY SMITH, DANNY | ) |
| CULPEPER, and KEITH CANIZARO, | ) |
| | ) |
| Defendants | ) |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S DISCOVERY REQUESTS REGARDING FINANCIAL INFORMATION AND ASSETS

**NOW INTO COURT,** through undersigned counsel, comes Defendant, St. Tammany Parish Sheriff Randy Smith, who provides the following responses to Plaintiff's Discovery Requests Regarding Financial Information and Assets, and responds as follows:

**PRELIMINARY STATEMENT**

1.      Nothing herein should be construed as an admission by Defendant or any of Defendant's agents or employees, concerning the appropriateness, accuracy, admissibility, or relevance of any information or of the truth or accuracy of any characterization of any document or matter identified in Plaintiff's Requests for Production of Documents or contained in Defendant's responses.

2.      Defendant does not in any manner waive, nor intend to waive, any objections or defenses and is preserving all objections and judicial defenses in this action and all rights to object on any ground to the use of any response or document produced herein and in any subsequent proceedings, including the trial of this or any other action.

3.      Defendant does not in any manner waive, nor intend to waive, any objections or defenses, and objects to this discovery as improper on the grounds and to the extent that it seeks information or documents that are protected against disclosure by the attorney-client privilege or work-product doctrine.

<u>**ANSWERS TO INTERROGATORIES**</u>

<u>**Interrogatory No. 13:**</u>

    Identify each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money Market account held by Defendant, including of the bank and the current balance on the account.

<u>**ANSWER TO INTERROGATORY NO. 13:**</u>

    Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

<u>**Interrogatory No. 14:**</u>

    Identify all Safe Deposit Boxes held by any Defendant, the name of the bank or operator where the Safe Deposit Box is located and describe the contents of the Safe Deposit Box.

<u>**ANSWER TO INTERROGATORY NO. 14:**</u>

    Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 15:**

Identify all Brokerage, Mutual Fund, Stock, Securities and investment accounts held by Defendant, including of the bank or brokerage firm and the current balance on the account.

**ANSWER TO INTERROGATORY NO. 15:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 16:**

State whether Defendant is the beneficiary of a Trust Fund, and if so, the name of the Trust, the name and contact information for the trustee, the assets or other benefits held in the trust, and the amount the Defendant receives from the Trust each year.

**ANSWER TO INTERROGATORY NO. 16:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 17:**

State the current employer or employers for Defendant and the salary amount for that employment.

**ANSWER TO INTERROGATORY NO. 17:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

Subject to said objections but without waiving the same, Defendant is currently employed as the Sheriff of St. Tammany Parish.

**Interrogatory No. 18:**

Identify any alternate current or future sources of income for each Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, pensions, etc.

**ANSWER TO INTERROGATORY NO. 18:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 19:**

Identify whether Defendant has an ownership interest in a business, including sole proprietorship, partnership, corporation, or limited liability corporation, the name of the business, the amount of the ownership interest, and the income received from that business.

**ANSWER TO INTERROGATORY NO. 19:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 20:**

Identify all real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant, and state the address and estimated value of the property.

**ANSWER TO INTERROGATORY NO. 20:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 21:**

Identify all UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

**ANSWER TO INTERROGATORY NO. 21:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 22:**

Identify all vehicles, boats, aircraft, motorcycles, RV, trailers, and commercial vehicles owned by Defendant, and state the make, model, year, and estimated value.

**ANSWER TO INTERROGATORY NO. 22:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 23:**

State whether Defendant has a scheduled personal property rider in their Homeowner's Policy and identify the items listed in the rider and their appraised value.

**ANSWER TO INTERROGATORY NO. 23:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**Interrogatory No. 24:**

Identify any other assets held by Defendant.

**ANSWER TO INTERROGATORY NO. 24:**

Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this interrogatory as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).


**ANSWERS TO DOCUMENT REQUESTS**

**REQUEST NO. 26:**

Produce the most recent statement for each Bank, Credit Union, Savings & Loan, Savings, Checking, and Money Market account held by Defendant. (You may redact the account number).

**ANSWER TO REQUEST NO. 26:**

      Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 27:**

      Produce any agreement or record related to any Safe Deposit Box currently held by Defendant.

**ANSWER TO REQUEST NO. 27:**

      Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 28:**

      Produce the most recent statement for each Brokerage, Mutual Fund, Stock, Securities and investment account held by Defendant.

**ANSWER TO REQUEST NO. 28:**

      Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further

objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 29:**

Produce the trust agreement and any records or statements related to any Trust Fund to which Defendant is a beneficiary.

**ANSWER TO REQUEST NO. 29:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 30:**

Produce a copy of Defendant's last pay stub received from any employer in the year 2023.

**ANSWER TO REQUEST NO. 30:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see

also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 31:**

Produce a copy of Defendant's 2022 tax return, and 2023 when available.

**ANSWER TO REQUEST NO. 31:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 32:**

Produce any records, statements, or agreements related to any alternate sources of income for Defendant, including but not limited to lottery winnings, insurance settlements, rental income, paper assets, etc.

**ANSWER TO REQUEST NO. 32:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 33:**

Produce any records, statements, or agreements related to any ownership interest Defendant has in a business, including sole proprietorship, partnership, corporation, or limited liability corporation.

**ANSWER TO REQUEST NO. 33:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 34:**

Produce any records, statements, agreements, deeds, and title related to any real estate, residential or commercial property, rental property, mobile homes, fixed trailers, or other immovable property owned by Defendant.

**ANSWER TO REQUEST NO. 34:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 35:**

Produce all records or documents related to any UCC filings, liens, and judgments that name Defendant as a secured party or creditor.

**ANSWER TO REQUEST NO. 35:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 36**

Produce all records, documents, and title related to the ownership and value of any vehicle, boat, aircraft, motorcycle, RV, trailer, and commercial vehicle owned by Defendant.

**ANSWER TO REQUEST NO. 36:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 37:**

Produce a copy of the scheduled personal property rider, floater, or additional coverage for personal belongings associated with Defendant's Homeowner's Policy or Renter's insurance policy.

**ANSWER TO REQUEST NO. 37:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

**REQUEST NO. 38:**

Produce all records, statements, and documents related to any other assets currently owned by Defendant.

**ANSWER TO REQUEST NO. 38:**

Defendant objects to this request as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party. Defendant further objects to this request as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

[Signatures on Last Page]

Respectfully submitted,

**MILLING BENSON WOODWARD, LLP**

**Chadwick W. Collings, T.A.**              **# 25373**
**Sarah A. Fisher**                          **# 39881**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone: (985) 292-2000**
**Facsimile: (985) 292-2001**
**Email:  ccollings@millinglaw.com**
*Counsel for Sheriff Randy Smith, Danny*
*Culpeper, and Keith Canizaro*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2023, a copy of the foregoing was served upon all counsel of record by email, facsimile and/or by United States mail, properly addressed and first-class postage prepaid.

Sarah A. Fisher