

201 St. Charles Ave.  (504) 500-7974
Ste. 2500, #9685  mostlawoffice.com
New Orleans, LA 70170  hopeaphelps@outlook.com

Chadwick Collings  October 18, 2023
*Via email to* [ccollings@millinglaw.com](mailto:ccollings@millinglaw.com)

Re:   *Rogers v. Smith*, 20-cv-00517

Dear Chad,

This letter is to memorialize today's meet and confer about Defendants' discovery responses in *Rogers v. Smith*, 20-cv-00517.

### A.   Seventh Requests for Production

RFPs 24 and 25 ask for key word searches of emails and text messages. Your clients did not provide any responsive documents.

On October 3, 2023, we held a meet and confer. You indicated that you thought a search had been done related to RFP 16, which produced no documents. I pointed out that RFP 16 was a request for records of communications of Captain Patrick McClaney, not what is requested here.

You said you would have your clients run the searches requested in RFPs 24 and 25, and produce the responsive documents by Friday, October 13, 2023.

I pointed out that October 13, 2023 is past the discovery cut-off, but you said you would consent to a Motion to Compel past the discovery cut-off.

You did not provide any responsive documents by October 13, 2023.

On October 18, 2023, we held another meet and confer. Today, you said you'd provide responsive documents within 24 hours.

### B.   Eighth Set of Discovery Requests

On September 1, 2023, Plaintiffs propounded discovery by email upon Defendants related to their financial status. The documents were also placed in U.S. Mail that day.

In our October 3, 2023, meet and confer, you pointed out, however, that the envelope was postmarked September 6, 2023, so you interpreted the deadline to be October 6, 2023.

Given your consent to a Motion to Compel past the discovery cut-off, I agreed to wait for responses until October 6, 2023.

I invited you and Sarah to confer about any issues of scope, clarity, etc. of the questions, and neither of you raised any.

You sent discovery responses dated October 6, 2023. Your clients refused to provide any financial information, citing *Seabulk Towing* – a case that did not involve punitive damages.

Today, we conferred. You said that you didn't think financial information was relevant, because we don't have a money judgment or suggestion of inability to pay. I pointed out that's not the relevance of these requests – they are relevant to punitive damages. You said that in that case, your objection is lack of proportionality. You decided to stand on your clients' objections.

C. **Ninth Request for Production of Documents**

RFP 39 asked for documents, drafts, and communications between Defendants and STPSO about the Aug. 15, 2023 press release. Your clients declined to produce any responsive documents.

Your clients had two objections: likelihood of leading to admissible information, and privilege. I pointed out that your clients produced no privilege log of excluded documents.

You said that you would check with your clients for responsive documents, and produce them other than counsel's communications. You said you would provide these, if any, by this October 6, 2023.

You did not provide anything. Today you said you'd provide responsive documents by tomorrow.

D. **Dr. Bianchini**

We also discussed the question of Dr. Bianchini's payment. I said I will pay Dr. Bianchini for the hours of deposition, and I will pay him the same hourly rate as he charged the Sheriff's office. But I will not pay him a much *higher* rate than he charged the Sheriff's office, nor a flat advance of $3,400. *See, e.g., Banga v. Kanios,* 2021 U.S. Dist. LEXIS 57252 (N.D. Cal. March 24, 2021) (disallowing higher rate for deposition, and declining to require advance payment). You said you would discuss it with him.

E. **Conclusion**

I indicated that we would review what we receive tomorrow, and then decide whether or not to file a motion to compel. I asked if there is anything more to confer about prior to such a motion, and you said you couldn't think of anything.

Please let me know as soon as possible if any of the above does not match your recollection or is missing anything important.

Very truly yours,

*/s/ William Most*
William Most