UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| Plaintiff | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. VAN MEERVELD** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS RELEVANT TO PUNITIVE DAMAGES**

**NOW INTO COURT**, through undersigned counsel, come Defendants, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, who herewith provide the following Opposition to *Plaintiff's Motion to Compel Production of Documents Relevant to Punitive Damages* (R. Doc. 260).

**LAW AND ARGUMENT**

Plaintiff's motion should fail for the simple reason that Plaintiff has not made a claim for punitive damages in this case. Plaintiff's memorandum in support "matter of factly" states that punitive damages may be awarded under § 1983,[1] but Plaintiff fails to mention that both his Complaint (R. Doc. 1) and amended Complaint (R. Doc. 14) are devoid of any such claim. Moreover, many of the cases cited by Plaintiff in support of his motion clearly provide that these

---

[1] R. Doc. 260-1, p. 3.

same cases may only apply "where there is a claim for punitive damages…."[2]  In this case, Plaintiff has failed to make such a claim.  Instead, the very last line on page 4 of Plaintiff's memorandum in support argues that "[t]he allegations in Plaintiff's Amended Complaint are sufficient to allow discovery of financial information relevant to the issue of punitive damages."[3]  This is incorrect.

Upon receipt of Plaintiff's 8th Set of Discovery Requests (both a set of interrogatories and a separate request for production), Defendants submitted the following objection:

> Defendant objects to this interrogatory as premature, as information about the financial status of a party is not discoverable before obtaining a judgment against the party.  Defendant further objects to this [interrogatory] as irrelevant, as the information sought has no possible bearing on any claim or defense and is not proportional to the needs of the case. See FED. R. CIV. P. 26(b); see also *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).

Indeed, Plaintiff does not yet have a money judgment against any party in this case, and Defendants' financial information and assets have no bearing on any claim or defense.  Thus, Plaintiff's request is not proportional to the needs of this case, and the information sought is <u>not relevant</u> pursuant to Fed. Rules Evid. 401 or FRCP 26(b).

Additionally, as cited in Defendants' objection to Plaintiff's discovery request, in *Seabulk Towing, surpa*, the plaintiff issued discovery to defendant, Oceanografia, in order to locate assets belonging to Oceanografia that could be seized, *prior* to Seabulk Towing obtaining a judgment against Oceanografia.[4]  The Court noted that, "[g]enerally facts about the financial status of a party are not discoverable prior to obtaining a judgment against the party."[5]  In addition, the Court added that in any event, good cause must be shown in order to order the discovery of

---

[2] R. Doc. 260-1 (generally).
[3] R. Doc. 260-1, p. 4.
[4] *Seabulk Towing v. Oceanografia S.A. De C.V.*, 2002 U.S. Dist. LEXIS 15745 (E.D. La. Aug. 8, 2002).
[5] *Id.*, at *4; citing Fed. Rule Civ. P. 26(b)(2) Advisory Committee's Note, 1970 amendments; and 8 Wright, Miller and Marcus, Federal Practice and Procedure § 2010 (2d ed. 1994).

information that is not relevant.⁶  The Court found that Seabulk Towing failed to show any basis for pre-judgment discovery of Oceanografia's assets and that Seabulk Towing failed to show that its new discovery request was relevant to its claim.⁷  The Court therefore ruled in favor of Oceanografia and declined to order production of documents regarding Oceanografia's assets.⁸

Moreover, in *United States v. SLH2021 S.A*, this Court has <u>recently</u> held that facts about the financial status of a party are generally not discoverable before obtaining a judgment against the party, though such pre-judgment discovery may be allowed "where there is a claim for punitive damages, alter ego, or pre-judgment attachment."⁹  Again, Plaintiff, here, does not have a money judgment against any of the Defendants, and Plaintiff has made no claim for punitive damages in this matter.  Plaintiff's discovery requests regarding financial information and assets of the Defendants are therefore improper, as the information sought is irrelevant and is not proportional to the needs of this case.  The same is also premature, as Plaintiff has not obtained a money judgment against any of the Defendants in this matter.  Finally, also weighing against this motion filed by the plaintiff under the proportionality standard is the fact that Defendants are fully insured under a policy of insurance with limits well in excess of any anticipated judgment in this case.¹⁰

---

⁶ *Id.*, at *8.
⁷ *Id.*, at *9.
⁸ *Id*.
⁹ *United States v. SLH2021 S.A.*, 2023 U.S. Dist. LEXIS 139385, *16-17, 2023 WL 5146470 (E.D. La. Aug. 10, 2023).
¹⁰ A copy of the STPSO's policy of insurance will be presented to the Court for an *in-camera* inspection at the hearing on this motion to compel.

**CONCLUSION**

Accordingly, Defendants respectfully submit that *Plaintiff's Motion to Compel Production of Documents Relevant to Punitive Damages* should be denied. As such, Plaintiff's request for expenses and attorney's fees should likewise be denied.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

*s/ Chadwick W. Collings*

| | |
|---|---|
| **CHADWICK W. COLLINGS, T.A.** | **# 25373** |
| **SARAH A. FISHER** | **# 39881** |

**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:   (985) 292-2000**
**Facsimile:    (985) 292-2001**
ccollings@millinglaw.com
sfisher@millinglaw.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on October 31, 2023, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
**Chadwick W. Collings**