UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
|     **Plaintiff** | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
|     **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**INITIAL DISCLOSURES ON BEHALF OF DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper, and Keith Canizarro, respectfully submit the following initial disclosures through undersigned counsel. Defendants reserve the right to supplement these disclosures pursuant to Federal Rule of Civil Procedure 26(e) as additional information becomes known:

I. **Individuals likely to have discoverable information that Defendants may use to support their defenses:**

1. Mr. Jerry Rogers.
   Witness may be called to testify as he is the Plaintiff in the current lawsuit. Testimony may cover witness's knowledge of any and all incidents or occurrences and claimed losses pertaining to this lawsuit.

2. Major Danny Culpeper.
   Witness may be called to testify as he is a defendant in the current lawsuit. Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit.

3. Sergeant Keith Canizzaro.
   Witness may be called to testify as he is a defendant in the current lawsuit. Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit.

4. Sergeant C.J. Beck, West Monroe Police Department.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to an incident involving the Plaintiff at the Fairfield Inn, 606 Main St., West Monroe, Louisiana on or about August 15, 2019.

5. Ms. Kim Watson
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to her regarding the ongoing homicide investigation into the death of Nanette Krentel.

6. Detective Daniel Buckner, STPSO.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel and efforts to determine the source of Plaintiff's information.

7. Lt. Alvin Hotard, STPSO.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel and efforts to determine the source of Plaintiff's information.

8. Stephan Montgomery.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel and Mr. Montgomery's leaking of confidential homicide investigation information to the Plaintiff.

9. Ms. Gina Watson.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel.

10. Experts whose identities and reports shall be disclosed in accordance with the rules and scheduling orders of the Court.

11. Any witness listed by any party.

12. Any person and/or witness whose name arises during discovery that has

information relevant to Plaintiff's claims and/or Defendants' defenses.

II. **Description of all non-privileged documents, data compilations and tangible things in Defendants possession that may be used to support its defenses.**

The following documents may be used to support defendants' defenses. These documents are enclosed alongside these disclosures:

1. 11-8-2019 Transcript of Hearing before 22nd J.D.C.

2. PDF File labeled "2019.9.18 Correspondence from C Sims re Recusal from DA"

3. PDF File labeled "2019.9.19 STPSO Response to DA (Rogers)"

4. PDF File labeled "2020_05_05_Affidavit for search warrant"

5. PDF File labeled "2020_05_05_BC interesting info"

6. PDF File labeled "2020_05_05_Brad 2"

7. PDF File labeled "2020_05_05_Cell phone records".

8. PDF File labeled "2020_05_05_Consent and Rights Forms"

9. PDF File labeled "2020_05_05_Kim Watson-Attempts to identify the source"

10. PDF File labeled "2020_05_05_Merry Christmas from Buckner"

11. PDF File labeled "2020_05_05_N. Homicide Case"

12. PDF File labeled "2020_05_05_RMS reports"

13. PDF File labeled "2020_05_05_Rogers' Email relative to Krentel"

14. PDF File labeled "2020_05_05_To Buckner 1-13-2019"

15. PDF File labeled "2020_05_05_Trainor letter"

16. PDF File labeled "2020_05_05_Tranchina"

17. PDF File labeled "2020_05_05_West Monroe Police Information"

18. PDF File labeled "2020_05_05_Yahoo Account Management"

19. PDF File labeled "G. Watson – Text Messages"

20. Audio-video recording of interview of C.J. Beck

21. Audio-video recording of interview of Stephan Montgomery.

22. Any exhibit listed by any party.

23. Any document produced or identified during discovery that is relevant to Plaintiff's claims and/or Sheriff Smith's defenses.

III. A computation of any category of damages.

Not applicable as to Defendant.

IV. Any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Please refer to the enclosed commercial general liability policy by One Beacon.

