UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., )<br>)<br>        Plaintiff )<br>)<br>v. )<br>)<br>SHERIFF RANDY SMITH, DANNY )<br>CULPEPER, and KEITH CANIZARO, )<br>)<br>        Defendants ) | Case No. 2:20-cv-00517<br><br>JUDGE: MILAZZO<br><br>MAG. JUDGE: VAN MEERVELD |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELEVANT TO PUNITIVE DAMAGES (R. Doc. 260)**

In response to Defendants' *Opposition to Plaintiff's Motion to Compel Production of Documents Relevant to Punitive Damages* (R. Doc. 263), Plaintiff Jerry Rogers provides this Reply Memorandum to clarify the legal authority on this matter.

In short: Defendants are wrong to suggest that Plaintiff is not seeking punitive damages. Defendants have been on notice since 2020 that Plaintiff is seeking punitive damages.

Defendants claim the requested documents regarding their financial status are not discoverable because Plaintiff's Complaint and Amended Complaint are "devoid" of a claim for punitive damages. This is incorrect.

Federal Rule of Civil Procedure Rule 9(g) requires Plaintiff to plead with particularity any claim for special damages. *Blewster v. Garvey*, 2020 U.S. Dist. LEXIS 260785, *10, 2020 WL 12740544 (E.D. La.) (citing Fed. R. Civ. P. 9(g)). While the phrase "special damages" is not defined by the Rule, the Fifth Circuit has consistently held that punitive damages are not special damages. *See id.* (citing *Schexnayder v. Bonfiglio*, 167 F. App'x 364, 367 (5th Cir. 2006)). While Louisiana courts may require any claim for punitive damages to be specifically pled, Louisiana

state court pleading rules have no application here in federal court. *Id.* (citing *S. Pac. Transp. Co. v. Builders Transp., Inc.*, No. CIV. A. 90-3177, 1993 U.S. Dist. LEXIS 8644, 1993 WL 232058, at *4 (Clement, D.J.) (E.D. La. June 22, 1993)). Because "[p]unitive damages are simply not special damages, [they] need not be stated specifically under Rule 9(g)." *Id.*

Thus, in order to determine whether Plaintiff meets the pleading requirements with regard to his claim for punitive damages in his original or amended petition for damages, this Court need only consider whether he met the requirements of Federal Rule of Civil Procedure 8(a). *See id.*

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Blewster v. Garvey*, 2020 U.S. Dist. LEXIS at *10 (citing Fed. R. Civ. P. 8(a)). This Court has held on multiple occasions that, in accordance with this Rule, "the complaint need not contain the words 'punitive' or 'exemplary,' or refer to the statute under which such damages are sought but need only allege facts sufficient to put the other party on notice of a claim for punitive damages." *Id.* at *10-11 (citing *S. Pac. Transp. Co.*, 1993 U.S. Dist. LEXIS 8644, 1993 WL 232058, at *4; *see also St. Pierre v. Maingot*, No. CIV.A.01-2281, 2002 U.S. Dist. LEXIS 22735, 2002 WL 31655355, at *3 (Roby, M.J.) (E.D. La. Nov. 21, 2002) (finding the plaintiff did not comply with Rule 8(a)'s requirements in seeking punitive damages where plaintiff failed to allege that the defendant acted with reckless indifference or willful wrong doing).

As discussed in Plaintiff's Motion, punitive damages may be awarded under §1983, "when the defendant's individual conduct 'is "motivated by evil intent" or demonstrates "reckless or callous indifference" to a person's constitutional rights.'" Plaintiff has sufficiently alleged that Defendants actions were motivated by evil intent - to deter and chill the exercise of his First Amendment right to express his opinion about STPSO (R. Doc. 14, ¶¶ 45, 61).

Furthermore, Defendants have changed their reasoning for why they should be allowed to withhold these documents multiple times. In their written responses, they asserted it was because Plaintiff does not have a judgment. During the meet and confer, after Plaintiff's counsel explained that the records are relevant to punitive damages, Defendants claimed the requested records are not proportional. Now, in their opposition, Defendants argue, mistakenly, that Plaintiff did not sufficiently pled a claim for punitive damages.[1]

In fact, Defendants have long been on notice that Plaintiff is seeking punitive damages. This case was filed on February 13, 2020. R. Doc. 1. On June 4, 2020, Plaintiff provided initial disclosures that listed "punitive damages" among the "damages Plaintiff seeks in this action." Ex. A at 6. Then, on November 17, 2021, Plaintiff updated his initial disclosures. Again, he listed "punitive damages" among the "damages Plaintiff seeks in this action." Ex. B at 7. On January 31, 2022, Plaintiff again updated his initial disclosures. Again, he listed "punitive damages" among the "damages Plaintiff seeks in this action." Ex. C at 7.

Defendants' only real argument for opposing the production of financial records – that Plaintiff is not seeking punitive damages – is wrong, and Defendants know it. This Court should issue an Order, pursuant to Rule 37(a), compelling Defendants to produce the requested documents and enter an Order requiring Defendants' to pay Mr. Rogers' costs associated with this motion together with reasonable attorney's fees, pursuant to Rule 37(a)(5).

---

[1] In their opposition, Defendants strangely offer to provide their insurance agreement to the Court for in camera review. But Defendants provided their insurance information and a copy of the agreement in their initial disclosures. If there is some other policy that they have not yet produced, they should produce it to Plaintiff.

        Respectfully Submitted:

        **LAW OFFICE OF WILLIAM MOST**

        */s/ Hope A. Phelps*
        **WILLIAM MOST (La. Bar No. 36914)**
        **HOPE PHELPS (La. Bar No. 37259)**
        **DAVID LANSER (La. Bar No. 37764)**
        201 St. Charles Ave., Ste. 2500, #9685
        New Orleans, LA 70170
        T: (504) 256-4615
        Email: hopeaphelps@outlook.com
        *Counsel for Plaintiff, Jerry Rogers, Jr.*