# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| **Plaintiff** | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. VAN MEERVELD** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| **Defendants** | * | |

*****************************************************************************

## DEFENDANTS' WITNESS AND EXHIBIT LIST

**NOW INTO COURT**, through undersigned counsel, come Defendants, St. Tammany Parish Sheriff Randy Smith ("Sheriff Smith"), Danny Culpeper and Keith Canizaro, who herewith respectfully submit their Witness and Exhibit List in accordance with this Court's Order (R. Doc. 236 at p. 1), as follows:

## I.   WITNESS LIST

### A. Defendants' Will-Call List:

1. Jerry Rogers, Jr., Plaintiff
   82096 Highway 1080, Folsom, LA 70437
   Witness may be called to testify as he is the Plaintiff in the current lawsuit. Testimony may cover witness's knowledge of any and all incidents or occurrences and claimed losses pertaining to this lawsuit.

2. Danny Culpeper, Defendant
   St. Tammany Parish Sheriff's Office
   300 Brownswitch Road, Slidell, LA 70458
   Witness may be called to testify as he is a defendant in the current lawsuit. Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit.

3. Keith Canizaro, Defendant
   St. Tammany Parish Sheriff's Office
   300 Brownswitch Road, Slidell, LA 70458
   Witness may be called to testify as he is a defendant in the current lawsuit.
   Testimony may cover witness's knowledge of any and all incidents or
   occurrences pertaining to this lawsuit.

4. Sergeant C.J. Beck, West Monroe Police Department
   Testimony may cover witness's knowledge of any and all incidents or
   occurrences pertaining to this lawsuit, including but not limited to an incident
   involving the Plaintiff at the Fairfield Inn, 606 Main St., West Monroe,
   Louisiana on or about August 15, 2019.

5. Tommy Jones, West Monroe Police Department
   Testimony may cover witness's knowledge of any and all incidents or
   occurrences pertaining to this lawsuit, including but not limited to an incident
   involving the Plaintiff at the Fairfield Inn, 606 Main St., West Monroe,
   Louisiana on or about August 15, 2019.

6. Danny Coronado, West Monroe Police Department
   Testimony may cover witness's knowledge of any and all incidents or
   occurrences pertaining to this lawsuit, including but not limited to an incident
   involving the Plaintiff at the Fairfield Inn, 606 Main St., West Monroe,
   Louisiana on or about August 15, 2019.

7. Josh Hall, West Monroe Police Department
   Testimony may cover witness's knowledge of any and all incidents or
   occurrences pertaining to this lawsuit, including but not limited to an incident
   involving the Plaintiff at the Fairfield Inn, 606 Main St., West Monroe,
   Louisiana on or about August 15, 2019.

8. Julious Colin Sims
   22nd Judicial District Attorney's Office
   Testimony may cover witness's knowledge of communication between
   STPSO and the District Attorney's Office regarding potential criminal charges
   against Jerry Rogers.

9. Darlene Rogers
   82096 Highway 1080, Folsom, LA 70437
   Testimony may cover witness's knowledge of any and all incidents or
   occurrences and claimed losses pertaining to this lawsuit.

10. Jeffrey Rogers
    Testimony may cover witness's knowledge of any and all incidents or
    occurrences and claimed losses pertaining to this lawsuit.

11. Sheriff Randy Smith, Defendant
St. Tammany Parish Sheriff's Office
300 Brownswitch Road, Slidell, LA 70458
Witness may be called to testify as he is a defendant in the current lawsuit. Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit.

12. Daniel Buckner
Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiffs emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel and efforts to determine the source of Plaintiffs information.

13. Dr. Kevin Bianchini
Testimony may cover witness's expertise as a licensed clinical psychologist, psychological evaluation of Plaintiff, and related expert report(s) rendered.

B. **Defendants' May-Call List**:

1. Alvin Hotard
St. Tammany Parish Sheriff's Office
300 Brownswitch Road, Slidell, LA 70458
Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiffs emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel and efforts to determine the source of Plaintiffs information.

2. Gina Watson
Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiffs emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel.

3. Stefan Montgomery
Testimony may cover witness's knowledge of any and all incidents or occurrences pertaining to this lawsuit, including but not limited to the Plaintiffs emails to Kim Watson regarding the ongoing homicide investigation into the death of Nanette Krentel and Mr. Montgomery's leaking of confidential homicide investigation information to the Plaintiff.

4. Trent Tolson, Office of Inspector General, HUD
Testimony may cover witness's knowledge of OIG internal investigation of Jerry Rogers opened in 2019.

5. Regi Sessons, Office of Inspector General, HUD
Testimony may cover witness's knowledge of OIG internal investigation of Jerry Rogers opened in 2019.

6. Honorable Raymond Childress
Testimony may cover witness's knowledge of the warrant for Jerry Rogers' arrest (and supporting documents).

7. Steve Chaisson
Testimony may cover witness's knowledge of the investigation into the death of Nanette Krentel and any and all facts supporting the causes of action in the complaint.

8. Dr. David Corey, ABPP
Testimony may cover witness's expertise as a licensed clinical psychologist, psychological evaluation of Plaintiff, and related expert report(s) rendered.

