UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JERRY ROGERS, JR.,** | * | **CIVIL ACTION** |
| Plaintiff | * | |
| | * | **NO. 20-517** |
| **VERSUS** | * | |
| | * | **JUDGE MILAZZO** |
| | * | |
| **RANDY SMITH, INDIVIDUALLY** | * | **MAG. VAN MEERVELD** |
| **And IN HIS OFFICIAL CAPACITY** | * | |
| **AS THE SHERIFF OF ST. TAMMANY** | * | **JURY DEMAND** |
| **PARISH, DANNY CULPEPER, AND** | * | |
| **KEITH CANIZARRO** | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 72 OBJECTION

**NOW COME**, through undersigned counsel, Defendants, St. Tammany Parish Sheriff Randy Smith, Danny Culpepper, and Keith Canizaro, who respectfully submit this memorandum in support of their Rule 72 Objection to Magistrate's November 6, 2023 Order (R. Doc. 271).

### BACKGROUND

Plaintiff filed the instant action on February 13, 2020, in which Plaintiff alleges violations of his civil rights under the laws of the United States and Louisiana (R. Doc. 1). On October 6, 2023, Plaintiff propounded Interrogatories and Requests for Production to Defendants requesting a significant amount of financial information that Defendants aver is not only irrelevant but also unproportional to the needs of the case. When Defendants objected to these discovery requests, Plaintiff filed a Motion to Compel on October 20, 2023 (R. Doc. 260). Defendants filed an opposition (R. Doc. 263).

In their opposition, Defendants noted this Court's recent line of jurisprudence holding that the financial status of a party is generally not discoverable before the issuance of a money

judgement (R. Doc. 263). Defendants conceded that this information may be discoverable had the Plaintiff made a claim for punitive damages, which Defendants argued that Plaintiff failed to do in this case. Furthermore, Defendants also noted that Plaintiff's financial requests are unproportional to the needs of the case, especially because Defendants are insured under a policy with limits well in excess of any anticipated judgement in this case, making Plaintiff's discovery requests even more unreasonable.

On November 6, 2023, this Court granted Plaintiff's motion to compel discovery of Defendants' financial information, and Defendants now assert this timely objection. Defendants recognize that footnote 1 of the Magistrate's Order and Reasons states that some of Plaintiff's requests are overly broad and instructs the parties to meet and confer on this issue (R. Doc. 271, p. 5, ft. n. 1). Defense counsel has preliminarily conferred with Plaintiff's counsel via telephone, and the parties intend to hold a meet and confer conference regarding these requests. Out of an abundance of caution, however, Defendants now file their Rule 72 Objection in accordance with the November 20, 2023, deadline to do so.[1]

## LAW AND ANALYSIS

**A. Rule 72 Objection**

Under Rule 72(a), Defendants must file an objection within 14 days of service of a copy of the Magistrate's written order. Rule 72 provides in pertinent part:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

---

[1] *See* Fed R. Civ. P 72; *See also* LR 72.2 (cited more fully below).

A motion to compel is a non-dispositive pretrial matter within the meaning of Federal Rule of Civil Procedure 72. The district judge to whom the case is assigned shall consider objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.[2] Here, Defendants respectfully submit that their objection is timely and should be granted, as the Magistrate's Order regarding Request for Production No. 8 was contrary to law and clearly erroneous.

**B. Plaintiff's 8th Set of Discovery Requests are not proportional to the needs of the case.**

Federal Rule of Civil of Civil Procedure 26 is clear that "a party seeking discovery must comply with Rule 26(B)(1)'s proportionality limits on discovery."[3] Whether or not a discovery request is proportional to the needs of the case is determined by considering "the importance of the issues at stake in the action, the amount in controversy… and whether the burden or expense of the proposed discovery outweighs its benefit."[4] Indeed, "Rule 26(b) has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[5]

