# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY ROGERS, JR., | ) |
| Plaintiff | ) |
| v. | ) Case No. 2:20-cv-00517 |
| SHERIFF RANDY SMITH, DANNY CULPEPER, and KEITH CANIZARO, | ) |
| Defendants | ) |

**Response to Defendants' Rule 72 Objection to Order Compelling Production of Financial Records Relevant to Punitive Damages**

In this civil rights case, Plaintiff Jerry Rogers has a claim for punitive damages. In discovery, he requested records of Defendants' finances relevant to that claim.

Defendants refused to provide any responsive information or documents at all. Plaintiff moved to compel. Judge van Meerveld granted the motion to compel, because "[p]unitive damages may be implicated here and, accordingly, financial information of the defendants is relevant and discoverable." R. Doc. 271 at 1.

Defendants filed an objection to Judge van Meerveld's order. R. Doc. 273. Nothing in their objection, however, provides any reason why Judge van Meerveld's order should be overruled. Their objection should be denied.

**A.    Defendants' objection that the requests are not proportional should be denied because they have not conferred about narrowing the requests, and do not explain why the requests might be overbroad.**

On November 6, 2023, Judge van Meerveld ordered that Defendants "shall produce substantive responses to Rogers' Discovery Requests Regarding Financial Information and Assets." R. Doc. 271 at 5. She also ordered that the "parties shall meet and confer in person or by phone to discuss narrowing the requests" because "some of the discovery requests appear to be

1

overbroad." *Id.* at fn. 1.

On November 10, 2023, Plaintiffs' counsel asked for Defendants' availability to conduct that meet-and-confer. That conferral has not yet occurred, because one of Defendants' lawyers has been unavailable.

Now, Defendants object that Judge van Meerveld's order should be overturned in its entirety because the discovery requests "are not proportional to the needs of the case." R. Doc. 273-1 at 3. But it is not clear what part of Judge van Meerveld's order they are objecting to. Judge van Meerveld already directed the parties to work together to narrow some of the requests. And Defendants do not specify any particular requests they object to. Instead, they just characterize all the requests generally as a "fishing expedition" and "harassment." *Id*. at 4, 5.

But a "fishing expedition" is when a party seeks records not having any idea whether relevant documents will be present. Here, the records are certainly relevant, because the determination of the quantum of punitive damages turns in part on a Defendant's finances.

Because Judge van Meerveld already addressed the overbreadth issue, and because Defendants do not provide any specificity as to what they object to, their objection should be denied.

**B.    Defendants' objection should be denied because Plaintiff plead facts supporting punitive damages and repeatedly put Defendants on notice that he was seeking punitive damages.**

Defendants concede that "a plaintiff who is seeking punitive damages may inquire about a defendant's financial status because at that point, the defendant's finances become relevant." R. Doc. 273-1 at 4. They argue, however, that "Plaintiff has failed to make such a claim in the current matter as to provide sufficient notice to Defendants." *Id*.

But Defendants provide no explanation whatsoever for **why** they think Plaintiff failed to

2

make such a claim or provide them notice. They simply state it as a conclusion, and then contend that the "Magistrate's Order and Reasons failed to address this fact." *Id*. That is inaccurate; Judge van Meerveld was clear about her reasoning. She wrote:

> Here, it is clear from the facts alleged in Rogers' complaint that punitive damages may be available. He alleges that defendants arrested Rogers despite knowing that doing so was unconstitutional. Moreover, as Rogers points out in reply, he identified his claim for punitive damages in his initial disclosures on June 4, 2020, November 17, 2021, and January 31, 2022. Because punitive damages are at issue in this case, the Court finds that discovery regarding defendants' financial condition is relevant and discoverable.

Because Defendants merely provide a conclusory statement without explanation or analysis, their objection should be denied.

**C.     Conclusion**

Defendants' objection (R. Doc. 273) to the order compelling discovery responses (R. Doc. 271) should be denied.

Respectfully Submitted:

**MOST & ASSOCIATES**

*/s/ William Most*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
**DAVID LANSER (La. Bar No. 37764)**
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com
***Counsel for Plaintiff, Jerry Rogers, Jr.***