Respectfully submitted,

MILLING BENSON WOODWARD, LLP

*s/ Chadwick W. Collings*
CHADWICK W. COLLINGS, T.A.   (#25373)
CODY J. ACOSTA   (#37005)
68031 Capital Trace Row
Mandeville, LA 70471
Telephone:   (985) 292-2000
Facsimile:   (985) 292-2001
Email:   ccollings@millinglaw.com
*Attorneys for Defendants*

**Dated: Thursday, May 28, 2020**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. JUDGE DOUGLAS** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### INITIAL DISCLOSURES ON BEHALF OF DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 26(a)(1), defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpeper, and Keith Canizarro, respectfully submit the following initial disclosures through undersigned counsel. Defendants reserve the right to supplement these disclosures pursuant to Federal Rule of Civil Procedure 26(e) as additional information becomes known:

I. **Individuals likely to have discoverable information that Defendants may use to support their defenses:**

1. Mr. Jerry Rogers.
   Witness may be called to testify as he is the Plaintiff in the current lawsuit. Testimony may cover witness's knowledge of any and all incidents or occurrences and claimed losses pertaining to this lawsuit.

2. Major Danny Culpeper.
   Witness may be called to testify as he is a defendant in the current lawsuit. Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit.

3. Sergeant Keith Canizzaro.
   Witness may be called to testify as he is a defendant in the current lawsuit. Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit.

4. Sergeant C.J. Beck, West Monroe Police Department.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to an incident involving the Plaintiff at the Fairfield Inn, 606 Main St., West Monroe, Louisiana on or about August 15, 2019.

5. Ms. Kim Watson
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to her regarding the ongoing homicide investigation into the death of Nanette Krentel.

6. Detective Daniel Buckner, STPSO.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel and efforts to determine the source of Plaintiff's information.

7. Lt. Alvin Hotard, STPSO.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel and efforts to determine the source of Plaintiff's information.

8. Stephan Montgomery.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel and Mr. Montgomery's leaking of confidential homicide investigation information to the Plaintiff.

9. Ms. Gina Watson.
   Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiff's emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel.

10. Experts whose identities and reports shall be disclosed in accordance with the rules and scheduling orders of the Court.

11. Any witness listed by any party.

12. Any person and/or witness whose name arises during discovery that has

information relevant to Plaintiff's claims and/or Defendants' defenses.

II. **Description of all non-privileged documents, data compilations and tangible things in Defendants possession that may be used to support its defenses.**

The following documents may be used to support defendants' defenses. These documents are enclosed alongside these disclosures:

1. 11-8-2019 Transcript of Hearing before 22nd J.D.C.

2. PDF File labeled "2019.9.18 Correspondence from C Sims re Recusal from DA"

3. PDF File labeled "2019.9.19 STPSO Response to DA (Rogers)"

4. PDF File labeled "2020_05_05_Affidavit for search warrant"

5. PDF File labeled "2020_05_05_BC interesting info"

6. PDF File labeled "2020_05_05_Brad 2"

7. PDF File labeled "2020_05_05_Cell phone records".

8. PDF File labeled "2020_05_05_Consent and Rights Forms"

9. PDF File labeled "2020_05_05_Kim Watson-Attempts to identify the source"

10. PDF File labeled "2020_05_05_Merry Christmas from Buckner"

11. PDF File labeled "2020_05_05_N. Homicide Case"

12. PDF File labeled "2020_05_05_RMS reports"

13. PDF File labeled "2020_05_05_Rogers' Email relative to Krentel"

14. PDF File labeled "2020_05_05_To Buckner 1-13-2019"

15. PDF File labeled "2020_05_05_Trainor letter"

16. PDF File labeled "2020_05_05_Tranchina"

17. PDF File labeled "2020_05_05_West Monroe Police Information"

18. PDF File labeled "2020_05_05_Yahoo Account Management"

19. PDF File labeled "G. Watson – Text Messages"

20. Audio-video recording of interview of C.J. Beck

21. Audio-video recording of interview of Stephan Montgomery.

22. Any exhibit listed by any party.

23. Any document produced or identified during discovery that is relevant to Plaintiff's claims and/or Sheriff Smith's defenses.

III. **A computation of any category of damages.**

Not applicable as to Defendant.

IV. **Any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Please refer to the enclosed commercial general liability policy by One Beacon.

Respectfully submitted,

MILLING BENSON WOODWARD, LLP

*/s/ Chadwick W. Collings*

CHADWICK W. COLLINGS, T.A.   (#25373)
CODY J. ACOSTA   (#37005)
68031 Capital Trace Row
Mandeville, LA 70471
Telephone:   (985) 292-2000
Facsimile:   (985) 292-2001
Email:   ccollings@millinglaw.com
*Attorneys for Defendants*

**Dated: Thursday, May 28, 2020**