9. Dr. Hoa Nguyen
Glenwood Regional Medical Center
Testimony may cover witness's treatment or knowledge of Plaintiff's treatment at Glenwood Regional Medical Center on or about August 15, 2019.

10. Dr. Muhammad Yasin
Perimeter Behavioral Hospital
Testimony may cover witness's treatment or knowledge of Plaintiff's treatment at Perimeter Behavioral Hospital on or about August 16, 2019.

11. All healthcare providers listed in any medical records, especially from the following facilities:
    a. Glenwood Regional Medical Center in West Monroe, Louisiana
    b. Perimeter Behavioral Hospital

12. Any witness listed by any other party;

13. Impeachment witness(es);

14. Any witness necessary to authenticate any document and/or exhibit offered into evidence;

15. Any witness identified in any discovery responses or documents produced or obtained in discovery;

Defendants reserve the right to supplement this list with reasonable notification to opposing counsel.

**AND NOW,** Defendants, through undersigned counsel, herewith file the following list of exhibits which they anticipate utilizing at trial of the above captioned matter:

1. PDF File labeled "2019.9.18 Correspondence from C Sims re Recusal from DA"
2. PDF File labeled "2019.9.19 STPSO Response to DA (Rogers)"
3. PDF File labeled "2020 05 05 Affidavit for search warrant"
4. PDF File labeled "2020_05_05_BC interesting info"
5. PDF File labeled "2020 05 05 Brad 2"
6. PDF File labeled "2020_05_05_Cell phone records"
7. PDF File labeled "2020_05_05_Consent and Rights Forms"
8. PDF File labeled "2020_05_05_Kim Watson-Attempts to identify the source"
9. PDF File labeled "2020_05_05_Merry Christmas from Buckner"
10. PDF File labeled "2020 05 05 N. Homicide Case"
11. PDF File labeled "2020_05_05_RMS reports"
12. PDF File labeled "2020_05_05_Rogers' Email relative to Krentel"
13. PDF File labeled "2020 05 05 To Buckner 1-13-2019"
14. PDF File labeled "2020 05 05 Trainor letter"
15. PDF File labeled "2020 05 05 West Monroe Police Information"
16. PDF File labeled "2020 05 05 Yahoo Account Management"
17. PDF File labeled "G. Watson-Text Messages"
18. 2018-2019 Edition of the Louisiana Criminal Law and Motor Vehicle Handbook
19. Affidavit for Arrest Warrant by Keith Canizaro, dated September 16, 2019.
20. Warrant of Arrest # 417325 signed by the Honorable Raymond Childress on September 16, 2019.
21. Records and RMS reports of criminal defamation charges in St. Tammany Parish from 2015-present, including, but not limited to, reports concerning Scott Sewell and LANG Colonel John Plunkett
22. Audio-video recording of interview of C.J. Beck
23. Audio-video recording of interview of Stephan Montgomery
24. Records, reports, notes, and other documents prepared by the West Monroe Police Department related to the incident involving the Plaintiff at the Fairfield Inn, 606 Main St., West Monroe, Louisiana on or about August 15, 2019.
25. Psychological Evaluation Report concerning Plaintiff prepared by Dr. David Corey, dated January 11, 2021, and any and all supporting documentation.

26. Any and all email or other communications transferred to or from the email address justicefornanette@yahoo.com.

27. All email or other communications transferred to or from Plaintiff regarding Detective Daniel Buckner and/or the St. Tammany Parish Sheriff's Office.

28. All of Plaintiff's medical records, including, but not limited to:

    a. Any and all medical records or other documents concerning treatment of Plaintiff from Glenwood Regional Medical Center in West Monroe, Louisiana.

    b. Any and all medical records or other documents concerning treatment of Plaintiff from Perimeter Behavioral Hospital.

29. The record of this proceeding, including all responsive pleadings and discovery responses from any party to this litigation;

30. Any notes, diaries, letters, memorandum or writings of any kind or nature maintained by any party or witness in any way relevant to the events made the basis of this litigation;

31. Any and all depositions admissible under the Federal Rules of Civil Procedure taken in connection with this matter.

32. Any and all written or videotaped statements taken in connection with this matter;

33. Any and all affidavits that may be prepared regarding this matter;

34. Any documents identified by any party or witness in this proceeding;

35. Any and all documents or other evidence produced in discovery by any party to this litigation and/or obtained from any third-party by any party to this litigation;

36. Any medical records related to plaintiff's injuries sustained while employed with the St. Tammany Parish Sheriff's Office;

37. Any and all correspondence to, or received from, plaintiff or his representative(s) herein;

38. Any and all reports prepared in connection with this matter, including expert reports, and/or investigative reports, including any documents or other evidence in support;

39. Any demonstrative evidence that may aid in the presentation of the case;

40. Defendant reserves the right to supplement this list with reasonable notification to all counsel.

Respectfully submitted,

MILLING BENSON WOODWARD L.L.P.

*s/ Chadwick W. Collings*
_____

**CHADWICK W. COLLINGS, T.A.**          **# 25373**
**SARAH A. FISHER**                              **# 39881**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:    (985) 292-2000**
**Facsimile:     (985) 292-2001**
**ccollings@millinglaw.com**
**sfisher@millinglaw.com**
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on November 9, 2023, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

*s/ Chadwick W. Collings*
_____

**Chadwick W. Collings**