Here, Plaintiff's discovery requests are certainly a "fishing expedition" and are akin to casting a net over an entire lake in hopes of catching anything that might be swimming. Indeed, as noted in Defendants' opposition to Plaintiff's Motion to Compel, Defendants are fully insured under a policy that is well within the limits of any potential judgement in this case (R. Doc. 263). Defendants further offered to present a copy of the STPSO insurance policy to the Court for an *in-camera* inspection at the hearing on this motion to compel (R. Doc. 263, p. 3, ft. n. 10). Thus,

---

[2] *Castillo v. Frank,* 70 F.3d 382 (5th Cir. 1995).
[3] *Diversified Maint. Sys., Inc. v. J Star Enter., Inc.*, 2023 U.S. Dist. LEXIS 60018, at *9 (E.D. La. Mar. 2, 2023) (emphasis added).
[4] *JP Morgan Chase Bank, N.A. v. Datatreasury Corp.*, 936 F. 3d 251, 259 (5 Cir. 2019).
[5] *Diversified Maint. Sys., Inc.*, at 10 (quoting *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 U.S. Dist. LEXIS 109452, at *4 (E.D. La. July 14, 2017).

Plaintiff's broad inquiry into Defendants' personal financial information is merely harassment, as this information is unproportional and outside the scope of this case.

Again, the Magistrate's Order and Reasons recognized this in stating that "[t]he Court observes that some of the discovery requests appear to be overbroad" (R. Doc. 271).  Thus, Defendants respectfully request that this Court recognize the lack of proportionality and deny Plaintiff's Motion to Compel Production of Documents Relevant to Punitive Damages.

### C. Plaintiff has not made a claim for punitive damages in this case.

As this Court recently recognized, the financial status of a party is "not discoverable before obtaining a judgement against the party."[6]  However, a plaintiff who is seeking punitive damages may inquire about a defendant's financial status because at that point, the defendant's finances become relevant.[7]  However, for this rule to apply, the Plaintiff must properly plead punitive damages.[8]

In order to properly claim punitive damages, a Plaintiff must "allege facts sufficient to put the other party on notice of a claim for punitive damages."[9]  In order to properly put the defendant on notice, these facts must be plead in the plaintiff's complaint, and the facts which support the claim for punitive damages must allege "willful wrongdoing or reckless indifference to the plaintiff's known rights."[10]  Here, Defendants respectfully re-submit that Plaintiff has failed to make such a claim in the current matter as to provide sufficient notice to Defendants.  The Magistrate's Order and Reasons failed to address this fact (R. Doc. 271).

---

[6] *United States v. SLH2021 S.A.*, No. 23-2305, 2023 U.S. Dist. LEXIS 139385, *16-17 (E.D. La. Aug. 10, 2023).
[7] *Id.*
[8] *Id.*
[9] *St. Pierre v. Maignot*, 2002 U.S. Dist. LEXIS 22735, at *8 (E.D. La. Nov. 21, 2002).
[10] *Id.* (quoting *Boykin v. Golden Rule Company*, 1988 U.S. Dist. LEXIS 11394 (N.D. Ill. 1988).

## CONCLUSION

Accordingly, Defendants respectfully submit that *Plaintiff's Motion to Compel Production of Documents Relevant to Punitive Damages* and the Magistrate's Order granting such a motion should be denied and reversed. As such, Plaintiff's request for expenses and attorney's fees should likewise be denied.

**Respectfully submitted,**

**MILLING BENSON WOODWARD L.L.P.**

/s/ *Sarah A. Fisher*
_____
**CHADWICK W. COLLINGS, T.A.        # 25373**
**SARAH A. FISHER                   # 39881**
**68031 Capital Trace Row**
**Mandeville, Louisiana 70471**
**Telephone:    (985) 292-2000**
**Facsimile:    (985) 292-2001**
ccollings@millinglaw.com
sfisher@millinglaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on November 20, 2023, by using the CM/ECF system, which system will send a notice of electronic filing to appearing parties in accordance with the procedures established.

/s/ *Sarah A. Fisher*
_____
Sarah A. Fisher